No. 2026-1167

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FEDERAL CIRCUIT

**ASHLESHA A. NESARIKAR, ANIKA A. NESARIKAR, ABHIJIT R. NESARIKAR,**

*Plaintiffs-Appellants*

v.

**THE UNITED STATES PATENT AND TRADEMARK OFFICE, JOHN A. SQUIRES, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,**

*Defendants-Appellees*

On Appeal from the United States District Court for the Eastern District of Texas in Case No. 4:25-cv-00423-JCB-JDL, District Judge J. Campbell Barker

**Appellants' Informal Appendix**

Of:
Ashlesha A. Nesarikar, *pro se;*
Anika A. Nesarikar, *pro se;*
and Abhijit R. Nesarikar, *pro se;*
hereinafter "Inventors"

# Table of Contents for Appendix

| Doc.[1] | Appx Number | Filed by | Description |
|---|---|---|---|
| DC 36 | Appx0001 | District Judge | ORDER adopting Report and Recommendations. |
| DC 37 | Appx0007 | District Judge | FINAL JUDGMENT |
| DC 1 | Appx0008 | Plaintiffs | Complaint |
| DC 1-1 | Appx0024 | Plaintiffs | Exhibit A |
| DC 1-2 | Appx0083 | Plaintiffs | Exhibit B |
| DC 2 | Appx0097 | Plaintiffs | MOTION for Preliminary Injunction |
| DC 2-2 | Appx0105 | Plaintiffs | Exhibit C |
| DC 2-3 | Appx0109 | Plaintiffs | Exhibit D |
| DC 2-4 | Appx0120 | Plaintiffs | Exhibit E |
| DC 2-5 | Appx0126 | Plaintiffs | Exhibit F |
| DC 8 | Appx0138 | Plaintiffs | Plaintiffs Certification of Generative Artificial Intelligence Usage |
| DC 10 | Appx0143 | Plaintiffs | NOTICE Plaintiffs Notice of Defendants Failure to Respond and Motion for Grant of Preliminary Injunction |
| DC 11 | Appx0145 | Defendants | MOTION for Extension of Time to File Response/Reply as to 2 MOTION for Preliminary Injunction |

[1]DC: district court Doc.
FC: CAFC Doc.

# Table of Contents for Appendix

| Doc.[1] | Appx Number | Filed by | Description |
|---------|-------------|----------|-------------|
| DC 12 | Appx0150 | Plaintiffs | RESPONSE in Opposition re 11 MOTION for Extension of Time to File Response/Reply as to 2 MOTION for Preliminary Injunction |
| DC 13 | Appx0155 | Magistrate Judge | ORDER granting 11 Motion for Extension of Time to File Response to 2 MOTION for Preliminary Injunction |
| DC 16 | Appx0159 | Defendants | RESPONSE in Opposition re 2 MOTION for Preliminary Injunction |
| DC 16-1 | Appx0196 | Defendants | Exhibit A |
| DC 17 | Appx0199 | Defendants | MOTION to Dismiss and Supporting Memorandum |
| DC 21 | Appx0222 | Plaintiffs | REPLY to Response re 2 MOTION for Preliminary Injunction |
| DC 21-1 | Appx0235 | Plaintiffs | Exhibit G |
| DC 21-2 | Appx0281 | Plaintiffs | Exhibit H |
| DC 21-3 | Appx0284 | Plaintiffs | Exhibit I |
| DC 26 | Appx0287 | Defendants | SUR-REPLY to Reply to Response re 2 MOTION for Preliminary Injunction |
| DC 26-1 | Appx0295 | Defendants | Exhibit A |
| DC 26-2 | Appx0300 | Defendants | Exhibit B |

[1]DC: district court Doc.
FC: CAFC Doc.

## Table of Contents for Appendix

| Doc.[1] | Appx Number | Filed by | Description |
|---|---|---|---|
| DC 26-3 | Appx0302 | Defendants | Exhibit C |
| DC 28 | Appx0304 | Plaintiffs | RESPONSE in Support re 2 MOTION for Preliminary Injunction, 27 MOTION for Leave to File Response to Defendants New Evidence |
| DC 28-1 | Appx0308 | Plaintiffs | Exhibit J |
| DC 29 | Appx0320 | Plaintiffs | NOTICE and Request for Speedy Consideration |
| DC 30 | Appx0322 | Plaintiffs | RESPONSE in Opposition re 17 MOTION to Dismiss and Supporting Memorandum |
| DC 30-2 | Appx0348 | Plaintiffs | Exhibit K |
| DC 30-3 | Appx0380 | Plaintiffs | Exhibit L |
| DC 31 | Appx0387 | Defendants | REPLY to Response re 17 MOTION to Dismiss and Supporting Memorandum Defendants' Reply in Support of its Motion to Dismiss |
| DC 32 | Appx0400 | Plaintiffs | SUR-REPLY to Reply to Response re 17 MOTION to Dismiss and Supporting Memorandum |
| DC 32-1 | Appx0412 | Plaintiffs | Exhibit M |
| DC 33 | Appx0416 | Magistrate Judge | REPORT AND RECOMMENDATION |

[1]DC: district court Doc.
FC: CAFC Doc.

## Table of Contents for Appendix

| Doc.[1] | Appx Number | Filed by | Description |
|---------|-------------|----------|-------------|
| DC 34 | Appx0424 | Plaintiffs | OBJECTION to 33 Report and Recommendations |
| DC 35 | Appx0434 | Defendants | RESPONSE to 34 Objection to Report and Recommendations |
| FC 1-2 (pg. 1-2) | Appx0440 | District Court | Notice of Appeal |
| FC 1-2 (pg. 3-7) | Appx0442 | District Court | District Court Civil Docket |

[1]DC: district court Doc.
FC: CAFC Doc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

────────

No. 4:25-cv-00423

────────

**Ashlesha A. Nesarikar et al.,**

*Plaintiffs,*

v.

**The United States Patent and Trademark Office et al.,**

*Defendants.*

────────

**ORDER**

Plaintiffs Ashlesha A. Nesarikar, Anika A. Nesarikar, and Abhijit R. Nesarikar filed this action against defendants U.S. Patent and Trademark Office (USPTO) and Coke Morgan Steward, Acting Director of the USPTO, for allegedly violating the Due Process clause of the Fifth Amendment, the Paperwork Reduction Act, and 35 U.S.C. §§ 123(e), 132. Doc. 1. The case was referred to a magistrate judge.

Defendants filed a motion to dismiss plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(1). Doc. 17. The magistrate judge issued a report and recommendation that all of plaintiffs' claims be dismissed without prejudice for lack of standing. Doc. 33. Plaintiffs objected to the report, primarily contending that they maintain proper standing to bring their claims. Doc. 34. Defendants responded. Doc. 35.

The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *See Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 249 (5th Cir. 2017).

**I.  Plaintiff's first objection**

Plaintiffs first object that the magistrate judge disregarded plaintiffs' sur-reply (Doc. 32), that was filed the same day the

report was published, and their reply for their motion for a preliminary injunction (Doc. 21). Doc. 34 at 2. For one, it was not error for the magistrate judge not to refer to a reply brief on plaintiffs' motion for a preliminary injunction—a motion that was not the basis of the report and recommendation. Further, plaintiffs' mere speculation that the magistrate judge did not consider Doc. 21 is not grounds for error. In addition, plaintiffs do not identify, and the court cannot ascertain on independent review, which specific portions of Docs. 21 or 32 would have materially altered the report's conclusions. Thus, plaintiffs' first objection is overruled.

## II. Plaintiff's second objection

Second, plaintiffs object to the report's conclusion that they lack standing to bring their claims. Doc. 34 at 2. Standing has three elements:

> (1) "the plaintiff must have suffered an injury in fact—the invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical";

> (2) "that injury must be fairly traceable to the defendant's challenged conduct"; and

> (3) "it must be likely, as opposed to merely speculative, that the plaintiff's injury will be redressed by a favorable judicial decision."

*Texas v. U.S. Dep't of Homeland Sec.*, 756 F. Supp. 3d 310, 337 (E.D. Tex. 2024) [*DHS*] (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

Plaintiffs contend that because there is a presumption under federal law that inventors of a patent are the patent's "owners," it is defendants' burden to rebut that presumption with evidence of an assignment of all rights to the patent. Doc. 34 at 2. But it is the burden of the party invoking jurisdiction—here, plaintiffs—to establish standing once a defendant has filed a motion to dismiss under Rule 12(b)(1). *DHS*, 756 F. Supp. 3d at 337 (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 411–12 (2013)); *see also*

- 2 -

*Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

Plaintiffs have admitted that they are, at a minimum, obligated to assign their rights in patent application no. 18/069,288 ("'288 application") to their former employers. Doc. 30 at 8–9. But as the report appreciates, an "assignment" of a patent to a previous employer can mean one of two things—automatic assignment or a promise to assign the patent in the future. *Omni MedSci, Inc. v. Apple Inc.*, 7 F.4th 1148, 1152 (Fed. Cir. 2021). Plaintiffs leave the court to only speculate whether the assignment to their previous employers automatically assigned the rights to the '288 application or whether they maintained an interest in the patents when they filed suit. And because "[w]hich type of assignment is intended 'depends on the contractual language,'" *id.*,—language plaintiffs do not provide, plead, or include anywhere in their various filings—their standing to proceed with their allegations involving the '288 application is too speculative considering defendants' motion.

To be sure, plaintiffs assert that their assignment of patent application no. 17/906,844 ("'844 application"), which "result[s] from the same employment," indicates that the '288 application is not an automatic assignment. Doc. 34 at 3. Although it is unclear as to whether plaintiffs reference the '288 or '844 application, plaintiffs claim that the assignment's language of "I hereby sell and assign unto Shalaka A. Nesarikar . . . ," does not create an automatic assignment. *Id.*

For one, if plaintiffs allege that this language is associated with the '844 application, such an assignment has no bearing on the effect of plaintiffs' assignment of the '288 patent. More importantly, the contractual language that plaintiffs cite in their objections shows an automatic assignment—not an obligation to assign. *See, e.g.*, *Filmtec Corp. v. Allied-Signal Inc.*, 939 F.2d 1568, 1570, 1572 (Fed. Cir. 1991) (finding that if an employee "agrees to grant and does hereby grant" patent rights, the employer's rights automatically vest when the invention was made*); see also*

- 3 -

**Appx0003**

*PerDiemCo, LLC. v. IndusTrack LLC*, No. 2:15-cv-00727, 2016 WL 6534524, at *5 (E.D. Tex. Oct. 18, 2016) (concluding that language stating, "I hereby assign . . ." creates an automatic assignment), *R. & R. adopted by*, 2016 WL 6518994 (E.D. Tex. Nov. 2, 2016). Thus, plaintiffs' inclusion of that assignment language—whether associated with the '288 or '844 application—casts further doubt on plaintiffs' standing to assert causes of action for rights associated with the '288 application.

Aside from a lack of ownership interest, Plaintiffs have also failed to show either a concrete financial or reputational interest in the '288 application. Plaintiffs do not object to the report's conclusion that they lack a financial interest in the patent application. Moreover, plaintiffs' general contention that defendants' discontinued review of the '288 patent "is harmful to [plaintiffs'] reputation as pro se applicants" (Doc. 34 at 7) is insufficient, as the court is unaware of any legal precedent that has found that harm to a person's reputation as a "pro se applicant" is enough to constitute a concrete, particularized, and actual or imminent injury. *But see Pierre v. Vasquez*, No. 20-51032, 2022 WL 68970, at *3 (5th Cir. Jan. 6, 2022) (unpublished) (finding that a plaintiff suffered sufficient reputational consequences of bearing "the sex offender label."). Further, because the court agrees that plaintiffs have not adequately pleaded that they have sufficient ownership rights of the '288 application, the court cannot readily conclude that plaintiffs' alleged harm is "particularized" to them. *See id.* (citing *Lujan*, 504 U.S. at 560, n.1 (explaining that "particularized . . . means that the injury must affect the plaintiff in a personal and individual way" (cleaned up))).

Plaintiffs have failed to carry their burden that they maintained any legal, financial, or reputational rights to the '288 application. Thus, there is no concrete, particularized injury for the court to redress, and it was not error for the report to conclude that plaintiffs have not carried their burden in proving standing to assert their claims.

- 4 -

**Appx0004**

### III. Plaintiff's third objection

Third, plaintiffs object to the report's conclusion that plaintiffs lack standing to assert a claim under the Paperwork Reduction Act ("PRA"). Doc. 34 at 5. As other courts have recognized, the PRA does not create a private right of action for alleged violations of the act, only a defense to an administrative or judicial enforcement action. *See* 44 U.S.C. § 3512(b); *Smith v. United States*, No. 08-10288, 2008 WL 5069783, at *1 (5th Cir. Dec. 2, 2008) (per curiam) (unpublished).

Here, because plaintiffs do not assert the protections of the PRA as a defense, and the court agrees that the PRA does not create a private right of action, it was not error for the report to recommend dismissing plaintiffs' claims under the PRA. *See, e.g.*, *Smith*, 2008 WL 5069783, at *1 (finding that the district court correctly found a lack of subject-matter jurisdiction because the PRA "provides a defense to administrative or judicial enforcement actions, but does not create a private right of action for alleged violations of the statute").

### IV. Plaintiff's fourth objection

Lastly, plaintiffs argues that the report failed to consider its claim under 5 U.S.C. § 552a. Doc. 34 at 7. This claim, however, cannot be found anywhere on the face of plaintiffs' complaint. *See generally* Doc. 1. Thus, because plaintiffs failed to plead a claim under § 552a in their complaint, it was not error for the magistrate judge to not consider it.

### V. Conclusion

Having reviewed the magistrate judge's report de novo, the court overrules plaintiffs' objections and accepts the report's findings and recommendations. The court grants defendants' motion to dismiss (Doc. 17), denies plaintiffs' motion for a preliminary injunction (Doc. 2) as moot, and dismisses this action without prejudice. Any pending motions are denied as moot.

- 5 -

*So ordered by the court on October 1, 2025.*

J. CAMPBELL BARKER
United States District Judge

**Appx0006**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

————

No. 4:25-cv-00423

————

**Ashlesha A. Nesarikar et al.,**

*Plaintiffs,*

v.

**The United States Patent and Trademark Office et al.,**

*Defendants.*

————

# FINAL JUDGMENT

The court, having considered plaintiffs' case and rendered its decision by separate opinion, enters judgment that plaintiffs' claims are dismissed without prejudice. The clerk of court is directed to close the case.

*So ordered by the court on October 1, 2025.*

———————————————

J. CAMPBELL BARKER
United States District Judge

- 1 -

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

APR 2 4 2025

CLERK, U.S. DISTRICT **COURT**
TEXAS EASTERN

|  |  |  |
|---|---|---|
| ASHLESHA A. NESARIKAR, | ) | |
| ANIKA A. NESARIKAR, and | ) | |
| ABHIJIT R. NESARIKAR, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -v- | ) | Case No. 4:25cv423 JCB/JDL |
| | ) | |
| THE UNITED STATES PATENT AND | ) | |
| TRADEMARK OFFICE and | ) | |
| COKE MORGAN STEWART, in her | ) | |
| official capacity as the Acting Director of | ) | |
| the United States Patent and Trademark | ) | |
| Office, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR A CIVIL CASE

### PARTIES

1. Plaintiffs, Ashlesha A. Nesarikar, Anika A. Nesarikar, and Abhijit R. Nesarikar

   (hereinafter Inventors), reside at 8025 Ambiance Way, Plano, TX 75024.

2. The United States Patent and Trademark Office (USPTO) is a federal agency

   headquartered at 600 Dulany St. Alexandria, VA 22314.

3. Coke Morgan Stewart is sued in her official capacity as the Acting Director of the

   USPTO. Acting Director Stewart's principal place of business is in Alexandria, VA.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331

   because it is a case arising under the Constitution and laws of the United States and under

1

**Appx0008**

28 U.S.C. § 1361 because it is a case to compel an officer or employee of the United
States and an agency thereof to perform their duty.

5.   The venue is proper under 28 U.S.C. § 1391(e) because Inventors reside in this district.

6.   Defendants have waived sovereign immunity under the Administrative Procedure Act
(APA).

## STATEMENT OF CLAIM

7.   Inventors filed nonprovisional US Patent Application No. 18/069,288 (hereinafter '288)
on 12/21/2022 with the USPTO.

8.   Inventors received a filing receipt dated 1/13/2023 accepting Inventors' micro entity
certifications in '288. Inventors also received a filing receipt on 02/10/2023 indicating
that the application was ready for examination.

9.   On the filing date of '288, the USPTO's regulations stated "The Office will generally not
question certification of entitlement to micro entity status that is made in accordance with
the requirements of this section" (37 CFR 1.29(h)). As of March 2025, the regulation
remained unchanged.

10.  On 04/22/2024, the USPTO sent a Notice of Payment Deficiency (hereinafter Demand or
Demand288) stating "this application is not in condition for examination" (Ex. A pg. 3)
and "[t]he application ['288] has been removed from the examiner's docket" (Ex. A pg.
4).

2

11.  Demand represents a change in policy to question certification of entitlement to micro
     entity status and require evidence from applicants. The USPTO provided neither notice
     nor rationale for the policy change to the public or Inventors.

12.  Inventors were not provided with notice or opportunity to respond prior to the removal of
     the application from the examination queue.

13.  Inventors were harmed by the removal of '288 from the examination queue. The removal
     delays due examination of the application. Further, Inventors were harmed by the
     USPTO's abrupt and retroactive reversal alleging that Inventors failed to make the
     application in condition for examination. The USPTO preemptively shifted the burden of
     delay relating to Demand onto Inventors without providing notice or opportunity to
     respond.

14.  Demand alleged "*prima facie* evidence that the submitted certification is in error" and
     referenced 37 CFR 1.29(a) (Ex. A pg. 3). Demand omitted reference to 37 CFR 1.29(b).
     Demand disregarded 37 CFR 1.29(b) in alleging "*prima facie* evidence that the submitted
     certification is in error".

15.  Demand relied on "cherry picking"[1] 37 CFR 1.29(a) at the expense of 37 CFR 1.29(b).

---

[1] Wikipedia: Cherry picking (https://en.wikipedia.org/wiki/Cherry_picking; accessed April 2025)

   **Cherry picking**, **suppressing evidence**, or the **fallacy of incomplete evidence** is the act
   of pointing to individual cases or data that seem to confirm a particular position while
   ignoring a significant portion of related and similar cases or data that may contradict that
   position. [emphasis in original]

3

**Appx0010**

16. At the time of Demand, the Director lacked published and vetted provisions and processes to duly and consistently evaluate responses under (II) in Demand, which stated "II. If applicant asserts that the certification of micro entity status was not made in error, …" (Ex. A pg. 3).

17. Demand in effect was limited to two options: either concede that "the [micro entity] certification was erroneous" (Ex A pg. 3), or contact "Patents Ombudsman" (Ex. A pg. 4):

    > Questions about the contents of this notice should be directed to the Office of Patents Stakeholder Experience (OPSE), Stakeholder Support Division (SSD), Patents Ombudsman at 571-272-5555.

18. The Patents Ombuds Office (hereinafter POO) states: "We assist applicants when normal processing has stalled" (Ex. B pg. 12). A party that routinely exercises unilateral authority has no need to rely on an ombudsman; rather those dissatisfied with the authority may seek an ombudsman. If the party exercises its unilateral authority while invoking an ombudsman, it generally indicates the party's need to skirt due process, suppress rational argument, and stall judicial review. Demand, in invoking POO as the only available contact, indicated that the USPTO recognized its deficiency with respect to duly and consistently evaluating a rebuttal of the allegation of "*prima facie* evidence" and that "normal processing" regarding Demand is not available. At the time of Demand, the deficiency precluded due evaluation of 37 CFR 1.29(b).

19. On 04/22/2024, a request for interview regarding Demand, including (II) in Demand, was made to the examiner of '288 as identified by the USPTO's online system. On 04/23/24, the examiner responded to the interview request, and stated in part: "I am not examining the application" (Ex. A pg. 26).

4

**Appx0011**

20.     In a video conference on 04/26/2024, the examiner indicated that the USPTO did not
        know exactly what was needed from Inventors when asked about the specific information
        the USPTO needed in support of micro entity status under 37 CFR 1.29(b).

21.     In response to an inquiry on 04/29/2024 about the procedure to deliver Inventors'
        response to Demand under 37 CFR 1.29(b), the examiner on 04/30/2024 directed
        Inventors to the Office of Patent Legal Administration (OPLA) (Ex. A pg. 31). The
        response confirmed that the USPTO recognized its deficiency with respect to duly and
        consistently evaluating a response under (II) in Demand.

22.     On 05/01/2024, Inventors, on the examiner's instructions, directed the inquiry to OPLA
        (Ex. B pgs. 2 and 3). On 05/03/2024, Inventors had not received a response, and directed
        the inquiry to the TC Group Director whose signature appeared on the Demand (Ex. B
        pg. 2). On 05/06/2024, OPLA responded: "The contact and phone number regarding the
        notice is listed on the second page of the notice" (Ex. B pg. 2). OPLA's response
        confirmed that the USPTO recognized its deficiency with respect to duly and consistently
        evaluating a response under (II) in Demand.

23.     On 05/06/2024, Inventors, in light of OPLA's response, directed the inquiry to the POO
        (Ex. B pgs. 5 and 6). On 05/07/2024, POO indicated that (II) in Demand is not available
        to Inventors (Ex. B pg. 5) while evading Inventors' inquiry (Ex. B. pg. 6). On the same
        day, Inventors reiterated the inquiry (Ex. B pg. 5). On 05/10/2024, POO directed
        Inventors to submit a Notification of Loss of Micro Entity Status (Doc Code:
        "MES.LOSS") (Ex. B pg. 4). POO's demand that Inventors act under (I) in Demand and
        submit notification of loss of micro entity status indicates that the USPTO provisioned
        only for concessions. POO's response confirmed that the USPTO recognized its

5

deficiency with respect to duly and consistently evaluating a response under (II) in Demand. POO indicated to Inventors that there was no other option than to concede that "the [micro entity] certification was erroneous" (Ex. A pg. 3).

24. The results of Inventors' good faith efforts and inquiries indicate that the USPTO lacked procedure regarding the change in policy and confirmed that the USPTO recognized its deficiency with respect to duly and consistently evaluating a response under (II) in Demand.

25. Demand violated The Paperwork Reduction Act, including 44 U.S.C. §3512 - Public protection. Demand failed to display a valid OMB control number while requiring a collection of information (Ex. A pgs. 2-4). The USPTO's actions flowing from Demand penalized Inventors for allegedly failing to comply with the collection of information. For example (Ex. A pg. 4):

> If applicant does not timely respond in accordance with (I) or (II) above, or is unable to make one of these responses because micro entity status was not established in good faith, then the application will be abandoned.

26. The violation of 44 U.S.C. §3512 indicates exhaustion of administrative remedies available at the USPTO for Inventors.

27. Joanne Burke left a voicemail for Inventors on 05/07/2024. Inventors called back on 05/08/2024. In a phone conversation on 05/08/2024, Burke identified herself as a USPTO paralegal specialist who works on "NFEE" notices. Burke mentioned her call was prompted by an internal email about Inventors' NFEE notice, but refused to answer Inventors' questions about the internal email. On the phone call, Burke was informed that Inventors needed to respond under (II) to Notices of Payment Deficiency, but the notices

6

lacked guidance, including a "Doc Code", about the procedure to respond under 37 CFR 1.29(b) in Patent Center. Burke suggested filing responses to the notices as miscellaneous letters in the USPTO's Patent Center. Burke provided the address "Attn: Office of Petitions, Mail Stop Petitions, Commissioner for Patents, P.O. Box 1450 Alexandria, VA 22313-1450" for the submission.

28.   On 05/23/2024, per Joanne Burke's guidance, Inventors filed a petition (hereinafter First Petition or First Petition288) responding to Demand. On 08/08/2024, the USPTO sent a decision (hereinafter First Decision or First Decision288) on First Petition. On 09/09/2024, Inventors filed a petition (hereinafter Second Petition or Second Petition288) requesting review of First Decision. On 10/23/2024, the USPTO sent a decision (hereinafter Second Decision or Second Decision288) on Second Petition. On 11/19/2024, Inventors filed a petition (hereinafter Third Petition or Third Petition288) requesting review of Second Decision (Ex. A).

29.   As an affiliate of the Office of Petitions of the USPTO, Shirene W Brantley, Attorney Advisor, OPET, as the Director's representative (hereinafter Brantley), signed decisions on Inventors' petitions, including First Decision and Second Decision.

30.   Brantley sent a notice of abandonment on 02/11/2025 for '288 (Ex. A pg. 58-59).

31.   In a decision sent after abandonment on 03/06/2025 (hereinafter Refusal), Brantley refused to address the Third Petition. (Ex. A pgs. 23-24).

32.   Refusal precludes with finality remedy of the harms flowing from Demand and remedy of the denial of due process within the USPTO.

7

33. Brantley admitted to not addressing Inventor's evidence and Inventor's arguments based on the evidence presented in "the November 19, 2024 reply" (Ex. A pg. 24). "[T]he November 19, 2024 reply" is the duly filed petition referred to herein as Third Petition.

34. In the notice of abandonment, "see petition decision mailed Oct 23, 2024 for details" (Ex. A pg. 59) indicates that Brantley claims to have had foreknowledge of Inventors' 11/19/2024 petition at the time of Brantley's petition decision of 10/23/2024.

35. Brantley, by refusing to address the 11/19/2024 petition, at least evaded complying with 37 C.F.R. § 1.104(d)(2) by disregarding "Applicants respectfully request that Shirene Brantley provide an affidavit or declaration setting forth specific factual statements and explanations to support the personal knowledge in compliance with 37 C.F.R. § 1.104(d)(2)" (Ex. A pgs. 18 and 19).

36. Brantley's ruling that "[t]he November 19, 2024 reply … will not be addressed" (Ex. A pg. 24) is unlawful.

37. In Refusal, Brantley erroneously required payment of extension fees under 37 CFR 1.136(a) for consideration of a duly filed petition.

38. Brantley's ruling that "[t]he November 19, 2024 reply has been entered into the application, but will not be addressed on merits" (Ex. A pg. 24) indicates exhaustion of administrative remedies available to Inventors at the USPTO.

39. Brantley unlawfully invoked "cherry picked"[1] provisions from: patent rules for petitions, patent rules for office actions, and Office of Patents Stakeholder Experience (OPSE), Stakeholder Support Division (SSD), Patents Ombudsman (see, e.g., Demand and Second Decision).

8

40.     Brantley's "cherry picking"[1] constitutes violation of due process.

41.     "Cherry picking"[1] of provisions by the USPTO between patent rules for petitions and
        patent rules for office actions discourages development of new technologies and violates
        the rights of small businesses and inventors.

42.     Demand failed to make a *prima facie* case. In response to First Petition and Second
        Petition, the USPTO attempted to evade the failure by appending new allegations,
        altering previous arguments, and making progressively expanding arbitrary and *ad hoc*
        demands for evidence. In Demand and each of the USPTO's actions flowing from
        Demand, the USPTO failed to provide reasoned analysis and a rational connection
        between proven facts and the USPTO's actions.

43.     Inventors stated in Third Petition (Ex. A pg. 18; also see Ex. A pg. 7 regarding First
        Decision):

            In addition to the foregoing, Shirene Brantley erred in failing to address
            Inventors' prior remarks regarding application 10165455. This includes at least
            (see response of 09/08/2024 and 09/09/2024 for Applications)

                To assist applicant in checking its records, the Office is providing applicant with the application
                numbers of published applications and patents that name inventors Abhijit R. Nesarikar of Plano,
                TX and Dallas, TX, Ashlesha A. Nesarikar of Plano, TX, and Anika A. Nesarikar of Plano, TX.
                10165455 (Abhijit R. Nesarikar only)

            Despite Inventors' searches after receiving Shirene Brantley's letter, Inventors have not found
            application #10165455. Inventors, in good faith, conclude that application #10165455, if it
            exists, is not published. Shirene Brantley's error undermines Inventors' ability to respond to
            Shirene Brantley's letter.

            The failure constitutes a concession to Inventors' arguments. Inventors traverse
            Shirene Brantley's reliance on unevidenced allegations regarding alleged
            application 10165455 (e.g., regarding filing, assignment, publication, and
            inventorship of alleged application 10165455). In light of Inventors' previous

9

responses, Shirene Brantley further errs in maintaining the unevidenced
allegations, e.g.:

> The August 8, 2024 letter identifies other prior-filed applications that name at least one of the
> three joint inventors. Application 10165455 names only Abhijit R. Nesarikar as a joint inventor.

Shirene Brantley's allegations regarding alleged application 10165455 are Shirene
Brantley's personal knowledge. The personal knowledge is not indicated by the
current application, not supported by evidence, and not identified in statute,
regulation, or executive order. Applicants respectfully request that Shirene
Brantley provide an affidavit or declaration setting forth specific factual
statements and explanations to support the personal knowledge in compliance
with 37 C.F.R. § 1.104(d)(2).

Brantley materially misrepresented (hereinafter First Misrepresentation) the alleged

publication of alleged application 10165455 in stating that "the Office is providing

applicant with the application numbers of published applications and patents" (Ex. A pg.

7). A search on 09/05/2024 described 10165455 as "… not available. The number may

have been incorrectly typed, or assigned to an application that is not yet available for

public inspection" (Ex. B pg. 9).

44.    Brantley's failure to "provide an affidavit or declaration setting forth specific factual
       statements and explanations to support the personal knowledge in compliance with 37
       C.F.R. § 1.104(d)(2)" (Ex. A pg. 18, lines 15-17) indicates exhaustion of administrative
       remedies available at the USPTO for Inventors.

45.    First Misrepresentation by Brantley indicates exhaustion of administrative remedies
       available at the USPTO for Inventors.

46.    Inventors stated in Third Petition (Ex. A pgs. 18-19)

Appx0017

> In addition to the foregoing, Shirene Brantley argues that "no assignment has been recorded" constitutes "evidence of erroneous certification", which is Shirene Brantley's personal knowledge. The personal knowledge is not indicated by the current application, not supported by evidence, and not identified in statute, regulation, or executive order. Applicants respectfully request that Shirene Brantley provide an affidavit or declaration setting forth specific factual statements and explanations to support the personal knowledge in compliance with 37 C.F.R. § 1.104(d)(2).

Brantley materially misrepresented (hereinafter Second Misrepresentation) that "no

assignment has been recorded" constitutes "evidence of erroneous certification".

47.   Brantley's failure to "provide an affidavit or declaration setting forth specific factual

statements and explanations to support the personal knowledge in compliance with 37

C.F.R. § 1.104(d)(2)" (Ex. A pg. 19, lines 3-5) indicates exhaustion of administrative

remedies available at the USPTO for Inventors.

48.   Second Misrepresentation by Brantley indicates exhaustion of administrative remedies

available at the USPTO for Inventors.

49.   Inventors stated in Third Petition (Ex. A pg. 19)

> In addition to the foregoing, Shirene Brantley errs in newly introducing alleged requirements including, e.g.:
>
> > Applicants must provide evidence to support the assertion that the inventors are obligated to assign rights in a sufficient number of prior-filed applications to a prior employer, such that the application filing limit in 37 CFR 1.29(a)(2) was not exceeded. Applicants must provide **evidence** of employment-related contractual or legal obligations to assign rights in the previously filed applications to a prior employer. A copy of an assignment or a copy of contract showing an obligation to assign would suffice.
>
> [emphasis in original]
>
> which is Shirene Brantley's personal knowledge. The personal knowledge is not indicated by the current application, not supported by evidence, and not identified in statute, regulation, or executive order. Applicants respectfully request that Shirene Brantley provide an affidavit or declaration setting forth specific factual

11

statements and explanations to support the personal knowledge in compliance with 37 C.F.R. § 1.104(d)(2).

Brantley materially misrepresented (hereinafter Third Misrepresentation) the micro entity certification in USPTO Form PTO/SB/15A, which states under (2) APPLICATION FILING LIMIT:

> (2) **APPLICATION FILING LIMIT** – Neither the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed U.S. patent applications, excluding provisional applications and international applications under the Patent Cooperation Treaty (PCT) for which the basic national fee under 37 CFR 1.492(a) was not paid, and also excluding patent applications for which the applicant has assigned all ownership rights, or is obligated to assign all ownership rights, as a result of the applicant's previous employment.

50. Brantley's failure to "provide an affidavit or declaration setting forth specific factual statements and explanations to support the personal knowledge in compliance with 37 C.F.R. § 1.104(d)(2)" (Ex. A pg. 19, lines 12-14) indicates exhaustion of administrative remedies available at the USPTO for Inventors.

51. Third Misrepresentation by Brantley indicates exhaustion of administrative remedies available at the USPTO for Inventors.

52. In First Decision, Brantley materially misrepresented (hereinafter Fourth Misrepresentation) that "a review of the other five applications on the above-identified list of 12 applications and corresponding Office assignment records does not reveal any evidence that the inventors have assigned or are under an obligation by contract or law to assign all ownership rights in those applications to another entity/party" (Ex. A pg. 8). Inventors refuted misrepresentations, including Fourth misrepresentation, on 09/05/2024 in emails (Ex. A pgs. 49 and 54), on 09/06/2024 by fax (Ex. A pg. 52), and again in Second Petition (Ex. A pgs. 46, 47, 49, 52, and 54), stating, e.g., "Shirene Brantley erred as assignment of application number 17906844 was recorded on 07/13/2023 and is

12

publicly accessible through the USPTO's website (reel/frame: 064245/0121)" (Ex. B pg.

7).

53.   UPSTO failed to provide proper notice to Inventors of relevant procedures, requirements,

and evidence relied upon by the USPTO. Inventors repeatedly requested (Ex. A pgs. 46,

47, 50, 53, and 55) restarted period for reply under MPEP 710.06 in light of the following

(Ex. A pgs. 50, 53, and 55):

> 1. as Inventors responded on 05/23/2024 with candor and good faith to the Notice of Payment
>    Deficiency mailed on 04/22/2024;
> 2. as Shirene Brantley's letter (of 08/08/2024) alleges insufficiency of Inventors' response of
>    05/23/2024 based on new allegations not previously presented to Inventors; and
> 3. as Shirene Brantley's letter dated 08/08/2024 contains material misrepresentations

The request was disregarded.

54.   The material misrepresentations violate due process.

55.   The failures to comply with 37 C.F.R. § 1.104(d)(2) indicate violations of due process.

56.   Material misrepresentations by the USPTO discourage development of new technologies

and violate the rights of small businesses and inventors.

57.   The failure of Demand to display a valid OMB control number for a collection of

information and the resulting penalties imposed on Inventors are at least arbitrary,

capricious, an abuse of discretion, or otherwise not in accordance with law.

58.   Brantley's "cherry picking"[1] is at least arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with law.

59.   The material misrepresentations are at least arbitrary, capricious, an abuse of discretion,

or otherwise not in accordance with law.

13

60.     The failures to comply with 37 C.F.R. § 1.104(d)(2) are at least arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

61.     Inventors have exhausted administrative remedies available at the USPTO.

62.     Demand and the USPTO's actions flowing from Demand affected Inventors' rights and interests. For example, the USPTO denied Inventors' right to examination of a duly filed nonprovisional patent application, and consequently, the right to a patent on an invention. Demand and the USPTO's actions flowing from Demand further harm Inventors.

63.     Demand and the USPTO's actions flowing from Demand, combined with a lack of procedural safeguards, erroneously deprived Inventors of their rights and interests and imposed undue burden on Inventors. Further, the USPTO's actions risk erroneous deprivation of rights and interests of small businesses and inventors who need, assert, and maintain patent fee discounts based on micro entity certifications.

64.     Demand and the USPTO's actions flowing from Demand were contrary to the Government's interest. The erroneous deprivation of rights and interest discourages development of new technologies and violates the rights of small businesses and inventors. Further, Brantley's *ad hoc* actions and requirements created administrative burdens to the USPTO. For example, the lack of published and vetted provisions and processes to duly and consistently evaluate responses under (II) in Demand resulted in the need for multiple rounds of petitions, emails, and other communications across multiple departments of the USPTO. The USPTO's errors in addressing petitions, emails, and other communications evidences the burden caused by the USPTO's actions, or the

14

**Appx0021**

USPTO's willful disregard of Inventors' good faith efforts to bring necessary facts to the USPTO's attention, or both.

65. Economic barriers faced by inventors motivated Congress to provide for, and inventors to certify, micro entity status. The same economic barriers deter micro entity applicants from pursuing judicial review of administrative actions (e.g., decisions not on patentability) by the USPTO. The USPTO has taken advantage of this fact in denying Inventors due process through Demand and the USPTO's actions flowing from Demand.

66. Advancement in artificial intelligence (AI) is our national priority. To that end, the executive and legislative branches have supported advancement of AI by small businesses and inventors, for example, by lowering financial burden in securing patent rights, by directing the USPTO to duly and consistently process patent applications, and by directing the USPTO to actively assist small businesses and inventors. Inventors applied for AI patents with the USPTO in good faith. However, the USPTO's actions flowing from Demand are an abuse of public trust, devoid of public benefit, and an impedance to the national priority.

## RELIEF REQUESTED

Inventors request the following relief:

1. Order the reversal of Notices of Payment Deficiency sent on 04/22/2024 in Inventors' applications.

2. Order the Director to issue a written statement ratifying Inventors' micro entity status for the dates on which micro entity fees were paid in Inventors' applications.

15

**Appx0022**

3. Order the reversal of adverse consequences arising out of the Notices of Payment Deficiency, including payments made in excess of the micro entity fees due, in Inventor's applications.

4. Prohibit Defendants from effectuating or aiding others in effectuating adverse consequences arising out of the Notices of Payment Deficiency.

5. Order that petitions to the Director to reverse adverse consequences, including adverse consequences to PTA (patent term adjustment) that Inventors identify as arising out of the Notices of Payment Deficiency, be granted within 30 days without charge or fee.

6. Prohibit Defendants from any future actions in Inventors' applications alleging erroneous micro entity status.

7. Any other relief that the Court deems just and appropriate.

Date: April 23, 2025

Respectfully submitted,

Ashlesha A. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
asedt0425@icloud.com

Anika A. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
anedt0425@icloud.com

Abhijit R. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
edt0425@nesarikar.com

Inventors and Plaintiffs

16

**Appx0023**

146553_18069288_2024-04-22_NFEE_001 ————————————————— 2

146553_18069288_2024-04-22_NFEE_002 ————————————————— 3

146553_18069288_2024-08-08_PETDEC ————————————————— 5

146553_18069288_2024-10-23_PETDEC ————————————————— 10

146553_18069288_2024-11-19_LET. ————————————————— 16

146553_18069288_2024-11-19_N417 ————————————————— 21

146553_18069288_2025-03-06_PETDEC ————————————————— 23

146553_18069288_2024-05-23_LET._001 ————————————————— 25

146553_18069288_2024-05-23_LET._002 ————————————————— 26

146553_18069288_2024-05-23_LET._003 ————————————————— 40

146553_18069288_2024-05-23_LET._004 ————————————————— 42

146553_18069288_2024-05-23_N417 ————————————————— 44

146553_18069288_2024-09-09_LET. ————————————————— 46

146553_18069288_2024-09-09_N417 ————————————————— 56

146553_18069288_2025-02-11_ABN ————————————————— 58

# Exhibit A
# 18/069288



## UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/069,288 | 12/21/2022 | Abhijit R. Nesarikar | 4as-morphism | 3954 |

| | | |
|---|---|---|
| 146553          7590          04/22/2024 | | |
| Abhijit R. Nesarikar, Ashlesha A. Nesarikar, | | |
| Anika A. Nesarikar | | |
| 8025 Ambiance Way | | |
| Plano, TX 75024 | | |

| EXAMINER |
|---|
| PULLIAM, CHRISTYANN R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2100 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 04/22/2024 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ab@nesarikar.com
anika.nesarikar@utdallas.edu
nesarikaras@gmail.com

PTOL-90A (Rev. 04/07)

**Appx0025**



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

## NOTICE OF PAYMENT DEFICIENCY

This notice is to inform the applicant that the United States Patent and Trademark Office (USPTO) has identified an apparent error in the entity status afforded the above-identified application. Applicant is given **TWO MONTHS** from the date of this Notice within which to respond to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).[1]

Applicant has submitted a certification of micro entity status based upon the gross income basis and paid fees in the above-identified application based upon this certification. In order to qualify for micro entity status under the gross income basis, 37 CFR 1.29(a)(2) requires the applicant to certify "[n]either the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed patent applications, other than applications filed in another country, provisional applications under 35 U.S.C. 111(b), or international applications for which the basic national fee under 35 U.S.C. 41(a) was not paid." As explained in MPEP 509.04(a)(I)(B), an application still counts against this filing limit even if it has been abandoned or patented, and even if it did not claim micro entity status. When this application was filed, the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications. This is *prima facie* evidence that the submitted certification is in error because the filing limit in 37 CFR 1.29(a)(2) was exceeded. Accordingly, the payments made in this application based upon the apparently erroneous micro entity certification are deficient.

Because the deficient payments include one or more of the basic filing fee for utility under 37 CFR 1.16(a), the utility search fee under 37 CFR 1.16(k), and the utility examination fee under 37 CFR 1.16(o), this application is not in condition for examination. In order to avoid abandonment, applicant must respond in one of two ways:

I.    If the certification was erroneous, the applicant must provide an itemization of the total deficiency payment and pay the deficiency owed in accordance with 37 CFR 1.29(k). The "Notification of Loss of Entitlement to Micro Entity Status" form (Form SB/460) may be used to submit the deficiency. This form is available at https://uspto.gov/PatentForms. The current USPTO fee schedule may be viewed at https://www.uspto.gov/learning-and-resources/fees-and-payment/uspto-fee-schedule.

II.   If applicant asserts that the certification of micro entity status was not made in error,

---

[1] All the rules cited in this Notice may be viewed in their entirety at
https://www.uspto.gov/web/offices/pac/mpep/consolidated_rules.pdf. For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

## Appx0026

applicant must reply with an explanation and any necessary evidence that is sufficient to rebut the *prima facie* evidence of an erroneous certification. Applicant is reminded that the reply must be made with candor and good faith under 37 CFR 1.56. Pursuant to applicant's duties under 37 CFR 1.4 and 11.18, applicant should have made a reasonable inquiry into the facts before making the certification. It is these particular facts that applicant must provide in order to rebut the *prima facie* case. Simply identifying the previously submitted certification or recertifying would not be sufficient. Applicant is reminded that it is in the best position to perform an inquiry into whether the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications when this application was filed to determine whether an assertion of micro entity status in this application is appropriate.

Applicant is given **TWO MONTHS** from the mailing date of this Notice to file a response as outlined above. Extensions of time are available under the provisions of 37 CFR 1.136(a).[2] The application has been removed from the examiner's docket (if assigned) pending resolution of the issues noted herein, or expiration of the time period set forth. If applicant does not timely respond in accordance with (I) or (II) above, or is unable to make one of these responses because micro entity status was not established in good faith, then the application will be abandoned.

Only a registered practitioner authorized by the applicant or the applicant who is not represented by a practitioner can sign a response or make changes to the application. Note that an applicant who is a juristic entity must be represented by a registered practitioner. See 37 CFR 1.31. While the Office cannot recommend a registered practitioner, the link below provides a searchable list of registered practitioners: https://oedci.uspto.gov/OEDCI/.

Questions about the contents of this notice should be directed to the Office of Patents Stakeholder Experience (OPSE), Stakeholder Support Division (SSD), Patents Ombudsman at 571-272-5555.

John Cottingham
TC Group Director, TC 2100

---

[2] For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (1)(B)(4).

2

**Appx0027**



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/069,288 | 12/21/2022 | Abhijit R. Nesarikar | 4as-morphism | 3954 |

| 146553          7590          08/08/2024 | EXAMINER |
|---|---|
| Abhijit R. Nesarikar, Ashlesha A. Nesarikar, Anika A. Nesarikar 8025 Ambiance Way Plano, TX 75024 | PULLIAM, CHRISTYANN R |
| | ART UNIT / PAPER NUMBER |
| | 2100 |
| | NOTIFICATION DATE / DELIVERY MODE |
| | 08/08/2024          ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ab@nesarikar.com
anika.nesarikar@utdallas.edu
nesarikaras@gmail.com

ᶜ



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

| | | |
|---|---|---|
| In re Application of | : | |
| Nesarikar et al. | : | |
| Application No. 18/069,288 | : | |
| Filed: 21 Dec 2022 | : | LETTER |
| For: Systems and Methods for Intelligent | : | |
| Awareness and Intent for Autonomous | : | |
| Vehicles | : | |

The U.S. Patent and Trademark Office has received your reply on May 23, 2024 to the Notice of Payment Deficiency mailed on April 22, 2024 ("Notice") and it has been entered into the application. The reply, however, is an insufficient response to the Notice for the reason(s) listed below. A sufficient and persuasive reply must be timely filed to prevent ABANDONMENT of the above-identified application.

**The period for reply continues to run from the date of the Notice mailed on April 22, 2024.**

As stated in the Notice, in order to qualify for micro entity status under the gross income basis, 37 CFR 1.29(a)(2) requires the applicant to certify "[n]either the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed patent applications, other than applications filed in another country, provisional applications under 35 U.S.C. 111(b), or international applications for which the basic national fee under 35 U.S.C. 41(a) was not paid." According to Office records, inventor Abhijit R. Nesarikar has been named as an inventor on 12 previously filed patent applications, and inventors Ashlesha A. Nesarikar and Anika A. Nesarikar have been named as an inventor on 11 previously filed patent applications,[1] which is *prima facie* evidence that the certification of micro entity status in this application was erroneous.

Applicant replied on May 23, 2024 to the Notice of Deficiency Payment issued on April 22, 2024 asserting that the micro entity certifications were not submitted in error, relying on the exception in 37 CFR 1.29(b). Applicant states that "each of the inventors of the USPTO provisional patent application No. 63265932 (entitled "Intelligent Awareness and Intent for Autonomous Vehicles", filed December 22, 2021), was obligated to assign the rights in the provisional patent application No. 63265932 and its child applications as a result of each of the

---

[1] It is noted that Application Nos. 18069263, 18069288, 18069382, 18069474, 18069596, 18069721, 18069819, and 18069883 were all filed on December 21, 2022.

Application No. 18/069,288                                                                                     Page 2

inventors' previous employment in the state of Texas. The child application (e.g., nonprovisional application numbers are: 18069263, 18069288, 18069382, 18069474, 18069596, 18069721, 18069819, and 18069883, all filed on December 21, 2022."

Applicant's reply has attempted to invoke the exception to the application filing limit set forth in 37 CFR 1.29(b), which states that "[a]n applicant, inventor, or joint inventor is not considered to be named on a previously filed application for purposes of paragraph (a)(2) of this section if the applicant, inventor, or joint inventor has assigned, or is under an obligation by contract or law to assign, all ownership rights in the application as the result of the applicant's, inventor's, or joint inventor's previous employment." But as explained in MPEP 509.04(a)(II), for "1.29(b) to apply, not only must all ownership rights have been assigned, or be under an existing obligation by contract or law to be assigned, the assignment or obligation to assign must have resulted from employment with a previous employer. This requires that the applicant, inventor, or joint inventor was a former employee of the previous employer, and that the assignment or obligation to assign was the result of such previous employment as opposed to the applicant's, inventor's, or joint inventor's own enterprise."

Applicant's May 23, 2024 reply fails to provide an explanation and the necessary evidence to demonstrate its entitlement to this exception, i.e., evidence that a sufficient number of the previously filed patent applications were obliged to be (or actually) assigned to a previous employer such that the application filing limit in 37 CFR 1.29(a)(2) was not exceeded. The Notice requires this in a persuasive reply. As explained in the Notice, "if applicant asserts that the certification of micro entity status was not made in error, applicant must reply with an explanation and any necessary evidence that is sufficient to rebut the *prima facie* evidence of an erroneous certification."

According to Office records, inventor Abhijit R. Nesarikar has been named as an inventor on 12 previously filed patent applications, and inventors Ashlesha A. Nesarikar and Anika A. Nesarikar have been named as an inventor on 11 previously filed patent applications.

To assist applicant in checking its records, the Office is providing applicant with the application numbers of published applications and patents that name inventors Abhijit R. Nesarikar of Plano, TX and Dallas, TX, Ashlesha A. Nesarikar of Plano, TX, and Anika A. Nesarikar of Plano, TX.

10165455 (Abhijit R. Nesarikar only)

The following applications name all three inventors:

15940792

16591555

17303497

17906844

18069263

18069382

Application No. 18/069,288                                                          Page 3

18069474

18069596

18069721

18069819

18069883

Applicant's May 23, 2024 reply omits Application Nos. 10165455, 15940792, 16591555,
17303497, and 17906844.

Applicant's May 23, 2024 reply is insufficient to demonstrate its entitlement to this exception,
i.e., evidence that a sufficient number of the previously filed patent applications were obliged to
be (or actually) assigned to a previous employer such that the application filing limit in 37 CFR
1.29(a)(2) was not exceeded.

While the May 23, 2024 reply states the inventors are obligated to assign their right in
Application No. 63265932 and its child applications, Application Nos. 18069,263, 18069,288,
18069382, 18069474, 18069596, 18069721, 18069819, and 18069883, a review of those
applications and Office assignment records does not reveal any evidence that the inventors have
assigned or are under an obligation by contract or law to assign all ownership rights in the
applications to another entity/party.

Furthermore, a review of the other five applications on the above-identified list of 12
applications and corresponding Office assignment records does not reveal any evidence that the
inventors have assigned or are under an obligation by contract or law to assign all ownership
rights in those applications to another entity/party.

In addition, the reply fails to identify the previous employer of the three joint inventors. It only
discloses that the previous employment was in the state of Texas.

Applicant is informed that the exception under 37 CFR 1.29(b) does not apply if the three joint
inventors are current employees of the entity to which they are under an obligation by contract or
law to assign all ownership rights in the applications. The exception under 37 CFR 1.29(b) only
applies if the inventors are former employees. It is noted that the mailing addresses for the three
joint inventors identified the Application Data Sheets filed in 11 of the 12 above-listed
applications is 8025 Ambiance Way, Plano, TX 75024, which corresponds to the current address
for Plano Intelligence Inc. On August 5, 2024, Ashlesha A. Nesarikar's Linkedin page indicates
that she is currently Chief Executive Officer of Plano Intelligence, Inc. and has been since 2016.

Under the above circumstances, applicant would have exceeded the application filing limit set
forth in 37 CFR 1.29(b), the exception under 37 CFR 1.29(b) would not apply, and applicant
would not be entitled to micro entity status.

**Unless applicant submits a persuasive explanation and the necessary evidence to rebut the
*prima facie* evidence of an erroneous certification, or itemizes and pays the payment
deficiency, within the period for reply set by the Notice mailed on April 22, 2024, the**

**Appx0031**

Application No. 18/069,288                                                         Page 4

**application will be abandoned. As set forth in the Notice, extensions of time are available under the provisions of 37 CFR 1.136(a).**

Applicant is reminded that any reply must be made with candor and good faith under 37 CFR 1.56. Pursuant to applicant's duties under 37 CFR 1.4 and 11.18, applicant should have made a reasonable inquiry into the facts before making the micro entity certification, and filing the reply to the Notice. It is these particular facts that applicant must provide in order to rebut the *prima facie* case. For instance, to demonstrate entitlement to the previous employment exception to the application filing limit, applicant must provide sufficient explanation and evidence regarding the inventors' employment history. This includes providing the identity of current and previous employer(s) and either associated dates of employment or associated applications excepted under 37 CFR 1.29(b). Applicant could also provide evidence of actual assignments or employment-related contractual or legal obligations to assign rights in the previously filed applications. Preferably, the latter evidence should be provided in the form of a list identifying, for each previously filed application naming the inventors, the applicable reel/frame numbers where the actual assignments or evidence of an obligation to assign were recorded with the Office, or, if such documents are being recorded concurrently with the reply to the Notice, by providing copies of the assignments or the evidence of an obligation to assign with the reply.

Questions about the contents of this letter should be directed to the Office of Patents Stakeholder Experience (OPSE), Stakeholder Support Division (SSD), Patents Ombudsman at 571-272-5555.

/SHIRENE W BRANTLEY/
Attorney Advisor, OPET

**Appx0032**



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/069,288 | 12/21/2022 | Abhijit R. Nesarikar | 4as-morphism | 3954 |

146553          7590          10/23/2024
Abhijit R. Nesarikar, Ashlesha A. Nesarikar,
Anika A. Nesarikar
8025 Ambiance Way
Plano, TX 75024

| EXAMINER |
|---|
| PULLIAM, CHRISTYANN R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2100 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 10/23/2024 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ab@nesarikar.com
anika.nesarikar@utdallas.edu
nesarikaras@gmail.com

PTOL-90A (Rev. 04/07)

**Appx0033**



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

| | | |
|---|---|---|
| In re Application of | : | |
| Nesarikar et al. | : | |
| Application No. 18/069,288 | : | |
| Filed: 21 Dec 2022 | : | LETTER |
| For: Systems and Methods for Intelligent | : | |
| Awareness and Intent for Autonomous | : | |
| Vehicles | : | |

The U.S. Patent and Trademark Office has received your reply on September 9, 2024 to the Notice of Payment Deficiency mailed on April 22, 2024 ("Notice") and it has been entered into the application. Applicants' September 9, 2024 reply was untimely, because it was received after the expiration of the two month period for reply set forth in the Notice mailed on April 22, 2024, but was not accompanied by a petition for an extension of time and the appropriate fees. Applicants requested an extension of time, if necessary to avoid abandonment, but did not provide authorization to charge a deposit account in the September 9, 2024 reply. In addition, even if September 9, 2024 reply had been timely, it is insufficient to demonstrate applicants' entitlement to the "previous employment" exception to the application filing limit set forth in 37 CFR 1.29(b).

A complete, sufficient and persuasive reply, or alternatively, an itemization and payment of the deficiency, must be timely filed to prevent ABANDONMENT of the above-identified application.

**The period for reply continues to run from the date of the Notice mailed on April 22, 2024.**

### 1. Reply must be timely

The application will become abandoned unless applicants obtain an extension of the period for reply. The petition must be accompanied by the appropriate fees as set forth in 37 CFR 1.17 (see the current fees below). The date on which the reply, the petition and the fees have been filed is the date of the reply and also the date for purposes of determining the period of extension and the corresponding amount of the fee due. The expiration of the time period is determined by the amount of the fee paid. Applicants are advised that extensions may not be granted under 37 CFR 1.136(a) for more than FIVE MONTHS beyond the time period set in the Notice.

| | |
|---|---|
| Mail Date of Notice: | 4/22/24 |
| Last date that extension may be obtained: | 11/22/24 |

**Appx0034**

Application No. 18/069,288                                                                Page 2

(Notice: The petition and fee must be received by this date, or include a proper certificate of mailing under 37 CFR 1.8 with a date on or before this date, and extend the time to include this date).

| Length of Extension of time | Fee under 37 CFR 1.17(a) | | |
|---|---|---|---|
| (response due on or before) | Undiscounted | Small Entity | Micro Entity |
| 4 Months (10/22/24) | $2320 | $928 | $464 |
| 5 Months (11/22/24) | $3160 | $1264 | $632 |

Replies must be received in the USPTO within the set time period or must include a proper Certificate of Mailing or Transmission under 37 CFR 1.8 with a mailing or transmission date within the set time period. For more information and a suggested format, see Form PTO/SB/92 and MPEP 512.

## 2. Reply must be sufficient and persuasive

As stated in the Notice, in order to qualify for micro entity status under the gross income basis, 37 CFR 1.29(a)(2) requires the applicant to certify "[n]either the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed patent applications, other than applications filed in another country, provisional applications under 35 U.S.C. 111(b), or international applications for which the basic national fee under 35 U.S.C. 41(a) was not paid." According to Office records, inventor Abhijit R. Nesarikar has been named as an inventor on 12 previously filed patent applications, and inventors Ashlesha A. Nesarikar and Anika A. Nesarikar have been named as an inventor on 11 previously filed patent applications,[1] which is *prima facie* evidence that the certification of micro entity status in this application was erroneous.

Applicants' reply has attempted to invoke the exception to the application filing limit set forth in 37 CFR 1.29(b), which states that "[a]n applicant, inventor, or joint inventor is not considered to be named on a previously filed application for purposes of paragraph (a)(2) of this section if the applicant, inventor, or joint inventor has assigned, or is under an obligation by contract or law to assign, all ownership rights in the application as the result of the applicant's, inventor's, or joint inventor's previous employment."

The September 9, 2024 reply states, in pertinent part:

---

[1] It is noted that Application Nos. 18/069,263, 18/069,288, 18/069,382, 18/069,474, 18/069,596, 18/069,721, 18/069,819, and 18/069,883 were all filed on December 21, 2022.

Application No. 18/069,288                                                                Page 3

Inventors respond in good faith, that on and before the filing date of the current application:

1.  Ashlesha Nesarikar and Anika Nesarikar have been obligated to assign the rights
in provisional patent applications 62/705,296 and 63/265,932 (and their child
applications) as a result of each of their prior employment with My Dentist, PLLC, Plano,
TX.

2.  Abhijit Nesarikar has been obligated to assign the rights in provisional patent
applications 62/705,296 and 63/265,932 (and their child applications) as a result of his
prior employment with Advantech Consulting, Inc, Plano, TX.

From before the filing date of the current application through today, Ashlesha Nesarikar and
Anika Nesarikar have not been employed by My Dentist PLLC and Abhijit Nesarikar has not
been employed by Advantech Consulting Inc.

However, a review of the Office assignment database reveals no assignment has been recorded
for either Application No. 62/705,296 or Application No. 63/265,932.

Applicants' May 23, 2024 reply states, "The child application (e.g., nonprovisional application
numbers are: 18069263, 18069288, 18069382, 18069474, 18069596, 18069721, 18069819, and
18069883, all filed on December 21, 2022." A review of the Office assignment database reveals
no assignment has been recorded for any of the child applications identified by applicants.

The August 8, 2024 letter identifies other prior-filed applications that name at least one of the
three joint inventors. Application 10165455 names only Abhijit R. Nesarikar as a joint inventor.
The following applications name all three inventors as joint inventors: Application Nos.
15/940,792, 16/591,555, 17/303,497, and 17/906,844. A review of the Office assignment
database reveals no assignment has been recorded for Application Nos. 10/165,455, 15/940,792,
16/591,555, and 17/303,497. An assignment has been recorded for Application No. 17/906,844
at reel/frame 064245/0121. The assignment for Application No. 17/906,844 gives rights to
Shalaka A. Nesarikar. My Dentist, PLLC and Advantech Consulting, Inc., the prior employers
of the three joint inventors, are not the assignees of Application No. 17/906,844.

As explained in MPEP 509.04(a)(II), for "1.29(b) to apply, not only must all ownership rights
have been assigned, or be under an existing obligation by contract or law to be assigned, the
assignment or obligation to assign must have resulted from employment with a previous
employer. This requires that the applicant, inventor, or joint inventor was a former employee of
the previous employer, and that the assignment or obligation to assign was the result of such
previous employment as opposed to the applicant's, inventor's, or joint inventor's own
enterprise." In other words, a former employee must have assigned ownership rights or be under
an obligation by contract or law to assign ownership rights in a previously filed application to a
former employer in order to demonstrate entitlement to the section 1.29(b) exception.

**Appx0036**

Application No. 18/069,288                                                              Page 4

Applicants' September 9, 2024 reply is insufficient because applicants have not provided adequate evidence that all ownership rights in a sufficient number of the prior filed applications have been assigned or are under an obligation by contract or law to be assigned to a previous employer.

Regarding the assignment/obligation to assign component of the analysis: As discussed above, no assignment has been recorded (1) for Application No. 62/705,296 or Application No. 63/265,932, (2) for any of the child applications identified by applicant, and (3) for Application Nos. 10165455, 15940792, 16591555, and 17303497. The only application with a recorded assignment is Application No. 17/906,844, and the assignee is Shalaka A. Nesarikar, not the prior employers of the joint inventors, My Dentist, PLLC and Advantech Consulting, Inc.

**Applicants must provide evidence to support the assertion that the inventors are obligated to assign rights in a sufficient number of prior-filed applications to a prior employer, such that the application filing limit in 37 CFR 1.29(a)(2) was not exceeded. Applicants must provide <u>evidence</u> of employment-related contractual or legal obligations to assign rights in the previously filed applications to a prior employer.** A copy of an assignment or a copy of contract showing an obligation to assign would suffice.

Regarding the previous employer component of the analysis: Please keep in mind that the assignment or obligation to assign must have been the result of previous employment, as opposed to the joint inventor's own enterprise. According to www.govcb.com, **Advantech Consulting, Inc. is owned by ABHIJIT R NESARIKAR of 8025 AMBIANCE WAY, PLANO, Texas, USA. If Abhijit R Nesarikar is an owner, rather than an employee of Advantech Consulting, Inc., any applications assigned or under an obligation by contract or law to be assigned by him to Advantech Consulting, Inc. would not fall under the section 1.29(b) exception.** The inventor must have been an employee of the company in order for the section 1.29(b) exception to apply. Factors to consider are whether the party received paychecks from the company, whether the company withheld state and/or federal taxes from the party's paychecks, whether the party received W2s from the company, and whether the party had ownership interest in the company at any time the party was associated with the company. Please state for the record whether Abhijit R. Nesarikar was an employee of Advantech Consulting, Inc.

Applicants' reply is insufficient to demonstrate its entitlement to this exception because it fails to provide evidence that a sufficient number of the previously filed patent applications were obligated to be assigned or were actually assigned to a previous/former employer, such that the application filing limit in 37 CFR 1.29(a)(2) was not exceeded.

The April 22, 2024 Notice requires this showing in a persuasive reply. As explained in the Notice, "if applicant asserts that the certification of micro entity status was not made in error, applicant must reply with an explanation and any necessary evidence that is sufficient to rebut the *prima facie* evidence of an erroneous certification."

**Unless applicants submit a persuasive explanation and the necessary evidence to rebut the *prima facie* evidence of an erroneous certification, OR itemize and pay the payment deficiency, within the period for reply set by the Notice mailed on April 22, 2024, the**

146553_18069288_2024-10-23_PETDEC                                                        14

**Appx0037**

Application No. 18/069,288                                                      Page 5

**application will be abandoned. As set forth in the Notice, extensions of time are available
under the provisions of 37 CFR 1.136(a).**

Applicants are reminded that any reply must be made with candor and good faith under 37 CFR
1.56. Pursuant to applicants' duties under 37 CFR 1.4 and 11.18, applicants should have made a
reasonable inquiry into the facts before making the micro entity certification, and filing the
replies to the Notice. It is these particular facts that applicants must provide in order to rebut the
*prima facie* case. For instance, to demonstrate entitlement to the previous employment exception
to the application filing limit, applicants must provide sufficient evidence regarding the
inventors' employment history. Applicants must provide evidence of employment-related
contractual or legal obligations to assign rights in a sufficient number of the previously filed
applications to a prior employer, such that the application filing limit in 37 CFR 1.29(a)(2) was
not exceeded.

Regarding finances: Applicants assert no extension of time is required to make the September 9,
2024 reply timely filed. The Office does not concur. The only period running against applicants is
that which was set in the April 22, 2024 Notice. Applicants were given two months from the April
22, 2024 mail date of the Notice to either provide a persuasive explanation and the necessary
evidence to rebut the *prima facie* evidence of an erroneous certification, OR itemize and pay the
payment deficiency. The May 23, 2024 reply did not include a persuasive explanation and the
necessary evidence to rebut the *prima facie* evidence of an erroneous certification. Therefore, the
period for reply continued to run.

Please note that any response to the present letter will require submission of an appropriate
extension of time fee. *See* chart on second page of letter. Applicants are once again reminded that
extensions may not be granted under 37 CFR 1.136(a) for more than FIVE MONTHS beyond the
time period set in the Notice, with Friday, November 22, 2024 being the last possible date that an
extension may be obtained.

Questions about the contents of this letter should be directed to the Office of Patents Stakeholder
Experience (OPSE), Stakeholder Support Division (SSD), Patents Ombudsman at 571-272-5555.

/SHIRENE W BRANTLEY/
Attorney Advisor, OPET

**Appx0038**

1  IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Application No: 18/069,288 | Examiner: PULLIAM, CHRISTYANN R |
| Filed:12/21/2022 | Group Art Unit: 2100 |
| Applicants and Inventors: | Atty. Dkt. No: 4as-morphism |
| Abhijit R. Nesarikar | Confirmation Number: 3954 |
| Ashlesha A. Nesarikar | |
| Anika A. Nesarikar | |

2  Title of Invention: Systems and Methods for Intelligent Awareness and Intent for Autonomous

3  Vehicles

4  RESPONSE TO NOTICE OF PAYMENT DEFICIENCY

5  Attn: Office of Petitions

6  Commissioner for Patents

7  P.O. Box 1450

8  Alexandria, VA 22313-1450

9

10  Commissioner:

11  Inventors' good faith reply of 05/23/2024 to the Notice of Payment Deficiency mailed on

12  04/22/2024 in the current application (hereinafter Notice) was sufficient to show error by the

13  USPTO in sending Notice and remains sufficient in light of Shirene Brantley's errors. On

14  04/22/2024, the USPTO mailed payment deficiency notices (hereinafter Notices) regarding

15  applications 18069263, 18069288, 18069382, 18069474, 18069596, 18069721, 18069819, and

16  18069883 (hereinafter Applications). The USPTO failed to make a *prima facie* case of erroneous

17  certification of micro entity status in each of Notices. Inventors respectfully request that in light

18  of Inventors' compliance with 37 CFR 1.29, the USPTO withdraw each of Notices and each of

19  Shirene Brantley's letters in each of Applications.

**Certificate of Transmission under 37 CFR 1.8:** I hereby certify that this correspondence (along with any paper referred to as being attached or enclosed) is being transmitted via the USPTO's patent electronic filing system. The date of transmission is the receipt date accorded by the electronic filing receipt for this correspondence.
Electronic signature for Ashlesha A. Nesarikar: /Ashlesha A Nesarikar/      Date:11/19/2024      Phone: 469-371-4983

1

**Appx0039**

1    Regarding Shirene Brantley's letters dated 08/08/2024, 08/09/2024, 10/22/2024, and 10/23/2024,

2    Shirene Brantley errs at least by materially misrepresenting facts, disregarding Inventor-provided

3    evidence and Inventors' arguments based on the evidence, making arbitrary and *ad hoc* demands

4    for evidence, and threating to abandon Applications. The errors at least undermine Inventors'

5    right to respond. The errors, including threat of abandonment, represent at least a violation of due

6    process and a possibility of irreparable harm.

7    Shirene Brantley states that Applications will be abandoned in the letters of 10/22/2024 and

8    10/23/2024, e.g.:

> **Unless applicant submits a persuasive explanation and the necessary evidence to rebut the**
> ***prima facie* evidence of an erroneous certification, OR itemizes and pays the payment**
> **deficiency, within the period for reply set by the Notice mailed on April 22, 2024, the**
> **application will be abandoned. As set forth in the Notice, extensions of time are available**
> **under the provisions of 37 CFR 1.136(a).**

9    [emphasis in original]

10    Abandonment of any of Applications due to any of Notices would constitute actions by the

11    USPTO that are at least arbitrary, capricious, an abuse of discretion, or otherwise not in

12    accordance with law.

13    Errors in Shirene Brantley's letters of 08/08/2024 and 08/09/2024 regarding Applications were

14    called to the attention of the USPTO, and Inventors requested a restarted period for reply, in

15    communications to the USPTO on 09/05/2024, 09/06/2024, 09/08/2024, and 09/09/2024. Shirene

16    Brantley's letters of 10/22/2024 and 10/23/2024 fail to address the errors and the timely request

17    for restarted period for reply under MPEP 710.06. The failures constitute at least Shirene

18    Brantley's concession to Inventors' arguments.

19    In addition to the foregoing, the letters of 08/08/2024 and 08/09/2024 are Shirene Brantley's first

20    notification providing the USPTO's identification of alleged prior applications naming one or

21    more of Inventors and the USPTO's first official assertion of allegedly required evidence.

22    Inventors sufficiently responded regarding Applications on 09/08/2024 and 09/09/2024. Shirene

23    Brantley's continued delay of examination, threat of abandonment, demands of expanding scope

---

**Certificate of Transmission under 37 CFR 1.8:** I hereby certify that this correspondence (along with any paper referred to as
being attached or enclosed) is being transmitted via the USPTO's patent electronic filing system. The date of transmission is the
receipt date accorded by the electronic filing receipt for this correspondence.
Electronic signature for Ashlesha A. Nesarikar: /Ashlesha A Nesarikar/          Date:11/19/2024          Phone: 469-371-4983

2

**Appx0040**

1 · for new information, and refusal to revise the period for reply despite reliance on new allegations

2 not previously presented to Inventors create an undue burden for Inventors.

3 In addition to the foregoing, Shirene Brantley erred in failing to address Inventors' prior remarks

4 regarding application 10165455. This includes at least (see response of 09/08/2024 and

5 09/09/2024 for Applications)

> To assist applicant in checking its records, the Office is providing applicant with the application
> numbers of published applications and patents that name inventors Abhijit R. Nesarikar of Plano,
> TX. and Dallas, TX. Ashlesha A. Nesarikar of Plano, TX. and Anika A. Nesarikar of Plano, TX.
> 10165455 (Abhijit R. Nesarikar only)

> Despite Inventors' searches after receiving Shirene Brantley's letter, Inventors have not found
> application #10165455. Inventors, in good faith, conclude that application #10165455, if it
> exists, is not published. Shirene Brantley's error undermines Inventors' ability to respond to
> Shirene Brantley's letter.

6 The failure constitutes a concession to Inventors' arguments. Inventors traverse Shirene

7 Brantley's reliance on unevidenced allegations regarding alleged application 10165455 (e.g.,

8 regarding filing, assignment, publication, and inventorship of alleged application 10165455). In

9 light of Inventors' previous responses, Shirene Brantley further errs in maintaining the

10 unevidenced allegations, e.g.:

> The August 8, 2024 letter identifies other prior-filed applications that name at least one of the
> three joint inventors. Application 10165455 names only Abhijit R. Nesarikar as a joint inventor.

11

12 Shirene Brantley's allegations regarding alleged application 10165455 are Shirene Brantley's

13 personal knowledge. The personal knowledge is not indicated by the current application, not

14 supported by evidence, and not identified in statute, regulation, or executive order. Applicants

15 respectfully request that Shirene Brantley provide an affidavit or declaration setting forth specific

16 factual statements and explanations to support the personal knowledge in compliance with 37

17 C.F.R. § 1.104(d)(2).

18 In addition to the foregoing, Shirene Brantley argues that "no assignment has been recorded"

19 constitutes "evidence of erroneous certification", which is Shirene Brantley's personal

**Certificate of Transmission under 37 CFR 1.8:** I hereby certify that this correspondence (along with any paper referred to as being attached or enclosed) is being transmitted via the USPTO's patent electronic filing system. The date of transmission is the receipt date accorded by the electronic filing receipt for this correspondence.
Electronic signature for Ashlesha A. Nesarikar: /Ashlesha A Nesarikar/          Date:11/19/2024          Phone: 469-371-4983

3

**Appx0041**

1  knowledge. The personal knowledge is not indicated by the current application, not supported by

2  evidence, and not identified in statute, regulation, or executive order. Applicants respectfully

3  request that Shirene Brantley provide an affidavit or declaration setting forth specific factual

4  statements and explanations to support the personal knowledge in compliance with 37 C.F.R. §

5  1.104(d)(2).

6  In addition to the foregoing, Shirene Brantley errs in newly introducing alleged requirements

7  including, e.g.:

> Applicants must provide evidence to support the assertion that the inventors are obligated to assign rights in a sufficient number of prior-filed applications to a prior employer, such that the application filing limit in 37 CFR 1.29(a)(2) was not exceeded. Applicants must provide **evidence** of employment-related contractual or legal obligations to assign rights in the previously filed applications to a prior employer. A copy of an assignment or a copy of contract showing an obligation to assign would suffice.

8

9  [emphasis in original]

10  which is Shirene Brantley's personal knowledge. The personal knowledge is not indicated by the

11  current application, not supported by evidence, and not identified in statute, regulation, or

12  executive order. Applicants respectfully request that Shirene Brantley provide an affidavit or

13  declaration setting forth specific factual statements and explanations to support the personal

14  knowledge in compliance with 37 C.F.R. § 1.104(d)(2).

15  In addition to the foregoing, Inventors traverse any requirements by Shirene Brantley to disclose

16  sensitive, proprietary, or nonpublic information regarding Inventors or Inventors' prior

17  employers. As an attorney, Shirene Brantley knows that employers would not allow such

18  disclosures. Such requirements are not in accordance with statute and regulations and constitute

19  discrimination and violation of due process.

20  In addition to the foregoing, Shirene Brantley errs at least by materially misrepresenting facts,

21  including, e.g.:

22  According to www.goveb.com, Advantech Consulting, Inc is owned by Abhijit R Nesarikar...

---

**Certificate of Transmission under 37 CFR 1.8:** I hereby certify that this correspondence (along with any paper referred to as being attached or enclosed) is being transmitted via the USPTO's patent electronic filing system. The date of transmission is the receipt date accorded by the electronic filing receipt for this correspondence.

Electronic signature for Ashlesha A. Nesarikar: /Ashlesha A Nesarikar/          Date:11/19/2024          Phone: 469-371-4983

4

**Appx0042**

1   Shirene Brantley errs in relying on unverified statements from anonymous online sources.

2   Shirene Brantley further errs because the statement is a material misrepresentation of facts.

3   Www.govcb.com does not support Shirene Brantley's statement. Shirene Brantley further errs in

4   disregarding that www.govcb.com indicates that Advantech Consulting, Inc is a "Woman Owned

5   Business".

6   Shirene Brantley's unevidenced assertion that

7       According to www.govcb.com, Advantech Consulting, Inc is owned by Abhijit R Nesarikar...

8   is Shirene Brantley's personal knowledge. The personal knowledge is not indicated by the

9   current application, not supported by evidence, and not identified in statute, regulation, or

10  executive order. Applicants respectfully request that Shirene Brantley provide an affidavit or

11  declaration setting forth specific factual statements and explanations to support the personal

12  knowledge in compliance with 37 C.F.R. § 1.104(d)(2).

13  Shirene Brantley's letters and the actions of the USPTO have introduced an undue burden and

14  are not in accordance with law. Each of Inventors' micro entity certifications is valid. No

15  deficiency payment is due. Inventors respectfully request that in light of Inventors' compliance

16  with 37 CFR 1.29, and failure of the USPTO to make a *prima facie* case of erroneous

17  certification of micro entity status, the USPTO withdraw Notice.

18  For at least the foregoing reasons, no extension of time is required. Inventors reserve the right to

19  make additional arguments.

20

21

22  Date: 11/19/2024

23  /Ashlesha A Nesarikar/          /Anika A Nesarikar/                /Abhijit R Nesarikar/

24  Ashlesha A. Nesarikar           Anika A. Nesarikar                 Abhijit R. Nesarikar

---

**Certificate of Transmission under 37 CFR 1.8:** I hereby certify that this correspondence (along with any paper referred to as being attached or enclosed) is being transmitted via the USPTO's patent electronic filing system. The date of transmission is the receipt date accorded by the electronic filing receipt for this correspondence.
Electronic signature for Ashlesha A. Nesarikar: /Ashlesha A Nesarikar/          Date:11/19/2024          Phone: 469-371-4983

5

**Appx0043**

 **UNITED STATES PATENT AND TRADEMARK OFFICE**

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION #<br>18/069,288 | RECEIPT DATE / TIME<br>11/19/2024 08:13:22 PM Z ET | ATTORNEY DOCKET #<br>4as-morphism |
|---|---|---|

## Title of Invention

Systems and Methods for Intelligent Awareness and Intent for Autonomous Vehicles

## Application Information

| APPLICATION TYPE | Utility - Nonprovisional Application<br>under 35 USC 111(a) | PATENT # | - |
|---|---|---|---|
| CONFIRMATION # | 3954 | FILED BY | Abhijit Nesarikar |
| PATENT CENTER # | 68030793 | FILING DATE | 12/21/2022 |
| CUSTOMER # | 146553 | FIRST NAMED<br>INVENTOR | Abhijit R. Nesarikar |
| CORRESPONDENCE<br>ADDRESS | - | AUTHORIZED BY | - |

## Documents

# TOTAL DOCUMENTS: 1

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| 4as-morphism-<br>ResponseToOct22Letter 5<br>pages.pdf | 5 | Miscellaneous Incoming Letter | 312 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| 4as-morphism-<br>ResponseToOct22Letter 5<br>pages.pdf | 90F72388DA11E7D258E0DADEA7373844D5D2A993452295399<br>68552E3B9982CD0EB49F400F005F5B084DD9E04BE5BE2B57E<br>DBB669D3E2EABB26FF5F6598B1C7C0 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**Appx0044**

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

**Appx0045**



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/069,288 | 12/21/2022 | Abhijit R. Nesarikar | 4as-morphism | 3954 |

| | |
|---|---|
| 146553        7590        03/06/2025 | EXAMINER |
| Abhijit R. Nesarikar, Ashlesha A. Nesarikar, Anika A. Nesarikar | PULLIAM, CHRISTYANN R |
| 8025 Ambiance Way | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2100 | |

Plano, TX 75024

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 03/06/2025 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ab@nesarikar.com
anika.nesarikar@utdallas.edu
nesarikaras@gmail.com

PTOL-90A (Rev. 04/07)

**Appx0046**



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

| | | |
|---|---|---|
| In re Application of | : | |
| Nesarikar et al. | : | |
| Application No. 18/069,288 | : | |
| Filed: 21 Dec 2022 | : | LETTER |
| For: Systems and Methods for Intelligent | : | |
| Awareness and Intent for Autonomous | : | |
| Vehicles | : | |

The U.S. Patent and Trademark Office has received your reply on November 19, 2024 to the Notice of Payment Deficiency mailed on April 22, 2024 ("Notice"). The Notice set a two month period for response, with extensions of time available under 37 CFR 1.136(a) for reply.

The November 19, 2024 reply was not accompanied by an appropriate extension of time under 37 CFR 1.136(a), and the maximum extendable period for timely reply to the April 22, 2024 Notice has expired. Therefore, the November 19, 2024 reply was untimely filed. The November 19, 2024 reply has been entered into the application, but will not be addressed on the merits.

It is noted a Notice of Abandonment was mailed on February 11, 2025.

Questions about the contents of this letter should be directed to the Office of Patents Stakeholder Experience (OPSE), Stakeholder Support Division (SSD), Patents Ombudsman at 571-272-5555.

/SHIRENE W BRANTLEY/
Attorney Advisor, OPET

Reply to Notice of Payment Deficiency

The Notice of Payment Deficiency dated April 22, 2024 (hereinafter Notice) asserts that "*prima facie* evidence that the submitted certification is in error" has been provided. The assertion is in error. Notice omits 37 CFR 1.29 (b), which requires:

> (b) An applicant, inventor, or joint inventor is not considered to be named on a previously filed application for purposes of paragraph (a)(2) of this section if the applicant, inventor, or joint inventor has assigned, or is under an obligation by contract or law to assign, all ownership rights in the application as the result of the applicant's, inventor's, or joint inventor's previous employment.

In addition to the foregoing, on and before the filing date of the current application, each of the inventors of the USPTO provisional patent application No. 63265932 (entitled "Intelligent Awareness and Intent for Autonomous Vehicles", filed December 22, 2021), was obligated to assign the rights in the provisional patent application No. 63265932 and its child applications as a result of each of the inventors' previous employment in the state of Texas. The child application (e.g., nonprovisional application) numbers are: 18069263, 18069288, 18069382, 18069474, 18069596, 18069721, 18069819, and 18069883, all filed on December 21, 2022.

In addition to the foregoing, see attached Exhibit A[1], which on page 2 states:

> There is no limit on the number of previously-filed patent applications that may be excluded from the "four previously filed application" limit contained in the "gross income" definition for micro entity status on the basis of prior employment.

In addition to the foregoing, none of the inventors currently exceeds the application filing limit according to 37 CFR 1.29. No further arguments are required at this time. Applicants reserve the right to make further arguments.

05/23/2024                          05/23/2024                          05/23/2024

Ashlesha A. Nesarikar                Anika A. Nesarikar                  Abhijit R. Nesarikar

Inventor                             Inventor                            Inventor

---

[1] America Invents Act (AIA) Frequently Asked Questions: America Invents Act (AIA) – Fees – Other https://web.archive.org/web/20240402215936/https://www.uspto.gov/patents/laws/america-invents-act-aia/america-invents-act-aia-frequently-asked#type-browse-faqs_2940

RE: USPTO Automated Interview Request (AIR): Action Required - Received interview for US Application Number 18069263

# Exhibit B

**Subject:** RE: USPTO Automated Interview Request (AIR): Action Required - Received interview for US Application Number 18069263
**From:** "Pulliam, Christyann R." <Christyann.Pulliam@USPTO.GOV>
**Date:** 4/23/2024, 3:07 PM
**To:** Ashlesha Nesarikar <epctas@nesarikar.com>

Ashlesha

Yes I can talk on Friday April 26 at 11. I sent a Teams link for the meeting.

Christyann

**From:** Ashlesha Nesarikar <epctas@nesarikar.com>
**Sent:** Tuesday, April 23, 2024 10:37 AM
**To:** Pulliam, Christyann R. <Christyann.Pulliam@USPTO.GOV>
**Cc:** uspto@nesarikar.com
**Subject:** Re: USPTO Automated Interview Request (AIR): Action Required - Received interview for US Application Number 18069263

CAUTION: This email has originated from a source outside of USPTO. **PLEASE CONSIDER THE SOURCE** before responding, clicking on links, or opening attachments.

MQAS Pulliam,

Thank you for your reply and the information.

Would you be able to talk on any of the mornings (any time before 12:00 ET) of April 25 (Thursday), April 26 (Friday), May 02 (Thursday), or May 03 (Friday)? If not, please let me know the earliest available time that works for you.

Thank you,

Ashlesha

On 4/23/2024 7:54 AM, Pulliam, Christyann R. wrote:

Ashlesha Nesarikar,
   I am not examining the application. I holding it while we await the response to the Notice of Fees mailed 4/22/2024. I am not available at the times you requested but could talk at a different time. However, I think the information you need in on the Micro Entity certification form:

(2) **APPLICATION FILING LIMIT** -- Neither the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed U.S. patent applications, excluding provisional applications and international applications under the Patent Cooperation Treaty (PCT) for which the basic national fee under 37 CFR 1.492(a) was not paid, and also excluding patent applications for which the applicant has assigned all ownership rights, or is obligated to assign all ownership rights, as a result of the applicant's previous employment.

**Appx0049**

And the Fee notice

Applicant has submitted a certification of micro entity status based upon the gross income basis and paid fees in the above-identified application based upon this certification. In order to qualify for micro entity status under the gross income basis, 37 CFR 1.29(a)(2) requires the applicant to certify "[n]either the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed patent applications, other than applications filed in another country, provisional applications under 35 U.S.C. 111(b), or international applications for which the basic national fee under 35 U.S.C. 41(a) was not paid." As explained in MPEP 509.04(a)(I)(B), an application still counts against this filing limit even if it has been abandoned or patented, and even if it did not claim micro entity status. When this application was filed, the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications. This is *prima facie* evidence that the submitted certification is in error because the filing limit in 37 CFR 1.29(a)(2) was exceeded. Accordingly, the payments made in this application based upon the apparently erroneous micro entity certification are deficient.

Which also goes onto explain what is needed in the response if you think you are a micro entity or if you need to correct the status and fees paid.

Both can be viewed in Patent Center - https://www.uspto.gov/patents/basics/online-patent-tools

If you still have questions, please feel free call me. You do not need to set up a formal interview. You can also contact Inventor Assistance Center at 800-786-9199 OR 571-272-1000 or the Application Assistance Unit at 888-786-0101 OR 571-272-4000 OR **HelpAAU@uspto.gov.**


Christyann Pulliam
TC 2100
US Patent and Trademark Office
571-270-1007

**From:** PTO Automated Interview Request <PTOAutomatedInterviewRequest@USPTO.GOV>
**Sent:** Monday, April 22, 2024 6:30 PM
**To:** Pulliam, Christyann R. <Christyann.Pulliam@USPTO.GOV>
**Cc:** PTO Automated Interview Request <PTOAutomatedInterviewRequest@USPTO.GOV>
**Subject:** USPTO Automated Interview Request (AIR): Action Required - Received interview for US Application Number 18069263
**Importance:** High

CHRISTYANN R. PULLIAM,

This is an Automated Interview Request (AIR) made by **Ashlesha A. Nesarikar** for application number **18/069,263** for **4-29-2024 10:00 AM ET**. The preferred interview type is: **Video Conference**. Please respond to this interview request within **1 business day**.

Alternative suggested interview date and time: **4-29-2024 11:00 AM ET**
Alternative suggested interview date and time: **4-29-2024 12:00 PM ET**

Topic for Discussion: **Regarding the notice dated 4/22/2024, I am hoping to get an understanding of the nature of evidence required in support of micro entity status. As a pro se inventor, I appreciate any clarity you may provide. If these times dont work, please let me know.**

**Appx0050**

RE: USPTO Automated Interview Request (AIR): Action Required Received interview for US Application Number 18069263

Please contact **Ashlesha A. Nesarikar** by calling **+1 4693714983** or emailing epctas@nesarikar.com to set up an interview or deny if appropriate. Note, if you are denying an interview, the interview request flag will not be cleared until you've contacted your SPE.

Examiner may **grant** or **deny** the interview in accordance with current USPTO interview policy, practice and procedure (See MPEP 713).

By receiving this AIR submission, the applicant has certified that:
**This submission is requested to be accepted as an authorization for this interview to communicate via the internet. Recognizing that Internet communications are not secure, I hereby authorize the USPTO to communicate with the undersigned concerning scheduling of the interview via video conference, instant messaging, or electronic mail, and to conduct the interview in accordance with office practice including video conferencing.**

**Next step:**
Once determined if an interview is appropriate, Examiner may **email** or **call** the applicant to set up or deny the interview.

If you're going to deny the interview, please contact your SPE to clear the tracking off of your dashboard.

If you need assistance please contact your SPE, an Interview Specialist from your TC or see Quick Reference Guide.

Thank you.

Please do not reply to this message; it was sent from an unmonitored e-mail address.

**Appx0051**

**Subject:** Accepted: Discuss 18069263
**From:** Ashlesha Nesarikar <epctas@nesarikar.com>
**Date:** 4/23/2024, 5:17 PM
**To:** "Pulliam, Christyann R." <Christyann.Pulliam@USPTO.GOV>

▼ Ashlesha Nesarikar <epctas@nesarikar.com> has accepted your event invitation.

| | |
|---|---|
| Title: | Discuss 18069263 |
| Location: | Microsoft Teams Meeting |
| When: | Friday, April 26, 2024 10:00 AM – 10:25 AM |
| Organizer: | 👤 Pulliam, Christyann R. <Christyann.Pulliam@USPTO.GOV> |
| Description: | |

Microsoft Teams Need help?<https://aka.ms
/JoinTeamsMeeting?omkt=en-US>
Join the meeting now<https://teams.microsoft.com/l/meetup-
join/19%3ameeting_MGU0MmQ4OGUtZDJhMS00MzZkLThiMWQtMTc4
M2MxZmU1ZDky%40thread.v2/0?context=%7b%22Tid%22%3a
%22ff4abfe9-83b5-4026-8b8f-fa69a1cad0b8%22%2c%22Oid%22%3a
%22863930ed-4c57-418b-925e-6e42b9e91b88%22%7d>
Meeting ID: 229 252 469 84
Passcode: yP7SWW

Dial-in by phone
+1 540-566-5633,,808231106#<tel:+15405665633,,808231106> United
States, Roanoke
Find a local number<https://dialin.teams.microsoft.com/d1eafe9c-
a92e-402b-ad9a-d15010039675?id=808231106>
Phone conference ID: 808 231 106#
For organizers: Meeting options<https://teams.microsoft.com
/meetingOptions/?organizerId=863930ed-4c57-418b-
925e-6e42b9e91b88&tenantId=ff4abfe9-83b5-4026-8b8f-fa69a1cad0b8&
threadId=19_meeting_MGU0MmQ4OGUtZDJhMS00MzZkLThiMWQtMTc
4M2MxZmU1ZDky@thread.v2&messageId=0&language=en-US> | Reset
dial-in PIN<https://dialin.teams.microsoft.com/usp/pstnconferencing>
Org help<https://usptogov.sharepoint.com/sites/3db77428/SitePages
/Teams.aspx> | Privacy and security<https://www.uspto.gov/terms-use-
uspto-websites>

Attendees: &Ashlesha Nesarikar <epctas@nesarikar.com>

---

---- **Attachments:** ----

invite.ics                                                                    3.8 KB

**Appx0053**

**Subject:** RE: USPTO Automated Interview Request (AIR): Action Required - Received interview for US Application Number 18069263
**From:** "Pulliam, Christyann R." <Christyann.Pulliam@USPTO.GOV>
**Date:** 4/30/2024, 7:35 AM
**To:** Ashlesha Nesarikar <epctas@nesarikar.com>
**CC:** "uspto@nesarikar.com" <uspto@nesarikar.com>

Ashlesha,

I suggest you call the Office of Patent Legal Administration Helpline (571-272-7701) with these questions.

Christyann

**From:** Ashlesha Nesarikar <epctas@nesarikar.com>
**Sent:** Monday, April 29, 2024 5:58 PM
**To:** Pulliam, Christyann R. <Christyann.Pulliam@USPTO.GOV>
**Cc:** uspto@nesarikar.com
**Subject:** Re: USPTO Automated Interview Request (AIR): Action Required - Received interview for US Application Number 18069263

CAUTION: This email has originated from a source outside of USPTO. **PLEASE CONSIDER THE SOURCE** before responding, clicking on links, or opening attachments.

MQAS Pulliam,

Thank you for your response.

To follow up, the exception under 37 CFR 1.29(b) applies. I realized that the Notice of Payment Deficiency does not provide instructions to submit an electronic response (e.g., via Patent Center) under that exception. I am particularly looking for a "Doc Code" and/or Document Description for submitting the response in Patent Center.

I am reviewing 37 CFR 1.29. I'll follow up if there are any other questions. Please note, no agreement was reached in our interview or subsequent emails.

Thank you for your help.

Thank you,

Ashlesha

On 4/26/2024 2:27 PM, Pulliam, Christyann R. wrote:

> Ashlesha,
>
>  After discussing the micro entity rules with you today, I promised to get you a little more information about the assignment exceptions to the micro entity application count. You also asked about what response the Office would provide if you provide such evidence.

**Appx0054**

1. The prior employment exception is narrow. You can direct detailed questions about your situation to the Office of Patent Legal Administration Helpline (571-272-7701).
   1. You need to provide evidence that a sufficient number of the previously filed patent applications were obliged to be (or actually) assigned to a previous employer such that the application filing limit in 37 CFR 1.29(a)(2) was not exceeded.
      1. Prior employment exception only applies when the inventor was an employee not an independent contractor or collaborator, etc.
   2. Applicant must provide sufficient explanation and evidence regarding the inventors' employment history.
      1. This includes providing the identity of current/previous employer(s) and either associated dates of employment or associated applications excepted under 37 CFR 1.29(b).
      2. Applicant could also provide evidence of actual assignments or employment-related contractual or legal obligations to assign rights in the previously filed applications.
         1. Preferably, this should be provided in the form of a list identifying, for each previously filed application naming the inventors, the applicable reel/frame numbers where the actual assignments or evidence of an obligation to assign were recorded with the Office, or, if such documents are being recorded concurrently with the reply to the Notice, by providing copies of the assignments or the evidence of an obligation to assign with the reply.

2. If the response to the Fee Notice you provide is arguments about why applicant is entitled to micro entity status, whether they are insufficient or sufficient, you will receive a response from the Office.

I hope this information answers your question. You can reach out to me or the Office of Patent Legal Administration Helpline (571-272-7701) with further questions.


Christyann Pulliam
TC 2100
US Patent and Trademark Office
571-270-1007

**From:** Ashlesha Nesarikar <epctas@nesarikar.com>
**Sent:** Tuesday, April 23, 2024 10:37 AM
**To:** Pulliam, Christyann R. <Christyann.Pulliam@USPTO.GOV>
**Cc:** uspto@nesarikar.com
**Subject:** Re: USPTO Automated Interview Request (AIR): Action Required - Received interview for US Application Number 18069263

CAUTION: This email has originated from a source outside of USPTO. **PLEASE CONSIDER THE SOURCE** before responding, clicking on links, or opening attachments.

MQAS Pulliam,

Thank you for your reply and the information.

Would you be able to talk on any of the mornings (any time before 12:00 ET) of April 25 (Thursday), April 26 (Friday), May 02 (Thursday), or May 03 (Friday)? If not, please let me know the earliest available time that works for you.

Thank you,

Ashlesha


On 4/23/2024 7:54 AM, Pulliam, Christyann R. wrote:

> Ashlesha Nesarikar,
>
> I am not examining the application. I holding it while we await the response to the Notice of Fees mailed 4/22/2024. I am not available at the times you requested but could talk at a different time. However, I think the information you need in on the Micro Entity certification form:

> (2) **APPLICATION FILING LIMIT** -- Neither the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed U.S. patent applications, excluding provisional applications and international applications under the Patent Cooperation Treaty (PCT) for which the basic national fee under 37 CFR 1.492(a) was not paid, and also excluding patent applications for which the applicant has assigned all ownership rights, or is obligated to assign all ownership rights, as a result of the applicant's previous employment.

> And the Fee notice

> Applicant has submitted a certification of micro entity status based upon the gross income basis and paid fees in the above-identified application based upon this certification. In order to qualify for micro entity status under the gross income basis, 37 CFR 1.29(a)(2) requires the applicant to certify "[n]either the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed patent applications, other than applications filed in another country, provisional applications under 35 U.S.C. 111(b), or international applications for which the basic national fee under 35 U.S.C. 41(a) was not paid." As explained in MPEP 509.04(a)(I)(B), an application still counts against this filing limit even if it has been abandoned or patented, and even if it did not claim micro entity status. When this application was filed, the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications. This is *prima facie* evidence that the submitted certification is in error because the filing limit in 37 CFR 1.29(a)(2) was exceeded. Accordingly, the payments made in this application based upon the apparently erroneous micro entity certification are deficient

> Which also goes onto explain what is needed in the response if you think you are a micro entity or if you need to correct the status and fees paid.

> Both can be viewed in Patent Center - https://www.uspto.gov/patents/basics/online-patent-tools

> If you still have questions, please feel free call me. You do not need to set up a formal interview. You can also contact Inventor Assistance Center at 800-786-9199 OR 571-272-1000 or the Application Assistance Unit at 888-786-0101 OR 571-272-4000 OR HelpAAU@uspto.gov.


> Christyann Pulliam
> TC 2100
> US Patent and Trademark Office
> 571-270-1007

> **From:** PTO Automated Interview Request <PTOAutomatedInterviewRequest@USPTO.GOV>

**Appx0056**

**Sent:** Monday, April 22, 2024 6:30 PM
**To:** Pulliam, Christyann R. <Christyann.Pulliam@USPTO.GOV>
**Cc:** PTO Automated Interview Request <PTOAutomatedInterviewRequest@USPTO.GOV>
**Subject:** USPTO Automated Interview Request (AIR): Action Required - Received interview for US Application Number 18069263
**Importance:** High

CHRISTYANN R. PULLIAM,

This is an Automated Interview Request (AIR) made by **Ashlesha A. Nesarikar** for application number **18/069,263** for **4-29-2024 10:00 AM ET**. The preferred interview type is: **Video Conference**. Please respond to this interview request within **1 business day**.

Alternative suggested interview date and time: **4-29-2024 11:00 AM ET**
Alternative suggested interview date and time: **4-29-2024 12:00 PM ET**

Topic for Discussion: **Regarding the notice dated 4/22/2024, I am hoping to get an understanding of the nature of evidence required in support of micro entity status. As a pro se inventor, I appreciate any clarity you may provide. If these times dont work, please let me know.**

Please contact **Ashlesha A. Nesarikar** by calling **+1 4693714983** or emailing epctas@nesarikar.com to set up an interview or deny if appropriate. Note, if you are denying an interview, the interview request flag will not be cleared until you've contacted your SPE.

Examiner may **grant** or **deny** the interview in accordance with current USPTO interview policy, practice and procedure (See MPEP 713).

By receiving this AIR submission, the applicant has certified that:
**This submission is requested to be accepted as an authorization for this interview to communicate via the internet. Recognizing that Internet communications are not secure, I hereby authorize the USPTO to communicate with the undersigned concerning scheduling of the interview via video conference, instant messaging, or electronic mail, and to conduct the interview in accordance with office practice including video conferencing.**

**Next step:**
Once determined if an interview is appropriate, Examiner may **email** or **call** the applicant to set up or deny the interview.

If you're going to deny the interview, please contact your SPE to clear the tracking off of your dashboard.

If you need assistance please contact your SPE, an Interview Specialist from your TC or see Quick Reference Guide.

Thank you.

Please do not reply to this message; it was sent from an unmonitored e-mail address.

RE: Request for missing information regarding Notice of Payment Deficiency

**Subject:** RE: Request for missing information regarding Notice of Payment Deficiency
**From:** Patent Practice <PatentPractice@USPTO.GOV>
**Date:** 5/6/2024, 2:29 PM
**To:** Ashlesha Nesarikar <epctas@nesarikar.com>, "Cottingham, John" <John.Cottingham@USPTO.GOV>
**CC:** "uspto@nesarikar.com" <uspto@nesarikar.com>

Thank you for your inquiry.

The contact and phone number regarding the notice is listed on the second page of the notice.

---

**From:** Ashlesha Nesarikar <epctas@nesarikar.com>
**Sent:** Friday, May 3, 2024 4:03 PM
**To:** Cottingham, John <John.Cottingham@USPTO.GOV>; Patent Practice <PatentPractice@USPTO.GOV>
**Cc:** uspto@nesarikar.com
**Subject:** Re: Request for missing information regarding Notice of Payment Deficiency

CAUTION: This email has originated from a source outside of USPTO. **PLEASE CONSIDER THE SOURCE** before responding, clicking on links, or opening attachments.

To: John Cottingham
TC Group Director, TC 2100

Director Cottingham,

As a *pro se* applicant, I'm reaching out to you as you have signed the notice dated 04/22/2024 (titled: Notice of Payment Deficiency) regarding Application No. 18069263 (and similarly applications: 18069288, 18069382, 18069474, 18069596, 18069721, 18069819, and 18069883). Could you expedite the provision of the requested information below? Please see below my email to Patent Legal Administration on May 01, 2024.

Thank you,

Ashlesha Nesarikar

On 5/1/2024 8:24 PM, Ashlesha Nesarikar wrote:

Respectfully,

The notices dated 04/22/2024 (titled: Notice of Payment Deficiency) regarding Application No. 18069263 (and similarly applications: 18069288, 18069382, 18069474, 18069596, 18069721, and 18069883), with Examiner Pulliam, Christyann R, Art Unit 2100, were sent in error.

Though the notices cite 37 CFR 1.29(a)(2) as a justification for the alleged payment deficiency, the notices omit 37 CFR 1.29(b), which modifies 37 CFR 1.29 (a)(2) and the justification.

For the pro se applicants, the notices further omit how to submit a response under 37 CFR 1.29(b) in Patent Center, e.g., a Doc Code (and description) in Patent Center for the applicants to use when

**Appx0058**

submitting responses to the notices.

The applicants respectfully request any help and/or information Patent Legal Administration can provide. This request for information is a follow up on my interview and emails with MQAS Pulliam.

Thank you,

/Ashlesha A Nesarikar/
Ashlesha A. Nesarikar

**Appx0059**

**Subject:** Re: Request for missing information regarding Notice of Payment Deficiency
**From:** epctas@nesarikar.com
**Date:** 5/21/2024, 5:02 PM
**To:** PatentsOmbudsmanOffice@uspto.gov, PatentsOmbudsOffice@uspto.gov
**CC:** epctas@nesarikar.com, "uspto@nesarikar.com" <uspto@nesarikar.com>

Hi Patrick,

Thank you for your response. I don't think the information from your last email applies to my situation. It appears to be the doc code for notification of loss of micro entity status.

I will respond to the Notice based on my phone call with Joanne Burke from the Office of Petitions on 05/08/2024. She informed me that I can submit a letter indicating Applicants' continued micro entity statuses under a description of Miscellaneous Letter, and that if I call her after submission, she will make sure it is routed properly.

Thank you for your help.

/Ashlesha A Nesarikar/
Ashlesha A. Nesarikar

On 5/10/2024 10:18 AM, PatentsOmbudsmanOffice@uspto.gov wrote:

> Thank you for contacting the Patents Ombudsman Office. Please see response below.
>
> Hello,
>
> The NFEE document does say how to submit a response. You can use document code MES.LOSS.
>
> SR. 1-857710647
>
> Best regards,
> Patrick
> Patents Ombuds
>
>
>
> [THREAD ID:1-E6MRID]
>
>
> -----Original Message-----
>
> From:  epctas@nesarikar.com
> Sent:  5/7/2024 02:11;25 PM
> To:  PatentsOmbudsmanOffice@uspto.gov; PatentsOmbudsOffice@uspto.gov
> Cc:  "uspto@nesarikar.com" <uspto@nesarikar.com>
> Subject:  Request for missing information regarding Notice of Payment Deficiency
>
> CAUTION: This email has originated from a source outside of USPTO. PLEASE CONSIDER THE SOURCE before responding, clicking on links, or opening attachments.
>
> Hi Patrick,

**Appx0060**

Thank you for your response. However, your response does not answer the specific question that I asked. I will reiterate below:

"For the pro se applicants, the notices further omit how to submit a response under 37 CFR 1.29(b) in Patent Center, e.g., a Doc Code (and description) in Patent Center for the applicants to use when submitting responses to the notices. The applicants request help in submitting the response in Patent Center."

Thank you,

/Ashlesha A Nesarikar/

Ashlesha A. Nesarikar

On 5/7/2024 11:40 AM, PatentsOmbudsmanOffice@uspto.gov wrote:

Thank you for contacting the Patents Ombudsman Office. Please see response below.

Hello,

The notice is NOT in error. Even though it takes 1 inventor to have submitted at least 4 non provisional applications to make this application not qualify for micro - every inventor listed has submitted more than 4 non provisional applications. This application and any other application any of these inventors are on submitted after this application does not qualify for micro entity status as it states in the MPEP 509.04(a)(i)(B) rule which is on the notice.

SR. 1-857710647

Best regards,
Patrick
Patents Ombuds

[THREAD ID:1-E6MRID]

-----Original Message-----

From: epctas@nesarikar.com
Sent: 5/6/2024 04:20:54 PM
To: PatentsOmbudsOffice@uspto.gov
Cc: "uspto@nesarikar.com" <uspto@nesarikar.com>
Subject: Request for missing information regarding Notice of Payment Deficiency

CAUTION: This email has originated from a source outside of USPTO. PLEASE CONSIDER THE SOURCE before responding, clicking on links, or opening attachments.

Respectfully,

The notices dated 04/22/2024 (titled: Notice of Payment Deficiency) regarding Application No. 18069263 (and similarly applications:

**Appx0061**

Re: Request for missing information regarding Notice of Payment Deficiency

18069288, 18069382, 18069474, 18069596, 18069721, 18069819, and
18069883), with Examiner Pulliam, Christyann R, Art Unit 2100, were sent
in error. Though the notices cite 37 CFR 1.29(a)(2) as a justification
for the alleged payment deficiency, the notices omit 37 CFR 1.29(b),
which modifies 37 CFR 1.29 (a)(2) and the justification.

For the pro se applicants, the notices further omit how to submit a
response under 37 CFR 1.29(b) in Patent Center, e.g., a Doc Code (and
description) in Patent Center for the applicants to use when submitting
responses to the notices. The applicants request help in submitting the
response in Patent Center.

Thank you,

/Ashlesha A Nesarikar/
Ashlesha A. Nesarikar

**Appx0062**

1        IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Application No: 18/069, 288 | Examiner: PULLIAM, CHRISTYANN R |
| Filed: 12/21/2022 | Group Art Unit: 2100 |
| Applicants: | Atty. Dkt. No: 4as-morphism |
| Abhijit R. Nesarikar | Confirmation Number: 3954 |
| Ashlesha A. Nesarikar | |
| Anika A. Nesarikar | |

2    Title of Invention: Systems and Methods for Intelligent Awareness and Intent for Autonomous

3    Vehicles

---

**Certificate of Transmission under 37 CFR 1.8**

I hereby certify that this correspondence (along with any paper referred to as being attached or enclosed) is being

transmitted via the USPTO's patent electronic filing system. The date of transmission is the receipt date accorded

by the electronic filing receipt for this correspondence.

Electronic signature for Ashlesha A. Nesarikar:    /Ashlesha A Nesarikar/

Date: May 23, 2024                            Phone: 469-371-4983

---

4

5                    RESPONSE TO NOTICE OF PAYMENT DEFICIENCY

6    Attn: Office of Petitions

7    Mail Stop Petitions

8    Commissioner for Patents

9    P.O. Box 1450

10   Alexandria, VA 22313-1450

11

12   Commissioner:

13   In response to the Notice of Payment Deficiency (hereinafter Notice) mailed April 22, 2024,

14   Applicants respectfully assert that the certifications of micro entity status are valid. Applicants'

15   arguments in support of Applicants' certifications of micro entity status accompany this paper.

16   Communications with MQAS Pulliam and others regarding Notice are included as Exhibit B.

1

**Appx0063**

1   Applicants believe that no extensions of time are required beyond those which may otherwise be

2   provided for in documents accompanying this remark. However, if required to prevent

3   abandonment, then Applicants request such extension of time under 37 C.F.R. 1.136(a).

4   Date: 05/23/2024

5   /Ashlesha A Nesarikar/

6   Ashlesha A. Nesarikar

2

**Appx0064**

America Invents Act (AIA) Frequently Asked Questions | USPTO    ...//web.archive.org/web/20240492215936/https://www.uspto.gov/patents/laws/america-invents-a...

Exhibit A

| Other | 29 |
| Miscellaneous | 4 |
| Other | 4 |
| Preissuance Submissions | 50 |
| Other | 40 |
| Supplemental Examination | 35 |
| Other | 35 |
| Tax Strategies | 4 |
| Other | 4 |

submitting a patent owner claim scope statement?

› Who is permitted to submit patent owner statements?

› If a third party cites a patent owner statement, can a third party keep his/her identity confidential?

› What types of written statements by a patent owner may be submitted into the official file of a patent?

› Is a written statement of the patent owner regarding claim scope filed in a proceeding before the International Trade Commission (ITC) eligible for submission?

› What is the effective date for the citation of patent owner statements provision in the AIA?

## America Invents Act (AIA) - Derivation Proceedings - Other

› Can a party to a derivation proceeding appeal the Board's final decision? (Question: DER1060)

› In lieu of a derivation, can the parties to a derivation proceeding resolve inventorship in any other way? (Question: DER1070)

› Can the parties to a derivation proceeding engage in settlement? (Question: DER1080)

› What are the requirements for seeking a derivation proceeding? (Question DER1020)

› What statutory requirements must a petitioner meet in a petition for a derivation proceeding? (Question: DER1030)

› What is the standard for instituting a derivation proceeding and who will decide whether the standard is met? (Question: DER1040)

› How will the Board conclude a derivation proceeding? (Question: DER1050)

› What is the effective date for the derivation provision in the AIA? (Question: DER1010)

## America Invents Act (AIA) - Fees - Other

› When will the USPTO begin collecting the additional $400 (and $200 for small entity) for an original patent application (except for a design, plant, or provisional application) that is not filed electronically? (Question: FEE3000)

› Do provisional and nonprovisional applications both count toward the filing limit for purposes of establishing micro entity status under the "gross income" basis? (Question: FEE4327)

⌄ If an applicant filed numerous nonprovisional patent applications in connection with the applicant's previous employment, can the applicant qualify as a micro entity under the "gross income" definition after leaving that employment? (Question: FEE4335)



2 of 21

4/27/2024, 11:37 AM

Yes, the applicant potentially may still qualify as a micro entity. There is no limit on the number of previously-filed patent applications that may be excluded from the "four previously filed application" limit contained in the "gross income" definition for micro entity status on the basis of prior employment.

> If an applicant does not qualify as a "micro entity," would the applicant automatically be considered a "large entity?" (Question: FEE4205)

> If an application is allowed prior to the implementation of the new fee schedule, but the applicant pays the issue and publication fees on or after March 19, 2013, does the applicant need to pay the new fee amount of $2,080 (i.e., large entity issue fee o

> If the patent Maintenance Fee Reminder notice was mailed prior to the implementation of the new fee schedule, but the maintenance fee is paid on or after March 19, 2013, after the new patent fee schedule becomes effective, does a patentee need to pay the

> What will happen if I forget to pay a new patent fee amount required on or after March 19, 2013, but instead pay the patent fee amount applicable before March 19, 2013? (Question: FEE6320)

> Will fees collected in FY 2011 in excess of USPTO's appropriations be deposited into the Reserve Fund created by Section 22 of the Act? (Question: FEE7000)

> I would like to ensure that I am paying the proper fee amount for a particular service. How do I determine the new patent fee amounts? (Question: FEE6200)

> I understand that on March 19, 2013, the USPTO will offer reduced fees for micro entity applicants and patentees. I have determined that I qualify as a micro entity applicant. Where can I locate the new micro entity fees? (Question: FEE6250)

> When calculating the fee for a second or subsequent RCE, do I count the number of RCEs filed for that application in total, or only the number of RCEs filed for that application in total, or only the number of RCEs filed since the new fee was established

> If an applicant filed an appeal brief and paid the fee for filing the brief before March 19, 2013, will the applicant also be required to pay the fee to forward an appeal required on or after March 19, 2013? (Question: FEE6305)

> If an applicant is no longer eligible for micro entity status, can the applicant make a simple statement of loss of status without identifying which requirement(s) for micro entity status is no longer satisfied? (Question: FEE4700)

> If an applicant loses eligibility for micro entity status, can the applicant pay the fee in the small or undiscounted amount, as appropriate, without notifying the Office of loss of micro entity status? (Question: FEE4705)

> If a micro entity applicant files a loss of entitlement to micro entity status and wants to claim small entity status, can the applicant do so in a single filing with the Office or is the applicant required to file both a loss of entitlement of micro enti

> On what date will I have to begin paying the new patent fee amounts set forth in the patent fee final rule? (Question: FEE6100)

Back to top ↑

**Appx0066**

 **UNITED STATES
PATENT AND TRADEMARK OFFICE**

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION #<br>18/069,288 | RECEIPT DATE / TIME<br>05/23/2024 08:50:37 PM Z ET | ATTORNEY DOCKET #<br>4as-morphism |
|---|---|---|

## Title of Invention

Systems and Methods for Intelligent Awareness and Intent for Autonomous Vehicles

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 3954 | FILED BY | Abhijit Nesarikar |
| PATENT CENTER # | 65654933 | FILING DATE | 12/21/2022 |
| CUSTOMER # | 146553 | FIRST NAMED INVENTOR | Abhijit R. Nesarikar |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | - |

## Documents

# TOTAL DOCUMENTS: 4

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| 4as-morphism-Fee Notice Response.pdf | 2 | Miscellaneous Incoming Letter | 143 KB |
| ReplyToNoticeOfPaymentDeficiency.pdf | 1 | Miscellaneous Incoming Letter | 327 KB |
| ExhibitA AIA Frequently Asked Questions USPTO img.pdf | 2 | Miscellaneous Incoming Letter | 535 KB |
| ExhibitB Communications img.pdf | 14 | Miscellaneous Incoming Letter | 3526 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| 4as-morphism-Fee Notice Response.pdf | 82DDD313D5DAA5BDE678DD7756A62F10FC99CEDD29354DB DAB827FF6E60CD962237D45B636E07E45A640B885C5B0E421 07D130853AE0E38E4402BD601A9DF8A4 |
| ReplyToNoticeOfPaymentDeficiency.pdf | 59607D4883D3CACE8D63DA32368616308C23A54EB33470E66 6A7AB9BE4FDE4AA2A58FCFEF7E4F9A9ED610286A85E7BCD3 91BCAC70E68AB20573961C54C0A33F0 |
| ExhibitA AIA Frequently Asked Questions USPTO img.pdf | 62D742326AA119F09A9D5F906292F3B286455FAE31C7D6A6A5 79626AE234C434D16799543AB069C2B099CE824DBAE72FB0F C4D93BC93CA2B54BCF41C1C22F7AA |
| ExhibitB Communications img.pdf | F51D5C4B2626DD7AF04556B9C5A69DF816482A5243584837B DFD97ED5D21CFB8C5FFC62A158C4736F88A400BE1A90C14D 1D0757E643495E0DD6001E3C66DF808 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

#### New Applications Under 35 U.S.C. 111

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

#### National Stage of an International Application under 35 U.S.C. 371

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

#### New International Application Filed with the USPTO as a Receiving Office

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

**Appx0068**

1    IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Application No: 18/069,288 | Examiner: PULLIAM, CHRISTYANN R |
| Filed: 12/21/2022 | Group Art Unit: 2100 |
| Applicants and Inventors: | Atty. Dkt. No: 4as-morphism |
| Abhijit R. Nesarikar | Confirmation Number: 3954 |
| Ashlesha A. Nesarikar | |
| Anika A. Nesarikar | |

2    Title of Invention: Systems and Methods for Intelligent Awareness and Intent for Autonomous

3    Vehicles

---

**Certificate of Transmission under 37 CFR 1.8**

I hereby certify that this correspondence (along with any paper referred to as being attached or enclosed) is being transmitted via the USPTO's patent electronic filing system. The date of transmission is the receipt date accorded by the electronic filing receipt for this correspondence.

Electronic signature for Ashlesha A. Nesarikar:    /Ashlesha A Nesarikar/

Date: 09/09/2024                    Phone: 469-371-4983

---

4

5    RESPONSE TO NOTICE OF PAYMENT DEFICIENCY

6    Attn: Office of Petitions

7    Mail Stop Petitions

8    Commissioner for Patents

9    P.O. Box 1450

10    Alexandria, VA 22313-1450

11

12    Commissioner:

13    Regarding Shirene Brantley's letter dated 08/08/2024, Shirene Brantley errs in stating on page 1

14    "The reply, however, is an insufficient response to the Notice for the reason(s) listed below".

15    Shirene Brantley errs at least by materially misrepresenting facts. At least the errors undermine

16    Inventors' ability to respond. Errors in Shirene Brantley's letter were called to the attention of

1

**Appx0069**

1 | the Office, and Inventors requested a restarted period for reply in communications to the USPTO

2 | on 09/05/2024 and again on 09/06/2024 (see attachments which are incorporated herein).

3 | Inventors' good faith reply of 05/23/2024 to the Notice of Payment Deficiency mailed on

4 | 04/22/2024 (hereinafter Notice) was sufficient to show error by the USPTO in sending Notice

5 | and remains sufficient in light of Shirene Brantley's errors. The USPTO fails to make a *prima*

6 | *facie* case of erroneous certification of micro entity status. Inventors respectfully request that in

7 | light of Inventors' compliance with 37 CFR 1.29, the USPTO withdraw Notice and Shirene

8 | Brantley's letter. Otherwise, in light of errors in Shirene Brantley's letter, the USPTO must send

9 | a correction and start a new period for reply under MPEP 710.06.

10 | In addition to the foregoing, Shirene Brantley errs in stating

11 | Applicant is informed that the exception under 37 CFR 1.29(b) does not apply if the three joint
12 | inventors are current employees of the entity to which they are under an obligation by contract or
13 | law to assign all ownership rights in the applications. The exception under 37 CFR 1.29(b) only
14 | applies if the inventors are former employees. It is noted that the mailing addresses for the three
15 | joint inventors identified the Application Data Sheets filed in 11 of the 12 above-listed
16 | applications is 8025 Ambiance Way, Plano, TX 75024, which corresponds to the current address
17 | for Plano Intelligence Inc. On August 5, 2024, Ashlesha A. Nesarikar's LinkedIn page indicates
18 | that she is currently Chief Executive Officer of Plano Intelligence, Inc. and has been since 2016.

19 | Inventors respond in good faith, that on and before the filing date of the current application:

20 | 1.    Ashlesha Nesarikar and Anika Nesarikar have been obligated to assign the rights

21 | in provisional patent applications 62/705,296 and 63/265,932 (and their child

22 | applications) as a result of each of their prior employment with My Dentist, PLLC, Plano,

23 | TX.

24 | 2.    Abhijit Nesarikar has been obligated to assign the rights in provisional patent

25 | applications 62/705,296 and 63/265,932 (and their child applications) as a result of his

26 | prior employment with Advantech Consulting, Inc, Plano, TX.

27 | From before the filing date of the current application through today, Ashlesha Nesarikar and

28 | Anika Nesarikar have not been employed by My Dentist PLLC and Abhijit Nesarikar has not

29 | been employed by Advantech Consulting Inc.

2

1   Currently, Ashlesha Nesarikar is employed by Plano Intelligence Inc, Plano, TX and General AI

2   LLC, Plano, TX. Anika Nesarikar is employed by General AI LLC and Plano Intelligence Inc.

3   Abhijit Nesarikar is employed by A I Fintech Inc, Plano, TX.

4   For at least the foregoing reasons, no extension of time is required. However, if required to

5   prevent abandonment, then Inventors request such extension of time under 37 C.F.R. 1.136(a). If

6   any fees are due (for example, related to extensions, net addition of claims, etc.), Inventors

7   respectfully request that USPTO notify Inventors of the additional fee.

8   Date: 09/09/2024

9   /Ashlesha A Nesarikar/          /Anika A Nesarikar/          /Abhijit R Nesarikar/

10  Ashlesha A. Nesarikar           Anika A. Nesarikar           Abhijit R. Nesarikar

11

3

**Appx0071**

Attn: Shirene Brantley, Attorney Advisor, OPET

**Subject:** Attn: Shirene Brantley, Attorney Advisor, OPET
**From:** Ashlesha Nesarikar <epctas@nesarikar.com>
**Date:** 9/5/2024, 8:48 PM
**To:** PatentsOmbudsmanOffice@uspto.gov, PatentsOmbudsOffice@uspto.gov
**CC:** epctas@nesarikar.com, "uspto@nesarikar.com" <uspto@nesarikar.com>

Attn: Shirene Brantley, Attorney Advisor, OPET

Shirene Brantley's letters dated 08/08/2024 and 08/09/2024 regarding application numbers 18069263, 18069288, 18069382, 18069474, 18069596, 18069721, 18069819, and 18069883 contain material misrepresentations.

For example, in at least Shirene Brantley's letter dated 08/08/2024 regarding application No. 18/069,263, Inventors of the application (Ashlesha A. Nesarikar, Anika A. Nesarikar, and Abhijit R. Nesarikar) do not recognize application #10165455. Shirene Brantley erred. The letter states on page 2

To assist applicant in checking its records, the Office is providing applicant with the application numbers of published applications and patents that name inventors Abhijit R. Nesarikar of Plano, TX and Dallas, TX, Ashlesha A. Nesarikar of Plano, TX, and Anika A. Nesarikar of Plano, TX.

10165455 (Abhijit R. Nesarikar only)

Despite Inventors' searches after receiving Shirene Brantley's letter, Inventors have not found application #10165455. Inventors, in good faith, conclude that application #10165455, if it exists, is not published. Shirene Brantley's error undermines Inventors' ability to respond to Shirene Brantley's letter.

To reiterate, Abhijit Nesarikar does not recognize application #10165455. Based on filing dates of neighboring application numbers, the application appears to have been filed in 2002. To the best of his recollection, Abhijit Nesarikar did not authorize filing of an application on his behalf in 2002.

In addition to the foregoing, Shirene Brantley's letter states on page 3

Furthermore, a review of the other five applications on the above-identified list of 12 applications and corresponding Office assignment records does not reveal any evidence that the inventors have assigned or are under an obligation by contract or law to assign all ownership rights in those applications to another entity/party.

Shirene Brantley erred as assignment of application number 17906844 was recorded on 07/13/2023 and is publicly accessible through USPTO's website (reel/frame: 064245/0121). Application number 17906844 is a child application of provisional application #62/705,296. On and before the filing date of application No. 18/069,263, each of the inventors of the USPTO provisional patent application No. #62/705,296 was obligated to assign the rights in the provisional patent application No. #62/705,296 and its child applications (e.g., 17906844 and 17303497) as a result of each of the inventors' previous employment in the state of Texas.

Shirene Brantley errs in materially misrepresenting facts in correspondence with Inventors. Further,

146553_18069288_2024-09-09_LET.                                                                                    49

**Appx0072**

Shirene Brantley errs in mandating, under the threat of abandonment, disclosure of Inventors' information that is personal, nonpublic, and sensitive.

Based on the foregoing,

1. as Inventors responded on 05/23/2024 with candor and good faith to the Notice of Payment Deficiency mailed on 04/22/2024;
2. as Shirene Brantley's letter (of 08/08/2024) alleges insufficiency of Inventors' response of 05/23/2024 based on new allegations not previously presented to Inventors; and
3. as Shirene Brantley's letter dated 08/08/2024 contains material misrepresentations

Shirene Brantley errs in stating on page 1 "The reply, however, is an insufficient response to the Notice for the reason(s) listed below".

Accordingly, Inventors request at least that the period for reply be restarted under MPEP 710.06 for Shirene Brantley's letters dated 08/08/2024 and 08/09/2024 regarding application numbers 18069263, 18069288, 18069382, 18069474, 18069596, 18069721, 18069819, and 18069883.

Ashlesha Nesarikar may be contacted at (469)371-4983.

Respectfully,

Inventors

/Ashlesha A Nesarikar/        /Anika A Nesarikar/        /Abhijit R Nesarikar/
Ashlesha A. Nesarikar        Anika A. Nesarikar        Abhijit R. Nesarikar

Date: 09/05/2024

1          IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Application No: 18/069, 263 | Examiner: PULLIAM, CHRISTYANN R |
| Filed: 12/21/2022 | Group Art Unit: 2100 |
| Applicants: | Atty. Dkt. No: 4am-morphism |
| Abhijit R. Nesarikar | Confirmation Number: 3850 |
| Ashlesha A. Nesarikar | |
| Anika A. Nesarikar | |

2    Title of Invention: Methods and Systems for Intelligent Awareness and Intent for Autonomous

3    Vehicles

4    Attn: Shirene Brantley, Attorney Advisor, OPET

5    Commissioner for Patents

6    P.O. Box 1450

7    Alexandria, VA 22313-1450

8

9    Shirene Brantley's letters dated 08/08/2024 and 08/09/2024 regarding application numbers

10   18069263, 18069288, 18069382, 18069474, 18069596, 18069721, 18069819, and 18069883

11   contain material misrepresentations.

12   For example, in at least Shirene Brantley's letter dated 08/08/2024 regarding application No.

13   18/069,263, inventors of the application (Ashlesha A. Nesarikar, Anika A. Nesarikar, and Abhijit

14   R. Nesarikar) do not recognize application #10165455. Shirene Brantley erred. The letter states

15   on page 2

*CERTIFICATE OF MAILING OR TRANSMISSION*
I hereby certify that this correspondence is being transmitted by facsimile [USPTO Fax No. (571)273-8300] to: Attn: Shirene Brantley, Attorney Advisor, OPET, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450, on the date shown below.
Signature:     /Ashlesha A Nesarikar/
Name:      Ashlesha A. Nesarikar                    Date:09/06/2024

1

**Appx0074**

To assist applicant in checking its records, the Office is providing applicant with the application numbers of published applications and patents that name inventors Abhijit R. Nesarikar of Plano, TX and Dallas, TX, Ashlesha A. Nesarikar of Plano, TX, and Anika A. Nesarikar of Plano, TX,

1. 10165455 (Abhijit R. Nesarikar only)

2. Despite Inventors' searches after receiving Shirene Brantley's letter, Inventors have not found

3. application #10165455. Inventors, in good faith, conclude that application #10165455, if it

4. exists, is not published. Shirene Brantley's error undermines Inventors' ability to respond to

5. Shirene Brantley's letter.

6. To reiterate, Abhijit Nesarikar does not recognize application #10165455. Based on filing dates

7. of neighboring application numbers, the application appears to have been filed in 2002. To the

8. best of his recollection, Abhijit Nesarikar did not authorize filing of an application on his behalf

9. in 2002.

10. In addition to the foregoing, Shirene Brantley's letter states on page 3

> Furthermore, a review of the other five applications on the above-identified list of 12 applications and corresponding Office assignment records does not reveal any evidence that the inventors have assigned or are under an obligation by contract or law to assign all ownership
11. rights in those applications to another entity/party.

12. Shirene Brantley erred as assignment of application number 17906844 was recorded on

13. 07/13/2023 and is publicly accessible through USPTO's website (reel/frame: 064245/0121).

14. Application number 17906844 is a child application of provisional application #62/705,296. On

15. and before the filing date of application No. 18/069,263, each of the inventors of the USPTO

16. provisional patent application No. #62/705,296 was obligated to assign the rights in the

17. provisional patent application No. #62/705,296 and its child applications (e.g., 17906844 and

18. 17303497) as a result of each of the inventors' previous employment in the state of Texas.

19. Shirene Brantley errs in materially misrepresenting facts in correspondence with Inventors.

20. Further, Shirene Brantley errs in mandating, under the threat of abandonment, disclosure of

21. Inventors' information that is personal, nonpublic, and sensitive.

**CERTIFICATE OF MAILING OR TRANSMISSION**
I hereby certify that this correspondence is being transmitted by facsimile [USPTO Fax No. (571)273-8300] to: Attn: Shirene Brantley, Attorney Advisor, OPET, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450, on the date shown below.
Signature:     /Ashlesha A Nesarikar/
Name:     Ashlesha A. Nesarikar          Date:09/06/2024

2

**Appx0075**

1   Based on the foregoing,

2     1. as Inventors responded on 05/23/2024 with candor and good faith to the Notice of

3         Payment Deficiency mailed on 04/22/2024;

4     2. as Shirene Brantley's letter (of 08/08/2024) alleges insufficiency of Inventors' response

5         of 05/23/2024 based on new allegations not previously presented to Inventors; and

6     3. as Shirene Brantley's letter dated 08/08/2024 contains material misrepresentations

7   Shirene Brantley errs in stating on page 1 "The reply, however, is an insufficient response to the

8   Notice for the reason(s) listed below".

9   Accordingly, Inventors request at least that the period for reply be restarted under MPEP 710.06

10  for Shirene Brantley's letters dated 08/08/2024 and 08/09/2024 regarding application numbers

11  18069263, 18069288, 18069382, 18069474, 18069596, 18069721, 18069819, and 18069883.

12  Ashlesha Nesarikar may be contacted at (469)371-4983.

13

14  Respectfully,

15  Inventors

16  /Ashlesha A Nesarikar/        /Anika A Nesarikar/       /Abhijit R Nesarikar/

17  Ashlesha A. Nesarikar          Anika A. Nesarikar        Abhijit R. Nesarikar

18  Date: 09/05/2024

**CERTIFICATE OF MAILING OR TRANSMISSION**
I hereby certify that this correspondence is being transmitted by facsimile [USPTO Fax No. (571)273-8300] to: Attn: Shirene Brantley, Attorney Advisor, OPET, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450, on the date shown below.
Signature:  /Ashlesha A Nesarikar/
Name:     Ashlesha A. Nesarikar        Date:09/06/2024

3

**Appx0076**

**Subject:** Attn: Shirene Brantley, Attorney Advisor, OPET
**From:** Ashlesha Nesarikar <epctas@nesarikar.com>
**Date:** 9/5/2024, 9:01 PM
**To:** patentpractice@uspto.gov, "Pulliam, Christyann R." <Christyann.Pulliam@USPTO.GOV>
**CC:** epctas@nesarikar.com, "uspto@nesarikar.com" <uspto@nesarikar.com>

Attn: Shirene Brantley, Attorney Advisor, OPET

Shirene Brantley's letters dated 08/08/2024 and 08/09/2024 regarding application numbers
18069263, 18069288, 18069382, 18069474, 18069596, 18069721, 18069819, and 18069883 contain
material misrepresentations.

For example, in at least Shirene Brantley's letter dated 08/08/2024 regarding application No.
18/069,263, Inventors of the application (Ashlesha A. Nesarikar, Anika A. Nesarikar, and Abhijit R.
Nesarikar) do not recognize application #10165455. Shirene Brantley erred. The letter states on page
2

> To assist applicant in checking its records, the Office is providing applicant with the application
> numbers of published applications and patents that name inventors Abhijit R. Nesarikar of Plano,
> TX and Dallas, TX, Ashlesha A. Nesarikar of Plano, TX, and Anika A. Nesarikar of Plano, TX.
>
> 10165455 (Abhijit R. Nesarikar only)

Despite Inventors' searches after receiving Shirene Brantley's letter, Inventors have not found
application #10165455. Inventors, in good faith, conclude that application #10165455, if it exists, is
not published. Shirene Brantley's error undermines Inventors' ability to respond to Shirene Brantley's
letter.

To reiterate, Abhijit Nesarikar does not recognize application #10165455. Based on filing dates of
neighboring application numbers, the application appears to have been filed in 2002. To the best of
his recollection, Abhijit Nesarikar did not authorize filing of an application on his behalf in 2002.

In addition to the foregoing, Shirene Brantley's letter states on page 3

Furthermore, a review of the other five applications on the above-identified list of 12
applications and corresponding Office assignment records does not reveal any evidence that the
inventors have assigned or are under an obligation by contract or law to assign all ownership
rights in those applications to another entity/party.

Shirene Brantley erred as assignment of application number 17906844 was recorded on 07/13/2023
and is publicly accessible through USPTO's website (reel/frame: 064245/0121). Application number
17906844 is a child application of provisional application #62/705,296. On and before the filing date
of application No. 18/069,263, each of the inventors of the USPTO provisional patent application No.
#62/705,296 was obligated to assign the rights in the provisional patent application No. #62/705,296
and its child applications (e.g., 17906844 and 17303497) as a result of each of the inventors' previous
employment in the state of Texas.

Shirene Brantley errs in materially misrepresenting facts in correspondence with Inventors. Further,

146553_18069288_2024-09-09_LET.                                                          54

**Appx0077**

Shirene Brantley errs in mandating, under the threat of abandonment, disclosure of Inventors' information that is personal, nonpublic, and sensitive.

Based on the foregoing,

1. as Inventors responded on 05/23/2024 with candor and good faith to the Notice of Payment Deficiency mailed on 04/22/2024;

2. as Shirene Brantley's letter (of 08/08/2024) alleges insufficiency of Inventors' response of 05/23/2024 based on new allegations not previously presented to Inventors; and

3. as Shirene Brantley's letter dated 08/08/2024 contains material misrepresentations

Shirene Brantley errs in stating on page 1 "The reply, however, is an insufficient response to the Notice for the reason(s) listed below".

Accordingly, Inventors request at least that the period for reply be restarted under MPEP 710.06 for Shirene Brantley's letters dated 08/08/2024 and 08/09/2024 regarding application numbers 18069263, 18069288, 18069382, 18069474, 18069596, 18069721, 18069819, and 18069883.

Ashlesha Nesarikar may be contacted at (469)371-4983.

Respectfully,

Inventors

/Ashlesha A Nesarikar/          /Anika A Nesarikar/          /Abhijit R Nesarikar/
Ashlesha A. Nesarikar          Anika A. Nesarikar          Abhijit R. Nesarikar

Date: 09/05/2024

 **UNITED STATES
PATENT AND TRADEMARK OFFICE**

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION #<br>18/069,288 | RECEIPT DATE / TIME<br>09/09/2024 08:06:17 PM Z ET | ATTORNEY DOCKET #<br>4as-morphism |
|---|---|---|

## Title of Invention

Systems and Methods for Intelligent Awareness and Intent for Autonomous Vehicles

## Application Information

| APPLICATION TYPE | Utility - Nonprovisional Application<br>under 35 USC 111(a) | PATENT # | - |
|---|---|---|---|
| CONFIRMATION # | 3954 | FILED BY | Abhijit Nesarikar |
| PATENT CENTER # | 67102976 | FILING DATE | 12/21/2022 |
| CUSTOMER # | 146553 | FIRST NAMED INVENTOR | Abhijit R. Nesarikar |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | - |

## Documents

# TOTAL DOCUMENTS: 1

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| 4as-morphism.pdf | 10 | Miscellaneous Incoming Letter | 2212 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| 4as-morphism.pdf | 2AD0D16AAF5AE178D64E2612EC070B47A53A5B61813502455 03E2A839CF8E3DCE0D96B0D234F06CE09684644924EA3D1B 2D97D58B43A9ACCA9E1D95C611995AA |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

**Appx0080**

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/069,288 | 12/21/2022 | Abhijit R. Nesarikar | 4as-morphism | 3954 |

| 146553          7590          02/11/2025 | EXAMINER |
|---|---|
| Abhijit R. Nesarikar, Ashlesha A. Nesarikar, Anika A. Nesarikar 8025 Ambiance Way Plano, TX 75024 | PULLIAM, CHRISTYANN R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2100 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 02/11/2025 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ab@nesarikar.com
anika.nesarikar@utdallas.edu
nesarikaras@gmail.com

PTOL-90A (Rev. 04/07)

| | **Application No.** | **Applicant(s)** |
|---|---|---|
| *Notice of Abandonment* | 18/069,288 | Nesarikar et al. |
| | **Examiner** | **Art Unit** |
| | Christyann R Pulliam | 2100 |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--

This application is abandoned in view of:

1. ☑ Applicant's failure to timely file a proper reply to the Office letter mailed on 22 April 2024.
   (a) ☐ A reply was received on _____ (with a Certificate of Mailing or Transmission dated _____), which is after the expiration of the period for reply (including a total extension of time of _____ month(s)) which expired on _____.

   (b) ☐ A proposed reply was received on _____, but it does not constitute a proper reply under 37 CFR 1.113 to the final rejection. (A proper reply under 37 CFR 1.113 to a final rejection consists only of:(1) a timely filed amendment which places the application in condition for allowance; (2) a timely filed Notice of Appeal (with appeal fee); or (3) if this is utility or plant application, a timely filed Request for Continued Examination (RCE) in compliance with 37 CFR 1.114. Note that RCEs are not permitted in design applications.)

   (c) ☐ A reply was received on _____ but it does not constitute a proper reply, or a *bona fide* attempt at a proper reply, to the non-final rejection. See 37 CFR 1.85(a) and 1.111. (See explanation in box 8 below).

   (d) ☑ No reply has been received.

2. ☐ Applicant's failure to timely pay the required issue fee and publication fee, if applicable, within the statutory period of three months from the mailing date of the Notice of Allowance (PTOL-85).

   (a) ☐ The issue fee and publication fee, if applicable, was received on _____ (with a Certificate of Mailing or Transmission dated _____), which is after the expiration of the statutory period for payment of the issue fee (and publication fee) set in the Notice of Allowance (PTOL-85).

   (b) ☐ The submitted fee of $ _____ is insufficient. A balance of $ _____ is due.

   The issue fee required by 37CFR 1.18 is $ _____ . The publication fee, if required by 37 CFR 1.18(d), is $ _____ .

   (c) ☐ The issue fee and publication fee, if applicable, has not been received.

3. ☐ Applicant's failure to timely file corrected drawings as required by, and within the three-month period set in, the Notice of Allowability (PTO-37).

   (a) ☐ Proposed corrected drawings were received on _____ (with a Certificate of Mailing or Transmission dated _____), which is after the expiration of the period for reply.

   (b) ☐ No corrected drawings have been received.

4. ☐ The letter of express abandonment which is signed by the attorney or agent of record or other party authorized under 37 CFR 1.33 (b). See 37 CFR 1.138(b).

5. ☐ The letter of express abandonment which is signed by an attorney or agent (acting in a representative capacity under 37 CFR 1.34) upon the filing of a continuing application.

6. ☐ The decision by the Patent Trial and Appeal Board rendered on _____ and because the period for seeking court review of the decision has expired and there are no allowed claims.

7. ☐ The dismissal of the appeal in an application having no allowed claims. (When an appeal is dismissed in an application having no allowed claims the application stands abandoned. See MPEP 1215.04 subsections I-V for an explanation of the reasons why an appeal is dismissed.)

8. ☑ The reason(s) below:

> The responses to the fee notice were not accepted (see petition decision mailed Oct 23, 2024 for details) and the period for reply has expired.

/CHRISTYANN R PULLIAM/
Quality Assurance Specialist, Art Unit 2100

Petitions to revive under 37 CFR 1.137, or requests to withdraw the holding of abandonment under 37 CFR 1.181, should be promptly filed to minimize any negative effects on patent term.

email May 06, 2024-RE_ Request for missing information regarding Notice

of Payment Deficiency ————————————————————————— 2

email May 21, 2024-Re_ Request for missing information regarding Notice of

Payment Deficiency ———————————————————————————— 4

Assignment July132023 17906844 ——————————————————————— 7

Search Result Sept 05, 2024 10165455- Patent Center - USPTO —————— 9

Patents Ombuds Office _ USPTO ————————————————————— 12

# Exhibit B
# USPTO Other

**Subject:** RE: Request for missing information regarding Notice of Payment Deficiency
**From:** Patent Practice <PatentPractice@USPTO.GOV>
**Date:** 5/6/2024, 2:29 PM
**To:** Ashlesha Nesarikar <epctas@nesarikar.com>, "Cottingham, John" <John.Cottingham@USPTO.GOV>
**CC:** "uspto@nesarikar.com" <uspto@nesarikar.com>

Thank you for your inquiry.

The contact and phone number regarding the notice is listed on the second page of the notice.

**From:** Ashlesha Nesarikar <epctas@nesarikar.com>
**Sent:** Friday, May 3, 2024 4:03 PM
**To:** Cottingham, John <John.Cottingham@USPTO.GOV>; Patent Practice <PatentPractice@USPTO.GOV>
**Cc:** uspto@nesarikar.com
**Subject:** Re: Request for missing information regarding Notice of Payment Deficiency

CAUTION: This email has originated from a source outside of USPTO. **PLEASE CONSIDER THE SOURCE** before responding, clicking on links, or opening attachments.

To: John Cottingham
TC Group Director, TC 2100

Director Cottingham,

As a *pro se* applicant, I'm reaching out to you as you have signed the notice dated 04/22/2024 (titled: Notice of Payment Deficiency) regarding Application No. 18069263 (and similarly applications: 18069288, 18069382, 18069474, 18069596, 18069721, 18069819, and 18069883). Could you expedite the provision of the requested information below? Please see below my email to Patent Legal Administration on May 01, 2024.

Thank you,

Ashlesha Nesarikar

On 5/1/2024 8:24 PM, Ashlesha Nesarikar wrote:

Respectfully,

The notices dated 04/22/2024 (titled: Notice of Payment Deficiency) regarding Application No. 18069263 (and similarly applications: 18069288, 18069382, 18069474, 18069596, 18069721, 18069819, and 18069883), with Examiner Pulliam, Christyann R, Art Unit 2100, were sent in error.

Though the notices cite 37 CFR 1.29(a)(2) as a justification for the alleged payment deficiency, the notices omit 37 CFR 1.29(b), which modifies 37 CFR 1.29 (a)(2) and the justification.

For the pro se applicants, the notices further omit how to submit a response under 37 CFR 1.29(b) in Patent Center, e.g., a Doc Code (and description) in Patent Center for the applicants to use when

email May 06, 2024-RE_ Request for missing information regarding Notice of Payment Deficiency                    2

**Appx0084**

submitting responses to the notices.

The applicants respectfully request any help and/or information Patent Legal Administration can provide. This request for information is a follow up on my interview and emails with MQAS Pulliam.

Thank you,

/Ashlesha A Nesarikar/
Ashlesha A. Nesarikar

**Appx0085**

**Subject:** Re: Request for missing information regarding Notice of Payment Deficiency
**From:** epctas@nesarikar.com
**Date:** 5/21/2024, 5:02 PM
**To:** PatentsOmbudsmanOffice@uspto.gov, PatentsOmbudsOffice@uspto.gov
**CC:** epctas@nesarikar.com, "uspto@nesarikar.com" <uspto@nesarikar.com>

Hi Patrick,

Thank you for your response. I don't think the information from your last email applies to my situation. It appears to be the doc code for notification of loss of micro entity status.

I will respond to the Notice based on my phone call with Joanne Burke from the Office of Petitions on 05/08/2024. She informed me that I can submit a letter indicating Applicants' continued micro entity statuses under a description of Miscellaneous Letter, and that if I call her after submission, she will make sure it is routed properly.

Thank you for your help.

*/Ashlesha A Nesarikar/*
Ashlesha A. Nesarikar

On 5/10/2024 10:18 AM, PatentsOmbudsmanOffice@uspto.gov wrote:

Thank you for contacting the Patents Ombudsman Office. Please see response below.

Hello,

The NFEE document does say how to submit a response. You can use document code MES.LOSS.

SR. 1-857710647

Best regards,
Patrick
Patents Ombuds

[THREAD ID:1-E6MRID]

-----Original Message-----

From: epctas@nesarikar.com
Sent: 5/7/2024 02:11:25 PM
To: PatentsOmbudsmanOffice@uspto.gov; PatentsOmbudsOffice@uspto.gov
Cc: "uspto@nesarikar.com" <uspto@nesarikar.com>
Subject: Request for missing information regarding Notice of Payment Deficiency

CAUTION: This email has originated from a source outside of USPTO. PLEASE CONSIDER THE SOURCE before responding, clicking on links, or opening attachments.

Hi Patrick,

Thank you for your response. However, your response does not answer the specific question that I asked. I will reiterate below:

"For the pro se applicants, the notices further omit how to submit a response under 37 CFR 1.29(b) in Patent Center, e.g., a Doc Code (and description) in Patent Center for the applicants to use when submitting responses to the notices. The applicants request help in submitting the response in Patent Center."

Thank you,

/Ashlesha A Nesarikar/

Ashlesha A. Nesarikar

On 5/7/2024 11:40 AM, PatentsOmbudsmanOffice@uspto.gov wrote:

Thank you for contacting the Patents Ombudsman Office. Please see response below.

Hello,

The notice is NOT in error. Even though it takes 1 inventor to have submitted at least 4 non provisional applications to make this application not qualify for micro - every inventor listed has submitted more than 4 non provisional applications. This application and any other application any of these inventors are on submitted after this application does not qualify for micro entity status as it states in the MPEP 509.04(a)(1)(B) rule which is on the notice.

SR. 1-857710647

Best regards,
Patrick
Patents Ombuds

[THREAD ID:1-E6MRID]

-----Original Message-----

From: epctas@nesarikar.com
Sent: 5/6/2024 04:20:54 PM
To: PatentsOmbudsOffice@uspto.gov
Cc: "uspto@nesarikar.com" <uspto@nesarikar.com>
Subject: Request for missing information regarding Notice of Payment Deficiency

CAUTION: This email has originated from a source outside of USPTO. PLEASE CONSIDER THE SOURCE before responding, clicking on links, or opening attachments.

Respectfully,

The notices dated 04/22/2024 (titled: Notice of Payment Deficiency) regarding Application No. 18069263 (and similarly applications:

18069288, 18069382, 18069474, 18069596, 18069721, 18069819, and 18069883), with Examiner Pulliam, Christyann R, Art Unit 2100, were sent in error.  Though the notices cite 37 CFR 1.29(a)(2) as a justification for the alleged payment deficiency, the notices omit 37 CFR 1.29(b), which modifies 37 CFR 1.29 (a)(2) and the justification.

For the pro se applicants, the notices further omit how to submit a response under 37 CFR 1.29(b) in Patent Center, e.g., a Doc Code (and description) in Patent Center for the applicants to use when submitting responses to the notices. The applicants request help in submitting the response in Patent Center.

Thank you,

/Ashlesha A Nesarikar/
Ashlesha A. Nesarikar

**Appx0088**

508008697    07/13/2023

## PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

EPAS ID: PAT8055835

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNMENT |

### CONVEYING PARTY DATA

| Name | Execution Date |
|---|---|
| ABHIJIT R. NESARIKAR | 07/13/2023 |
| ASHLESHA A. NESARIKAR | 07/13/2023 |
| ANIKA A. NESARIKAR | 07/13/2023 |

### RECEIVING PARTY DATA

| | |
|---|---|
| Name: | SHALAKA A. NESARIKAR |
| Street Address: | 8025 AMBIANCE WAY |
| City: | PLANO |
| State/Country: | TEXAS |
| Postal Code: | 75024 |

### PROPERTY NUMBERS Total: 1

| Property Type | Number |
|---|---|
| Application Number: | 17906844 |

### CORRESPONDENCE DATA

Fax Number:

*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.*

| | |
|---|---|
| Email: | usptosh@nesarikar.com |
| Correspondent Name: | SHALAKA A. NESARIKAR |
| Address Line 1: | 8025 AMBIANCE WAY |
| Address Line 4: | PLANO, TEXAS 75024 |

| NAME OF SUBMITTER: | SHALAKA A. NESARIKAR |
|---|---|
| SIGNATURE: | /Shalaka A Nesarikar/ |
| DATE SIGNED: | 07/13/2023 |

Total Attachments: 1
source=AssignmentSigned_0723#page1.tif

508008697

PATENT
REEL: 064245 FRAME: 0121

**Appx0089**

## ASSIGNMENT

WHEREAS, I, the undersigned inventor (or one of the undersigned joint inventors), of residence as listed, having invented certain new and useful improvements as below entitled, for which application for United States Letters Patent is made;

WHEREAS, Shalaka A. Nesarikar, residing at 8025 Ambiance Way, Plano, TX 75024, is desirous of acquiring my entire right, title, and interest in and to the said application and any Letters Patent that may issue thereon;

NOW, THEREFORE, for good and valuable consideration, the receipt of which is hereby acknowledged, I hereby sell and assign unto Shalaka A. Nesarikar, her successors, and her assigns, my entire right, title, and interest in and to the said application and any Letters Patent that may issue thereon.

Further, I should reasonably aid Shalaka A. Nesarikar in legal, judicial, and administrative proceedings regarding the said application and the said Letters Patent in accordance with terms to be mutually agreed upon.

| Title | Remote Monitoring With Artificial Intelligence And Awareness Machines | | | |
|---|---|---|---|---|
| Nonprovisional Application No. | 17/906,844 | | Filing Date | 09/20/2022 |

| Signature of Inventor | APNesamin—. | | Date | 07/13/2023 |
|---|---|---|---|---|
| Printed Name of Inventor | | Abhijit R. Nesarikar | | |
| Residence | | 8025 Ambiance Way, Plano, TX 75024 | | |

| Signature of Inventor | dNesarikar | | Date | 07/13/2023 |
|---|---|---|---|---|
| Printed Name of Inventor | | Ashlesha A. Nesarikar | | |
| Residence | | 8025 Ambiance Way, Plano, TX 75024 | | |

| Signature of Inventor | ANesarikar | | Date | 07/13/2023 |
|---|---|---|---|---|
| Printed Name of Inventor | | Anika A. Nesarikar | | |
| Residence | | 8025 Ambiance Way, Plano, TX 75024 | | |

**RECORDED: 07/13/2023**

**PATENT
REEL: 064245 FRAME: 0122**

**Appx0090**

Home - Patent Center - USPTO                                                                                                    https://patentcenter.uspto.gov/

■ An official website of the United States government  Here's how you know ∨

                                                                                   ✕

- **The current e-Office Action notification schedule** will temporarily run 3 times daily beginning 09/05/2024. An update will follow once the original e-Office Action schedule returns.

- Due to our continued work on the assignments page of Patent Center from the **data exposure incident** discovered on August 1, 2024, registered users are temporarily unable to view assignment records for their patent applications via Patent Center. For applicants wishing to have certain assignment information added to their non-public patent application(s) viewable in Patent Center Private View, a new form, **SB469**, is now available on our website. **The form should not be submitted in applications that have been patented, published under 35 U.S.C. 122(b), or are otherwise open to the public.** Assignment records for patent applications that are open to the public continue to be available to all users via **Patent Assignment Search**. The form is available for use until electronic access to such assignment records via Patent Center is fully restored. More information can be found in the **FAQs**. We appreciate your patience as we work hard to strengthen your customer experience.

- **ID.me is currently available in MyUSPTO.gov for Trademark filers only.** Patent Center will be ready to support the ID.me verification process by October 2024.

- **IMPORTANT** Some filers are experiencing a "**File naming convention error**" when uploading files in Patent Center. The filename extension must be lowercase (e.g. .docx) to be compatible with other USPTO systems. This has always been the rule and is now enforced in Patent Center. Please go to the "**File Naming Convention**" page for details.

- Any known issues and workarounds for Patent Center can be found on the **Patent Center information page.**

---

### Search for a patent application

Search by application number, patent number, PCT number, publication number or international design registration number.

Application # ▼  | 10165455 | ⓘ | 🔍

Sorry, the entered Application Number '10165455' is not available. The number may have been incorrectly typed, or assigned to an application that is not yet available for public inspection.

---

### Activities

Perform activities from submissions to post grant request and admin tasks such as managing customer numbers & practitioner associations with customer number

| 📄 **New submission** | 🕐 **Existing submissions** | 📋 **Petitions** | ⭐ **Post grant** |
|---|---|---|---|
| File utility, design, national stage and international submissions **The specification, claims, and abstract for a new utility nonprovisional patent application must be filed in DOCX format in order to avoid an additional** | Add additional documents, pay fees, submit a corrected ADS, and much more | File ePetitions for automatic processing and immediate grant, if all requirements are met | Perform post grant activities such as a request to reissue, or a request for reexamination |

**Appx0091**

**fee up to $400.**

### Patent Center account

Have a Patent Center account? Sign in using your credentials. If you do not have a Patent center account, follow easy steps to obtain one.

 **Obtain patent center account**

Manage all your filings and correspondence at a single location with a Patent Center account.You can now obtain a Patent Center account following a few easy steps

**NOTE:** For information on the Paperwork Reduction Act as it pertains to: ePetitions and Web-based application data sheets, please see the OMB Clearance and PRA Burden Statement page.

### Patent Center - Training Mode

Training Mode is a simulated environment for you to:

- Become familiar with the process and required information,
- Practice uploading your files (e.g., DOCX), and
- Receive real-time feedback specific to the information you provide.

Nothing you enter will be saved. There is no risk of submitting an application.

[ **Enter Training Mode** ]

### Bulk Data Downloads – PEDS API

Use the Patent Examination Data System (PEDS) for bulk public patent data. In PEDS, you can:

- Narrow your public patent data results with filters,
- Specify a date range for those results, and
- Request a JSON or XML file download.

[ **Open Patent Examination Data System** ]

---

About the USPTO   ·   Search for patents   ·   Search for trademarks

US Department of Commerce
Accessibility
Privacy Policy
Financial and Performance Data
Vulnerability Disclosure Policy

Freedom of Information Act
Inspector General
NoFEAR Act
USA.gov

### Receive updates from the USPTO

Enter your email to subscribe or update your preferences

your@email.com   [ **Subscribe** ]



Search Result Sept 05, 2024 10165455- Patent Center - USPTO

11

**Appx0093**

An official website of the United States government
Here's how you know ∨

UNITED STATES
PATENT AND TRADEMARK OFFICE

Home > Learning and Resources > Support Centers > Patents Ombuds Office

# Patents Ombuds Office

Local: 1-571-272-5555
and 1-855-559-
8589
PatentsOmbudsOffice@u
spto.gov



Patents
Ombuds Office

The Patents Ombuds Office assists applicants and attorneys throughout the application process, including initial filing, patent examination, and post examination. We assist applicants when normal processing has stalled, and we help get applications back on track. The Patents Ombuds Office is not intended to circumvent normal communication between applicants or their representatives and examiners, or supervisory patent examiners, or technology center directors.

We also provide assistance on the merits where there is an issue with case prosecution concerns, such as:

- Claim objections
- After-final practice
- Claim rejections
- Restrictions

## Application status information

To get the status of your patent application or an estimate of when you will receive a first office action, please access the following two links.

Appx0094

- What is the status of my application?
- When will I get the first office action?

## Contact us for assistance

- We can be reached by telephone at 571-272-5555 or 855-559-8589. Our hours are 8:30 a.m.- 5 p.m. ET.
- If you complete the online form below, you will receive a phone call from a Patents Ombuds representative who will ask for additional details about your assistance request.
- Contact us via email at PatentsOmbudsOffice@uspto.gov



Contact us form

## For more information

If you have any feedback, questions or comments regarding the Patents Ombuds Office, please email PatentsOmbudsOffice@uspto.gov.

Was this page helpful?  👍 👎

< Share this page    🖶 Print this page

Additional information about this page



### Receive updates from the USPTO

Enter your email to subscribe or update your preferences

| your@email.com | 📧 | Subscribe |

About the USPTO   ·   Search for patents   ·   Search for trademarks

US Department of Commerce

Accessibility

Privacy Policy

Terms of Use

Financial and Performance Data

Vulnerability Disclosure Policy

Freedom of Information Act

Inspector General

**Appx0095**

4/15/25, 1:14 PM                                    Patents Ombuds Office | USPTO

NoFEAR Act
USA.gov



**Appx0096**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**FILED**

APR 2 4 2025

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

| | |
|---|---|
| ASHLESHA A. NESARIKAR, ANIKA A. NESARIKAR, and ABHIJIT R. NESARIKAR, | ) ) ) ) |
| Plaintiffs, | ) ) |
| -v- | ) ) Case No. 4:25cv423 |
| THE UNITED STATES PATENT AND TRADEMARK OFFICE and COKE MORGAN STEWART, in her official capacity as the Acting Director of the United States Patent and Trademark Office, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## PLANTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

The Director's actions threaten to imminently deprive Inventors (Plaintiffs) of remedies

including this judicial review by extorting a concession from Inventors that "the [micro entity]

certification was erroneous" (Ex. A pg. 3). The reach of the extortion threatens Inventors' other

applications in the USPTO with disruption and abandonment. Irreparable loss including:

disrupting examinations already underway in other applications, financial harm, reputational

harm, and loss of patent rights is imminent. The origin of the extortion may be traced back to the

Notices of Payment Deficiency sent on 04/22/2024 in, e.g., application nos. 18/069288 and

18/069382.

1.    Inventors incorporate by reference all allegations contained in the Complaint.

2.    The Notices of Payment Deficiency sent on 04/22/2024 (e.g., Demand) and Brantley's

decisions (e.g., Second Decision and Refusal), represent irrational actions and unlawful harm.

1

The irrational actions and unlawful harm further present imminent threat of irreparable harm to all of Inventors' applications that included certifications of micro entity status. In response to Brantley's decisions and irrational actions (e.g., in Second Decision), Inventors opted to pay excess fees across multiple applications. The excess fee payments did not deter the Director from extortionate and irrational actions. The Director in effect offered only one option: Inventors falsely concede that the "the [micro entity] certification was erroneous" (Ex. A pg. 3). The extortionate and irrational actions pose an extreme hardship for Inventors and represent imminent threat of irreparable harm to property, finances, and reputation.

3.      On 11/19/2024, excess fees were paid in 18/069382 (hereinafter '382) (Ex. C pg. 2). Inventors, in good faith, expected abatement of the threat of abandonment after the payment of excess fees. The payment met the requirements set by the Director to cure the alleged fee deficiency. Inventors rejected Director's demand for the concession. The payment was made in accordance with the alleged time limit arbitrarily set by the Director (the alleged time limit was not in accordance with the USPTO's "Requirements of a petition"[1]). The Director disregarded and misappropriated the payment of fees. On 02/06/2025, despite accepting the fees, the Director abandoned '382 (Ex. C pg. 3) without any mention of the fees paid and without responding to the petition filed on 11/19/2024 (Ex. C pg. 4) accompanying the payment.

4.      In good faith, on 02/26/2025, Inventors notified the Director of the misappropriated payment in '382 in a Request for Corrected Filing Receipt (Ex. C pg. 3). To the best of Inventors' knowledge, the Director's practice is to respond to a request for corrected filing

---

[1] https://www.uspto.gov/patents/apply/petitions/01-requirements-petition
"Generally a petition not filed within two (2) months from the action complained of may be dismissed as untimely."

2

receipt within days. In addition to the failure to respond to the payment and the petition accompanying the payment, the Director failed to respond to the request for filing receipt (Ex. C pgs. 3 and 4).

5.     If Inventors were to succumb to the extortion, the reach of the extortion would excuse the Director from rationally justifying abandonments of Inventors' applications (e.g., abandonment of '382 on 02/06/2025; Ex. C pg. 3), and the Director would evade accountability for the material misrepresentations, the violations of due process, the misappropriation of payments, the failure to respond to timely filed petitions (e.g., of 11/19/2024 in '382; Ex. C pg. 4), and the failure to follow the USPTO's guidelines in interacting with *pro se* applicants, among others. The extortion and the Director's attempt to evade accountability disserves the public interest. Further, the extortion and the Director's attempt to evade accountability discourages development of new technologies and violates the rights of small businesses and inventors.

6.     In 2024 and 2025, the USPTO sent more than 10 Notices of Fee Deficiency challenging micro entity certifications, including in application no. 18/120,998 (hereinafter '998) (Ex. F). Inventors are not affiliated with '998.

7.     In '998, the Notice of Fee Deficiency was sent on 04/19/2024 (Ex. F pg. 2). The final petition decision of 03/07/2025 (Ex. F pg. 7) indicates that "the reply [on 10/09/2024 in '998] is **untimely** [emphasis in original]" and that "[the] application is being referred to Technology Center 2100 for appropriate action in the normal course of business". The decision did not abandon '998 and as of 04/15/2025, the Patent Center status did not indicate '998 as abandoned. (Ex. F pg. 8).

3

8.      In light of '998, the extortion in '288 and '382 represents discrimination against Inventors.

9.      As evidenced before, Inventors fear with good reason that the Director's irrational actions will continue unabated. Inventors fear that irreparable harm, at least from the extortion, is imminent. Inventors expect the irreparable harm to encroach on all of Inventors' patent applications. The irrational actions have already encroached on at least, e.g., application no. 18/611,669 (hereinafter '669) (Ex. D pgs. 2 and 6-8) and application no. 16/592,555 (hereinafter '555) (Ex. E pgs. 3-6).

10.     The Director falsely alleged erroneous micro entity certifications and fee deficiency in '669 (Ex. D pgs. 2, 5, 10, and 11).

11.     On 02/07/2025, Inventors called the examiner of '669 to request that the Patent Center status of '669 (Ex. D pg. 2) reflect readiness for examination. On 02/11/2025, the status of '669 displayed "Docketed New Case-Ready for Examination 02/10/2025" (Ex. D pg. 5).

12.     In '669, Inventors responded to the Notice of Payment Deficiency of 01/17/2025 (hereinafter Demand669) (Ex. D pgs. 6-8) by filing a Request for Corrected Filing Receipt on 02/02/2025 (Ex. D pg. 9). On 02/06/2025, Demand669 was withdrawn (Ex. D pgs. 10 and 11).

13.     On 02/06/2025, the same day as withdrawal of Demand669, Brantley breached the procedure stated in '998 that "[the] application is [to be] referred to Technology Center 2100 for appropriate action in the normal course of business" (Ex. F pg. 7). Brantley, without responding to pending petitions or fee payments, abruptly abandoned several of Inventors' applications, including '288 (Ex. A pgs. 58 and 59) and '382 (Ex. C pg. 3). Brantley, under the guise of abandonment, evaded accountability for responding to pending petitions and fee payments. The

4

**Appx0100**

request for corrected filing receipt in '382 filed on 02/26/2025 (Ex. C pg. 3) has gone unanswered for over 50 days.

14.     Brantley retaliated in response to the withdrawal of Demand699 by abruptly abandoning '382.

15.     Brantley's retaliation further extended to other applications by Inventors.

16.     The prosecution of '555 is at an advanced stage. Inventors, as a part of an appeal to the Patent Trial and Appeal Board (hereinafter PTAB), filed an Appeal Brief which was forwarded to the examiner of '555 on 10/19/2024 (Ex. E pg. 2). Inventors have advanced prosecution of '555 in good faith. The Director's communication sent on 04/10/2025 indicates imminent harm to '555 and threatens to undo efforts of not only Inventors, but also examiners. The examiners of '555 and Inventors have contributed to the prosecution history, developing an application that is ready for appeal. The extortion, if allowed to continue, promises imminent harm to '555, Inventors, and the faith of inventors in the USPTO.

17.     In '555, the Director engaged in undisclosed activities. The transaction history states: "02/27/2025   Interview Request Correction" (Ex. E pg. 2). Inventors were not included in any interview represented by the transaction entry. The undisclosed activity in light of the irrational actions and the extortion further heightens the extent and imminence of the harm to Inventors.

18.     In the communication of 04/10/2025, the Director demands false concessions from Inventors that the micro entity certifications made in '555 were in error. The communication shortened the period for reply to one month. In light of the irrational actions and the extortion, the demand and the shortened period for reply further heighten the extent and imminence of the harm to Inventors.

5

**Appx0101**

19. The Director wielded the threat of discontinuing examination to create extreme uncertainty as a basis for the extortion. The USPTO is aware that discontinuing examination of an application (e.g., '288) is harmful to Inventor's reputation as *pro se* applicants. The USPTO publicly discredited the *pro se* applicants by unlawfully abandoning patent applications (e.g., '288). Grant of this injunction is the only hope for Inventors to prevent further harm from accruing.

20. Discontinuation of examination reduces the length of patent term. Restarting examination after it is discontinued would not cure the loss of patent term. Any attempt to mitigate the loss after the fact would require further petition to the Director, representing undue uncertainty and expense. Discontinuing examination incurs at least undue loss of patent value.

21. Inventors believe that Inventors will prevail on the merits. Inventors' Complaint relies on specific and evidenced facts showing the USPTO's actions harming Inventors, among them actions that: denied examination of at least the '288 application without due process; violated the Paperwork Reduction Act, including 44 U.S.C. §3512; and are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. The facts presented in this request for injunction further support the Complaint.

22. Irreparable harm will result if the injunction is not granted. The USPTO's actions form a pattern of placing an increasing, irrational, and undue burden on Inventors. The USPTO has, over the course of a year, unduly expanded the scope of its demands, withheld information from Inventors, introduced new allegations at whim, required new disclosures while shrinking Inventors' time for reply, and delayed responding to Inventors' papers—if a response was ever made. As a result of the extortionate activities, Inventors must remain perpetually vigilant that the USPTO will *sua sponte* throw into question the "readiness for examination" of any of

6

Inventor's applications, at a time convenient to the USPTO and without regard to the stage of examination the applications are in. Inventors have increasingly diverted their resources to responding to the USPTO's demands and countering the extortionate activities. The time invested by Inventors cannot be recovered. Neither can reputational harm be reversed. Inventors urge the Court to avert future loss by granting the injunction.

23.     The balance of equities and hardship favor injunctive relief. The USPTO's own regulation (e.g., 37 CFR 1.29(h)) and prior practices indicate that the USPTO would not be harmed by injunctive relief. Inventors, on the other hand, would face disproportionate burden and loss in the absence of injunctive relief due to the threat to all of Inventor's applications, which represent the culmination of over eight years of Inventors' efforts on application processes alone.

24.     Granting the injunction is in the public interest. Left unchecked, the Director's actions discourage development of new technologies and violate the rights of small businesses and inventors. Unlawful actions harm the public interest.

## Injunctive Relief Requested

The imminent harm to Inventors cannot be reversed in the ordinary course of litigation. Inventors respectfully urge the Court to grant speedy relief from the extortion.

Inventors request the following relief at least for the duration of this suit:

1. Prohibit Defendants from any future actions alleging erroneous micro entity status in applications and patents naming Inventors.

7

## Appx0103

2. Order the reversal of papers sent by Defendants arising out of allegations of erroneous micro entity status in Inventors' applications, including Notices of Payment Deficiency sent on 04/22/2024.

3. Prohibit disruptions by Defendants arising out of allegations of erroneous micro entity status in the prosecution of Inventors' patent applications.

4. Order Defendants to return excess payments made by Inventors arising out of Notices of Payment Deficiency sent on 04/22/2024.

5. Any other relief that the Court deems just and appropriate.

Date: April 23, 2025

Respectfully submitted,

Ashlesha A. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
asedt0425@icloud.com

Anika A. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
anedt0425@icloud.com

Abhijit R. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
edt0425@nesarikar.com

Inventors and Plaintiffs

8

**Appx0104**

18069382 Fee History - Application - Patent Center - USPTO _____ 2

18069382 Documents - Application - Patent Center - USPTO _____ 3

18069382 Transactions - Application - Patent Center - USPTO _____ 4

# Exhibit C
# 18/069382

🇺🇸 An official website of the United States government
Here's how you know ⌄

## 18/069,382 | 4bm-insight:

**Intelligent Awareness and Intent for Autonomous Vehicles: Methods and Systems to Gain Insight**

PRIVATE VIEW

| Application # | Confirmation # | Attorney Docket # | Patent # |
|---|---|---|---|
| 18/069,382 | 2467 | 4bm-insight Edit | - |

| Filing or 371 (c) date | Status |
|---|---|
| 12/21/2022 | Abandoned--Failure to Respond to an Office Action 02/06/2025 |

≡ Show/hide menu

## Fee payment history

View maintenance fee schedule ☑

| Accounting Date ↑↓ | Mailroom Date ↑↓ | Payment Method ↑↓ | Fee Code ↑↓ | Amount ↑↓ | Quantity ↑↓ | Total ↑↓ |
|---|---|---|---|---|---|---|
| 11/20/2024 | 11/19/2024 | CC | 1599-MAINTENANCE/PETITION INTERNAL FEE CODE | $1,896.00 | 1 | $1,896.00 |
| 10/16/2024 | 09/08/2024 | DA604626 | 3253-EXTENSION FOR RESPONSE WITHIN 3RD MONTH | $296.00 | 1 | $296.00 |
| 12/21/2022 | 12/21/2022 | CC | 3081-UTILITY SPEC. DRAW SIZE FEE PER 50-100 | $105.00 | 1 | $105.00 |
| 12/21/2022 | 12/21/2022 | CC | 3311-UTILITY EXAMINATION FEE | $200.00 | 1 | $200.00 |
| 12/21/2022 | 12/21/2022 | CC | 3011-BASIC FILING FEE-UTILITY | $80.00 | 1 | $80.00 |
| 12/21/2022 | 12/21/2022 | CC | 3111-UTILITY SEARCH FEE | $175.00 | 1 | $175.00 |

**Appx0106**

An official website of the United States government
Here's how you know ˅

## 18/069,382 | 4bm-insight:

**Intelligent Awareness and Intent for Autonomous Vehicles: Methods and Systems to Gain Insight**

PRIVATE VIEW

| Application # | Confirmation # | Attorney Docket # | Patent # |
|---|---|---|---|
| 18/069,382 | 2467 | 4bm-insight Edit | - |
| Filing or 371 (c) date | Status | | |
| 12/21/2022 | Abandoned--Failure to Respond to an Office Action 02/06/2025 | | |

≡ Show/hide menu

## Documents & transaction history

Documents    Transactions

Showing 1 to 10 of 367 entries

| Mail room date ↓ | Doc code | Doc description ↑↓ | Pages ↓ | Quick download | File size (KB) | ☐ ⓘ |
|---|---|---|---|---|---|---|
| 02/26/2025 | N417 | Electronic Filing System Acknowledgment Receipt | 2 | | 120 | |
| 02/26/2025 | CFILE | Request for Corrected Filing Receipt | 1 | | 60 | |
| 02/11/2025 | ABN | Abandonment | 2 | | 120 | |
| 02/11/2025 | OA.EMAIL | Email Notification | 1 | | 60 | |
| 12/31/2024 | NPL | Non Patent Literature | 11 | | 660 | |
| 12/31/2024 | IDS | Information Disclosure Statement (IDS) Form (SB08) | 5 | | 300 / 27 | |
| 12/31/2024 | NPL | Non Patent Literature | 8 | | 480 | |
| 12/31/2024 | NPL | Non Patent Literature | 26 | | 1560 | |
| 12/31/2024 | NPL | Non Patent Literature | 21 | | 1260 | |
| 12/31/2024 | NPL | Non Patent Literature | 18 | | 1080 | |

Show 10 ⬍ entries       First   Previous  1  2  3  4  5 ...  37  Next  Last

**Appx0107**



**Appx0108**

18611669 Transactions - Application - Patent Center - USPTO Feb _____ 2

18611669 Transactions - Application - Patent Center - USPTO Apr _____ 5

146553_18611669_2025-01-17_NFEE_001 _____ 6

146553_18611669_2025-01-17_NFEE_002 _____ 7

146553_18611669_2025-02-02_CFILE _____ 9

146553_18611669_2025-02-06_M327 _____ 10

# Exhibit D
# 18/611669

Transactions - Application - Patent Center - USPTO                                          https://patentcenter.uspto.gov/applications/18611669/ifw/transactions?application=%2Fworkbench...

🇺🇸 An official website of the United States government   Here's how you know ✓

## 18/611,669 |-: Risk Evaluation and Threat Mitigation Using Artificial Intelligence

PRIVATE VIEW



| Application # | Confirmation # | Attorney Docket # | Patent # | Filing or 371 (c) date | Status |
|---|---|---|---|---|---|
| 18/611,669 | 3899 | - Edit | - | 03/20/2024 | AWAITING RESPONSE FOR INFORMALITY, FEE DEFICIENCY OR CRF ACTION 01/15/2025 |

**Application Data**

**Documents & Transactions**

Continuity

Patent Term Adjustment

Foreign priority

Fee payment history

Address & Attorney/Agent Information

Supplemental Content

Assignments

Display References

### Documents & transaction history

Documents      Transactions

Showing 1 to 58 of 58 entries

| Date ↑↓ | Transaction Description ↑↓ |
|---|---|
| 02/07/2025 | Email Notification |
| 02/06/2025 | Mail Miscellaneous Communication to Applicant |
| 02/05/2025 | Miscellaneous Communication to Applicant -No Action Count |
| 02/05/2025 | Email Notification |
| 02/05/2025 | Filing Receipt -Replacement |
| 01/17/2025 | Electronic Review |
| 01/17/2025 | Electronic Review |
| 01/17/2025 | Email Notification |
| 01/17/2025 | Mail Fee Due Notice or other requirement (eg. signature) |
| 01/15/2025 | Fee Due Notice or other requirement |
| 12/23/2024 | Information Disclosure Statement (IDS) Filed |
| 12/23/2024 | Information Disclosure Statement (IDS) Filed |
| 12/23/2024 | Information Disclosure Statement (IDS) Filed |
| 12/23/2024 | Information Disclosure Statement (IDS) Filed |
| 12/22/2024 | Information Disclosure Statement (IDS) Filed |
| 12/22/2024 | Information Disclosure Statement (IDS) Filed |
| 12/22/2024 | Information Disclosure Statement (IDS) Filed |
| 12/22/2024 | Information Disclosure Statement (IDS) Filed |
| 12/22/2024 | Information Disclosure Statement (IDS) Filed |
| 12/22/2024 | Information Disclosure Statement (IDS) Filed |
| 12/22/2024 | Information Disclosure Statement (IDS) Filed |

1 of 3                                                                                       2/7/2025, 10:37 AM

https://patentcenter.uspto.gov/applications/18611669/ifw/transactions?application=%2Fworkbench...

| Date | Transaction Description |
|------|------------------------|
| 12/22/2024 | Information Disclosure Statement (IDS) Filed |
| 12/21/2024 | Information Disclosure Statement (IDS) Filed |
| 12/21/2024 | Information Disclosure Statement (IDS) Filed |
| 12/21/2024 | Information Disclosure Statement (IDS) Filed |
| 12/21/2024 | Information Disclosure Statement (IDS) Filed |
| 12/09/2024 | Email Notification |
| 12/09/2024 | Mail O.P. Petition Decision |
| 12/05/2024 | Applicant Has Filed a Verified Statement of Small Entity Status in Compliance with 37 CFR 1.27 |
| 12/05/2024 | Mail-Record Petition Decision of Granted to Make Entity Status large |
| 12/04/2024 | Record Petition Decision of Granted to Make Entity Status large |
| 12/04/2024 | O.P. Petition Decision |
| 11/19/2024 | Case Docketed to Examiner in GAU |
| 10/29/2024 | Petition Entered |
| 08/07/2024 | Email Notification |
| 08/07/2024 | Letter Accepting Rescission of Permission for Search Results Access by Foreign IPO |
| 08/07/2024 | Filing Receipt - Updated |
| 08/07/2024 | Letter Accepting Rescission of Permission for Application Access by Foreign IPO |
| 07/08/2024 | Rescinded SB/69 |
| 07/08/2024 | Rescission of the SB/39 form |
| 05/07/2024 | Email Notification |
| 05/07/2024 | Application Is Now Complete |
| 05/07/2024 | Mail Pre-Exam Notice |
| 05/07/2024 | Filing Receipt |
| 05/06/2024 | Case Docketed to Examiner in GAU |
| 05/06/2024 | Application Dispatched from OIPE |
| 05/06/2024 | Sent to Classification Contractor |
| 05/06/2024 | FITF set to YES - revise initial setting |
| 05/06/2024 | Patent Term Adjustment - Ready for Examination |
| 05/03/2024 | Application ready for PDX access by participating foreign offices |
| 05/03/2024 | Application ready for PDX access by participating foreign offices |
| 05/01/2024 | Applicant Has Filed a Verified Statement of Micro Entity Status in Compliance with 37 CFR 1.29 |
| 05/01/2024 | Applicant Has Filed a Verified Statement of Small Entity Status in Compliance with 37 CFR 1.27 |

**Appx0111**

https://patentcenter.uspto.gov/applications/18611669/ifw/transactions?application=%2Fworkbench...

| Date | Transaction Description |
|------|------------------------|
| 03/20/2024 | PGPubs nonPub Request |
| 03/20/2024 | PTO/SB/69-Authorize EPO Access to Search Results |
| 03/20/2024 | Applicants have given acceptable permission for participating foreign |
| 03/20/2024 | Entity Status Set To Undiscounted (Initial Default Setting or Status Change) |
| 03/20/2024 | Initial Exam Team nn |

Show 1,000 ⇕ entries          First   Previous   1   Next   Last

3 of 3                                                                 2/7/2025, 10:37 AM

**Appx0112**



# Appx0113



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/611,669 | 03/20/2024 | Abhijit R. Nesarikar | | 3899 |

146553          7590          01/17/2025
Abhijit R. Nesarikar, Ashlesha A. Nesarikar,
Anika A. Nesarikar
8025 Ambiance Way
Plano, TX 75024

| | |
|---|---|
| EXAMINER | |
| PULLIAM, CHRISTYANN R | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2100 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 01/17/2025 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ab@nesarikar.com
anika.nesarikar@utdallas.edu
nesarikaras@gmail.com

**Appx0114**



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

## NOTICE OF PAYMENT DEFICIENCY

This notice is to inform the applicant that the United States Patent and Trademark Office (USPTO) has identified an apparent error in the entity status afforded the above-identified application. Applicant is given **TWO MONTHS** from the date of this Notice within which to respond to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).[1]

Applicant has submitted a certification of micro entity status based upon the gross income basis and paid fees in the above-identified application based upon this certification. In order to qualify for micro entity status under the gross income basis, 37 CFR 1.29(a)(2) requires the applicant to certify "[n]either the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed patent applications, other than applications filed in another country, provisional applications under 35 U.S.C. 111(b), or international applications for which the basic national fee under 35 U.S.C. 41(a) was not paid." As explained in MPEP 509.04(a)(I)(B), an application still counts against this filing limit even if it has been abandoned or patented, and even if it did not claim micro entity status. When this application was filed, the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications. This is *prima facie* evidence that the submitted certification is in error because the filing limit in 37 CFR 1.29(a)(2) was exceeded. Accordingly, the payments made in this application based upon the apparently erroneous micro entity certification are deficient.

Because the deficient payments include one or more of the basic filing fee for utility under 37 CFR 1.16(a), the utility search fee under 37 CFR 1.16(k), and the utility examination fee under 37 CFR 1.16(o), this application is not in condition for examination. In order to avoid abandonment, applicant must respond in one of two ways:

I.  If the certification was erroneous, the applicant must provide an itemization of the total deficiency payment and pay the deficiency owed in accordance with 37 CFR 1.29(k). The "Notification of Loss of Entitlement to Micro Entity Status" form (Form SB/460) may be used to submit the deficiency. This form is available at https://uspto.gov/PatentForms. The current USPTO fee schedule may be viewed at https://www.uspto.gov/learning-and-resources/fees-and-payment/uspto-fee-schedule.

II. If applicant asserts that the certification of micro entity status was not made in error,

---

[1] All the rules cited in this Notice may be viewed in their entirety at

https://www.uspto.gov/web/offices/pac/mpep/consolidated_rules.pdf. For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

applicant must reply with an explanation and any necessary evidence that is sufficient to rebut the *prima facie* evidence of an erroneous certification. Applicant is reminded that the reply must be made with candor and good faith under 37 CFR 1.56. Pursuant to applicant's duties under 37 CFR 1.4 and 11.18, applicant should have made a reasonable inquiry into the facts before making the certification. It is these particular facts that applicant must provide in order to rebut the *prima facie* case. Simply identifying the previously submitted certification or recertifying would not be sufficient. Applicant is reminded that it is in the best position to perform an inquiry into whether the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications when this application was filed to determine whether an assertion of micro entity status in this application is appropriate.

Applicant is given **TWO MONTHS** from the mailing date of this Notice to file a response as outlined above. Extensions of time are available under the provisions of 37 CFR 1.136(a).[2] The application has been removed from the examiner's docket (if assigned) pending resolution of the issues noted herein, or expiration of the time period set forth. If applicant does not timely respond in accordance with (I) or (II) above, or is unable to make one of these responses because micro entity status was not established in good faith, then the application will be abandoned.

Only a registered practitioner authorized by the applicant or the applicant who is not represented by a practitioner can sign a response or make changes to the application. Note that an applicant who is a juristic entity must be represented by a registered practitioner. See 37 CFR 1.31. While the Office cannot recommend a registered practitioner, the link below provides a searchable list of registered practitioners: https://oedci.uspto.gov/OEDCI/.

Questions about the contents of this notice should be directed to the Office of Patents Stakeholder Experience (OPSE), Stakeholder Support Division (SSD), Patents Ombudsman at 571-272-5555.

John Cottingham
TC Group Director, TC 2100

---

[2] For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (1)(B)(4).

2

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Application No: 18/611,669 | Examiner: PULLIAM, CHRISTYANN R |
| Filed: 03/20/2024 | Group Art Unit: 2100 |
| Applicants: | Atty. Dkt. No: |
| Abhijit R. Nesarikar | Confirmation Number: 3899 |
| Ashlesha A. Nesarikar | |
| Anika A. Nesarikar | |

Title of Invention: Risk Evaluation and Threat Mitigation Using Artificial Intelligence

## REQUEST FOR FILING RECEIPT

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Commissioner:

Applicants respectfully request a filing receipt reflecting the current entity status for application 18/611,669.

Date: 02/02/2025

/Ashlesha A Nesarikar/        /Anika A Nesarikar/        /Abhijit R Nesarikar/

Ashlesha A. Nesarikar        Anika A. Nesarikar        Abhijit R. Nesarikar

**Appx0117**



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/611,669 | 03/20/2024 | Abhijit R. Nesarikar | | 3899 |

146553          7590          02/06/2025
Abhijit R. Nesarikar, Ashlesha A. Nesarikar,
Anika A. Nesarikar
8025 Ambiance Way
Plano, TX 75024

| EXAMINER |
|---|
| PULLIAM, CHRISTYANN R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2100 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 02/06/2025 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ab@nesarikar.com
anika.nesarikar@utdallas.edu
nesarikaras@gmail.com

PTOL-90A (Rev. 04/07)



UNITED STATES DEPARTMENT OF COMMERCE
**U.S. Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450

| APPLICATION NO./ CONTROL NO. | FILING DATE | FIRST NAMED INVENTOR/ PATENT IN REEXAMINATION | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 18/611,669 | 03/20/2024 | Nesarikar et al. | |

| | EXAMINER |
|---|---|
| Abhijit R. Nesarikar, Ashlesha A. Nesarikar, Anika A. Nesarikar 8025 Ambiance Way Plano, TX 75024 | Christyann R Pulliam |

| ART UNIT | PAPER |
|---|---|
| 2100 | 20250205 |

DATE MAILED: _____

**Please find below and/or attached an Office communication concerning this application or proceeding.**

**Commissioner for Patents**

| |
|---|
| The fee notice mailed January 17, 2025 was sent in error. No response is required. The fee issues and entity status were corrected in October-December 2024. |

| /CHRISTYANN R PULLIAM/ Quality Assurance Specialist, TC 2100 | |
|---|---|

PTO-90C (Rev.04-03)

**Appx0119**

16591555 Transactions - Application - Patent Center - USPTO _____ 2

146553_16591555_04-10-2025_PETDEC _____ 3

# Exhibit E
# 16/591555



**Appx0121**



## UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/591,555 | 10/02/2019 | Abhijit R. Nesarikar | 2a-riskeval | 1418 |

146553         7590         04/10/2025
Abhijit R. Nesarikar, Ashlesha A. Nesarikar,
Anika A. Nesarikar
8025 Ambiance Way
Plano, TX 75024

| EXAMINER |
|---|
| HOANG, MICHAEL H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2122 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 04/10/2025 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ab@nesarikar.com
anika.nesarikar@utdallas.edu
nesarikaras@gmail.com



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

| | | |
|---|---|---|
| In re Application of | : | |
| Nesarikar et al. | : | |
| Application No. 16/591,555 | : | DECISION ON PETITION |
| Filed: October 02, 2019 | : | |
| For: Risk Evaluation and Threat Mitigation | : | |
| Using Artificial Intelligence | : | |

This is a Notice regarding the request for acceptance of a fee deficiency submission under 37 CFR 1.29(k) filed October 29, 2024.

The Office no longer investigates or rejects original or reissue applications under 37 CFR 1.56. 1098 Off. Gaz. Pat. Office 502 (January 3, 1989). Therefore, nothing in this Notice is intended to imply that an investigation was done.

The fee deficiency submission under 37 CFR 1.29(k) is **NOT ACCEPTED**.

Applicant should note that 37 CFR 1.29(k) states: If status as a micro entity is established in good faith in an application or patent, and fees as a micro entity are paid in good faith in the application or patent, and it is later discovered that such micro entity status either was established in error, or that the Office was not notified of a loss of entitlement to micro entity status as required by paragraph (i) of this section through error, the error will be excused upon compliance with the separate submission and itemization requirements of paragraph (k)(1) of this section and the deficiency payment requirement of paragraph (k)(2) of this section.

(1) Any paper submitted under this paragraph must be limited to the deficiency payment (all fees paid in error) required for a single application or patent. Where more than one application or patent is involved, separate submissions of deficiency payments are required for each application or patent (see § 1.4(b)). The paper must contain an itemization of the total deficiency payment for the single application or patent and include the following information:

146553_16591555_04-10-2025_PETDEC

4

**Appx0123**

Application No. 16/591,555                                                                    Page 2

>    (i) Each particular type of fee that was erroneously paid as a micro entity, (e.g.,
>    basic statutory filing fee, two-month extension of time fee) along with the current
>    fee amount for a small or non-small entity, as applicable;
>
>    (ii) The micro entity fee actually paid, and the date on which it was paid;
>
>    (iii) The deficiency owed amount (for each fee erroneously paid); and
>
>    (iv) The total deficiency payment owed, which is the sum or total of the
>    individual deficiency owed amounts as set forth in paragraph (k)(2) of this
>    section.

The itemization submitted with present request fails to fully comply with requirements (i), (ii),
(iii) and (iv). In regards to (i), all the fees that were erroneously paid as a micro entity along with
the current fee amount were not provided (e.g., extension of time). For this reason, requirements
(ii), (iii) and (iv) has not been met. As a result, the present request cannot be accepted at this
time.

Applicant should submit the itemization within **ONE (1) MONTH** from the mail date of this
Notice. This time limit is non-extendable. Failure to timely respond may result in the return of
the fee deficiency paper, at the option of the Office.

Further correspondence with respect to this matter should be addressed as follows:

| By mail: | Mail Stop PETITION |
| | Commissioner for Patents |
| | P. O. Box 1450 |
| | Alexandria, VA 22313-1450 |
| By FAX: | (571) 273-8300 |
| | ATTN: Office of Petitions |
| By hand: | United States Patent and Trademark Office |
| | Customer Service Window, Mail Stop Petitions |
| | Knox Building, Room 1D80 |
| | 501 Dulany Street |
| | Alexandria, VA 22314 |
| By internet: | Patent Electronic Filing System[1] |

---

[1] The Patent Center at https://patentcenter.uspto.gov (for help using Patent Electronic Filing System call the Patent
Electronic Business Center at (866) 217-9197).

146553_16591555_04-10-2025_PETDEC                                                               5

**Appx0124**

Application No. 16/591,555                                                Page 3

Telephone inquiries regarding this decision should be directed to JoAnne Burke at (571) 272-
4584. All other inquiries regarding the status of published or unpublished applications may be
obtained from Patent Center at https://patentcenter.uspto.gov. Unpublished application
information in Patent Center is available to registered users. All other inquiries concerning the
examination of this application should be directed to the assigned Technology Center.

/JoAnne L. Burke/

JoAnne L. Burke
Lead Paralegal Specialist
Office of Petitions

**Appx0125**

165337_18120998_2024-04-19_NFEE_001 ————————————— 2

165337_18120998_2024-04-19_NFEE_002 ————————————— 3

165337_18120998_2025-03-07_PETDEC ————————————— 5

18120998 Transactions - Application - Patent Center - USPTO ————————— 8

18120998 Documents - Application - Patent Center - USPTO ————————— 10

# Exhibit F
# 18/120,998



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/120,998 | 03/13/2023 | Feipeng Liu | | 8984 |

| 165337          7590          04/19/2024 | EXAMINER |
|---|---|
| Genesis Materials Innovations, LLC | |
| 24602 Community Center Dr. | PULLIAM, CHRISTYANN R |
| Spring, TX 77389 | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2100 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/19/2024 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

## NOTICE OF PAYMENT DEFICIENCY

This notice is to inform the applicant that the United States Patent and Trademark Office (USPTO) has identified an apparent error in the entity status afforded the above-identified application. Applicant is given **TWO MONTHS** from the date of this Notice within which to respond to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).[1]

Applicant has submitted a certification of micro entity status based upon the gross income basis and paid fees in the above-identified application based upon this certification. In order to qualify for micro entity status under the gross income basis, 37 CFR 1.29(a)(2) requires the applicant to certify "[n]either the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed patent applications, other than applications filed in another country, provisional applications under 35 U.S.C. 111(b), or international applications for which the basic national fee under 35 U.S.C. 41(a) was not paid." As explained in MPEP 509.04(a)(I)(B), an application still counts against this filing limit even if it has been abandoned or patented, and even if it did not claim micro entity status. When this application was filed, the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications. This is *prima facie* evidence that the submitted certification is in error because the filing limit in 37 CFR 1.29(a)(2) was exceeded. Accordingly, the payments made in this application based upon the apparently erroneous micro entity certification are deficient.

Because the deficient payments include one or more of the basic filing fee for utility under 37 CFR 1.16(a), the utility search fee under 37 CFR 1.16(k), and the utility examination fee under 37 CFR 1.16(o), this application is not in condition for examination. In order to avoid abandonment, applicant must respond in one of two ways:

I.    If the certification was erroneous, the applicant must provide an itemization of the total deficiency payment and pay the deficiency owed in accordance with 37 CFR 1.29(k). The "Notification of Loss of Entitlement to Micro Entity Status" form (Form SB/460) may be used to submit the deficiency. This form is available at https://uspto.gov/PatentForms. The current USPTO fee schedule may be viewed at https://www.uspto.gov/learning-and-resources/fees-and-payment/uspto-fee-schedule.

II.   If applicant asserts that the certification of micro entity status was not made in error,

---

[1] All the rules cited in this Notice may be viewed in their entirety at

https://www.uspto.gov/web/offices/pac/mpep/consolidated_rules.pdf. For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

applicant must reply with an explanation and any necessary evidence that is sufficient to rebut the *prima facie* evidence of an erroneous certification. Applicant is reminded that the reply must be made with candor and good faith under 37 CFR 1.56. Pursuant to applicant's duties under 37 CFR 1.4 and 11.18, applicant should have made a reasonable inquiry into the facts before making the certification. It is these particular facts that applicant must provide in order to rebut the *prima facie* case. Simply identifying the previously submitted certification or recertifying would not be sufficient. Applicant is reminded that it is in the best position to perform an inquiry into whether the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications when this application was filed to determine whether an assertion of micro entity status in this application is appropriate.

Applicant is given **TWO MONTHS** from the mailing date of this Notice to file a response as outlined above. Extensions of time are available under the provisions of 37 CFR 1.136(a).[2] The application has been removed from the examiner's docket (if assigned) pending resolution of the issues noted herein, or expiration of the time period set forth. If applicant does not timely respond in accordance with (I) or (II) above, or is unable to make one of these responses because micro entity status was not established in good faith, then the application will be abandoned.

Only a registered practitioner authorized by the applicant or the applicant who is not represented by a practitioner can sign a response or make changes to the application. Note that an applicant who is a juristic entity must be represented by a registered practitioner. See 37 CFR 1.31. While the Office cannot recommend a registered practitioner, the link below provides a searchable list of registered practitioners: https://oedci.uspto.gov/OEDCI/.

Questions about the contents of this notice should be directed to the Office of Patents Stakeholder Experience (OPSE), Stakeholder Support Division (SSD), Patents Ombudsman at 571-272-5555.

John Cottingham
TC Group Director, TC 2100

---

[2] For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (l)(B)(4).

2

4

**Appx0129**



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/120,998 | 03/13/2023 | Feipeng Liu | | 8984 |

| 165337          7590          03/07/2025 | EXAMINER |
| Genesis Materials Innovations, LLC | |
| 24602 Community Center Dr. | PULLIAM, CHRISTYANN R |
| Spring, TX 77389 | |

| | ART UNIT | PAPER NUMBER |
|---|---|---|
| | 2100 | |

| | MAIL DATE | DELIVERY MODE |
|---|---|---|
| | 03/07/2025 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

|                                |   |                      |
|--------------------------------|---|----------------------|
| In re Application of           | : |                      |
| Liu et al.                     | : |                      |
| Application No. 18/120,998     | : |                      |
| Filed: March 13, 2023          | : | DECISION ON PETITION |
| For: ENGINEERED SELF-HEALING   | : |                      |
| HYDRAULIC-CEMENT CONCRETE BY   | : |                      |
| BIOMIMICRY                     | : |                      |

This is a notice regarding renewed your request for acceptance of a fee deficiency submission under 37 CFR 1.29(k) filed October 9, 2024.

The Office no longer investigates or rejects original or reissue applications under 37 CFR 1.56. 1098 Off. Gaz. Pat. Office 502 (January 3, 1989). Therefore, nothing in this Notice is intended to imply that an investigation was done.

Applicant should note that 37 CFR 1.29(k) states: If status as a micro entity is established in good faith in an application or patent, and fees as a micro entity are paid in good faith in the application or patent, and it is later discovered that such micro entity status either was established in error, or that the Office was not notified of a loss of entitlement to micro entity status as required by paragraph (i) of this section through error, the error will be excused upon compliance with the separate submission and itemization requirements of paragraph (k)(1) of this section and the deficiency payment requirement of paragraph (k)(2) of this section.

(1) Any paper submitted under this paragraph must be limited to the deficiency payment (all fees paid in error) required for a single application or patent. Where more than one application or patent is involved, separate submissions of deficiency payments are required for each application or patent (see § 1.4(b)). The paper must contain an itemization of the total deficiency payment for the single application or patent and include the following information:

(i) Each particular type of fee that was erroneously paid as a micro entity, (*e.g.,* basic statutory filing fee, two-month extension of time fee) along with the current fee amount for a small or non-small entity, as applicable;

(ii) The micro entity fee actually paid, and the date on which it was paid;

(iii) The deficiency owed amount (for each fee erroneously paid); and

**Appx0131**

Application No. 18/120,998

Page 2

> (iv) The total deficiency payment owed, which is the sum or total of the individual deficiency owed amounts as set forth in paragraph (k)(2) of this section.

A review of the record has determined that a reply to the Notice of Payment Deficiency mailed April 19, 2024 was received by the office on October 9, 2024. However, the reply is improper because it is **untimely**. The Notice of Payment Deficiency set a shortened statutory period for reply of two (2) months, with up to five (5) months of extensions of time available under the provisions of 37 CFR 1.136(a). Since no extensions of time were obtained, the fee deficiency submission under 37 CFR 1.29(k) is **NOT ACCEPTED**.

Item(s) (i), (iii) and (iv) has not been fully met. In regards to (i), each particular type of fee that was erroneously paid as a micro entity along with the current fee amount, however, the current fees were omitted from the itemization.

Additionally, petitioner has not provided the correct amount owed for each fee as a result, requirement (iii) has not been met. For this reason, requirement (iv) cannot be determined if it has been fully satisfied.

This application is being referred to Technology Center 2100 for appropriate action in the normal course of business.

Telephone inquiries concerning this decision should be directed to the undersigned whose telephone number is (571) 272-1058. Information regarding the status of published or unpublished applications may be obtained from Patent Center at https://patentcenter.uspto.gov. Unpublished application information in Patent Center is available to registered users. All other inquiries concerning the examination of this application should be directed to the assigned Technology Center.

*/Angela Walker/*
Angela Walker
Paralegal Specialist
Office of Petitions

**Appx0132**



**Appx0133**

4/15/25, 9:27 AM                                                    Transactions - Application - Patent Center - USPTO

| Date ↑↓ | Transaction Description ↑↓ |
|---------|----------------------------|
| 06/27/2024 | Mail-Petition Decision - Dismissed |
| 06/27/2024 | Petition Decision - Dismissed |
| 06/26/2024 | O.P. Petition Decision |
| 04/24/2024 | Petition Entered |
| 04/24/2024 | Appl Has Filed a Verified Statement of Micro to Small Entity Status |
| 04/19/2024 | Mail Fee Due Notice or other requirement (eg. signature) |
| 04/18/2024 | Fee Due Notice or other requirement |
| 01/23/2024 | Case Docketed to Examiner in GAU |
| 07/27/2023 | Application ready for PDX access by participating foreign offices |
| 07/27/2023 | PG-Pub Issue Notification |
| 05/04/2023 | Case Docketed to Examiner in GAU |
| 05/04/2023 | Application Dispatched from OIPE |
| 04/17/2023 | Sent to Classification Contractor |
| 04/17/2023 | FITF set to YES - revise initial setting |
| 04/17/2023 | Patent Term Adjustment - Ready for Examination |
| 04/17/2023 | Mail Pre-Exam Notice |
| 04/17/2023 | Application Is Now Complete |
| 04/17/2023 | Filing Receipt |
| 04/06/2023 | Notice Mailed--Application Incomplete--Filing Date Assigned |
| 04/06/2023 | Mail Pre-Exam Notice |
| 04/06/2023 | Notice Mailed--Application Incomplete--Filing Date Assigned |
| 04/06/2023 | Filing Receipt |
| 04/04/2023 | Applicant Has Filed a Verified Statement of Micro Entity Status in Compliance with 37 CFR 1.29 |
| 03/13/2023 | Entity Status Set To Undiscounted (Initial Default Setting or Status Change) |
| 03/13/2023 | Initial Exam Team nn |

Show  1,000 ≑  entries                                        First  Previous  1  Next  Last



**Appx0135**

4/15/25, 9:26 AM                                        Documents - Application - Patent Center - USPTO

| Mail room date ↓ | Doc code ↑↓ | Doc description ↑↓ | Pages ↑↓ | Quick download | File size (KB) | ⓘ |
|---|---|---|---|---|---|---|
| 07/12/2024 | N417 | Electronic Filing System Acknowledgment Receipt | 2 | | 120 | |
| 07/12/2024 | PET.OP | Petition for review by the Office of Petitions | 1 | | 60 / 4 | |
| 06/27/2024 | PETDEC | Petition Decision | 4 | | 240 / 15 / 27 / 5 | |
| 05/07/2024 | WFEE | Fee Worksheet (SB06) | 1 | | 60 | |
| 05/07/2024 | PET.OP | Petition for review by the Office of Petitions | 1 | | 60 / 7 | |
| 05/07/2024 | MES.LOSS | Notification of loss of entitlement to micro entity status | 3 | | 180 | |
| 04/24/2024 | N417 | Electronic Filing System Acknowledgment Receipt | 2 | | 120 | |
| 04/24/2024 | TRAN.LET | Transmittal Letter | 1 | | 60 | |
| 04/24/2024 | N417 | Electronic Filing System Acknowledgment Receipt | 2 | | 120 | |
| 04/24/2024 | SES.LOSS | Notification of loss of entitlement to small entity status | 3 | | 180 | |
| 04/19/2024 | NFEE | Notice of Additional Fee Due | 1 | | 60 | |
| 04/19/2024 | NFEE | Notice of Additional Fee Due | 2 | | 120 | |
| 07/27/2023 | NTC.PUB | Notice of Publication | 1 | | 60 | |
| 04/17/2023 | APP.FILE.REC | Filing Receipt | 4 | | 240 | |
| 04/17/2023 | WFEE | Fee Worksheet (SB06) | 1 | | 60 | |
| 04/14/2023 | LET. | Miscellaneous Incoming Letter | 1 | | 60 | |
| 04/14/2023 | N417 | Electronic Filing System Acknowledgment Receipt | 2 | | 120 | |
| 04/14/2023 | PEFR | Applicant Response to Pre-Exam Formalities Notice | 1 | | 60 | |
| 04/14/2023 | OATH | Oath or Declaration filed | 3 | | 180 | |
| 04/14/2023 | WFEE | Fee Worksheet (SB06) | 2 | | 120 | |
| 04/14/2023 | N417 | Electronic Filing System Acknowledgment Receipt | 2 | | 120 | |
| 04/14/2023 | N417 | Electronic Filing System Acknowledgment Receipt | 2 | | 120 | |
| 04/14/2023 | TRAN.LET | Transmittal Letter | 1 | | 60 | |
| 04/14/2023 | OATH | Oath or Declaration filed | 3 | | 180 | |
| 04/06/2023 | APP.FILE.REC | Filing Receipt | 4 | | 240 | |
| 04/06/2023 | WFEE | Fee Worksheet (SB06) | 1 | | 60 | |

Appx0136

4/15/25, 9:26 AM                                          Documents - Application - Patent Center - USPTO

| Mail room date ↓ | Doc code ↑↓ | Doc description ↑↓ | Pages | Quick download | File size (KB) | ⓘ |
|---|---|---|---|---|---|---|
| 04/06/2023 | NTC.MISS.PRT | Notice to File Missing Parts | 2 | | 120 | |
| 03/14/2023 | ADS.CORR | Application Data Sheet to update/correct info | 7 | | 420 | |
| 03/14/2023 | N417 | Electronic Filing System Acknowledgment Receipt | 2 | | 120 | |
| 03/13/2023 | MES.GIB | Certification of Micro Entity (Gross Income Basis) | 2 | | 120 | |
| 03/13/2023 | MES.GIB | Certification of Micro Entity (Gross Income Basis) | 2 | | 120 | |
| 03/13/2023 | WFEE | Fee Worksheet (SB06) | 2 | | 120 | |
| 03/13/2023 | N417 | Electronic Filing System Acknowledgment Receipt | 3 | | 180 | |
| 03/13/2023 | ABST | Abstract | 1 | | 60 / 3 | |
| 03/13/2023 | CLM | Claims | 6 | | 360 / 19 | |
| 03/13/2023 | SPEC | Specification | 87 | | 5220 / 518 | |
| 03/13/2023 | DRW.NONBW | Drawings-other than black and white line drawings | 16 | | 960 | |
| 03/13/2023 | OATH | Oath or Declaration filed | 2 | | 120 | |
| 03/13/2023 | SCORE | Placeholder sheet indicating presence of supplemental content in Supplemental Complex Repository for Examiners(SCORE) | 1 | | 60 | |

Show 1,000 ⌄ entries

First  Previous  1  Next  Last

https://patentcenter.uspto.gov/applications/18120998/ifw/docs?application=                                          3/3

**Appx0137**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ASHLESHA A. NESARIKAR,<br>ANIKA A. NESARIKAR, and<br>ABHIJIT R. NESARIKAR,<br><br>Plaintiffs,<br><br>-v-<br><br>THE UNITED STATES PATENT AND<br>TRADEMARK OFFICE and<br>COKE MORGAN STEWART, in her<br>official capacity as the Acting Director of<br>the United States Patent and Trademark<br>Office,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 4:25-cv-00423-JCB-JDL |

**Plaintiffs' Certification of Generative Artificial Intelligence Usage**

Inventors file this certification in response to the STANDING ORDER ON DISCLOSURE AND CERTIFICATION REQUIREMENTS FOR USE OF GENERATIVE ARTIFICIAL INTELLIGENCE of 04/09/2025 by United States Magistrate Judge John D. Love.

1.       Inventors (Plaintiffs) are scientists, engineers, developers, deployers, testers, verifiers, and users of artificial intelligence (AI), including generative AI. Inventors have filed numerous patent applications related to Inventors' AI related work. Inventors filed their first provisional patent application related to AI on March 30, 2017.

2.       Inventors' education, training, and work experiences support Inventors' AI related work.

3.       Ashlesha Nesarikar and Anika Nesarikar are AI small business owners in Texas.

1

**Appx0138**

4.      Ashlesha earned her undergraduate degree in Computer Science as part of the Computing Scholars Honors Program (admission offered by invitation and requires passing a competitive exam) with a focus on artificial intelligence and machine learning from the University of Texas at Dallas in Richardson, Texas (GPA: 3.9/4.0). She was granted a full-ride scholarship as a National Merit Scholar. While in school, Ashlesha led a team of her peers to national level recognition in the US Ignite Smart Gigabit Communities Challenge, winning the challenge in a competitive field including industry and academia[1, 2]. Ashlesha's efforts were featured in media including KRLD radio and NBC 5 in a televised interview[3]. As an AI expert, Ashlesha has been interviewed by publications such as Scientific American[4] and Voice of America[5]. Ashlesha was invited to present an AI demonstration at the US Ignite Application Summit and Smart Cities Connect Conference & Expo[6] in a center-stage presentation. As a thought leader in AI technology, Ashlesha was invited to speak about ethics in facial recognition and AI[7] on a panel with industry and humanities experts. As an entrepreneur, Ashlesha envisions positive social impacts of AI. To that end, she led a multidisciplinary team of technologists and healthcare professionals and proposed community-wide use of AI to alleviate COVID-19 stress to services and infrastructures[8].

---

[1] https://www.us-ignite.org/an-ai-platform-is-born/

[2] https://www.richardsoneconomicdevelopment.com/news/press-release-plano-intelligence-launches-new-inotify-platform-that-powers-award-winning-ai-app-for-video-monitoring-and-identification-of-public-safety-threats

[3] https://www.nbcdfw.com/news/local/utd-school-security-4p-40618_dallas-fort-worth/69023/

[4] https://www.scientificamerican.com/article/why-deepseeks-ai-model-just-became-the-top-rated-app-in-the-u-s/

[5] https://web.archive.org/web/20241107161035/https://www.vozdeamerica.com/a/peligra-su-trabajo-con-la-inteligencia-artificial-/7008248.html

[6] https://www.youtube.com/watch?v=LyKCYPxmoKk

[7] https://www.youtube.com/watch?v=IRWfCVjwn6k

[8] https://arxiv.org/abs/2007.12312

5.      Anika is pursuing an undergraduate degree in Computer Science as part of the Computing Scholars Honors Program (admission offered by invitation and requires passing a competitive exam) at the University of Texas at Dallas in Richardson, Texas with a focus on AI and machine learning (current GPA 3.9/4.0). She was granted a full-ride scholarship as a National Merit Scholar. Anika has been admitted to the computer science Fast-Track Program, which "enables exceptionally gifted senior undergraduate students to include master's level courses in their undergraduate degree"[9].

6.      Abhijit Nesarikar is an AI small business owner. Abhijit attained his doctorate in Chemical Engineering from Northwestern University (Evanston, IL) in the Department of Chemical Engineering. He received a full-ride scholarship and graduated in 1995 with a GPA of 4.0/4.0. Abhijit's research has been related to the fields of polymers, physics, chemistry, mathematics and computation, and engineering. Abhijit has authored and coauthored several peer reviewed publications in national and international journals. Abhijit has over 25 years of industry experience at the local, national, and international levels. Abhijit's industry consulting experience spans diverse industries: oil and gas, defense, telecommunications, transportation, finance (e.g., banking, charge processing, clearing and settlement, exchange activity, insurance, fraud detection and prevention, and trading), retail, software, hardware and integration, healthcare, and research.

7.      As AI professionals, Inventors use generative AI in the ordinary course of work to develop strategies, gain insights, identify risks and ways to mitigate them, and quickly learn new fields. The use of generative AI extends to the current court case.

---

[9] https://web.archive.org/web/20240318180541/https://personal.utdallas.edu/~ivor/ecsfasttrackprogram.htm

8.      Based on their technological, commercial, and scientific expertise, Inventors have long worked to identify, quantify, and mitigate factual mistakes, logical fallacies, and lack of awareness by AI. Inventors investigate measures to avoid, identify, and correct, if present, AI errors, including misrepresentations, logical fallacies, undue verboseness, irrational confidence, and extraneousness. The measures are active topics of scientific inquiry and engineering experiments bearing significant commercial promise. Inventors disclosed some of the measures, e.g., in published and unpublished patent applications. Some others are proprietary intellectual property.

9.      Inventors work at the leading edge of AI as an evolving technology. Inventors experiment with rapidly changing variations of AI, including openly available AI, research related AI, commercially provided AI, Inventors' own AI, and combinations thereof.

10.     With appreciation of the Court's concern regarding generative AI usage, Inventors in good faith disclose:

     1.      All of Inventors' exhibits are copies of existing records. No AI, generative or otherwise, was used in organizing or annotating the exhibits.

     2.      Inventors vetted all of Inventors' documents drafted for this court case for truthfulness, logical soundness, and relevance.

     3.      Inventors' citations of statutes, regulations, and other authorities are excerpts of the official language of the statutes, regulations, and other authorities.

     4.      Inventors, in good faith, comply with L.R. CV-11(g).

Appx0141

Date: April 29, 2025

Respectfully submitted,

Ashlesha A. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
asedt0425@icloud.com

Anika A. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
anedt0425@icloud.com

Abhijit R. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
edt0425@nesarikar.com

Inventors and Plaintiffs

**Appx0142**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ASHLESHA A. NESARIKAR, ANIKA A. NESARIKAR, and ABHIJIT R. NESARIKAR, <br><br> Plaintiffs, <br><br> -v- <br><br> THE UNITED STATES PATENT AND TRADEMARK OFFICE and COKE MORGAN STEWART, in her official capacity as the Acting Director of the United States Patent and Trademark Office, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 4:25-cv-00423-JCB-JDL |

**Notice of Defendants' Failure to Respond and**

**Motion for Grant of Preliminary Injunction**

Inventors (Plaintiffs) respectfully request that the Court grant the Motion for Preliminary Injunction filed April 24, 2025 (Docket # 2). The Complaint, Motion for Preliminary Injunction, and Exhibits A-F were filed and served on the U.S. Attorney for the Eastern District of Texas on April 24, 2025.

Defendants failed to file a response to the Motion for Preliminary Injunction within the time to file a response under LOCAL RULE CV-7(e). As Defendants did not respond, Inventors request that the Court grant the relief requested in the Motion for Preliminary Injunction filed April 24, 2025.

Defendants' failure to oppose the motion created a presumption that Defendants do not controvert the facts set out by Inventors and have no evidence to offer in opposition to the

1

**Appx0143**

motion. Thus, Inventors believe that the arguments and evidence filed with the motion are sufficient to grant the injunction without an oral hearing.

**Certificate of Generative Artificial Intelligence Usage**: Inventors use generative AI in the ordinary course of work as described in the certification filed on April 29, 2025. Inventors, in good faith, comply with L.R. CV-11(g).

Date: May 09, 2025

Respectfully submitted,

Ashlesha A. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
asedt0425@icloud.com

Anika A. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
anedt0425@icloud.com

Abhijit R. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
edt0425@nesarikar.com

Inventors and Plaintiffs

2

**Appx0144**

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| ASHLESHA A. NESARIKAR, | § | |
| ANIKA A. NESARIKAR, | § | |
| ABHIJIT R. NESARIKAR, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-423 |
| | § | |
| THE UNITED STATES PATENT AND | § | |
| TRADEMARK OFFICE and | § | |
| COKE MORGAN STEWART, in her | § | |
| official capacity as the Acting Director of | § | |
| the United States Patent and Trademark | § | |
| Office, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO MOTION FOR A PRELIMINARY INJUNCTION

Defendants file this motion for extension of time for twenty-eight (28) days within which to file a response to Plaintiffs' Motion for a Preliminary Injunction, EFC No. 2 (the "Motion"), and respectfully show the Court as follows:

Plaintiffs filed this case on April 24, 2025. ECF No. 1. On the same day, Plaintiffs filed the Motion, ECF No. 2, and summons were issued, ECF No. 5. Plaintiff mailed a copy of the complaint and summons to the United States Patent and Trademark Office (USPTO), c/o Pamela Bondi on April 29, 2025. ECF No. 9, at 3. The summons and complaint were delivered on May 5, 2025. *See* ECF No. 9, at 3 (tracking number shows delivery on May 5, 2025). Plaintiffs also mailed a copy of the complaint and the Motion to the USPTO c/o General Counsel on April 29, 2025. ECF No. 9-1, at 3. This mailing was also delivered on May 5, 2025. *See id.* (tracking number shows delivery

on May 5, 2025). Finally, Plaintiffs served the complaint and the Motion on the United States Attorney's Office for the Eastern District of Texas on April 24, 2025. ECF No. 9-2, at 1–2.

To serve a United States agency or a United States officer sued only in an official capacity, a party must serve the United States and also send a copy of the summons and complaint by registered or certified mail to the agency, officer, or employee. Fed.R.Civ.P. 4(i)(3).

Arguably, according to Local Rule CV-7(e), this made the Government's response to motion for preliminary injunction due on May 13, 2025. To serve the United States, a party must deliver a copy of the summons and the complaint to the United States Attorney for the district where the action is brought and send a copy by registered or certified mail to the Attorney General of the United States. Fed.R.Civ.P. 4(i)(1). Thus, to properly serve a United States agency or official sued only in an official capacity requires three levels of service – service on the agency, service on the United States via the Attorney General of the United States, and service on the United States Attorney's Office.

Here, the Plaintiffs completed service, at the earliest on April 29, 2025, when they mailed copies of the summons and the Motion to the Attorney General and to the agency. Arguably, service was not completed until May 5, 2025 when the tracking information shows that the Attorney General and agency received that mailing. Therefore, the Defendants' response to the Motion is due at the earliest on May 13, 2025 and arguably as late as May 19, 2025. *See* Local Rule CV-7(e) (providing for 14 days to respond to non-dispositive motions).

The government respectfully requests the Court to provide a twenty-eight (28) day extension of time, to June 10, 2025, to respond to Plaintiffs' motion for preliminary injunction. As of this filing, counsel has not received a litigation report from the agency. Additional time will

allow Defendants to prepare a more thoughtful response, which will better aid the Court in resolving issues presented in the Motion.

WHEREFORE, PREMISES CONSIDERED, the United States respectfully requests that Court grant this Motion for Extension of Time to File Response to Motion for a Preliminary Injunction and order that the response shall not be due until June 10, 2025.

Respectfully submitted,

ABE MCGLOTHIN, JR.
ACTING UNITED STATES ATTORNEY


*/s James Garland Gillingham*
JAMES GARLAND GILLINGHAM
Assistant United States Attorney
Texas State Bar No. 24065295
james.gillingham@usdoj.gov
110 N. College, Suite 700
Tyler, TX  75702
(903) 590-1400
Fax: (903) 590-1436

## <u>CERTIFICATE OF CONFERENCE</u>

The "meet and confer" and "certificate of conference" requirements are not applicable to *pro se* litigants. Local Rule CV-7(i). Therefore, no conference was required because Plaintiffs are proceeding *pro se*.

<u>*/s James Garland Gillingham*</u>
JAMES GARLAND GILLINGHAM
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 9, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to those persons on the Court's electronic filing system. Additionally, a true and correct copy of this motion will be sent to Plaintiffs as follows:

> ***Via Email***
> Ashlesha A. Nesarikar
> asedt0425@icloud.com
>
> ***Via Email***
> Anika A. Nesarikar
> anedt0425@icloud.com
>
> ***Via Email***
> Abhijit R. Nesarikar
> edt0425@nesarikar.com

*/s James Garland Gillingham*
JAMES GARLAND GILLINGHAM
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ASHLESHA A. NESARIKAR,<br>ANIKA A. NESARIKAR, and<br>ABHIJIT R. NESARIKAR,<br><br>Plaintiffs,<br><br>-v-<br><br>THE UNITED STATES PATENT AND<br>TRADEMARK OFFICE and<br>COKE MORGAN STEWART, in her<br>official capacity as the Acting Director of<br>the United States Patent and Trademark<br>Office,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:25-cv-00423-JCB-JDL |

**Plaintiffs' Response in Opposition to Defendants' Motion for Extension of Time to File Response to Motion for a Preliminary Injunction**

Inventors (Plaintiffs) respectfully oppose Defendants' Motion for Extension of Time (Docket #11). The Motion for Extension of Time is untimely under Federal Rule of Civil Procedure 6(b)(1)(A). Further, if an extension were granted to Defendants, it would delay injunctive relief and pose disproportionate burden and loss to Inventors.

Inventors respectfully submit that Defendants erred in determining the time for response to the Motion for Injunction (Docket #2) because Defendants misapplied Federal Rules of Civil Procedure (FRCP). Defendants refer to FRCP 4(i), which addresses service of "a copy of the summons and of the complaint" on the United States. However, by Inventors' understanding, FRCP 5, not FRCP 4, governs service of written motions (see FRCP 5(a)(1)). FRCP 5(b) requires service on a party's attorney and specifies a paper is served by hand delivery or by the court's electronic-filing system, among others.

1

Local Rule CV-7(e) states that the time for response to a motion is "fourteen days (twenty-one days for summary judgment motions) from the date the motion was served…after which the court will consider the submitted motion for decision". Inventors maintain that the time for response to the Motion for Injunction is calculated from the day of service of the Motion for Injunction, which was completed on April 24, 2025. As acknowledged in Defendants' Motion for Extension of Time (Docket 11, pg. 2), the Motion for Injunction was served on the United States Attorney's Office for the Eastern District of Texas (the U.S. Attorney) on April 24, 2025. On the same day, the Motion for Injunction was also electronically docketed in the court's CM/ECF system.

The U.S. Attorney, in filing the Motion for Extension of Time, have acknowledged themselves as attorneys representing Defendants (see, e.g., "counsel has not received a litigation report from the agency", Docket 11, pg. 2). Therefore, Defendants were properly served with the Motion for Injunction under FRCP 5 on April 24, 2025, both because it was electronically docketed in the court's CM/ECF system (Local Rule CV-5(e)) and because it was hand delivered to the U.S. Attorney.

Further, courts have indicated that the U.S. Attorney in the relevant district serves the role of attorney to U.S. government defendants. For example, in *Pattila v. Noem, 4:25-cv-00416, (E.D. Tex.)*, injunctive relief was requested against government officials sued in their official capacities, and the court found that contacting "the Acting U.S. Attorney for the relevant district" satisfies the requirement for efforts made to give notice to the "adverse party or its attorney" under FRCP 65(b) (see *Pattila v. Noem*, Docket #11, pg. 1 and 2).

Even if, *arguendo*, Defendants were permitted to apply the rules regarding service of the Complaint (e.g., FRCP 4 as applied by Defendants) to service of a motion, the 14 day time

2

**Appx0151**

period for response to the motion would begin after service on the U.S. Attorney (see FRCP 12(a)(2): "The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint… within 60 days after service on the United States attorney"), in which case Defendants still failed to respond or request extension in a timely manner.

Further, Defendants disregarded Local Rule CV-5(e): the Attorney General and the agency were served with the Motion for Injunction on April 24, 2025, the date it was electronically docketed in the court's CM/ECF system.

Further, USPTO's Patent Center transaction history for application 18/069,288 shows:



Defendants attribute their need for extension to inaction by the agency (see, e.g, "counsel has not received a litigation report from the agency", Docket 11, pg. 2). Inventors respectfully submit

3

**Appx0152**

that the USPTO's inaction is not indicative of a lack of knowledge of the Motion for Injunction. The USPTO appears to have accessed the court's CM/ECF system for the current case as early as 04/24/2025.

Therefore, as explained in the Notice of May 9, 2025 (Docket # 10), Defendants failed to file a response to the Motion for Injunction within the time to file a response under Local Rule CV-7(e). Defendants' Motion for Extension of Time was made after the time for response elapsed. Inventors respectfully request that the Court deny Defendants' request for extension.

Finally, an extension in these circumstances would not be equitable. Inventors believe the extension would reward the USPTO's actions at least by delaying accountability. As described in the Motion for Injunction, Inventors face disproportionate burden and loss in the absence of speedy injunctive relief.

**Certificate of Service:** Ashlesha A. Nesarikar is filing this document with the court's CM/ECF system on May 11, 2025.

**Certificate of Generative Artificial Intelligence Usage:** Inventors use generative AI in the ordinary course of work as described in the certification filed on April 29, 2025. Inventors, in good faith, comply with L.R. CV-11(g).

**Appx0153**

Date: May 11, 2025

Respectfully submitted,

Ashlesha A. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
asedt0425@icloud.com

Anika A. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
anedt0425@icloud.com

Abhijit R. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
edt0425@nesarikar.com

Inventors and Plaintiffs

5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ASHLESHA A. NESARIKAR, ANIKA A. NESARIKAR, ABHIJIT R. NESARIKAR, | § § § § | |
| **Plaintiffs,** | § § § | |
| v. | § § | CIVIL ACTION NO. 4:25-CV-00423-JCB-JDL |
| THE UNITED STATES PATENT AND TRADEMARK OFFICE, ACTING DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE, | § § § § § § | |
| **Defendants.** | § § | |

## ORDER

Before the court is Defendants the United States Patent and Trademark Office and the Acting Director of the United States Patent and Trademark Office's ("USPTO") (collectively, the "Defendants") motion for extension of time to file a response to Plaintiffs' motion for a preliminary injunction. (Doc. No. 11.) Plaintiffs filed a response opposing Defendants' request for extension. (Doc. No. 12.) For the reasons explained below, the court **GRANTS** Defendants' motion.

Defendants primarily request an extension based on the timing of Plaintiffs' service of their motion for a preliminary injunction. Defendants first explain that Plaintiffs completed service on April 29, 2025 when they mailed copies of the summons and their motion for a preliminary injunction to the United States Attorney General and to the USPTO. (Doc. No. 11, at 2.) Alternatively, Defendants state that Plaintiffs arguably completed service on May 5, 2025 when tracking information confirms the Attorney General and USPTO received the mailing of the summons and motion for preliminary injunction. *Id.* As a result, Defendants' response to Plaintiffs'

1

**Appx0155**

motion is either May 13, 2025 or May 19, 2025. *Id.* (citing L.R. CV-7(e) (providing for fourteen days to respond to non-dispositive motions)). Moreover, Defendants' counsel explains that as of May 9, 2025, he has not yet received a litigation report from the agency, which he requires to fully address the issues before the court. *Id.* at 2–3. Defendants request an extension of time to June 10, 2025. *Id.* at 3.

Plaintiffs respond that Defendants apply the incorrect Federal Rules of Civil Procedure. (Doc. No. 12, at 1.) Specifically, Plaintiffs claim that the date they served their motion for a preliminary injunction—April 24, 2025—is when the court's fourteen-day response window triggered, not the day service of their complaint and summons was executed. *Id.* at 2 (citing Fed.R.Civ.P. 5). Plaintiffs argue they properly served their motion for a preliminary injunction on April 24, 2025 when they served their motion on Defendants' counsel, making Defendants' deadline to respond May 8, 2025. *Id.* at 2; *see* L.R. CV-7(e) ("A party opposing a motion has fourteen days . . . from the date the motion was served in which to file a response . . . ."). Plaintiffs also contend that their motion was electronically docketed in the court's CM/ECF system on that same day giving Defendants adequate notice of the basis for Plaintiffs' motion for a preliminary injunction. *Id.* Plaintiffs lastly contend that an extension would not be equitable because it would reward Defendants' actions by delaying accountability and Plaintiffs face disproportionate burdens and loss in the absence of "speedy injunctive relief." *Id.*

Here, the court need not consider the parties' disagreement on how the Federal Rules of Civil Procedure intertwine with the court's local rules for the service of motions because the court would nonetheless grant an extension even if Defendants' response was untimely. Federal Rule of Civil Procedure 6(b)(1) grants the court discretion to allow untimely responses where "the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1). "Excusable neglect" is

determined by "(1) the possibility of prejudice to the other parties, (2) the length of the applicant's delay and its impact on the proceeding, (3) the reason for the delay and whether it was within the control of the movant, and (4) whether the movant has acted in good faith." *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012).

Several considerations warrant an extension. First, this is Defendants' first request for extension with respect to Plaintiffs' motion for a preliminary injunction. *See RE/MAX Intern., Inc. v. Trendsetter Realty, LLC*, 655 F. Supp.2d 679, 693 (S.D. Tex. 2009) (finding that a first request for an extension to respond favors granting a motion for extension). Defendants provide an adequate reason for the delay: because the agency only received notice of the Plaintiffs' complaint, summons, and motion on May 5, 2025, Defendants' counsel has not yet received a litigation report necessary to defend against this action. (Doc. No. 11, at 2.) Although Plaintiffs served the complaint and motion on the United States Attorney's Office for the Eastern District of Texas on April 24, 2025 (Doc. No. 12, at 2), the Defendants in interest—the USPTO and Coke Morgan Stewart, acting Director of the USPTO—did not receive sufficient notice of Plaintiffs' motion until three days prior to Defendants' deadline to respond. *See* L.R. CV-7(e) (giving parties opposing a motion fourteen days to respond from the date the motion is served). Lastly, the parties' filings do not show that Defendants are acting in bad faith in requesting an extension.

Defendants' requested extension also would not prejudice Plaintiffs or further proceedings on this matter. Plaintiffs contend that an extension would not be equitable because (1) an extension would reward Defendants' actions by delaying accountability and (2) Plaintiffs face disproportionate burden and loss in the absence of injunctive relief. (Doc. No. 12, at 4.) But "delaying accountability" is not a credible reason to deny Defendants' extension. Further, Plaintiffs do not provide any reasons as to why an extension would prejudice them outside their general

3

**Appx0157**

allegations that the "loss . . . of injunctive relief . . . threat[ens] . . . the culmination of over eight years of [Plaintiffs'] efforts on application processes." (Doc. No. 2, at 7.) Defendants' counsel needing a litigation report does not rise to the level of prejudice to the Plaintiffs where the court could better weigh the parties' contentions with the assistance of a short extension.

Having considered Defendants' motion and Plaintiffs' response, there is good cause to extend the time for Defendants to respond to Plaintiffs' motion for a preliminary injunction. Thus, Defendants' motion (Doc. No. 11) is **GRANTED**. Defendants shall file their response to Plaintiffs' motion for a preliminary injunction no later than **June 10, 2025**. No further extensions will be granted.

**So ORDERED and SIGNED this 13th day of May, 2025.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

4

Appx0158

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ASHLESHA A. NESARIKAR, | § | |
| ANIKA A. NESARIKAR, | § | |
| ABHIJIT R. NESARIKAR, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-423 |
| | § | |
| THE UNITED STATES PATENT AND | § | |
| TRADEMARK OFFICE and | § | |
| COKE MORGAN STEWART, in her | § | |
| official capacity as the Acting Director of | § | |
| the United States Patent and Trademark | § | |
| Office, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' OPPOSITION TO MOTION FOR A PRELIMINARY INJUNCTION**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................1

BACKGROUND ................................................................................................................4

   I.    Micro Entity Status................................................................................................4

   II.   Plaintiffs' Applications ........................................................................................7

      A.   Prosecution of the '288 Application ..................................................9

      B.   Prosecution of the '382, '669, and '555 Applications ................16

LEGAL STANDARD ......................................................................................................17

ARGUMENT....................................................................................................................18

   II.   Plaintiffs Seek a Mandatory Preliminary Injunction That Would Include Relief Beyond the Scope of Plaintiffs' Complaint and the APA ..................................................20

   III.  Plaintiffs Cannot Show a Likelihood of Success on the Merits...................22

      A.   Plaintiffs Do Not Challenge a Final Agency Action.................................22

      B.   Plaintiffs Cannot Succeed on a Claim of Arbitrary and Capricious Treatment ...........23

      C.   Plaintiffs Cannot Show Irreparable Harm................................................27

      D.   Balance of the Equities and the Public Interest.........................................29

CONCLUSION.................................................................................................................30

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Cantwell, Case No. 6:20-cv-11,*
    2022 WL 453544 (E.D. Tex. Jan. 10, 2022) ........................................................ 26

*Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.,*
    878 F.2d 806 (5th Cir. 1989) ........................................................................... 17

*Anderson v. Jackson,*
    556 F.3d 351 (5th Cir. 2009) ........................................................................... 17

*Arrow Int'l v. Spire Biomedical, Inc.,*
    443 F. Supp. 2d 182 (D. Mass. 2006) ................................................................ 21

*Ass'n of Am. Physicians & Surgs. v. United States HHS,*
    224 F. Supp. 2d 1115–29 (S.D. Tex. 2002) ..................................................... 25

*Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.,*
    563 U.S. 776, 785–86 (2011) .......................................................................... 18

*Canal Auth. of Fla. v. Callaway,*
    489 F.2d 567 (5th Cir. 1974) ........................................................................... 18

*Daniels Health Sci., L.L.C. v. Vascular Health Sci., L.L.C.,*
    710 F.3d 579 (5th Cir. 2013) .............................................................. 25-26, 28

*Dennis Melancon, Inc. v. City of New Orleans,*
    703 F.3d 262 (5th Cir. 2012) ........................................................................... 26

*Dep't of Com. v. New York,*
    139 S. Ct. 2551 (2019) .................................................................................... 22

*Emerald City Mgmt., L.L.C. v. Kahn,*
    624 F. App'x 223 (5th Cir. 2015) .................................................................... 28

*Enzo APA & Son, Inc. v. Geapag A.G.,*
    134 F.3d 1090, 1093 (Fed. Cir. 1998) ............................................................. 18

*Fleming v. Coward,*
    534 F. App'x 947 (Fed. Cir. 2013) .................................................................. 20

*Gilead Scis., Inc. v. Lee,*
    778 F.3d 1341 (Fed. Cir. 2015) ....................................................................... 20

*Hyatt v. OMB,*
    998 F.3d 423 (9th Cir. 2021) ........................................................................... 25

*Justin Indus., Inc. v. Choctaw Secs., L.P.,*
    920 F.2d 262 (5th Cir. 1990) ........................................................................... 17

**Appx0161**

*Larson v. Correct Craft, Inc.*,
  569 F.3d 1319, 1327 (Fed. Cir. 2009) ................................................................. 18

*Maririo v. Dickinson*,
  56 F. Supp. 2d 74 (D.D.C. 1999) ........................................................................ 20

*Martinez v. Mathews*,
  544 F.2d 1233 (5th Cir. 1976) .......................................................... 17-18, 18, 19

*Mazurek v. Armstrong*,
  520 U.S. 968 (1997) ........................................................................................... 17

*Miss. Power & Light Co. v. United Gas Pipe Line Co.*,
  760 F.2d 618 (5th Cir. 1985) .............................................................................. 17

*Nken v. Holder*,
  556 U.S. 418 (2009) ........................................................................................... 28

*Norton v. S. Utah Wilderness Alliance*,
  542 U.S. 55 (2004) ............................................................................................. 20

*Sackett v. EPA*,
  566 U.S. 120 (2012) ........................................................................................... 20

*Shukh v. Seagate Tech., LLC*,
  803 F.3d 659, 663 (Fed. Cir. 2015) ) .................................................................. 18

*Tex. Clinical Labs, Inc. v. Sebelius*,
  612 F.3d 771 (5th Cir. 2010) .............................................................................. 22

*Texas v. Ysleta del Sur Pueblo, EP-17-CV-179-PRM*,
  2018 U.S. Dist. LEXIS 54042, 2018 WL 1566866 (W.D. Tex. Mar. 29, 2018) ................... 17

*Tozzi v. E.P.A.*,
  148 F. Supp. 2d 35 (D.D.C. 2001) ...................................................................... 25

*United States v. Emerson*,
  270 F.3d 203 (5th Cir. 2001) .............................................................................. 26

*Univ. of Tex. v. Camenisch*,
  451 U.S. 390 (1981) ........................................................................................... 18

*Warth v. Seldin*,
  422 U.S. 490, 498 (1975) ................................................................................... 18

*Wenner v. Tex. Lottery Comm'n*,
  123 F.3d 321 (5th Cir. 1997) .............................................................................. 17

*Winfrey v. United States DOC, PTO, No. 2024-1260*,
  2024 U.S. App. LEXIS 24311 (Fed. Cir. 2024) ........................................... 20-21

**Appx0162**

*Winter v. Nat. Res. Def. Council, Inc.,*
    555 U.S. 7 (2008) ................................................................................... 17, 26

**Statutes**

5 U.S.C. § 702 ........................................................................................... 21

5 U.S.C. § 704 ........................................................................................... 21

5 U.S.C. § 706 ........................................................................................... 20

35 U.S.C. § 123 .................................................................................. 4, 6, 24

44 U.S.C. § 3512 ....................................................................................... 24

44 U.S.C. § 3502 ....................................................................................... 25

5 C.F.R. § 1320.3 ...................................................................................... 25

37 C.F.R. § 1.29 ........................................................................ 4, 5, 19, 24, 28

37 C.F.R. § 1.42 ........................................................................................ 24

37 C.F.R. § 1.104 ................................................................................. 15, 25

37 C.F.R. § 1.135 ...................................................................................... 21

37 C.F.R. § 1.137 ...................................................................................... 21

37 C.F.R. § 1.181 ...................................................................................... 21

37 C.F.R. § 1.136 ................................................................................. 15, 16

## INTRODUCTION

Plaintiffs' Complaint alleges that the United States Patent and Trademark Office and its Acting Director (collectively, "USPTO") improperly issued a Notice of Payment Deficiency in the prosecution of nonprovisional US Patent Application No. 18/069,288 (the "'288 application") that ultimately led to the abandonment of the '288 application and to this action seeking review under the Administrative Procedures Act (APA). Plaintiffs' Motion goes further, alleging a malicious conspiracy against Plaintiffs by USPTO employees and officials and demanding that the Court substitute its judgment for the USPTO's in designating a special fee status of not only the '288 application but all—current and future—applications naming Plaintiffs as inventors. Mot. for Prelim. Inj. ("Motion"), ECF 2. Plaintiffs are wrong as both a matter of fact and law and the Court should deny Plaintiffs' Motion as failing to establish any of the required elements for injunctive relief.

Plaintiffs' focus on a claimed entitlement to "micro entity" status—which, if established, results in substantially reduced prosecution and maintenance fees. And Plaintiffs allege that the USPTO's requests for additional information to support Plaintiffs' claims were extortionate, irrational and unlawful, and arbitrary and capricious. These claims are unfounded.

While an applicant's certification that it meets certain requirements—such as an inventor's number of prior applications and gross income not exceeding certain thresholds—may be sufficient, the USPTO retains broad authority to request additional information to protect against fraud and abuse and to ensure micro entity discounts are conferred in a manner consistent with Congressional intent. When presented with reasonable inquiries into facial deficiencies in their certifications, Plaintiffs opted neither to address the agency's concerns nor follow stated procedure to extend deadlines. ***At best***, Plaintiffs are in search of a loophole that does not exist. Regardless,

**Appx0164**

it is Plaintiffs' deliberate withholding of information that precipitated the abandonment of Plaintiffs' applications.

As an initial matter, Plaintiffs' standing to maintain either their Motion or Complaint is contradicted by representations made to the USPTO.  In their Motion, Plaintiffs assert irreparable harm to their rights in the '288 and other applications, including deprivation of property and loss of patent term.  *See, e.g.,* ECF 2 at 1–2, 6–7.  And in their Complaint, Plaintiffs allege a harm to Plaintiffs' rights and interests in the ''288 application and any resulting patent.  *See, e.g.,* ECF 1 at 14–15.  But the claim for micro entity status rests on the premise that Plaintiffs have assigned— or are obligated to assign—*all* rights in ten of their applications to former employers, including the '288 application.  ECF 1-1 at 47.  If Plaintiffs are correct that their former employers have been contractually obligated *all* rights in the subject applications, then Plaintiffs have not established they have rights or any concrete potential injury to be vindicated here.

Plaintiffs' claim for relief in their Motion also well-exceeds the scope of the Complaint and the APA.  Rather than an effort to maintain initial conditions pending a full hearing on the merits, Plaintiffs' Motion demands that this Court reverse USPTO determinations across an undefined number of applications, dictate the outcome, and return fees voluntarily and appropriately paid to the USPTO.  None of this relief would result even if Plaintiffs were to succeed on the merits of their Complaint relating to the '288 application and there is no support in the record that any of this relief is warranted—let alone in the form of injunctive relief.

Nor can Plaintiffs succeed on the merits.  Dispositively, Plaintiffs have failed to exhaust all available administrative remedies.  Plaintiffs' failure to challenge the Notice of Abandonment precludes relief either through this Motion or the Complaint.  And while Plaintiffs selectively quote from the prosecution history to portray the USPTO as unreasonable, arbitrary, and capricious, even

the limited record attached to Plaintiffs' Complaint demonstrates no error in process.  The USPTO identified reasonable concerns with respect to Plaintiffs' certification of entitlement to micro entity status and presented two options for the examination to move forward:  (i) substantively respond to the agency's questions and substantiate your claims; or (ii) change the status of your application and pay the appropriate fee.

Plaintiffs' responses were effectively an obfuscation and a failure to engage substantively with the USPTO's questions.  Eventually, and after the deadline for any response had expired, the USPTO issued a notice of abandonment.  No rule or regulation was violated in seeking additional information nor was the resulting abandonment improper.

Nor can Plaintiffs demonstrate irreparable harm that must be prevented while Plaintiffs' claims are adjudicated.  For Plaintiffs' applications that were abandoned prior to filing suit, the *status quo* is that those applications remain abandoned.  No cognizable harm flows from those applications remaining in their current status and Plaintiffs' demands for relief—including the withdrawal of USPTO notices—demonstrate that no claimed harm is irreparable.  To the extent Plaintiffs disagree with those determinations, Plaintiffs may administratively petition that the notices be withdrawn.  For those applications in which Plaintiffs paid additional fees, such alleged overpayment cannot constitute irreparable harm.  And Plaintiffs' claims of undue burden and reputational harm are not only speculative but unrecognized bases for preliminary injunctive relief.

Finally, the balance of equities and the public interest favor the USPTO, as it would unfairly advantage the Plaintiffs to not be held to the requirements for claiming micro entity status.

The Court should deny Plaintiffs' requested preliminary injunction

# BACKGROUND

## I.    Micro Entity Status

Plaintiffs' Motion and Complaint omit critical background and context relating to the establishment and maintenance of micro entity status in presenting their claims.  When applying for, prosecuting, and maintaining an application and resulting patents, applicants and owners are responsible for the payment of fees associated with certain events and milestones.  As the USPTO has recognized, "[s]ome applicants and patent owners can benefit from an 80% reduction on most fees charged by the [USPTO] if they qualify and file the appropriate papers in their application or patent."[1]  This benefit is only "available if you have limited income and have never or have rarely filed a patent application."  *Id.*  The legislative history of the America Invents Act, which defines "micro entity" status (*see* 35 U.S.C. § 123), confirms that "micro entity" status was intended to be conferred on "only truly independent inventors" who have "very little capital, and just a few inventions, as they are starting out."  H.R. Rep. No. 112-98 at 50.

The qualifications for establishing micro entity status are set forth in 37 C.F.R. §1.29 and require four separate criteria be met:[2]

1.  The applicant must qualify as a "small entity," which places certain size restrictions on the applicant and any entity that has an ownership interest in the application, §1.29(a)(1);

2.  Neither the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed patent applications, §1.29(a)(2);

3.  Neither the applicant nor the inventor nor a joint inventor, in the calendar year preceding the calendar year in which the applicable fee is being paid, had a gross

---

[1]    https://www.uspto.gov/patents/laws/micro-entity-status

[2]    Certain aspects of 37 C.F.R. §1.29 are not relevant to Plaintiffs' claims here, including regulations relating to institutions of higher learning and the specifics of calculating gross income, and have been omitted from discussion.

income exceeding three times the median household income for that preceding calendar year, §1.29(a)(3); and

4. Neither the applicant nor the inventor nor a joint inventor has assigned, granted, or conveyed, nor is under an obligation by contract or law to assign, grant, or convey, a license or other ownership interest in the application concerned to an entity that does not meet the requirements of subsection (3), §1.29(a)(4).

The number of previously filed applications that count towards an applicant's or inventor's limit may be impacted by §1.29(b). Specifically, an application does not count for the purposes of §1.29(a) "if the applicant, inventor, or joint inventor has assigned, or is under an obligation by contract or law to assign, all ownership rights in the application as the result of the applicant's, inventor's, or joint inventor's previous employment." *Id.*

To establish micro entity status, an applicant must file a micro entity certification in writing, attesting to compliance with all aspects of §1.29(a). 37 C.F.R. §1.29(e). While the establishment of micro entity status will generally remain in effect until changed, §1.29(g), two important caveats are important to the Court's understanding of the process. *First*, micro entity status is established on an ***application-by-application basis***; an inventor or applicant is not necessarily entitled to micro entity status across multiple applications. *See* §1.29(e) ("Status as a micro entity must be specifically established in each related, continuing and reissue application in which status is appropriate and desired. Status as a micro entity in one application or patent does not affect the status of any other application or patent, regardless of the relationship of the applications or patents…"). *Second*, micro entity status must be re-evaluated—*i.e.*, whether or not the application or patent still qualifies for micro entity status—***each and every time a fee is paid*** to the USPTO in that application or patent. *See* §1.29(g) ("a fee may be paid in the micro entity amount only if status as a micro entity as defined in paragraph (a) or (d) of this section is appropriate on the date the fee is being paid.").

Thus, micro entity status is not a static classification to be conferred on an applicant, but rather something that must be constantly reevaluated—with respect to each application—and can be lost due to circumstances such as a change in gross income of any applicant, inventor, or other person with an ownership interest. And each inventor and non-inventor applicant (*e.g.*, an assignee-applicant) must individually meet the gross income limit. As set forth in §1.29(a)(4), the gross income limit applies to an assignee regardless of whether the assignee is identified as the applicant and applies to each party with an ownership interest in the application including any party to whom an ownership interest obligation is owed.

Of particular note, "[b]ecause the four application limit is a limit on previously filed U.S. nonprovisional applications, reissues applications, and national stage applications, the maximum number of applications in which fees can be paid at the micro entity discount rate can vary from 0 to 5 for any given inventor." *See* Manual of Patent Examination Procedure[3] (MPEP) 509.04(a) at R-07.2022 ("Gross Income Basis for Micro Entity Status"). And, as explained in the MPEP, "[i]n order for [§1.29(b)] to apply, not only must all ownership rights have been assigned, or be under an existing obligation by contract or law to be assigned, the assignment or obligation to assign must have resulted from employment with a previous employer." *Id.* Thus, §1.29(b) requires that the inventor be a "former employee of the previous employer, and that the assignment or obligation to assign was the result of such previous employment as opposed to the applicant's, inventor's, or joint inventor's own enterprise." *Id.*

---

[3]    The MPEP "is published to provide U.S. Patent and Trademark Office (USPTO) patent examiners, inventors, applicants, attorneys, and agents with a reference work on the practices and procedures relative to the prosecution of patent applications and other proceedings before the USPTO." MPEP Foreword (at https://www.uspto.gov/web/offices/pac/mpep/index.html). "The guidance in the [MPEP] does not have the force and effect of law or the force of the rules in Title 37 of the Code of Federal Regulation, and are not meant to bind the public in any way." *Id.*

Finally, the USPTO has a regulatory interest in maintaining the integrity of the micro entity status designation and has broad authority to ensure that micro entity status is not improperly claimed or certified.  Pursuant to §1.29(j), "[a]ny attempt to fraudulently establish status as a micro entity, or pay fees as a micro entity, shall be considered as a fraud practiced or attempted on the Office."  *Id.*  And "[i]mproperly, and with intent to deceive, establishing status as a micro entity, or paying fees as a micro entity, shall be considered as a fraud practiced or attempted on the Office."  *Id.*; *see also* 35 U.S.C. § 123(f) (providing for penalties for entities that are found to have falsely made a certification of micro entity status of "not less than 3 times the amount that the entity failed to pay as a result of the false certification").  Moreover, 37 CFR §1.105(a) permits the USPTO to require the submission, from any inventor, applicant, or assignee, "such information as may be reasonably necessary to properly examine or treat the matter," including interrogatories for factual information known to the applicant.

## II.    Plaintiffs' Applications

Though Plaintiffs' Complaint is limited to the '288 application, an understanding of Plaintiffs' other applications is informative to the present Motion.  To the best of the USPTO's knowledge, Plaintiffs are listed as inventors, either individually or collectively, on 15 applications:

1. Application 10/165,455 ("'455 application"), filed June 7, 2002;

2. Application 15/940,792 ("'792 application"), filed March 29, 2018;

3. Application 16/591,555 ("'555 application"), filed October 2, 2019;

4. Application 17/303,497 ("'497 application"), filed May 31, 2021;

5. Application 17/906,844 ("'844 application"), filed September 20, 2022;

6. Application 18/069,263 ("'263 application"), filed December 21, 2022;

7. Application 18/069,288 ("'288 application"), filed December 21, 2022;

8. Application 18/069,382 ("'382 application"), filed December 21, 2022;

9.  Application 18/069,474 ("'474 application"), filed December 21, 2022;

10. Application 18/069,596 ("'596 application"), filed December 21, 2022;

11. Application 18/069,721 ("'721 application"), filed December 21, 2022;

12. Application 18/069,819 ("'819 application"), filed December 21, 2022;

13. Application 18/069,883 ("'883 application"), filed December 21, 2022;

14. Application 18/611,669 ("'669 application"), filed March 20, 2024;

15. Application 18/920,954 ("'954 application"), filed October 20, 2024.

Because §1.29(a)(2) specifies a limit with respect to *previously* filed applications, the ordering of Plaintiffs' applications is important to understanding their claims. The USPTO treats Plaintiffs' applications as having been filed in the order of their numerical application numbers as shown in the above list. Thus, even though applications 6–13 were all filed on the same date, the '263 application is considered to precede the '288 application, and so forth.

Similarly, §1.29(b) limits exclusion to situations where "the applicant, inventor, or joint inventor has assigned, or is under an obligation by contract or law to assign, all ownership rights in the application as the result of the applicant's, inventor's, or joint inventor's previous employment," thus requiring an understanding of what, if any, assignments or ownership interests are applicable to one or more Plaintiffs' 15 applications. Plaintiffs have claimed that the parent applications to applications 4–5 and 6–13, respectively, are under an obligation to be assigned to alleged prior employers My Dentist, PLLC, and Advantech Consulting, Inc. *See, e.g.*, ECF 1-1 at 47. But Plaintiffs have not put forward any evidence—such as a recorded assignment or other agreement—that would corroborate a claim of an assignment or obligation to assign.

The only assignment of record that Plaintiffs have put before the Court—or that the USPTO is aware of—relates to the '844 application. ECF 1-2 at 7–8. This assignment agreement specifies, however, an assignment not to My Dentist, PLLC, or Advantech Consulting, Inc. but rather to an

individual—Shalaka Nesarikar—who shares the same last name and resides at the same address as all Plaintiffs. *Id.* Simply, there is no corroborating documentation in the record that would support a claim that any of applications 4–13 are under an obligation to be assigned to a former employer, or that the obligation arose as a result of prior employment.[4] And the USPTO does not understand there to be any claim that applications 1–3 were assigned to a former employer.

### A.      Prosecution of the '288 Application

While absent from Plaintiffs' Motion, the USPTO submits that a chronological review of the prosecution of the '288 application would aid the Court's resolution of this matter.[5]

On December 21, 2022, concurrent with the filing of the '288 application, all three Plaintiffs submitted a Certification of Micro Entity Status (Gross Income Basis), affirming that each met the requirements to pay only micro entity fees. ECF 1 at 2.

On April 22, 2024, a Notice of Payment Deficiency was entered, identifying for Plaintiffs that when the '288 application was filed "the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications" and that the USPTO considered this to be *prima facie* evidence that the micro entity status certification was made in error. ECF 1-1 at 3. The Notice of Payment Deficiency identified two paths that Plaintiffs could take in response. *Id. One*, if Plaintiffs agreed that the certification was in error, they could complete an identified form and pay any difference in the fees that would be due under the appropriate classification. *Two*, if Plaintiffs were to assert that "the certification of micro entity status was not made in error,

---

[4]  If Plaintiffs are correct that all rights to applications 4–13 are under an obligation to be assigned to a former employer, ECF 1-1 at 47, it is unclear how and under what theory Plaintiffs have standing to bring this action.

[5]    The Government is not resubmitting exhibits where Plaintiffs have previously attached documents from the USPTO but notes that Plaintiffs have made annotations that are not present in the original documents.

applicant must reply with an explanation and any necessary evidence that is sufficient to rebut the *prima facie* evidence of an erroneous certification." *Id.* at 4. Plaintiffs were cautioned that they were given two months to file a response to the Notice in accordance with the options outlined, else the application would be abandoned. *Id.* And as a result of the fee deficiency status, the application was removed from the examination queue pending resolution of the issue. *Id.*

From April 23 through May 21, 2024, Plaintiffs engaged in email correspondence with USPTO employees with procedural questions about how to respond.[6] For example, on April 23, in response to a request for an interview by Plaintiffs, a USPTO quality assurance specialist re-identified the issue precipitating the Notice of Payment Deficiency—that one or more of the inventors had been named on more than four previously filed applications—and directed Plaintiffs to the section of that Notice explaining the called-for substantive response. *Id.* at 26–28.

After a call on April 26, 2024, the USPTO provided additional detail of what had been identified by the USPTO and what was being requested to corroborate entitlement to micro entity status. *Id.* at 31–32. Plaintiffs were informed—in accordance with §1.29(a)—that the "prior employment exception is narrow" and that, to claim the exception, Plaintiffs would "need to provide evidence that a sufficient number of the previously filed patent applications were obliged to be (or actually) assigned to a ***previous employer*** such that the application filing limit" was not exceeded. *Id.* at 32. Plaintiffs were also informed that the exemption only applies to actual employees, not independent contractors or collaborators. *Id.* And Plaintiffs would need to "provide sufficient explanation and evidence regarding the inventors' employment history" that

---

[6] Plaintiffs' email correspondence was in relation to a Notice of Payment Deficiency entered in the prosecution of the '263 application. *See, e.g.,* ECF 1-1 at 26. At certain points in that correspondence, however, Plaintiffs made reference to Notices of Payment Deficiency entered in connection with other applications, including the '288 application.

**Appx0173**

could include identifying information about the claimed employment and/or evidence of actual assignment or contractual agreements to assign with those former employers. *Id.* Plaintiffs engaged in further communications with the USPTO from April 30 to May 21, 2024, relating to the mechanics of submitting a response to the Notice of Payment Deficiency. *Id.* at 35–39.

On May 23, 2024, Plaintiffs asserted that "the certifications of micro entity status are valid" and that their "arguments in support of [Plaintiffs'] certifications of micro entity status accompany this paper." *Id.* at 40–41. Included as exhibits were a response to a similar Notice of Payment Deficiency entered with respect to the '263 application and the correspondence with USPTO employees described above. *Id.* at 25–39. Plaintiffs' paper in the '263 application prosecution claimed that each of them were "obligated to assign the rights in the provisional parent application No. 63265932 and its child applications as a result of each of the inventors' previous employment in the state of Texas" and identified applications 6–13 as the referenced child applications. *Id.* at 25. Plaintiffs also asserted that "no further arguments are required at this time." *Id.* at 25.

On August 8, 2024, the USPTO responded to Plaintiffs' submission with a detailed rationale for why it appeared that Plaintiffs were not entitled to micro entity status and an explanation of why Plaintiffs' prior response was insufficient, as well as an identification of information that was needed to proceed with a micro entity certification. *Id.* at 6–9. The USPTO first explained that its identification of 12 applications listing Abhijit Nesarikar as an inventor, and 11 applications listing Anika and Ashlesha Nesarikar as inventors, were *prima facie* evidence that the limit of §1.29(a)(2) had been exceeded. *Id.* at 6–7. The USPTO acknowledged Plaintiffs' attempt to invoke the §1.29(b) exemption in connection with the eight applications filed on December 21, 2022. *Id.* But it articulated that the exemption was only available where an inventor "was a former employee of the previous employer, and that the assignment or obligation to assign

was the result of such previous employment" and noted that Plaintiffs' paper "fails to provide an explanation and the necessary evidence to demonstrate its entitlement to this exception." *Id.* at 7.

The USPTO then proceeded to identify several issues unaddressed by Plaintiffs' May 23 paper that—on the record before the USPTO—appeared to preclude micro entity status for the '288 application. *Id.* at 8. Specifically, the USPTO noted that the May 23 paper failed to address applications 1–5 in the list above, which alone would prevent applicants from obtaining micro entity status on the '288 application. *Id.* It also noted that "a review of [applications 6–13] and Office assignment records does not reveal any evidence that the inventors have assigned or are under an obligation to assign all ownership rights in the applications to another entity/party." *Id.* The USPTO explained that merely claiming previous employment "in Texas" was insufficient to identify a previous employer. *Id.* And the USPTO directed Plaintiffs to the requirement that §1.29(b) is only applicable to ***former*** employees—a requirement that appeared to be at odds with Ashlesha Nesarikar's publicly listed employment at Plano Intelligence, Inc. since 2016. *Id.*

Finally, the USPTO reminded Plaintiffs that their time to reply to the Notice of Payment Deficiency was ***not*** extended by their deficient response and that "[u]nless applicant submits a persuasive explanation and the necessary evidence to rebut the *prima facie* evidence of an erroneous certification, or itemizes and pays the payment deficiency" then the application will go abandoned. The USPTO also reiterated the type of documentation that would be acceptable as corroboration for their claim of micro entity status. *Id.* at 9.

On September 9, 2024, Plaintiffs submitted a response accusing the USPTO of material misrepresentations and contending that their prior submission was sufficient to demonstrate entitlement to micro entity status. *Id.* at 46. Plaintiffs also provided limited information that they asserted rebutted the issues identified by the USPTO, alleging that Ashlesha and Anika Nesarikar

**Appx0175**

"have been obligated to assign the rights" in the parents to applications 4–13 "as a result of each of their prior employment with My Dentist, PLLC" and that Abhijit Nesarikar has been obligated to assign the same "as a result of his prior employment with Advantech Consulting, Inc." *Id.* at 47. They additionally claimed that "from before the filing date of the current application through today," none of the inventors have been employed by these companies.[7] *Id.* And Plaintiffs attached an email they sent to the USPTO's Patent Ombudsman in which they claimed that they did not recognize or recall the '455 application and that an assignment had been recorded with respect to the '844 application.[8] *Id.* at 49. Notably, Plaintiffs ***did not*** identify any time period during which they were allegedly employed by the relevant companies, let alone any documentation corroborating either employment or an employment-based assignment.

On <u>October 23, 2024</u>, the USPTO responded, first noting that Plaintiffs' September submission was untimely and failed to include an application for an extension of time to respond or the appropriate fees. *Id.* at 11. The period for Plaintiffs to respond continued to run from April 22, 2024, and could not be extended for more than five months—to November 22, 2024. *Id.* The USPTO included a listing of the applicable fees to be paid if Plaintiffs were to request an extension to November 22, 2024. *Id.* And the USPTO stated explicitly that any response to this communication would require submission of an appropriate extension of time fee. *Id.* at 15.

---

[7]  Plaintiffs did not explain how or why they were prosecuting applications that were allegedly owned by entities they no longer had any relationship with.

[8]  While the USPTO maintains that a *prima facie* burden has been met that the inventor on the '455 application is the Dr. Nesarikar who is a plaintiff here, that Dr. Nesarikar is in possession of sufficient information to respond, and that the record supports counting the '455 application towards his limit, the inclusion or exclusion of the '455 application would not—on its own— impact micro entity status with respect to the '288 application as the '288 application was the seventh application filed by one or more Plaintiffs.

The USPTO also responded that Plaintiffs had failed to demonstrate both the assignment and prior employer component of §1.29(b).  With respect to the assignment component, a review of the Office assignment database revealed no assignment has been recorded for the parents to applications 4–13 and that no assignment has been recorded for any applications 1–4 and 6–13. *Id*. at 13.  For application 5—the '844 application—the USPTO noted that assignment "gives rights to Shalaka A. Nesarikar" not "My Dentist, PLLC and Advantech Consulting, Inc., the [alleged] prior employers of the three joint inventors."  *Id.*  Thus, Plaintiffs' response was "insufficient because applicants have not provided adequate evidence that all ownership rights in a sufficient number of the prior filed applications have been assigned or are under an obligation by contract or law to be assigned to a previous employer."  *Id.* at 14.  The USPTO again identified types of evidence that would support an obligation to assign their applications to a prior employer: "***Applicants must provide evidence of employment-related contractual or legal obligations to assign rights in the previously filed applications to a prior employer.***  A copy of an assignment or a copy of contract showing an obligation to assign would suffice."  *Id.* (emphasis in original).

And the USPTO again reminded Plaintiffs that the assignment or obligation must have been the result of previous employment, as opposed to an inventors' own enterprise.  *Id.*  Specifically, the USPTO identified publicly available information suggesting that Abhijit Nesarikar was not an employee of Advantech Consulting but rather held some ownership interest. *Id.*  After identifying factors to consider when evaluating whether an inventor was an employee, including whether paychecks were received, taxes were withheld, or W2s were received, the USPTO requested the Abhijit Nesarikar "state for the record" whether he was an employee or owner of Advantech Consulting.  *Id.*

On November 19, 2024, Plaintiffs responded with an assertion that no extension or fee was required, that their prior responses should have been considered sufficient to demonstrate micro entity status, and that the Notice of Payment Deficiency and following USPTO communications should be withdrawn. *Id*. at 16–20. And Plaintiffs reiterated their claim that the USPTO had materially misrepresented facts, now with the additional accusation that the USPTO acted arbitrarily and capriciously in requesting additional information. Plaintiffs also contended that the USPTO's "failure" to address certain remarks constituted "concession to Inventors' arguments" and demanded that the USPTO "provide an affidavit or declaration setting forth specific factual statements and explanations to support the personal knowledge in compliance with 37 C.F.R. §1.104(d)(2)."[9] Plaintiffs, however, offered no additional information to support their claims of either employment or employment-based assignment of any relevant applications.

On February 11, 2025, the USPTO issued a Notice of Abandonment. *Id.* at 24. In a March 6, 2025, letter, the USPTO explained that Plaintiffs' "November 19, 2024 reply was not accompanied by an appropriate extension of time under 37 C.F.R. 1.136(a), and the maximum extendable period for timely reply to the April 22, 2024 Notice has expired." *Id.* The USPTO thus considered the reply "untimely filed" and stated that it would not be addressed on the merits.

No further petition was made challenging the Notice of Abandonment or the decision to reject the untimely November 2024 submission.

---

[9]    37 C.F.R. §1.104(d)(2) relates to the citation of prior art references with respect to the examination of claims, requiring that "[w]hen a rejection in an application is based on facts within the personal knowledge of an employee of the Office, the data shall be as specific as possible, and the reference must be supported, when called for by the applicant, by the affidavit of such employee, and such affidavit shall be subject to contradiction or explanation by the affidavits of the applicant and other persons."

B.        Prosecution of the '382, '669, and '555 Applications

In their Motion and Complaint, Plaintiffs reference three additional applications that warrant discussion.

The '382 application was filed on the same day as the '288 application, listing the same inventors and claiming priority to the same provisional application as the '288 application. ECF 2-2. While Plaintiffs claim that a November 19, 2024, "payment met the requirements set by the Director to cure the alleged fee deficiency," Plaintiffs have failed to provide the Court with any substantive portion of the unpublished prosecution history. In particular, Plaintiffs have not disclosed any Notice of Payment Deficiency, any subsequent correspondence between Plaintiffs and the USPTO, or information about the specific fees alleged to have been paid.

With respect to the unpublished '669 application, filed March 20, 2024, Plaintiffs have similarly failed to include sufficient documentation with which the Court could fully evaluate their claims. From the limited information that has been provided, however, the record reflects that Plaintiffs elected to proceed as a small entity with respect to the '669 application in December 2024. ECF 2-3 at 3. And as reflected in a February 6, 2025, communication to Plaintiffs, a January 17, 2025, Notice of Payment Deficiency was sent in error as it failed to account for Plaintiffs' prior change from claiming micro entity status to claiming small entity status. *Id.* at 11.

With respect to the '555 application, filed October 2, 2019, the fee deficient status—as set forth in Plaintiffs' exhibit—relates to Plaintiffs' failure to pay an extension fee. On October 29, 2024, Plaintiffs notified the USPTO that they were no longer claiming micro entity status for the '555 application and submitted additional fees and an accompanying fee worksheet. ECF 2-4. Though a fee was paid on September 20, 2024, under the prior claimed micro entity status, Plaintiffs' fee worksheet and additional fee payment only reflected fees paid through August 2024. *Id.* On December 5, 2024, the USPTO accepted the change from micro entity to small entity status.

On April 10, 2025, the USPTO notified Plaintiffs that their fee deficiency submission was not accepted, because "all the fees that were erroneously paid as a micro entity along with the current fee amount were not provided" and specifically identified the missing extension of time fee. Rather than submit a corrected fee worksheet or pay the additional fee, Plaintiffs petitioned the USPTO on May 8, 2025, alleging that the fee deficiency notification was erroneous. *Id.*

## LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) ("Injunctive relief is an extraordinary and drastic remedy[ ] and should only be granted when the movant has clearly carried the burden of persuasion."). Plaintiffs must "***by a clear showing***" establish that (1) they have a substantial likelihood of success on the merits; (2) they will suffer irreparable harm without an injunction; (3) the balance of equities tips in their favor; and (4) preliminary relief serves the public interest. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Plaintiffs' failure to demonstrate any of the factors is sufficient to deny injunctive relief, *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989), and "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule[,]" *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

This Circuit recognizes a distinction between prohibitory preliminary injunctions and mandatory preliminary injunctions. "[T]he issuance of a prohibitory injunction freezes the *status quo*, and is intended 'to preserve the relative positions of the parties until a trial on the merits can be held.' Preliminary injunctions commonly favor the *status quo* and seek to maintain things in their initial condition so far as possible until after a full hearing permits final relief to be fashioned." *Wenner v. Tex. Lottery Comm'n*, 123 F.3d 321, 326 (5th Cir. 1997) (citations omitted). In contrast, a mandatory preliminary injunction "mandates that defendants take some action inconsistent with

the *status quo* rather than prohibiting them from altering the *status quo*." *Texas v. Ysleta del Sur Pueblo*, EP-17-CV-179-PRM, 2018 U.S. Dist. LEXIS 54042, 2018 WL 1566866, at *9 (W.D. Tex. Mar. 29, 2018). Where a mandatory preliminary injunction is sought, a plaintiff "bears the burden of showing a clear entitlement to the relief under the facts and the law." *Justin Indus., Inc. v. Choctaw Secs., L.P.*, 920 F.2d 262, 268 n.7 (5th Cir. 1990); *accord Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976) ("Mandatory preliminary relief, which goes well beyond simply maintaining the *status quo pendente lite*, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party.").

Regardless of any distinction between the type of injunction sought, "[t]he purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974) (citations omitted); *see also Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.").

## ARGUMENT

### I.    Plaintiffs Have Not Established Standing to Maintain this Action

Whether the plaintiff has Article III standing "is the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Under patent law, "the general rule [is] that rights in an invention belong to the inventor." *Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 563 U.S. 776, 785–86 (2011) (citations omitted). "It is equally well established that an inventor can assign his rights in an invention to a third party." *Id.* at 786. "As a general matter, parties should possess rights before seeking to have them vindicated in court." *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998). While a "concrete and particularized reputational injury" can give a

plaintiff standing to sue to be added as an inventor, *see Shukh v. Seagate Tech., LLC*, 803 F.3d 659, 663 (Fed. Cir. 2015), an inventor—who has assigned away all rights—does not have standing to sue where the harm is financial.  *See Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1327 (Fed. Cir. 2009) ("Just as Larson would lack standing to sue for infringement unless and until he regains title to the patents, so, too, he has no non-contingent interest in the patents on which to support his standing to correct inventorship under § 256.")

Here, Plaintiffs assert harms to the value of prospective patents that would flow to the ultimate owner of the applications—increased fees, loss of patent rights and term, etc.—not to the inventors themselves.  And Plaintiffs' own representations to the USPTO establish that they cannot be the ultimate owner of the applications.  Plaintiffs have represented that they have assigned—or are obligated to assign—***all*** rights in ten of the applications at issue to former employers, including the '288 application.  ECF 1-1 at 47.  Plaintiffs therefore lack the requisite standing to sue.  This is no mere technicality as Plaintiffs' purported entitlement to micro entity status, errors alleged with respect to the Notices of Payment Deficiency, and ultimate abandonment all flow from the claim that Plaintiffs must assign ***all*** their rights to former employers.

Without evidence that Plaintiffs have retained rights in the relevant applications—which would defeat their claims for micro entity status—Plaintiffs have failed to establish whose rights are being vindicated here and, consequently, failed to establish standing. [10]

---

[10]   To be clear, Plaintiffs have put forward no evidence of ***any*** assignment to a former employer. The lone assignment—for the '844 application—assigns rights to an apparent family member who resides at the same address.  ECF 1-2 at 8.

II.    **Plaintiffs Seek a Mandatory Preliminary Injunction That Would Include Relief Beyond the Scope of Plaintiffs' Complaint and the APA**

Though Plaintiffs' request for an injunction fails under any standard, their attempt to alter the *status quo* and obtain the ultimate relief sought in their Complaint should be met with heightened scrutiny. *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976). And where the relief sought exceeds the scope of the Complaint itself or the APA, this Court should reject Plaintiffs' request as inconsistent with the purpose of a preliminary injunction.

Plaintiffs' motion seeks to alter the relationship between the parties. For example, in their second request for relief, Plaintiffs demand a "reversal of papers sent by Defendants arising out of allegations of erroneous micro entity status in Inventors applications, including Notices of Payment Deficiency sent on 04/22/2024." ECF 2 at 8. Even assuming this demand is limited to the prosecution of the '288 Application, it does not "preserve the relative positions of the parties." Rather it would purport to require the USPTO to substantively alter determinations made prior to the filing of this suit and, presumably, the status of the '288 Application itself.[11] And Plaintiffs' fourth request, the "return excess payments made by Inventors arising out of Notices of Payment Deficiency sent on 04/22/2024," again even limited to the '288 Application, is far from maintaining the initial conditions of the parties or freezing the *status quo*. *Id.*

To the extent Plaintiffs' Motion seeks relief in applications other than the '288 application—whether through the reversal of papers, the return of fees, or the declaration that an undefined universe of applications qualify for micro entity status—Plaintiffs would further upend the *status quo* beyond the scope of the present litigation. In their Complaint, Plaintiffs allege error

---

[11]    As discussed *infra*, any relief sought by Plaintiffs requiring the ***reversal*** of the micro entity status determination, or "ratifying Inventors' micro entity status", as opposed to re-opening the process by which one or more of Plaintiffs' applications could be examined, exceeds the bounds of the APA.

in final agency action specific to the '288 application.  And the preceding interactions that are alleged to be improper—beginning with the Notice of Payment Deficiency sent on April 22, 2024—occurred within the prosecution of the '288 Application.  Yet Plaintiffs' motion would have the Court take affirmative actions that alter the prosecution status of other applications.

Critically, even if Plaintiffs were successful in obtaining some relief related to alleged impropriety with respect to the '288 application, no such relief would necessarily extend to other applications.  Pursuant to 37 C.F.R. § 1.29, micro entity status is determined on an application specific basis—it is not an immutable designation.  As "[n]either the applicant nor the inventor nor a joint inventor [can be] named as the inventor or a joint inventor on more than four previously filed patent applications," the relative timing of each application would have to be considered.  It simply does not follow that prevailing in the present litigation with respect to the '288 application would necessarily result in a change in status for any other applications.

Nor does it follow from Plaintiffs' Complaint that micro entity status could be conferred on **any** of their applications, including the '288 application.  Under 5 U.S.C. § 706, a court may **set aside** a USPTO action as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  *Gilead Scis., Inc. v. Lee*, 778 F.3d 1341, 1346 (Fed. Cir. 2015) (quoting 5 U.S.C. § 706(2)(A)).  But "the only agency action that can be compelled under the APA is action legally **required**.  This limitation appears in § 706(1)'s authorization for courts to 'compel agency action **unlawfully** withheld.'"  *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63 (2004).  For example, "when an agency is compelled by law to act within a certain time period, but the manner of its action is left to the agency's discretion, a court can compel the agency to act, but has no power to specify what the action must be."  *Id.* at 65.

III.    **Plaintiffs Cannot Show a Likelihood of Success on the Merits**

A.    **Plaintiffs Do Not Challenge a Final Agency Action**

A plaintiff invoking the APA generally must challenge "final agency action for which there is no other adequate remedy in a court." *Sackett v. EPA*, 566 U.S. 120, 125 (2012) (quoting 5 U.S.C. § 704). "[E]xhaustion of administrative remedies is a jurisdictional prerequisite to filing a civil lawsuit arising from the denial of a patent." *Fleming v. Coward*, 534 F. App'x 947, 950 (Fed. Cir. 2013) (citing *Leighton v. Coe*, 130 F.2d 841, 842, 76 U.S. App. D.C. 212, 1942 Dec. Comm'r Pat. 101 (D.C. Cir. 1942)) (affirming a dismissal under Rule 12(b)(1) for failure to exhaust administrative remedies); *Maririo v. Dickinson*, 56 F. Supp. 2d 74, 75-76 (D.D.C. 1999) (same). And "exhaustion" encompasses the filing a petition to revive an abandoned patent application. *Winfrey v. United States DOC, PTO*, No. 2024-1260, 2024 U.S. App. LEXIS 24311, at *7 (Fed. Cir. 2024) (unpublished) (affirming dismissal for failure to exhaust administrative remedies where plaintiff "failed to present any evidence that she filed a petition with the USPTO to revive her application or challenge its abandonment determination"); *see also .Arrow Int'l v. Spire Biomedical, Inc.*, 443 F. Supp. 2d 182, 185 (D. Mass. 2006) ("[j]udicial review must await the completion of [the] administrative process" to petition to revive an abandoned patent).

If at any time during the examination process a patent applicant fails to timely or properly respond to an Office action, the applicant will be deemed to have abandoned his or her application. *See* 37 C.F.R. § 1.135. An applicant seeking withdrawal of the holding of abandonment must file a petition under must file a petition under 37 C.F.R. § 1.181. And an applicant seeking to revive an abandoned application must file a petition under 37 C.F.R. § 1.137. If the petition decision confirms the original abandonment or refuses to revive the application, that is the USPTO's final agency action that can be challenged in the courts under the APA, 5 U.S.C. §§ 702, 704.

Plaintiffs' Complaint, whether construed as directed to only the '288 application or additional applications that have been noticed as abandoned, fails to demonstrate an exhaustion of all available administrative remedies. While Plaintiffs filed multiple petitions across their applications challenging the USPTO's requests for additional information, there is no claim or indication that Plaintiffs have filed any petition under 37 C.F.R. §1.137 (or 37 C.F.R. §1.181) in any of their applications. Plaintiffs admit and recognize that petitioning for revival of an abandoned application is a remedy available to them. ECF 2 at 2. Yet Plaintiffs have declined to do so because, in their view, it would "represent[] undue uncertainty and expense." *Id.* That is an insufficient basis to invoke this Court's jurisdiction.

And in connection with the '288 and '382 applications specifically, Plaintiffs' dissatisfaction with the USPTO's treatment of filings deemed to be untimely demonstrates that all administrative remedies have not been exhausted. For the '288 application, Plaintiffs claim that the USPTO improperly declined to consider their November 19, 2024, reply, instead noticing the application as abandoned. ECF 1 at 7–8. But Plaintiffs made no attempt to directly petition the notice of abandonment or challenge the determination not to accept the late filing. Similarly, Plaintiffs' Motion makes clear that Plaintiffs have not attempted to revive the '382 application or withdraw the holding of abandonment and that a petition relating to fee deficiencies remains outstanding. ECF 2 at 2–3.

### B.    Plaintiffs Cannot Succeed on a Claim of Arbitrary and Capricious Treatment

Arbitrary and capricious review of agency action is highly deferential. "In reviewing an agency's decision under the arbitrary and capricious standard, there is a presumption that the agency's decision is valid, and the plaintiff has the burden to overcome that presumption by showing that the decision was erroneous." *Tex. Clinical Labs, Inc. v. Sebelius*, 612 F.3d 771, 775 (5th Cir. 2010). Judicial review under this standard is "narrow" and limited to "whether the

**Appx0186**

[agency] examined 'the relevant data' and articulated 'a satisfactory explanation' for [its] decision, 'including a rational connection between the facts found and the choice made.'" *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2569 (2019) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). A court "may not substitute [its] judgment for that of the [agency], but instead must confine [itself] to ensuring that [the agency] remained 'within the bounds of reasoned decisionmaking.'" *Id.* (quoting *Balt. Gas & Elec. Co. v. Nat. Res. Def. Council, Inc.*, 462 U.S. 87, 105 (1983)).

Plaintiffs have not—and cannot—show any likelihood of success on a claim that the USPTO's examination of the '288 application was arbitrary and capricious or otherwise not in accordance with the law. As detailed above, the USPTO identified valid concerns relating to Plaintiffs' claims of micro entity status, including the number of applications that the inventors had filed and the lack of recorded assignment documents. The original Notice of Payment Deficiency, as well as the subsequent responses to Plaintiffs' submissions, identified the information sought, explained why it was being sought, and provided examples of ways in which Plaintiffs could provide that information. ECF 1-1 at 3–4. Contrary to Plaintiffs' claims, no threats were leveraged to force Plaintiffs into choosing between abandonment and withdrawal of their micro entity certification. Plaintiffs were instead given multiple opportunities to provide information supporting their claims and were offered multiple avenues of support, such as the Patent Ombudsman, to assist them with responding. The USPTO also clearly and repeatedly informed Plaintiffs about the limitations on time to reply, the costs associated with seeking any extensions, and the potential result of abandonment if Plaintiffs failed to comply.[12]

---

[12]    Plaintiffs reference an unrelated application—18/120,998—apparently to suggest that the USPTO deviated from its "normal course of business" and "discriminated" against Plaintiffs. ECF 2 at 3–4. But, if anything, the USPTO's treatment of that application demonstrates consistency, propriety, and the lack of any likelihood of success by Plaintiffs here. The USPTO inquired into

Rather than provide the requested information, however, Plaintiffs responded with obfuscation and refusal that merely raised additional concerns.  Plaintiffs refused to provide any documentation supporting their claims of prior employment, and the information they did provide was sufficiently inconsistent with publicly available information as to prompt additional questions relating to whether Plaintiffs' claims were truthful.  And Plaintiffs' submission of a lone assignment agreement—to an apparent family member without any identification of an employment relationship—was both insufficient to support entitlement to micro entity status and failed to alleviate the USPTO's valid concerns.  Simply, Plaintiffs are not likely to succeed on a claim that the USPTO improperly considered or responded to any of Plaintiffs' arguments, let alone their assertion that the Court should simply award the '288 application micro entity status.[13]

Nor are Plaintiffs likely to succeed on the apparent argument that the USPTO has no right or ability to request employment and assignment information for the purposes of determining whether micro entity status was properly claimed.  USPTO regulations state that "[t]he Office will generally not question certification of entitlement to micro entity status that is made in accordance with the requirements of this section."  37 C.F.R. §l.29(h).  But the USPTO need not turn a blind eye to towards facially questionable claims.  The regulation expressly contemplates that certifications may be questioned.  *Id.*  The USPTO is permitted, under 37 CFR §1.105(a), to require

---

entitlement to micro entity status in the '998 application and, when a response was not received within the set time or with an appropriate extension request, noticed the application for abandonment.  ECF 2-5 at 6–6; Ex. A (Notice of Abandonment for failure to respond to an office action).

[13]  Even taking Plaintiffs' assertions as correct that all applicants assigned or are obligated to assign all rights to applications 4–13 to My Dentist, PLLC, and Advantech Consulting, Inc., respectively, these applications would not necessarily qualify for micro entity status.  For example, My Dentist, PLLC, and Advantech Consulting, Inc., would *also* each need to qualify for micro entity status, 37 C.F.R. §1.29(a)(4), and no submission has been made regarding whether each of those entities meets the gross income requirements for micro entity status.  Nor is it clear why Plaintiffs are prosecuting applications they contend they have no rights in.

the submission, from any inventor, applicant, or assignee, "such information as may be reasonably necessary to properly examine or treat the matter," including interrogatories for factual information known to the applicant. And the USPTO has both the right and obligation to investigate "questions concerning ownership or interest in an application" as well as any concerns relating to "[i]mproperly, and with intent to deceive, establishing status as a micro entity." *See, e.g.*, 37 C.F.R. §§ 1.42, 1.29(j); *see also* 35 U.S.C. 123(f) (penalty for false certifications).

Finally, Plaintiffs' claims that the USPTO violated the Paperwork Reduction Act (44 U.S.C. §3512) and 37 C.F.R. § l.104(d)(2) in connection with requesting that information are similarly unavailing. The Paperwork Reduction Act is only a defense and does not provide an affirmative cause of action for alleged violations. *See, e.g., Ass'n of Am. Physicians & Surgs. v. United States HHS*, 224 F. Supp. 2d 1115, 1128–29 (S.D. Tex. 2002) (Plaintiff is barred from making a PRA claim when there is no government administrative or judicial action against them); *Tozzi v. E.P.A.*, 148 F. Supp. 2d 35, 43 (D.D.C. 2001) (no private right under PRA). But more importantly, the Act defines a "collection of information" as when a federal agency obtains, solicits, or requires the disclosure of "facts or opinions" from members of the public through "answers to identical questions posed to, or identical reporting and recordkeeping requirements imposed on, ten or more persons." 44 U.S.C. § 3502(3); *see also* 5 C.F.R. §§ 1320.3(c) (further defining "collection of information"), 1320.3(h) (further defining "information"). And the Act and associated regulations "expressly exclude from coverage individualized communications" like the Notice of Payment Deficiency, which is specific to the '288 application and specifically directed to the named inventors those between the USPTO and a patent applicant. *See Hyatt v. OMB*, 998 F.3d 423, 426 (9th Cir. 2021). Thus, neither the Notice of Payment Deficiency nor any of the subsequent responses fall within the scope of the Act.

Similarly, 37 C.F.R. §1.104(d)(2) is not applicable to Plaintiffs' assertions, as it relates to the citation of prior art references with respect to the examination of claims, requiring that "[w]hen a rejection in an application is based on facts within the personal knowledge of an employee of the Office, the data shall be as specific as possible, and the reference must be supported, when called for by the applicant, by the affidavit of such employee, and such affidavit shall be subject to contradiction or explanation by the affidavits of the applicant and other persons."  The USPTO was not relying on personal knowledge to reject any claim or as a substitute for citing to prior art.

### C.    Plaintiffs Cannot Show Irreparable Harm

Plaintiffs "must show that [they are] likely to suffer irreparable harm, that is, harm for which there is no adequate remedy at law." *Daniels Health Sci., L.L.C. v. Vascular Health Sci., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013) (internal quotation marks omitted).  "Speculative harm" or the mere "possibility of irreparable harm" is not enough.  *Winter*, 555 U.S. at 22; *United States v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001) ("Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant . . . ***A presently existing actual threat must be shown***.") (emphasis in original); *see also Adams v. Cantwell*, Case No. 6:20-cv-11, 2022 WL 453544, at *2 (E.D. Tex. Jan. 10, 2022), *report and recommendation adopted*, Case No. 6:20-cv-11, 2022 WL 446756 (Feb. 12, 2022) (Kernodle, J.) ("To the extent that Plaintiff is expressing fear of future harm, the speculative nature of such claim does not satisfy the heightened burden necessary for the extraordinary relief of a preliminary injunction.").  And "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of [an injunction], are not enough." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 275, 279 (5th Cir. 2012) (citations and internal quotation marks omitted).

Plaintiffs' Motion claims "[i]rreparable loss including: disrupting examinations already underway in other applications, financial harm, reputational harm, and loss of patent rights is

**Appx0190**

imminent." ECF 2 at 1. None of the alleged harms justify injunctive relief, let alone the relief sought by Plaintiffs. And all alleged harms are specifically considered non-irreparable under binding precedent, conceded by Plaintiffs to be capable of remedy, and/or wholly speculative in nature. Plaintiffs' failure to identify irreparable harm is dispositive as to their motion.

Fifth Circuit precedent is clear that injuries to "money, time and energy necessarily expended" are "not enough" when considering whether an alleged harm is irreparable. *Dennis Melancon, Inc.*, 703 F.3d at 279. Thus, any alleged "financial harm," as well as any allegations related to the "time invested by Inventors," is legally insufficient to support a request for a preliminary injunction. And all of Plaintiffs' allegations with respect to fees paid or requested, any financial consequence alleged to have occurred, and any purported burden placed on Plaintiffs in connection with responding to communications from the USPTO must be rejected the Court as failing to constitute irreparable harm.

With respect to the claimed "disrupting examinations already underway in other applications" and "loss of patent rights," Plaintiffs' allegations of irreparable harm similarly fail. Plaintiffs identify three applications in which harm is alleged, but Plaintiffs have failed to show an "existing actual threat," let alone harm connected to the claims set forth in their Complaint or irreparable harm. The '382 and '288 applications, as well as the other six applications filed on December 21, 2022, stand abandoned for failure to adequately respond to a Notice of Payment Deficiency since before the filing of Plaintiffs' Complaint. Even assuming Plaintiffs would ultimately succeed on their claims relating to the '288 application—and that their success would have some impact on the other abandoned applications—Plaintiffs are not irreparably harmed by the current status of those applications. Nor is there any identified threat that the further action in those applications would or could be taken that would harm Plaintiffs. Moreover, Plaintiffs

**Appx0191**

recognize that abandoned applications may be revived and patent terms adjusted under certain circumstances.  ECF 2 at 6.  Thus, even were Plaintiffs able to demonstrate some delay in patent issuance—which is not possible for them to do at this early stage of prosecution and presumes without basis that any of their applications will issue—it would be neither harm nor irreparable.

For the '555 and '669 applications, Plaintiffs have failed to identify any actual or prospective harm.  Rather, the record reflects that neither application is subject to any disruption related to Plaintiffs' claims.  The erroneous notice in the '669 application was quickly corrected and that application—due to a voluntary election of small entity status—cannot be impacted by any determination here.  ECF 2 at 4.  And the fee deficiency in the '555 application is neither related nor impacted by any claim set forth in Plaintiffs' Complaint  ECF 2-5 at 4–6.  There is simply no harm, or threat of harm, that needs to be protected against.

Finally, while reputational injury may, in limited circumstances, be used to support a claim of irreparable harm, *Emerald City Mgmt., L.L.C. v. Kahn*, 624 F. App'x 223, 224 (5th Cir. 2015), the showing of injury must be more than speculative.  *See Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013).  Plaintiffs present no evidence that any reputational harm will—or even could—occur as a result of their applications remaining abandoned for the pendency of the litigation.  Without such evidence, the Plaintiffs' assertions are merely conclusory, speculative, and insufficient to justify the extraordinary remedy they seek.

### D.    Balance of the Equities and the Public Interest

Because Plaintiffs here seek to enjoin the action of a government agency, the third factor in assessing whether injunctive relief is appropriate, the balance of equities, and the fourth factor, the public interest, merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009).  Both factors weigh in favor of denying injunctive relief.  Injunctive relief would prevent the USPTO from complying with its

own regulations regarding examination of patent applications and the determination of micro entity status, unfairly advantaging Plaintiffs over all other applicants.

Plaintiffs' speculative and conclusory invocation of a disproportionate burden and discouragement of development in new technologies is insufficient to justify relief. Far from merely requiring compliance with 37 C.F.R. §1.29, Plaintiffs' requested relief would require the USPTO to ignore and abdicate its responsibilities under §1.29(j) to investigate fraud and improper certification. And awarding micro entity status to applicants who have not demonstrated entitlement would harm the very community Plaintiffs attempt to invoke.

## CONCLUSION

For the foregoing reasons, the court should deny Plaintiffs' preliminary injunction.

June 10, 2025

Respectfully submitted,

JAY R. COMBS
Acting United States Attorney

JAMES GARLAND GILLINGHAM
Assistant United States Attorney

YAAKOV M. ROTH
Acting Assistant Attorney General

SCOTT BOLDEN
Director

s/ *Philip Charles Sternhell*
PHILIP CHARLES STERNHELL (DC Bar)
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C.  20530
Telephone:    (202) 353-0522
Facsimile:    (202) 307-0345
Email:        philip.c.sternhell@usdoj.gov

Of Counsel:

WILLIAM LAMARCA
Special Counsel for Intellectual Property
Litigation
OMAR AMIN
Associate Solicitor
United States Patent and Trademark Office

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 10, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to those persons on the Court's electronic filing system. Additionally, a true and correct copy of this motion will be sent to Plaintiffs as follows:

> <u>*Via Email*</u>
> Ashlesha A. Nesarikar
> asedt0425@icloud.com
>
> <u>*Via Email*</u>
> Anika A. Nesarikar
> anedt0425@icloud.com
>
> <u>*Via Email*</u>
> Abhijit R. Nesarikar
> edt0425@nesarikar.com

> */s/ Philip Charles Sternhell*
> PHILIP CHARLES STERNHELL
> Assistant Director

# Exhibit A

# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/120,998 | 03/13/2023 | Feipeng Liu | | 8984 |

165337        7590        05/21/2025
Genesis Materials Innovations, LLC
24602 Community Center Dr.
Spring, TX 77389

| EXAMINER |
|---|
| PULLIAM, CHRISTYANN R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2178 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 05/21/2025 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| *Notice of Abandonment* | Application No. | Applicant(s) |
|---|---|---|
| | 18/120,998 | Liu et al. |
| | Examiner | Art Unit |
| | Christyann R Pulliam | 2178 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

This application is abandoned in view of:

1. ☑ Applicant's failure to timely file a proper reply to the Office letter mailed on <u>19 April 2024</u>.

   (a) ☐ A reply was received on _____ (with a Certificate of Mailing or Transmission dated _____), which is after the expiration of the period for reply (including a total extension of time of _____ month(s)) which expired on _____.

   (b) ☐ A proposed reply was received on _____, but it does not constitute a proper reply under 37 CFR 1.113 to the final rejection. (A proper reply under 37 CFR 1.113 to a final rejection consists only of:(1) a timely filed amendment which places the application in condition for allowance; (2) a timely filed Notice of Appeal (with appeal fee); or (3) if this is utility or plant application, a timely filed Request for Continued Examination (RCE) in compliance with 37 CFR 1.114. Note that RCEs are not permitted in design applications.)

   (c) ☐ A reply was received on _____ but it does not constitute a proper reply, or a *bona fide* attempt at a proper reply, to the non-final rejection. See 37 CFR 1.85(a) and 1.111. (See explanation in box 8 below).

   (d) ☑ No reply has been received.

2. ☐ Applicant's failure to timely pay the required issue fee and publication fee, if applicable, within the statutory period of three months from the mailing date of the Notice of Allowance (PTOL-85).

   (a) ☐ The issue fee and publication fee, if applicable, was received on _____ (with a Certificate of Mailing or Transmission dated _____), which is after the expiration of the statutory period for payment of the issue fee (and publication fee) set in the Notice of Allowance (PTOL-85).

   (b) ☐ The submitted fee of $ _____ is insufficient. A balance of $ _____ is due.

      The issue fee required by 37CFR 1.18 is $ _____ . The publication fee, if required by 37 CFR 1.18(d), is $ _____ .

   (c) ☐ The issue fee and publication fee, if applicable, has not been received.

3. ☐ Applicant's failure to timely file corrected drawings as required by, and within the three-month period set in, the Notice of Allowability (PTO-37).

   (a) ☐ Proposed corrected drawings were received on _____ (with a Certificate of Mailing or Transmission dated _____), which is after the expiration of the period for reply.

   (b) ☐ No corrected drawings have been received.

4. ☐ The letter of express abandonment which is signed by the attorney or agent of record or other party authorized under 37 CFR 1.33 (b). See 37 CFR 1.138(b).

5. ☐ The letter of express abandonment which is signed by an attorney or agent (acting in a representative capacity under 37 CFR 1.34) upon the filing of a continuing application.

6. ☐ The decision by the Patent Trial and Appeal Board rendered on _____ and because the period for seeking court review of the decision has expired and there are no allowed claims.

7. ☐ The dismissal of the appeal in an application having no allowed claims. (When an appeal is dismissed in an application having no allowed claims the application stands abandoned. See MPEP 1215.04 subsections I-V for an explanation of the reasons why an appeal is dismissed.)

8. ☑ The reason(s) below:

   <u>The responses to the Fee Notice mailed April 19, 2024 were not accepted and the period for reply has expired. See also the Petition decision mailed March 7, 2025.</u>

/CHRISTYANN R PULLIAM/
Quality Assurance Specialist, Art Unit 2100

Petitions to revive under 37 CFR 1.137, or requests to withdraw the holding of abandonment under 37 CFR 1.181, should be promptly filed to minimize any negative effects on patent term.

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| ASHLESHA A. NESARIKAR, | § | |
| ANIKA A. NESARIKAR, | § | |
| ABHIJIT R. NESARIKAR, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-423 |
| | § | |
| THE UNITED STATES PATENT AND | § | |
| TRADEMARK OFFICE and | § | |
| COKE MORGAN STEWART, in her | § | |
| official capacity as the Acting Director of | § | |
| the United States Patent and Trademark | § | |
| Office, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' MOTION TO DISMISS AND SUPPORTING MEMORANDUM

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

BACKGROUND ...................................................................................................................2

    I.    Patent Prosecution Overview ................................................................2

    II.    Plaintiffs' Applications ...........................................................................4

        A.    Prosecution of the '288 Application ................................................4

STATEMENT OF ISSUES ....................................................................................................8

LEGAL STANDARDS ..........................................................................................................9

ARGUMENT .........................................................................................................................10

    I.    Plaintiffs Have Not Established Standing to Maintain this Action ..................10

    II.    Plaintiffs Have Not Exhausted All Administrative Remedies Related to the '288 Application........................................................................................................11

    III.    Plaintiffs Cannot Show Exhaustion of Administrative Remedies With Respect to Any Other Applications.................................................................................................15

CONCLUSION......................................................................................................................16

**Appx0200**

## TABLE OF AUTHORITIES

**Cases**

*Arrow Int'l v. Spire Biomedical,*
   Inc., 443 F. Supp. 2d 182 (D. Mass. 2006) ......................................................... 10

*Enzo APA & Son, Inc. v. Geapag A.G.,*
   134 F.3d 1090 (Fed. Cir. 1998) .......................................................................... 10

*Erickson v. Pardus,*
   551 U.S. 89 (2007) ............................................................................................... 9

*Fleming v. Coward,*
   534 F. App'x 947 (Fed. Cir. 2013) ..................................................... 10, 13, 15

*Home Builders Ass'n of Miss., Inc. v. City of Madison,*
   143 F.3d 1006 (5th Cir. 1998) ............................................................................. 9

*Hyatt v. OMB,*
   998 F.3d 423 (9th Cir. 2021) ............................................................................. 14

*Larson v. Correct Craft, Inc.,*
   569 F.3d 1319 (Fed. Cir. 2009) .................................................................. 11, 12

*McCarthy v. Madigan,*
   503 U.S. 140 (1992) ............................................................................................. 9

*McDaniel v. United States,*
   899 F. Supp. 305 (E.D. Tex. 1995) ..................................................................... 9

*McKart v. United States,*
   395 U.S. 185 (1969) ............................................................................................. 9

*Menchaca v. Chrysler Credit Corp.,*
   613 F.2d 507 (5th Cir. 1980) ............................................................................... 9

*Modica v. Alford,*
   No. 1:10-CV-515, 2011 U.S. Dist. LEXIS 52812 (E.D. Tex. 2011) ..................... 9

*Ramming v. United States,*
   281 F.3d 158 (5th Cir. 2001) ............................................................................... 9

*Shukh v. Seagate Tech., LLC,*
   803 F.3d 659 (Fed. Cir. 2015) ...................................................................... 10-11

*Tozzi v. E.P.A.,*
   148 F. Supp. 2d 35 (D.D.C. 2001) ..................................................................... 14

*Warth v. Seldin,*
   422 U.S. 490 (1975) ........................................................................................... 10

**Appx0201**

*Winfrey v. United States DOC, PTO,*
    No. 2024-1260, 2024 U.S. App. LEXIS 24311 (Fed. Cir. 2024) ......................................... 10

**Statutes**

5 C.F.R. § 1320.3(c) ................................................................................... 14

5 C.F.R. § 1320.3(h) ................................................................................... 14

5 U.S.C. § 702 ........................................................................................... 4, 9

5 U.S.C. § 704 ........................................................................................... 4, 9

35 U.S.C. § 101 ......................................................................................... 3, 6

35 U.S.C. § 141 ............................................................................................. 3

35 U.S.C. § 145 ............................................................................................. 3

37 C.F.R. § 1.51 ............................................................................................ 3

37 C.F.R. § 1.104 .......................................................................................... 3

37 C.F.R. § 1.113 .......................................................................................... 3

37 C.F.R. § 1.135 .......................................................................................... 3

37 C.F.R. § 1.136 ...................................................................................... 7, 12

37 C.F.R. § 1.137 .............................................................. 2, 3, 7, 8, 13, 14

37 C.F.R. § 1.181 .......................................................................................... 3

37 C.F.R. § 1.311 .......................................................................................... 3

37 C.F.R. § 41.31 .......................................................................................... 3

44 U.S.C. § 3502 ......................................................................................... 14

**Rules**

Fed. R. Civ. P. 12 ......................................................................................... 1

Defendants the United States Patent and Trademark Office and its Acting Director (collectively, "USPTO"), respectfully move this Court to dismiss Plaintiffs' April 24, 2025, complaint ("Complaint") pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction. Plaintiffs lack standing to bring their claims and, in any event, have failed to exhaust all administrative remedies before seeking relief from the Court.

## INTRODUCTION

Plaintiffs' Complaint alleges that the USPTO improperly issued a Notice of Payment Deficiency in the prosecution of nonprovisional US Patent Application No. 18/069,288 (the "'288 application") that ultimately led to the abandonment of the '288 application and to this action seeking review under the Administrative Procedure Act (APA). The crux of Plaintiffs' Complaint is a claimed entitlement to "micro entity" status—which, if established, results in substantially reduced prosecution and maintenance fees—and allegations that USPTO arbitrarily, capriciously, and otherwise not in accordance with the law, denied the '288 application micro entity status.

While evaluating an application's entitlement to micro entity status may—at times—be complex, resolution of Plaintiffs' Complaint is not. Plaintiffs' allegations and attachments to the Complaint contradict any assertion of standing. While Plaintiffs claim to be injured by USPTO actions in connection with the prosecution of certain applications, Plaintiffs have simultaneously claimed that all rights in those same applications have been assigned—or are under an obligation to assign—to former employers.

Moreover, the waiver of sovereign immunity under the APA is limited and this Court lacks jurisdiction to review claims where a Plaintiff has failed to exhaust all administrative remedies. Here, Plaintiffs' Complaint and exhibits confirm that additional—and required—administrative

remedies remained available to Plaintiffs in all applications noticed for abandonment by the USPTO. That alone is fatal to Plaintiffs' claims.

To the extent the Court properly limits Plaintiffs' Complaint to the '288 application, the flaw in Plaintiffs' claims is clear.[1] Plaintiffs claim a multitude of alleged final determinations that constitute an exhaustion of administrative remedies—from statements in the initial deficiency notice to responses to Plaintiffs' arguments in support of their claim to micro entity status. But the Notice of Abandonment that issued in the '288 application was for a failure to timely file a proper reply to the USPTO letter mailed on April 22, 2024. ECF 1-1 at 59 ("The responses to the fee notice were not accepted (see petition decision mailed Oct 23, 2024 for details) and the period for reply has expired."). And the USPTO clarified shortly thereafter that it considered Plaintiffs' November 19, 2024, reply to be untimely filed due to a failure to request an appropriate extension. *Id.* at 24. If Plaintiffs wanted to challenge the rejection of their November 2024 reply, or the resulting issuance of the Notice of Abandonment, the Notice itself explains the administrative process that was available: "Petitions to revive under 37 CFR 1.137, or requests to withdraw the holding of abandonment under 37 CFR 1.181, should be promptly filed to minimize any negative effects on patent term." *Id.* at 59. Plaintiffs did neither.

## BACKGROUND

### I.    Patent Prosecution Overview

An inventor seeking to patent an invention must file an application with the USPTO. Once filed, a patent application is examined by a patent examiner to determine whether the application

---

[1]    Plaintiffs also include reference to Notices of Payment Deficiency in connection with their claims for relief but do not identify those other applications or attach any adverse decisions from which they seek relief.

meets various regulatory requirements set out in 37 C.F.R. § 1.51 *et seq*. as well as the statutory requirements for patenting set forth in 35 U.S.C. § 101 *et seq*.  If an application is objected to or rejected for failing to satisfy any of these requirements, the patent examiner will issue an "Office action" informing the applicant of the grounds of objection or rejection and set a time period for the applicant to respond.  *See* 37 C.F.R. § 1.104.  If, after considering the applicant's response, the patent examiner determines that the application is in allowable form, the patent examiner will issue a notice of allowance.  *See* 37 C.F.R. § 1.311.  If the application is not in allowable condition, the patent examiner may issue a final rejection.[2]  *See* 37 C.F.R. § 1.113.

Importantly, if at any time during the examination process a patent applicant fails to timely or properly respond to an Office action, the applicant will be deemed to have abandoned his or her application.  *See* 37 C.F.R. § 1.135.  If the applicant wishes to challenge a finding of abandonment as improper, the applicant must file a petition under 37 C.F.R. § 1.181.  *See also* Manual of Patent Examining Procedure § 711.03(c).[3]  Section 1.181 provides for a two-month time period for filing petitions otherwise the petition "may be dismissed as untimely."  *See* 37 C.F.R. § 1.181(f).

If the applicant wishes to revive an abandoned application, the applicant must file a petition under 37 C.F.R. § 1.137.  If the petition decision confirms the original abandonment or refuses to

---

[2]  Rejections may be appealed to the USPTO's Patent Trial and Appeal Board ("the Board").  *See* 37 C.F.R. § 41.31.  If the Board affirms a final rejection, the Board's decision may then receive judicial review.  *See* 35 U.S.C. § 141 (appellate review), § 145 (district court review).

[3]  The MPEP "is published to provide U.S. Patent and Trademark Office (USPTO) patent examiners, inventors, applicants, attorneys, and agents with a reference work on the practices and procedures relative to the prosecution of patent applications and other proceedings before the USPTO."  MPEP Foreword (at https://www.uspto.gov/web/offices/pac/mpep/index.html).  "The guidance in the [MPEP] does not have the force and effect of law or the force of the rules in Title 37 of the Code of Federal Regulation, and are not meant to bind the public in any way."  *Id.*

revive the application, it is this decision that is the USPTO's final decision and it can be challenged in the courts under the Administrative Procedure Act, 5 U.S.C. §§ 702, 704.

## II.    Plaintiffs' Applications

To the best of the USPTO's knowledge, Plaintiffs are listed as inventors, either individually or collectively, on 15 applications.  Plaintiffs' Complaint, however, is directed only at the '288 application and their Motion for Preliminary Injunction additionally references Plaintiffs' Application 16/591,555 ("'555 application"), Application 18/069,382 ("'382 application"), and Application 18/611,669 ("'669 application").

### A.    Prosecution of the '288 Application

On December 21, 2022, Plaintiffs filed the '288 application with the USPTO.  ECF 1 at 2.[4] On April 22, 2024, a Notice of Payment Deficiency was entered, identifying for Plaintiffs that when the '288 application was filed "the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications" and that the USPTO considered this to be *prima facie* evidence that the micro entity status certification was made in error.  ECF 1-1 at 3.

The Notice of Payment Deficiency identified two paths that Plaintiffs could take in response.  *Id.  One*, if Plaintiffs agreed that the certification was in error, they could complete an identified form and pay any difference in the fees that would be due under the appropriate classification.  *Two*, if Plaintiffs were to assert that "the certification of micro entity status was not made in error, applicant must reply with an explanation and any necessary evidence that is sufficient to rebut the *prima facie* evidence of an erroneous certification."  *Id.* at 4.  Plaintiffs were cautioned that they were given two months to file a response to the Notice in accordance with the

---

[4]    The Government is not resubmitting exhibits where Plaintiffs have previously attached documents from the USPTO but notes that, throughout all exhibits, Plaintiffs have made annotations that are not present in the original documents.

options outlined, else the application would be abandoned. *Id.* And as a result of the fee deficiency status, the application was removed from the examination queue pending resolution of the issue. *Id.*

From April 23 through May 21, 2024, Plaintiffs engaged in email correspondence with USPTO employees in which those employees answered procedural questions raised by Plaintiffs.[5] *Id.* at 26–39. On May 23, 2024, Plaintiffs filed a paper asserting that "the certifications of micro entity status are valid" and that their "arguments in support of [Plaintiffs'] certifications of micro entity status accompany this paper." *Id.* at 40–41.

On August 8, 2024, the USPTO responded to Plaintiffs' submission with a detailed rationale for why it appeared that Plaintiffs were not entitled to micro entity status and an explanation of why Plaintiffs' prior response was insufficient, as well as an identification of information that would need to be provided to proceed with a micro entity certification. *Id.* at 6–9. The USPTO also reminded Plaintiffs that their time to reply to the Notice of Payment Deficiency was ***not*** extended by their deficient response and that "[u]nless applicant submits a persuasive explanation and the necessary evidence to rebut the *prima facie* evidence of an erroneous certification, or itemizes and pays the payment deficiency" then the application will be abandoned. And the USPTO also reiterated the type of documentation that would be acceptable as corroboration for their claim of micro entity status. *Id.* at 9.

---

[5]  Plaintiffs' email correspondence was in relation to a Notice of Deficiency entered in the prosecution of a different but related application. *See, e.g.,* ECF 1-1 at 26. At certain points in that correspondence, however, Plaintiffs made reference to Notices of Payment Deficiency entered in connection with other applications, including the '288 application.

On September 9, 2024, Plaintiffs submitted a response accusing the USPTO of material misrepresentations and contending that their prior submission was sufficient to demonstrate entitlement to micro entity status. *Id.* at 46.

On October 23, 2024, the USPTO responded, first noting that Plaintiffs' September submission was both untimely and failed to include an application for an extension of time or the appropriate fees. *Id.* at 11. As reflected in the response, the period for Plaintiffs to respond continued to run from April 22, 2024, and could not be extended for more than five months—to November 22, 2024. *Id.* The USPTO included a listing of the applicable fees to be paid if Plaintiffs were to request an extension to November 22, 2024. *Id.* And the USPTO stated explicitly that any response to this communication would require submission of an appropriate extension of time fee. *Id.* at 15. The USPTO also responded that Plaintiffs had failed to demonstrate entitlement to micro entity status under §1.29. *Id.* at 13–14

On November 19, 2024, Plaintiffs responded with an assertion that no extension or fee was required, that their prior responses should have been considered sufficient to demonstrate micro entity status, and that the Notice of Payment Deficiency and following USPTO communications should be withdrawn. *Id.* at 16–20. And Plaintiffs reiterated their claim that the USPTO had materially misrepresented facts, now with the additional accusation that the USPTO acted arbitrarily and capriciously in requesting additional information. Plaintiffs also contended that the USPTO's "failure" to address certain remarks constituted "concession to Inventors' arguments" and demanded that the USPTO "provide an affidavit or declaration setting forth specific factual statements and explanations to support the personal knowledge in compliance with 37 CFR §1.104(d)(2)."[6]

---

[6] 37 CFR §1.104(d)(2) relates to the citation of prior art references with respect to the substantive examination of claims, requiring that "[w]hen a rejection in an application is based on facts within

On February 11, 2025, the USPTO issued a Notice of Abandonment. *Id.* at 24. The Notice set forth the process for any challenge: "Petitions to revive under 37 CFR 1.137, or requests to withdraw the holding of abandonment under 37 CFR 1.181, should be promptly filed to minimize any negative effects on patent term." *Id.*

In a March 6, 2025, letter, the USPTO explained that Plaintiffs' "November 19, 2024 reply was not accompanied by an appropriate extension of time under 37 CFR 1.136(a), and the maximum extendable period for timely reply to the April 22, 2024 Notice has expired." *Id.* The USPTO thus considered the reply "untimely filed" and stated that it would not be addressed on the merits.

No further petition was made challenging the Notice of Abandonment or the decision to reject the untimely November 2024 submission.

**B.    Prosecution of the '382, '669, and '555 Applications**

The '382 application was filed on the same day as the '288 application, listing the same inventors and claiming priority to the same provisional application as the '288 application. ECF 2-2. On February 6, 2025, the USPTO issued a notice of abandonment for failure to respond to an office action. *Id.* at 4. Plaintiffs claim that they notified the USPTO that the abandonment was in error and requested a "corrected filing receipt" on February 26, 2025. ECF 2 at 2. Like with the '288 application, there is no indication in the record that Plaintiffs submitted a petition to revive under 37 CFR 1.137 or a request to withdraw the holding of abandonment under 37 CFR 1.181. By Plaintiffs' concession, their February 26, 2025, request remains outstanding.

---

the personal knowledge of an employee of the Office, the data shall be as specific as possible, and the reference must be supported, when called for by the applicant, by the affidavit of such employee, and such affidavit shall be subject to contradiction or explanation by the affidavits of the applicant and other persons.."

With respect to the unpublished '669 application, the record reflects that Plaintiffs elected to proceed as a small entity with respect to the '669 application in December 2024. ECF 2-3 at 3. And as reflected in a February 6, 2025, communication to Plaintiffs, a January 17, 2025, Notice of Deficiency was sent in error as it failed to account for Plaintiffs' prior change from claiming micro entity status to claiming small entity status. *Id.* at 11. Plaintiffs do not allege that any final agency determination has been made nor does the record reflect any such final determination.

And with respect to the '555 application, prosecution similarly remains underway. On October 29, 2024, Plaintiffs notified the USPTO that they were no longer claiming micro entity status for the '555 application and submitted additional fees and an accompanying fee worksheet. ECF 2-4. On December 5, 2024, the USPTO accepted the change from micro entity to small entity status. On April 10, 2025, the USPTO notified Plaintiffs that their fee deficiency submission was not accepted, because "all the fees that were erroneously paid as a micro entity along with the current fee amount were not provided" and specifically identified the missing extension of time fee. Rather than submit a corrected fee worksheet or pay the additional fee, Plaintiffs petitioned the USPTO on May 8, 2025, alleging that the fee deficiency notification was erroneous. *Id.* That petition is still pending awaiting a decision by the agency.

## STATEMENT OF ISSUES

(1)  Do Plaintiffs have standing to bring the present action, having asserted that all rights in the subject application(s) have been assigned, or are under an obligation to be assigned, to a third party? **Answer**: No.

(2)  Have Plaintiffs identified a final agency action and exhausted all administrative remedies, as required by the Administrative Procedures Act? **Answer**: No.

**LEGAL STANDARDS**

Pleadings made by *pro se* litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *See, e.g.*, *Modica v. Alford*, No. 1:10-CV-515, 2011 U.S. Dist. LEXIS 52812, at *11 (E.D. Tex. 2011) (citing *Washington v. Greene*, 675 F. Supp. 2d 26, 36 (D.D.C. 2009)).

A motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure moves the court to dismiss a case for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). In analyzing a motion to dismiss under Rule 12(b)(1), a court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts or evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

The APA affords a right of judicial review of agency action. *See* 5 U.S.C. § 702. In the absence of a statute specifying the prerequisites for judicial review, the APA limits judicial review to final agency action. *Id.* § 704. Courts generally will not review an agency decision unless the plaintiff has exhausted the available administrative remedies. *McKart v. United States*, 395 U.S. 185 (1969). "Exhaustion is required because it serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992).

"[E]xhaustion of administrative remedies is a jurisdictional prerequisite to filing a civil lawsuit arising from the denial of a patent." *Fleming v. Coward*, 534 F. App'x 947, 950 (Fed. Cir. 2013) (citing *Leighton v. Coe*, 130 F.2d 841, 842, 76 U.S. App. D.C. 212, 1942 Dec. Comm'r Pat. 101 (D.C. Cir. 1942)) (affirming a dismissal under Rule 12(b)(1) for failure to exhaust administrative remedies); *Maririo v. Dickinson,* 56 F. Supp. 2d 74, 75–76 (D.D.C. 1999) (same). And "exhaustion" encompasses filing a petition to revive an abandoned patent application. *Winfrey v. United States DOC, PTO*, No. 2024-1260, 2024 U.S. App. LEXIS 24311, at *7 (Fed. Cir. 2024) (unpublished) (affirming dismissal for failure to exhaust administrative remedies where plaintiff "failed to present any evidence that she filed a petition with the USPTO to revive her application or challenge its abandonment determination"); *see also Arrow Int'l v. Spire Biomedical, Inc.*, 443 F. Supp. 2d 182, 185 (D. Mass. 2006) ("[j]udicial review must await the completion of [the] administrative process" to petition to revive an abandoned patent).

## ARGUMENT

### I.    Plaintiffs Have Not Established Standing to Maintain this Action

Whether the plaintiff has Article III standing "is the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Under patent law, "the general rule [is] that rights in an invention belong to the inventor." *Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 563 U.S. 776, 785–86 (2011) (citations omitted). "It is equally well established that an inventor can assign his rights in an invention to a third party." *Id.* at 786. "As a general matter, parties should possess rights before seeking to have them vindicated in court." *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998). While a "concrete and particularized reputational injury" can give a plaintiff standing to sue to be added as an inventor, *see Shukh v. Seagate Tech., LLC*, 803 F.3d

659, 663 (Fed. Cir. 2015), an inventor—who has assigned away all rights—does not have standing to sue where the harm is financial. *See Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1327 (Fed. Cir. 2009) ("Just as Larson would lack standing to sue for infringement unless and until he regains title to the patents, so, too, he has no non-contingent interest in the patents on which to support his standing to correct inventorship under § 256.")

Here, Plaintiffs assert harms to the value of prospective patents that would flow to the ultimate owner of the applications—increased fees, loss of patent rights and term, etc.—not to the inventors themselves. And Plaintiffs' own representations to the USPTO establish that they cannot be the ultimate owner of the applications. Plaintiffs have represented that they have assigned—or are obligated to assign—*all* rights in ten of the applications at issue to former employers, including the '288 application. ECF 1-1 at 47. Plaintiffs therefore lack the requisite standing to sue. This is no mere technicality as Plaintiffs' purported entitlement to micro entity status, errors alleged with respect to the Notices of Payment Deficiency, and ultimate abandonment all flow from the claim that Plaintiffs must assign *all* their rights to former employers.

Without evidence that Plaintiffs have retained rights in the relevant applications—which would defeat their claims for micro entity status—Plaintiffs have failed to establish whose rights are being vindicated here and, consequently, failed to establish standing.[7]

## II.    Plaintiffs Have Not Exhausted All Administrative Remedies Related to the '288 Application

In any event, even assuming Plaintiffs hold any rights to sustain a suit in federal court, Plaintiffs' failure to exhaust all administrative remedies is evident from their Complaint. Plaintiffs

---

[7]    To be clear, Plaintiffs have put forward no evidence of *any* assignment to a former employer. The lone assignment for the '844 application assigns rights to an apparent family member who resides at the same address. ECF 1-2 at 8.

complain that the USPTO did not confer micro entity status on the '288 application and argue that the Notice of Abandonment was improper. ECF 1 at 7–8. But in the Notice of Payment Deficiency and each of the subsequent letters, the USPTO provided Plaintiffs with two options: (i) withdraw their claim of micro entity status and pay the appropriate fee *or* (ii) provide sufficient information to support entitlement to micro entity status. *See, e.g.,* ECF 1-1 at 3–4, 8–9, and 14–15. Each of those communications provided Plaintiffs the opportunity to submit additional information in support of their micro entity certification. *Id.* And each explained the process by which Plaintiffs could make additional argument and present evidence. *Id.* To the extent Plaintiffs contend that either the Notice of Payment Deficiency or the subsequent letters were final agency actions, that is contradicted by the contents of the notices themselves.

Nor can Plaintiffs succeed on a claim that the March 6, 2025, letter or the Notice of Abandonment were final agency actions.[8] In the October 23, 2024, Office action—the last USPTO communication prior to the Notice of Abandonment—the USPTO explained that Plaintiffs prior submissions had not been accepted both substantively and for failure to include an application for an extension or the appropriate fees. *Id.* at 11. And the USPTO stated explicitly that any further response would require submission of an appropriate extension of time fee and that no extension could extend beyond November 22, 2024. *Id*. at 15. While Plaintiffs attempted to respond on November 19, 2024, they unilaterally decided that they need not comply with USPTO procedure and declined to request an extension. *Id.* at 20 ("for at least the foregoing reasons, no extension of time is required."). The March 6, 2025, letter explained Plaintiffs' error and the USPTO's reason for rejecting the submission: "The November 19, 2024 reply was not accompanied by an

---

[8]  *See, e.g.,* ECF 1 at 8 ("Brantley's ruling that '[t]he November 19, 2024 reply has been entered into the application, but will not be addressed on merits'…indicates exhaustion of administrative remedies available to Inventors at the USPTO.").

appropriate extension of time under 37 CFR 1.136(a), and the maximum extendable period for timely reply to the April 22, 2024 Notice has expired.  Therefore, the November 19, 2024 reply was untimely filed."  *Id.* at 24.  The letter further directed Plaintiffs to the Office of Patents Stakeholder Experience, Stakeholder Support Division, Patents Ombudsman.  *Id.*

To the extent Plaintiffs believed that their November 19, 2024, submission was improperly rejected, or that the March 2025 letter explaining that rejection was not in accordance with law, Plaintiffs' appropriate course of action was to administratively petition for review and/or follow the instructions set forth in the letter.  Plaintiffs filed no such petition, however, and therefore failed to exhaust all administrative remedies.  Their refusal to follow procedure, either in declining to pay the appropriate extension fees or opting not to present the alleged error to the USPTO in the first instance precludes jurisdiction under the APA.  *See, e.g.*, *Fleming v. Coward*, 534 F. App'x at 950.

Similarly, if Plaintiffs believed that there was some error or impropriety in connection with the issuance of the Notice of Abandonment, the Notice itself set forth available administrative remedies.  ECF 1-1 at 24 ("Petitions to revive under 37 CFR 1.137, or requests to withdraw the holding of abandonment under 37 CFR 1.181, should be promptly filed to minimize any negative effects on patent term.").  Plaintiffs chose neither, instead filing the present suit.  Plaintiffs claim that, after a discontinuation of examination, "further petition to the Director, represent[s] undue uncertainty and expense."  ECF 2 at 6.  But uncertainty and expense are not valid reasons to avoid exhausting all administrative remedies nor do they invoke this Court's jurisdiction.

**Appx0215**

Plaintiffs also claim that several aspects of the October 23, 2024, letter "indicate exhaustion of administrative remedies."[9]  But again, that Office action explained how Plaintiffs could provide—and invited—further response.  ECF 1-1 at 11–15.  And Plaintiffs in fact attempted to respond—through the November 19, 2024, submission—purporting to address the alleged errors and requesting reconsideration.  *Id.* at 16–20.  That Plaintiffs failed to comply with USPTO procedure, such that their response was not accepted does not transform the October letter into a final determination nor does demonstrate exhaustion of administrative remedies.

Finally, Plaintiffs claim that the Notice of Payment Deficiency "violated The Paperwork Reduction Act, including 44 U.S.C. §3512 - Public protection" for failing "to display a valid OMB control number while requiring a collection of information" and that the "violation of 44 U.S.C. §3512 indicates exhaustion of administrative remedies available at the USPTO for Inventors."[10]  ECF 1 at 6.  Any deficiency in the USPTO's notice would still need to be first addressed via a petition for withdrawal or revival.  But Plaintiffs are incorrect, in any event, that the Act applies to the Notice of Payment Deficiency.  The Act defines a "collection of information" as when a federal agency obtains, solicits, or requires the disclosure of "facts or opinions" from members of the public through "answers 'n to identical questions posed to, or identical reporting and recordkeeping requirements imposed on, ten or more persons."  44 U.S.C. § 3502(3); *see also* 5

---

[9]    *See, e.g.,* ECF 1 at 10 (the USPTO's "failure to provide an affidavit or declaration"); *id.* (reference to the '455 application); *id.* at 11 (reference to the lack of recorded assignments); *id.* at 12 (request for evidence of an employment-based assignment agreement).

[10]   To the extent Plaintiffs are attempting to raise this as a separate claim, they misunderstand the Paperwork Reduction Act and any such attempt must be dismissed for failure to state a claim.  The Paperwork Reduction Act is only a defense and does not provide an affirmative cause of action for alleged violations.  *See, e.g., Ass'n of Am. Physicians & Surgs. v. United States HHS*, 224 F. Supp. 2d 1115, 1128–29 (S.D. Tex. 2002) (Plaintiff is barred from making a PRA claim when there is no government administrative or judicial action against them); *Tozzi v. E.P.A.*, 148 F. Supp. 2d 35, 43 (D.D.C. 2001) (no private right under PRA).

C.F.R. §§ 1320.3(c) (further defining "collection of information"), 1320.3(h) (further defining "information").  And the Act and associated regulations "expressly exclude from coverage individualized communications" like the Notice of Payment Deficiency, which is specific to the '288 application and specifically directed to the named inventors those between the USPTO and a patent applicant.  *See Hyatt v. OMB,* 998 F.3d 423, 426 (9th Cir. 2021).  Thus, neither the Notice of Payment Deficiency nor any of the subsequent responses fall within the scope of the Act.

Simply, there is no reading of Plaintiffs' claims that supports an exhaustion of all available administrative remedies.  Absent a petition to revive the '288 application, there can be no exhaustion.  And Plaintiffs are not entitled to a judicial shortcut.

### III.    Plaintiffs Cannot Show Exhaustion of Administrative Remedies With Respect to Any Other Applications

Despite Plaintiffs' actual claims being limited to actions taken during prosecution of the '288 application, their "Relief Requested" purports to be far broader, seeking sweeping relief across an undefined number of "Inventors' applications."  ECF 15–16.  Such claims for relief are foreclosed, however, for at least the reason that Plaintiffs have failed to show an exhaustion of all administrative remedies.  *See, e.g.*, *Fleming v. Coward*, 534 F. App'x at 950.  Plaintiffs have not alleged that they have petitioned to withdraw any Notice of Abandonment across any application, nor have they alleged that they have petitioned to revive any application.  And even were the Court to consider any part of the prosecution of the '288 application a final agency determination, exhaustion with respect to the '288 application would have no bearing on exhaustion in any other application.[11]

---

[11]    Micro entity status is established on an application-by-application basis; an inventor or applicant is not necessarily entitled to micro entity status across multiple applications.  *See* §1.29(e) ("Status as a micro entity must be specifically established in each related, continuing and reissue application in which status is appropriate and desired.  Status as a micro entity in one

**CONCLUSION**

For the foregoing reasons, the court should dismiss Plaintiffs' claims in their entirety for lack of jurisdiction.

---

application or patent does not affect the status of any other application or patent, regardless of the relationship of the applications or patents…").

**Appx0218**

June 10, 2025

Respectfully submitted,

JAY R. COMBS
Acting United States Attorney

JAMES GARLAND GILLINGHAM
Assistant United States Attorney

YAAKOV M. ROTH
Acting Assistant Attorney General

SCOTT BOLDEN
Director

*s/ Philip Charles Sternhell*
PHILIP CHARLES STERNHELL (DC Bar)
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C.  20530
Telephone:     (202) 353-0522
Facsimile:      (202) 307-0345
Email:          philip.c.sternhell@usdoj.gov

Of Counsel:

WILLIAM LAMARCA
Special Counsel for Intellectual Property
Litigation
OMAR AMIN
Associate Solicitor
United States Patent and Trademark Office

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 10, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to those persons on the Court's electronic filing system.  Additionally, a true and correct copy of this motion will be sent to Plaintiffs as follows:

> ***<u>Via Email</u>***
> Ashlesha A. Nesarikar
> asedt0425@icloud.com
>
> ***<u>Via Email</u>***
> Anika A. Nesarikar
> anedt0425@icloud.com
>
> ***<u>Via Email</u>***
> Abhijit R. Nesarikar
> edt0425@nesarikar.com

> */s/ Philip Charles Sternhell*
> PHILIP CHARLES STERNHELL
> Assistant Director

## <u>CERTIFICATE OF CONFERENCE</u>

The "meet and confer" and "certificate of conference" requirements are not applicable to either this motion to dismiss or *pro se* litigants. Local Rule CV-7(i).  Therefore, no conference was required.

*/s/ Philip Charles Sternhell*
PHILIP CHARLES STERNHELL
Assistant Director

**Appx0221**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

ASHLESHA A. NESARIKAR,      )
ANIKA A. NESARIKAR, and     )
ABHIJIT R. NESARIKAR,       )
                            )
          Plaintiffs,       )
                            )
          -v-               )
                            )        Case No. 4:25-cv-00423-JCB-JDL
THE UNITED STATES PATENT AND )
TRADEMARK OFFICE and        )
COKE MORGAN STEWART, in her )
official capacity as the Acting Director of )
the United States Patent and Trademark )
Office,                     )
                            )
          Defendants.       )

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR A**

**PRELIMINARY INJUNCTION**

1

**Appx0222**

Defendants do not respond to the substance of the Complaint (Doc. 1) and the Motion for Injunction (Doc. 2). Defendants state "Plaintiffs' Motion and Complaint omit critical background and context relating to the establishment and maintenance of micro entity status in presenting their claims" (Doc. 16, pg. 9) allegedly as a basis for educating Inventors (Plaintiffs) and the Court with information that is at best peripheral to the Complaint, the Motion for Injunction, and the accompanying evidence. The Complaint and the Motion for Injunction state violations of law by the USPTO.  Defendants, instead, attempt to supplement the administrative record. Justification after the fact is inadequate to oppose the facts of the record. Altering the existing record is not a substantive response to  statements supported by facts. Inventors add Ex. G, Ex. H, and Ex. I at least to oppose Doc. 16.

Updates: Inventors attended a settlement conference on 05/29/2025, proposed by Defendants. On 06/15/2025, Inventors discovered that Defendants changed, without a notice to Inventors, the status of Application No. 15/940,792 (hereinafter '792) to "Application Involved in Court Proceedings 06/10/2025" (Ex. I, pg. 2) and added a transaction record ("04/24/2025 Appellant's Complaint") with a retroactive date of 04/24/2025 (Ex. I, pg. 3). There is no obligation to assign '792 as a result of Inventors' prior employment. Accordingly, '792 does not come under 35 USC 123(b).

<u>Inventors Believe Inventors Will Prevail on the Merits</u>

Defendants adopt contradictory positions throughout Doc. 16. For example, Defendants challenge Inventors' ownership of " '288 and other applications" (Doc. 16, pg. 7) for standing purposes though they already admitted to having no evidence of an alternate owner. With the exception of Application No.17/906,844 (in which all rights are assigned as a result of prior employment), all applications which Inventors identified as obligated to assign rights in are

2

**Appx0223**

currently owned by Inventors. Inventors' *obligation* to assign in the future does not alter current ownership or Inventors' Article III standing.

Defendants' argument of lack of finality and jurisdiction contradicts 5 U.S.C 704: "Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section **whether or not there has been presented or determined an application** for a declaratory order, **for any form of reconsideration**, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority" [emphasis added]. A petition for revival or reconsideration of abandonment is not required (*Hyatt v. U.S. Pat. & Trademark Off.*, 551 F. Supp. 3d (E.D. Va. 2021)). Even if it were required, it would fail to render the agency action meanwhile "inoperative".

Contrary to the USPTO's argument, violating statute (e.g., 44 USC 3512(a)) exhausts administrative remedies. The USPTO's demand that Inventors petition after abandonment amounts to mandating that *pro se* inventors request that a U.S. agency follow law it has already broken; due and lawful process are not a matter of the Director's discretion—they are rights. Agency actions that are a consummation of the agency's decision-making process, and from which legal consequences flow, are final (*Bennett v. Spear*, 520 U.S. 154 (1997)). Thus, violations of law, the Notice of Payment Deficiency, petition decisions, and abandonment are, separately and together, final. Further, Defendants fail to address the exhaustion of administrative remedies already presented (e.g. # 26, 38, 44, 45, 47, 48, 50, and 51 in the Complaint). As shown in the record and from Defendants' admission (e.g., Doc. 16, pg. 28), these matters and more have been petitioned. Not only is petitioning further not required for finality, Defendants' irrational actions (e.g., Doc. 2, pg. 2-5) regarding '382 indicate petitioning

3

further would result in indefinitely suspended action at the agency and simultaneous argument of lack of finality in court.

Further, Defendants attempt to obscure the finality of agency action by characterizing the Notice of Payment Deficiency and subsequent office communications as either office actions, petition decisions, or responses, depending on which serves their argument at the time. For example, Brantley refused in a petition decision to address the merits of a petition (filed within the 2-month petition time limit) based on an allegedly missing extension of time fee, which is not applicable to petitions (Doc. 1-1, pg. 24). Inventors must not be arbitrarily held to Defendants' cherry-picked procedural requirements (Doc. 1, pg. 8), particularly when Defendants themselves still do not commit to a consistent characterization of their actions. Further, Defendants err in asserting "Plaintiffs admit and recognize that petitioning for revival of an abandoned application is a remedy available to them. ECF 2 at 2" (Doc. 16, pg. 28). "ECF 2 at 2" contains no such admission. The USPTO enforces a 2 month deadline for petitions (Doc. 2, pg. 2), and 11/22/24 was the last possible response date before abandonment (Doc. 1-1, pg. 15). A petition decision was not sent until 03/06/25, well after the notice of abandonment on 02/11/25. At least Defendants' delay and obfuscation and the constraints of 37 CFR 1.137 made post-abandonment petitioning unavailable.

Defendants make *post hoc* arguments about "reasonable inquiries" and investigative responsibility but fail to deny violating Inventors' due process rights in the inquiry. Defendants failed to provide evidence that due process existed to evaluate (II) in the Notice of Payment Deficiency before it was sent. Defendants claim that they "provided examples of ways in which Plaintiffs could provide… information" (Doc. 16, pg. 29). However, the record shows that once Inventors answered one demand for information (Doc. 1-1, pg. 9), Defendants newly demanded

4

additional information with expanded scope (Doc. 1-1, pg. 14). Defendants fail to deny that Brantley required "reply with an explanation and any necessary evidence that is sufficient" (Doc. 1-1, pg. 4) without offering a published and vetted process to determine the sufficiency of evidence on the record. The threat of endless inquiry contributes to the extortionate activities. Further, Defendants falsify the record regarding information that Inventors did provide (Defendants state in Doc. 16, pg. 13: "Plaintiffs have claimed … an obligation to be assigned to alleged prior employers. See, e.g., ECF 1-1 at 47") in an attempt to alter the record (which states in Doc. 1-1 pg. 47: "obligated to assign the rights… as a result of each of their prior employment" and "obligated to assign the rights… as a result of his prior employment").

Defendants argue they are exempt from evidentiary rules. Contrary to Defendants' *post hoc* justification (Doc. 16, pg. 20), 37 CFR 1.104(d)(2) comes broadly under "[c]itation of references" (37 CFR 1.104(d)). Defendants' failure to provide evidence (e.g., regarding alleged application 10165455) is also unlawful (35 USC 132(a) states in part "... Director shall notify the applicant… stating the reasons for such rejection, or objection or requirement, together with such information and references as may be useful…"). Further, Defendants fail to provide evidence for their assertion that Inventors were "inconsistent with publicly available information" (Doc. 16, pg. 30). Allegations of "publicly available information" were traversed in the record (Doc. 1-1, pg. 19-20), and Defendants failed to address the traversals.

Defendants erroneously invoke 37 CFR 1.105, which regulates requests for information pertinent to the merits of patent claims (e.g., "search of the prior art", "identification of what is being improved",  "technical information", etc.); however, even if the regulation were applicable, Defendants themselves are precluded from the *post hoc* justification as they failed to both: identify the regulation as a basis for their actions (MPEP 704.14(a): "The requirement must

5

**Appx0226**

clearly indicate that a requirement under 37 CFR 1.105 is being made") and abide by the regulation themselves (37 CFR 1.105(a)(3)). In any case, the CFR cannot exempt Defendants from statute.

Defendants falsely assert an "interest in maintaining… integrity" (Doc. 16, pg. 12). As custodians of all patent records, Defendants possess records of communications similar to the Notice of Payment Deficiency in '288 with the *same* demands for information sent to more than 10 persons (see a sample in Ex. G; Doc 1-1, pg. 3; and Doc. 2-5, pg. 3). Defendants falsify their actions, stating "the Act and associated regulations "expressly exclude from coverage individualized communications" **like the Notice of Payment Deficiency, which is specific to the '288 application** and specifically directed to the named inventors those between the USPTO and a patent applicant" [emphasis added] (Doc. 16, pg. 31).  The Notices of Payment Deficiency (e.g., Ex. G) are subject to the Paperwork Reduction Act (PRA).

Further, Defendants obfuscate their duty under PRA with peripheral case law citations. Defendants erroneously rely on *Ass'n of Am. Physicians & Surgs.* (S.D. Tex. 2002), in which the plaintiffs were denied invalidation of a noticed and promulgated regulation (which was not yet enforced) as no governmental body had "commenced any administrative or judicial action against them". Defendants assert that a PRA claim requires government administrative action (Doc.16, pg. 31), and Defendants did take administrative action against at least Inventors, beginning with the Notice of Payment Deficiency (Doc.1-1, pg. 3). Further, Defendants misapply *Tozzi v. E.P.A.* (D.D.C. 2001), which hinged on a "statutory bar prohibiting judicial review of OMB's ICR [Information Collection Request] approval decisions"; however, the Notices of Payment Deficiency are an *ad hoc* and unilaterally imposed demand for information, for which

6

Inventors did not find any indication that the USPTO applied for or received OMB ICR approval.

Regarding 18/120,998 (see Doc. 2, pg. 3), Defendants' *post hoc* actions, including abandonment of the application on 05/21/2025 *after* the Complaint and *after* the original deadline for response to Doc. 2, contradict Defendants' self-proclaimed assertion of "consistency, propriety, and the lack of any likelihood of success by Plaintiffs" (Doc. 16 pg. 29). The *post hoc* actions do not cure the violation of Inventors' due process rights or the discrimination based on the violation.

<u>Inventors Face Irreparable Harm</u>

Defendants' extortionate activities prevent Inventors from exercising property rights in patent applications including, e.g., '555, which is in an advanced stage of prosecution. Future expenditure of resources to defend against the extortionate activities would further violate due process rights of Inventors. Only the injunctive relief may grant relief from and prevention of extortionate activities.

There is no obligation to assign '555 and '669 as a result of Inventors' prior employment. Accordingly, '555 and '669 do not come under 35 USC 123(b). Since 2024, Inventors have been confidentially prospecting large industrial conglomerates, nationally and internationally, regarding implementing '555. Defendants' extortionate activities are an imminent threat to these efforts. Defendants trivialize the role of AI inventions and patents in the U.S. national priority. In trivializing Inventors' rights in '555 and the economic and reputational harm to Inventors and their efforts, Defendants undermine U.S. national interests and our country's reputation as an AI leader.

Regarding '382, Defendants err in stating "Plaintiffs have failed to provide the Court with any substantive portion of the unpublished prosecution history" (Doc. 16, pg. 21). Defendants failed to address the previously provided fee history (Doc. 2-2, pg.2), showing Defendants' misappropriation of fees. Further, as custodians of the record, Defendants possess the complete '382 record.

All of Brantley's demands for fees allegedly due, including extension fees, were met in '382 on 11/19/2024 (though misappropriated on 11/20/2024 in the fee history). Defendants concede that the 11/19/2024 petition in '382 is unanswered, that an answer is required, and that '382 was abandoned (Doc.16, pg. 28). Notice of abandonment was sent on 02/06/2025. In good faith, on 02/26/2025, Inventors notified the Director of the misappropriated payment in '382 in a Request for Corrected Filing Receipt. To the best of Inventors' knowledge, the Director's practice is to respond to a request for corrected filing receipt within days, but it has gone unanswered. Meanwhile, Defendants continue to threaten other applications of Inventors to extort a false concession of erroneous micro entity certification. Defendants can use just one such false concession against all applications, and to evade accountability. The USPTO's irrational and extortionate activities, Defendants claim, are the normal course of business (Doc. 16, pg. 29).

18 U.S.C. 1951 defines extortion as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right". Defendants argue that fees were "voluntarily and appropriately paid to the USPTO" (Doc. 16, pg. 7). This does not exculpate Defendants. Due in part to the irrational response in the 10/23/2024 petition decision, and to mitigate any allegation of fee deficiency in '555 and '669, Inventors paid excess fees. However, the extortionate activities continue to taint '555 and '669. Defendants falsely alleged in a petition decision that Inventors made a payment ("fee deficiency

submission") indicative of erroneous micro entity status (MES) in '555 (Doc. 2-4, pg. 4). Defendants, in a *post hoc* justification, falsely allege a "specifically identified … missing extension of time fee" (Doc. 16, pg. 22) in '555. Though the record of '555 is public and the USPTO is its custodian, Defendants elected not to provide evidence of the alleged extension fee. As of 06/12/2025, the fee history (Ex. H, pg. 2) shows no such fee. The same petition decision also states "The Office no longer investigates...applications under 37 CFR 1.56...nothing in this Notice is intended to imply that an investigation was done", without addressing how the alleged missing fee or the alleged erroneous MES certification was determined in the absence of an investigation, and in contradiction to Defendants' *post hoc* claim of a "right and obligation to investigate" MES (Doc. 16, pg. 31).

These unlawful, arbitrary, capricious, and irrational actions are hallmarks of extortion and indicate an escalating trend towards additional future irreparable harm. While Defendants argue current and future harms stated in the Complaint and in the Motion for Injunction do not justify relief in the normal course of business, the injunctive relief is necessary against extortion under 18 U.S.C. 1951.

    The Balance of Equities and Hardship, and the Public Interest, Favor Injunctive Relief

MPEP 704.14 states: "A requirement for information under 37 CFR 1.105 should be narrowly specified and limited in scope. It is a significant burden on both the applicant and the Office since the applicant must collect and submit the required information and the examiner must consider all the information that is submitted". In alleging they acted under 37 CFR 1.105, Defendants concede that the demands are "a significant burden on both the applicant and the Office". Congress intended the PRA to control and reduce such burdens (44 USC 3506). Defendants' lack of process, pattern of expanding scope of information requirements, and

9

insistence that the law is not applicable to them subverts Congress' intent to the detriment of inventors, small businesses, applicants, and the USPTO itself.

Defendants admit that under the APA, a court may set aside an agency action (Doc. 16, pg. 26). The relief requested reflects necessary actions which are inherent in "setting aside" the Notice of Payment Deficiency and which move in the direction of returning to the "status quo" before the USPTO sent the Notice of Payment Deficiency by mitigating several ongoing and future harms arising therefrom. Defendants' idea of "status quo" (Doc. 16 pg. 8) would have Inventors remain subject to allegations of erroneous MES and demands, in the time and manner of Defendants' choosing, for concession, information, and payment (e.g. Doc. 2-4, pg. 4).

Defendants err in reading into the relief that Inventors seek exemption from the MES requirements of 35 U.S.C. 123. Inventors do not seek special treatment. Inventors seek relief from and prevention of arbitrary, capricious, unlawful, or extortionate actions alleging erroneous MES.

The USPTO's assertion (Doc. 16, pg. 11) that no more than 5 applications naming an inventor can qualify for MES contradicts the USPTO's public position already presented to Defendants as shown in the record (Doc.1-1, pg. 25 and 43: "There is no limit on the number of previously-filed patent applications that may be excluded from the "four previously filed application" limit contained in the "gross income" definition for micro entity status on the basis of prior employment") and currently displayed on the USPTO's website[1]. The alleged limit would also deprive an application of MES (despite proper certification) when the application names an inventor who is obligated to assign 5 previously-filed pending patents, each with MES, as a

_____

[1]https://web.archive.org/web/20250615145009/https://www.uspto.gov/patents/laws/america-invents-act-aia/america-invents-act-aia-frequently-asked#type-browse-faqs_2940

result of prior employment, to a small business with income under the MES threshold. In other words, the USPTO considers patent ownership exclusive to the realm of large businesses. The USPTO summarily labels MES status claimed under 35 U.S.C. 123 and the MES certification form—but not under the *ad hoc* and conclusory 5 application limit—as a "loophole". The allegation of a "loophole" is not a substantive response by Defendants to Doc. 1-1 pg. 25 and 43.

Further, the USPTO's objection to assignment "to an individual" and to one "who shares the same last name and resides at the same address" (Doc. 16, pg. 13 and 14) indicates the USPTO's disregard for small business ownership, small business employment, and the operations of small businesses. Congress understands that small businesses and individual inventors lack recourse against an abuse of "broad authority" (Doc. 16 pg. 6 and 12) by the USPTO. Defendants' conclusory assertion of "broad authority to request additional information" in the form of a requirement on an applicant who certified MES (Doc. 16 pg. 6) is false. Instead, Congress required in 35 USC 123(e), regarding additional limits on who may qualify as a micro entity, that "[a]t least 3 months before any limits proposed to be imposed pursuant to this subsection take effect, the Director shall inform the Committee on the Judiciary of the House of Representatives and the Committee on the Judiciary of the Senate of any such proposed limits".

Conclusion

Inventors disagree with Defendants' characterizations of various case laws. As *pro se* plaintiffs, Inventors respectfully request that rather than accept Defendants' characterizations at face value, to the extent that the Court relies on Defendants' citations in determinations, that the Court independently interpret the case law.

11

Doc. 16 largely repeats or supplements the USPTO's errors but fails to substantively respond to the Complaint and the Motion for Injunction. Inventors respectfully request that the Court reject the supplementation and hold Defendants accountable for the failure to substantively respond.

Defendants show bad faith in: stating "the maximum number of applications in which fees can be paid at the micro entity discount rate can vary from 0 to 5 for any given inventor" (Doc. 16, pg. 11), while citing 35 USC 123 without regard to 35 USC 123(e); falsely stating "Plaintiffs' Motion...alleg[es] a malicious conspiracy" (Doc. 16, pg. 6); and stating "individualized communications...like the Notice of Payment Deficiency, which is specific to the '288 application and specifically directed to the named inventors" (Doc. 16, pg. 31) in the face of contrary evidence in '998 (Doc. 2-5, pg. 3 and 4); among others.

Inventors believe that the arguments and evidence filed with the Court are sufficient to grant the motion on the briefs, and Inventors respectfully request that the Court grant the Motion for Injunction without an oral hearing.

**Certificate of Service:** Ashlesha A. Nesarikar is filing this document with the court's CM/ECF system on June 17, 2025.

**Certificate of Generative Artificial Intelligence Usage:** Inventors use generative AI in the ordinary course of work as described in the certification filed on April 29, 2025. Inventors, in good faith, comply with L.R. CV-11(g).

Date: June 17, 2025

Respectfully submitted,

Ashlesha A. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
asedt0425@icloud.com

Anika A. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
anedt0425@icloud.com

Abhijit R. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
edt0425@nesarikar.com

Inventors and Plaintiffs

13

**Appx0234**

# Exhibit G

notice 17901347 1 of 2 ———————————————————————————— 2

notice 17901347 2 of 2 ———————————————————————————— 3

notice 17916058 1 of 2 ———————————————————————————— 5

notice 17916058 2 of 2 ———————————————————————————— 6

notice 17944185 1 of 2 ———————————————————————————— 8

notice 17944185 2 of 2 ———————————————————————————— 9

notice 17945641 1 of 2 ———————————————————————————— 11

notice 17945641 2 of 2 ———————————————————————————— 12

notice 17954710 1 of 2 ———————————————————————————— 14

notice 17954710 2 of 2 ———————————————————————————— 15

notice 17958526 1 of 2 ———————————————————————————— 17

notice 17958526 2 of 2 ———————————————————————————— 18

notice 17961518 1 of 2 ———————————————————————————— 20

notice 17961518 2 of 2 ———————————————————————————— 21

notice 17968501 1 of 2 ———————————————————————————— 23

notice 17968501 2 of 2 ———————————————————————————— 24

notice 17990673 1 of 2 ———————————————————————————— 26

notice 17990673 2 of 2 ———————————————————————————— 27

notice 18071427 1 of 2 ———————————————————————————— 29

notice 18071427 2 of 2 ———————————————————————————— 30

notice 18091551 1 of 2 ———————————————————————————— 32

notice 18091551 2 of 2 ———————————————————————————— 33

notice 18148480 1 of 2 ———————————————————————————— 35

notice 18148480 2 of 2 ———————————————————————————— 36

notice 17803855 1 of 2 ———————————————————————————— 38

notice 17803855 2 of 2 ———————————————————————————— 39

notice 17958323 ———————————————————————————— 41

notice 17803644 ———————————————————————————— 44

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/901,347 | 09/01/2022 | Ryan Milcarek | 22193-0198002 | 9985 |

20985          7590          01/17/2025
FISH & RICHARDSON P.C. (SD)
P.O. BOX 1022
MINNEAPOLIS, MN 55440-1022

| EXAMINER |
|---|
| LI, AIMEE J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2100 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 01/17/2025 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

PATDOCTC@fr.com

PTOL-90A (Rev. 04/07)

**Appx0236**



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

## NOTICE OF PAYMENT DEFICIENCY

This notice is to inform the applicant that the United States Patent and Trademark Office (USPTO) has identified an apparent error in the entity status afforded the above-identified application. Applicant is given **TWO MONTHS** from the date of this Notice within which to respond to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).[1]

Applicant has submitted a certification of micro entity status based upon the gross income basis and paid fees in the above-identified application based upon this certification. In order to qualify for micro entity status under the gross income basis, 37 CFR 1.29(a)(2) requires the applicant to certify "[n]either the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed patent applications, other than applications filed in another country, provisional applications under 35 U.S.C. 111(b), or international applications for which the basic national fee under 35 U.S.C. 41(a) was not paid." As explained in MPEP 509.04(a)(I)(B), an application still counts against this filing limit even if it has been abandoned or patented, and even if it did not claim micro entity status. When this application was filed, the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications. This is *prima facie* evidence that the submitted certification is in error because the filing limit in 37 CFR 1.29(a)(2) was exceeded. Accordingly, the payments made in this application based upon the apparently erroneous micro entity certification are deficient.

Because the deficient payments include one or more of the basic filing fee for utility under 37 CFR 1.16(a), the utility search fee under 37 CFR 1.16(k), and the utility examination fee under 37 CFR 1.16(o), this application is not in condition for examination. In order to avoid abandonment, applicant must respond in one of two ways:

I.    If the certification was erroneous, the applicant must provide an itemization of the total deficiency payment and pay the deficiency owed in accordance with 37 CFR 1.29(k). The "Notification of Loss of Entitlement to Micro Entity Status" form (Form SB/460) may be used to submit the deficiency. This form is available at https://uspto.gov/PatentForms. The current USPTO fee schedule may be viewed at https://www.uspto.gov/learning-and-resources/fees-and-payment/uspto-fee-schedule.

II.   If applicant asserts that the certification of micro entity status was not made in error,

---

[1] All the rules cited in this Notice may be viewed in their entirety at https://www.uspto.gov/web/offices/pac/mpep/consolidated_rules.pdf. For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. See MPEP 708.02(b), sub-section (I)(B)(4).

**Appx0237**

applicant must reply with an explanation and any necessary evidence that is sufficient to rebut the *prima facie* evidence of an erroneous certification. Applicant is reminded that the reply must be made with candor and good faith under 37 CFR 1.56. Pursuant to applicant's duties under 37 CFR 1.4 and 11.18, applicant should have made a reasonable inquiry into the facts before making the certification. It is these particular facts that applicant must provide in order to rebut the *prima facie* case. Simply identifying the previously submitted certification or recertifying would not be sufficient. Applicant is reminded that it is in the best position to perform an inquiry into whether the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications when this application was filed to determine whether an assertion of micro entity status in this application is appropriate.

Applicant is given **TWO MONTHS** from the mailing date of this Notice to file a response as outlined above. Extensions of time are available under the provisions of 37 CFR 1.136(a).[2] The application has been removed from the examiner's docket (if assigned) pending resolution of the issues noted herein, or expiration of the time period set forth. If applicant does not timely respond in accordance with (I) or (II) above, or is unable to make one of these responses because micro entity status was not established in good faith, then the application will be abandoned.

Only a registered practitioner authorized by the applicant or the applicant who is not represented by a practitioner can sign a response or make changes to the application. Note that an applicant who is a juristic entity must be represented by a registered practitioner. See 37 CFR 1.31. While the Office cannot recommend a registered practitioner, the link below provides a searchable list of registered practitioners: https://oedci.uspto.gov/OEDCI/.

Questions about the contents of this notice should be directed to the Office of Patents Stakeholder Experience (OPSE), Stakeholder Support Division (SSD), Patents Ombudsman at 571-272-5555.

John Cottingham
TC Group Director, TC 2100

---

[2] For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

2

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/916,058 | 09/30/2022 | Himamshu Gopalakrishna Khasnis | MY589001US | 7096 |

153743          7590          04/19/2024
Ronald Lambert Haner
921 Saint Clair Avenue
Erie, PA 16505

| EXAMINER |
|---|
| PULLIAM, CHRISTYANN R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2100 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/19/2024 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

## NOTICE OF PAYMENT DEFICIENCY

This notice is to inform the applicant that the United States Patent and Trademark Office (USPTO) has identified an apparent error in the entity status afforded the above-identified application. Applicant is given **TWO MONTHS** from the date of this Notice within which to respond to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).[1]

Applicant has submitted a certification of micro entity status based upon the gross income basis and paid fees in the above-identified application based upon this certification. In order to qualify for micro entity status under the gross income basis, 37 CFR 1.29(a)(2) requires the applicant to certify "[n]either the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed patent applications, other than applications filed in another country, provisional applications under 35 U.S.C. 111(b), or international applications for which the basic national fee under 35 U.S.C. 41(a) was not paid." As explained in MPEP 509.04(a)(I)(B), an application still counts against this filing limit even if it has been abandoned or patented, and even if it did not claim micro entity status. When this application was filed, the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications. This is *prima facie* evidence that the submitted certification is in error because the filing limit in 37 CFR 1.29(a)(2) was exceeded. Accordingly, the payments made in this application based upon the apparently erroneous micro entity certification are deficient.

Because the deficient payments include one or more of the basic filing fee for utility under 37 CFR 1.16(a), the utility search fee under 37 CFR 1.16(k), and the utility examination fee under 37 CFR 1.16(o), this application is not in condition for examination. In order to avoid abandonment, applicant must respond in one of two ways:

I.   If the certification was erroneous, the applicant must provide an itemization of the total deficiency payment and pay the deficiency owed in accordance with 37 CFR 1.29(k). The "Notification of Loss of Entitlement to Micro Entity Status" form (Form SB/460) may be used to submit the deficiency. This form is available at https://uspto.gov/PatentForms. The current USPTO fee schedule may be viewed at https://www.uspto.gov/learning-and-resources/fees-and-payment/uspto-fee-schedule.

II.  If applicant asserts that the certification of micro entity status was not made in error,

---

[1] All the rules cited in this Notice may be viewed in their entirety at https://www.uspto.gov/web/offices/pac/mpep/consolidated_rules.pdf. For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

**Appx0240**

applicant must reply with an explanation and any necessary evidence that is sufficient to rebut the *prima facie* evidence of an erroneous certification. Applicant is reminded that the reply must be made with candor and good faith under 37 CFR 1.56. Pursuant to applicant's duties under 37 CFR 1.4 and 11.18, applicant should have made a reasonable inquiry into the facts before making the certification. It is these particular facts that applicant must provide in order to rebut the *prima facie* case. Simply identifying the previously submitted certification or recertifying would not be sufficient. Applicant is reminded that it is in the best position to perform an inquiry into whether the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications when this application was filed to determine whether an assertion of micro entity status in this application is appropriate.

Applicant is given **TWO MONTHS** from the mailing date of this Notice to file a response as outlined above. Extensions of time are available under the provisions of 37 CFR 1.136(a).[2] The application has been removed from the examiner's docket (if assigned) pending resolution of the issues noted herein, or expiration of the time period set forth. If applicant does not timely respond in accordance with (I) or (II) above, or is unable to make one of these responses because micro entity status was not established in good faith, then the application will be abandoned.

Only a registered practitioner authorized by the applicant or the applicant who is not represented by a practitioner can sign a response or make changes to the application. Note that an applicant who is a juristic entity must be represented by a registered practitioner. See 37 CFR 1.31. While the Office cannot recommend a registered practitioner, the link below provides a searchable list of registered practitioners: https://oedci.uspto.gov/OEDCI/.

Questions about the contents of this notice should be directed to the Office of Patents Stakeholder Experience (OPSE), Stakeholder Support Division (SSD), Patents Ombudsman at 571-272-5555.

John Cottingham
TC Group Director, TC 2100

---

[2] For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

2

# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/944,185 | 09/14/2022 | Vassilios Vamvas | | 4451 |

| 7590 | 04/19/2024 |
|---|---|

Vassilios Vamvas
7 Davis Road
Bedford, MA 01730

| EXAMINER |
|---|
| PULLIAM, CHRISTYANN R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2100 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/19/2024 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

**Appx0242**



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

## NOTICE OF PAYMENT DEFICIENCY

This notice is to inform the applicant that the United States Patent and Trademark Office (USPTO) has identified an apparent error in the entity status afforded the above-identified application. Applicant is given **TWO MONTHS** from the date of this Notice within which to respond to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).[1]

Applicant has submitted a certification of micro entity status based upon the gross income basis and paid fees in the above-identified application based upon this certification. In order to qualify for micro entity status under the gross income basis, 37 CFR 1.29(a)(2) requires the applicant to certify "[n]either the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed patent applications, other than applications filed in another country, provisional applications under 35 U.S.C. 111(b), or international applications for which the basic national fee under 35 U.S.C. 41(a) was not paid." As explained in MPEP 509.04(a)(I)(B), an application still counts against this filing limit even if it has been abandoned or patented, and even if it did not claim micro entity status. When this application was filed, the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications. This is *prima facie* evidence that the submitted certification is in error because the filing limit in 37 CFR 1.29(a)(2) was exceeded. Accordingly, the payments made in this application based upon the apparently erroneous micro entity certification are deficient.

Because the deficient payments include one or more of the basic filing fee for utility under 37 CFR 1.16(a), the utility search fee under 37 CFR 1.16(k), and the utility examination fee under 37 CFR 1.16(o), this application is not in condition for examination. In order to avoid abandonment, applicant must respond in one of two ways:

I.    If the certification was erroneous, the applicant must provide an itemization of the total deficiency payment and pay the deficiency owed in accordance with 37 CFR 1.29(k). The "Notification of Loss of Entitlement to Micro Entity Status" form (Form SB/460) may be used to submit the deficiency. This form is available at https://uspto.gov/PatentForms. The current USPTO fee schedule may be viewed at https://www.uspto.gov/learning-and-resources/fees-and-payment/uspto-fee-schedule.

II.   If applicant asserts that the certification of micro entity status was not made in error,

---

[1] All the rules cited in this Notice may be viewed in their entirety at https://www.uspto.gov/web/offices/pac/mpep/consolidated_rules.pdf. For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. See MPEP 708.02(b), sub-section (I)(B)(4).

**Appx0243**

applicant must reply with an explanation and any necessary evidence that is sufficient to rebut the *prima facie* evidence of an erroneous certification. Applicant is reminded that the reply must be made with candor and good faith under 37 CFR 1.56. Pursuant to applicant's duties under 37 CFR 1.4 and 11.18, applicant should have made a reasonable inquiry into the facts before making the certification. It is these particular facts that applicant must provide in order to rebut the *prima facie* case. Simply identifying the previously submitted certification or recertifying would not be sufficient. Applicant is reminded that it is in the best position to perform an inquiry into whether the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications when this application was filed to determine whether an assertion of micro entity status in this application is appropriate.

Applicant is given **TWO MONTHS** from the mailing date of this Notice to file a response as outlined above. Extensions of time are available under the provisions of 37 CFR 1.136(a).[2] The application has been removed from the examiner's docket (if assigned) pending resolution of the issues noted herein, or expiration of the time period set forth. If applicant does not timely respond in accordance with (I) or (II) above, or is unable to make one of these responses because micro entity status was not established in good faith, then the application will be abandoned.

Only a registered practitioner authorized by the applicant or the applicant who is not represented by a practitioner can sign a response or make changes to the application. Note that an applicant who is a juristic entity must be represented by a registered practitioner. See 37 CFR 1.31. While the Office cannot recommend a registered practitioner, the link below provides a searchable list of registered practitioners: https://oedci.uspto.gov/OEDCI/.

Questions about the contents of this notice should be directed to the Office of Patents Stakeholder Experience (OPSE), Stakeholder Support Division (SSD), Patents Ombudsman at 571-272-5555.

John Cottingham
TC Group Director, TC 2100

---

[2] For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

2

**Appx0244**

# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/945,641 | 09/15/2022 | Bushra Zaman | DEEP001US0 | 6407 |

7590    04/19/2024
Bushra Zaman , 77 King Street West, Suite 3000,
Toronto, ONTARIO M5K 1G8
CANADA

| EXAMINER |
|---|
| PULLIAM, CHRISTYANN R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2100 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/19/2024 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

**Appx0245**



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

## NOTICE OF PAYMENT DEFICIENCY

This notice is to inform the applicant that the United States Patent and Trademark Office (USPTO) has identified an apparent error in the entity status afforded the above-identified application. Applicant is given **TWO MONTHS** from the date of this Notice within which to respond to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).[1]

Applicant has submitted a certification of micro entity status based upon the gross income basis and paid fees in the above-identified application based upon this certification. In order to qualify for micro entity status under the gross income basis, 37 CFR 1.29(a)(2) requires the applicant to certify "[n]either the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed patent applications, other than applications filed in another country, provisional applications under 35 U.S.C. 111(b), or international applications for which the basic national fee under 35 U.S.C. 41(a) was not paid." As explained in MPEP 509.04(a)(I)(B), an application still counts against this filing limit even if it has been abandoned or patented, and even if it did not claim micro entity status. When this application was filed, the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications. This is *prima facie* evidence that the submitted certification is in error because the filing limit in 37 CFR 1.29(a)(2) was exceeded. Accordingly, the payments made in this application based upon the apparently erroneous micro entity certification are deficient.

Because the deficient payments include one or more of the basic filing fee for utility under 37 CFR 1.16(a), the utility search fee under 37 CFR 1.16(k), and the utility examination fee under 37 CFR 1.16(o), this application is not in condition for examination. In order to avoid abandonment, applicant must respond in one of two ways:

I.    If the certification was erroneous, the applicant must provide an itemization of the total deficiency payment and pay the deficiency owed in accordance with 37 CFR 1.29(k). The "Notification of Loss of Entitlement to Micro Entity Status" form (Form SB/460) may be used to submit the deficiency. This form is available at https://uspto.gov/PatentForms. The current USPTO fee schedule may be viewed at https://www.uspto.gov/learning-and-resources/fees-and-payment/uspto-fee-schedule.

II.   If applicant asserts that the certification of micro entity status was not made in error,

---

[1] All the rules cited in this Notice may be viewed in their entirety at https://www.uspto.gov/web/offices/pac/mpep/consolidated_rules.pdf. For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

applicant must reply with an explanation and any necessary evidence that is sufficient to rebut the *prima facie* evidence of an erroneous certification. Applicant is reminded that the reply must be made with candor and good faith under 37 CFR 1.56. Pursuant to applicant's duties under 37 CFR 1.4 and 11.18, applicant should have made a reasonable inquiry into the facts before making the certification. It is these particular facts that applicant must provide in order to rebut the *prima facie* case. Simply identifying the previously submitted certification or recertifying would not be sufficient. Applicant is reminded that it is in the best position to perform an inquiry into whether the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications when this application was filed to determine whether an assertion of micro entity status in this application is appropriate.

Applicant is given **TWO MONTHS** from the mailing date of this Notice to file a response as outlined above. Extensions of time are available under the provisions of 37 CFR 1.136(a).[2] The application has been removed from the examiner's docket (if assigned) pending resolution of the issues noted herein, or expiration of the time period set forth. If applicant does not timely respond in accordance with (I) or (II) above, or is unable to make one of these responses because micro entity status was not established in good faith, then the application will be abandoned.

Only a registered practitioner authorized by the applicant or the applicant who is not represented by a practitioner can sign a response or make changes to the application. Note that an applicant who is a juristic entity must be represented by a registered practitioner. See 37 CFR 1.31. While the Office cannot recommend a registered practitioner, the link below provides a searchable list of registered practitioners: https://oedci.uspto.gov/OEDCI/.

Questions about the contents of this notice should be directed to the Office of Patents Stakeholder Experience (OPSE), Stakeholder Support Division (SSD), Patents Ombudsman at 571-272-5555.

John Cottingham
TC Group Director, TC 2100

---

[2] For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

2

# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/954,710 | 09/28/2022 | Liza Ibanez | WDS-15840 | 5529 |

63936          7590          04/19/2024
WILSON DANIEL SWAYZE, JR.
3804 CLEARWATER CT.
PLANO, TX 75025

| EXAMINER |
|---|
| PULLIAM, CHRISTYANN R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2100 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/19/2024 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

**Appx0248**



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

## NOTICE OF PAYMENT DEFICIENCY

This notice is to inform the applicant that the United States Patent and Trademark Office (USPTO) has identified an apparent error in the entity status afforded the above-identified application. Applicant is given **TWO MONTHS** from the date of this Notice within which to respond to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).[1]

Applicant has submitted a certification of micro entity status based upon the gross income basis and paid fees in the above-identified application based upon this certification. In order to qualify for micro entity status under the gross income basis, 37 CFR 1.29(a)(2) requires the applicant to certify "[n]either the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed patent applications, other than applications filed in another country, provisional applications under 35 U.S.C. 111(b), or international applications for which the basic national fee under 35 U.S.C. 41(a) was not paid." As explained in MPEP 509.04(a)(I)(B), an application still counts against this filing limit even if it has been abandoned or patented, and even if it did not claim micro entity status. When this application was filed, the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications. This is *prima facie* evidence that the submitted certification is in error because the filing limit in 37 CFR 1.29(a)(2) was exceeded. Accordingly, the payments made in this application based upon the apparently erroneous micro entity certification are deficient.

Because the deficient payments include one or more of the basic filing fee for utility under 37 CFR 1.16(a), the utility search fee under 37 CFR 1.16(k), and the utility examination fee under 37 CFR 1.16(o), this application is not in condition for examination. In order to avoid abandonment, applicant must respond in one of two ways:

I.    If the certification was erroneous, the applicant must provide an itemization of the total deficiency payment and pay the deficiency owed in accordance with 37 CFR 1.29(k). The "Notification of Loss of Entitlement to Micro Entity Status" form (Form SB/460) may be used to submit the deficiency. This form is available at https://uspto.gov/PatentForms. The current USPTO fee schedule may be viewed at https://www.uspto.gov/learning-and-resources/fees-and-payment/uspto-fee-schedule.

II.   If applicant asserts that the certification of micro entity status was not made in error,

---

[1] All the rules cited in this Notice may be viewed in their entirety at https://www.uspto.gov/web/offices/pac/mpep/consolidated_rules.pdf. For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

**Appx0249**

applicant must reply with an explanation and any necessary evidence that is sufficient to rebut the *prima facie* evidence of an erroneous certification. Applicant is reminded that the reply must be made with candor and good faith under 37 CFR 1.56. Pursuant to applicant's duties under 37 CFR 1.4 and 11.18, applicant should have made a reasonable inquiry into the facts before making the certification. It is these particular facts that applicant must provide in order to rebut the *prima facie* case. Simply identifying the previously submitted certification or recertifying would not be sufficient. Applicant is reminded that it is in the best position to perform an inquiry into whether the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications when this application was filed to determine whether an assertion of micro entity status in this application is appropriate.

Applicant is given **TWO MONTHS** from the mailing date of this Notice to file a response as outlined above. Extensions of time are available under the provisions of 37 CFR 1.136(a).[2] The application has been removed from the examiner's docket (if assigned) pending resolution of the issues noted herein, or expiration of the time period set forth. If applicant does not timely respond in accordance with (I) or (II) above, or is unable to make one of these responses because micro entity status was not established in good faith, then the application will be abandoned.

Only a registered practitioner authorized by the applicant or the applicant who is not represented by a practitioner can sign a response or make changes to the application. Note that an applicant who is a juristic entity must be represented by a registered practitioner. See 37 CFR 1.31. While the Office cannot recommend a registered practitioner, the link below provides a searchable list of registered practitioners: https://oedci.uspto.gov/OEDCI/.

Questions about the contents of this notice should be directed to the Office of Patents Stakeholder Experience (OPSE), Stakeholder Support Division (SSD), Patents Ombudsman at 571-272-5555.

John Cottingham
TC Group Director, TC 2100

---

[2] For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

2

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/958,526 | 10/03/2022 | Chukwuemeka Anderson Obi | | 8711 |

7590          04/19/2024

Chukwuemeka Anderson Obi
3530 Verdier Blvd, Unit 321
Charleston, SC 29414

| EXAMINER |
|---|
| PULLIAM, CHRISTYANN R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2100 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/19/2024 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

**Appx0251**



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

## NOTICE OF PAYMENT DEFICIENCY

This notice is to inform the applicant that the United States Patent and Trademark Office (USPTO) has identified an apparent error in the entity status afforded the above-identified application. Applicant is given **TWO MONTHS** from the date of this Notice within which to respond to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).[1]

Applicant has submitted a certification of micro entity status based upon the gross income basis and paid fees in the above-identified application based upon this certification. In order to qualify for micro entity status under the gross income basis, 37 CFR 1.29(a)(2) requires the applicant to certify "[n]either the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed patent applications, other than applications filed in another country, provisional applications under 35 U.S.C. 111(b), or international applications for which the basic national fee under 35 U.S.C. 41(a) was not paid." As explained in MPEP 509.04(a)(I)(B), an application still counts against this filing limit even if it has been abandoned or patented, and even if it did not claim micro entity status. When this application was filed, the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications. This is *prima facie* evidence that the submitted certification is in error because the filing limit in 37 CFR 1.29(a)(2) was exceeded. Accordingly, the payments made in this application based upon the apparently erroneous micro entity certification are deficient.

Because the deficient payments include one or more of the basic filing fee for utility under 37 CFR 1.16(a), the utility search fee under 37 CFR 1.16(k), and the utility examination fee under 37 CFR 1.16(o), this application is not in condition for examination. In order to avoid abandonment, applicant must respond in one of two ways:

I.   If the certification was erroneous, the applicant must provide an itemization of the total deficiency payment and pay the deficiency owed in accordance with 37 CFR 1.29(k). The "Notification of Loss of Entitlement to Micro Entity Status" form (Form SB/460) may be used to submit the deficiency. This form is available at https://uspto.gov/PatentForms. The current USPTO fee schedule may be viewed at https://www.uspto.gov/learning-and-resources/fees-and-payment/uspto-fee-schedule.

II.  If applicant asserts that the certification of micro entity status was not made in error,

---

[1] All the rules cited in this Notice may be viewed in their entirety at https://www.uspto.gov/web/offices/pac/mpep/consolidated_rules.pdf. For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

**Appx0252**

applicant must reply with an explanation and any necessary evidence that is sufficient to rebut the *prima facie* evidence of an erroneous certification. Applicant is reminded that the reply must be made with candor and good faith under 37 CFR 1.56. Pursuant to applicant's duties under 37 CFR 1.4 and 11.18, applicant should have made a reasonable inquiry into the facts before making the certification. It is these particular facts that applicant must provide in order to rebut the *prima facie* case. Simply identifying the previously submitted certification or recertifying would not be sufficient. Applicant is reminded that it is in the best position to perform an inquiry into whether the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications when this application was filed to determine whether an assertion of micro entity status in this application is appropriate.

Applicant is given **TWO MONTHS** from the mailing date of this Notice to file a response as outlined above. Extensions of time are available under the provisions of 37 CFR 1.136(a).[2] The application has been removed from the examiner's docket (if assigned) pending resolution of the issues noted herein, or expiration of the time period set forth. If applicant does not timely respond in accordance with (I) or (II) above, or is unable to make one of these responses because micro entity status was not established in good faith, then the application will be abandoned.

Only a registered practitioner authorized by the applicant or the applicant who is not represented by a practitioner can sign a response or make changes to the application. Note that an applicant who is a juristic entity must be represented by a registered practitioner. See 37 CFR 1.31. While the Office cannot recommend a registered practitioner, the link below provides a searchable list of registered practitioners: https://oedci.uspto.gov/OEDCI/.

Questions about the contents of this notice should be directed to the Office of Patents Stakeholder Experience (OPSE), Stakeholder Support Division (SSD), Patents Ombudsman at 571-272-5555.

John Cottingham
TC Group Director, TC 2100

---

[2] For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

2

# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/961,518 | 10/06/2022 | Markus Johannes Lenger | | 2805 |

76557          7590          04/22/2024
MARKUS LENGER
34605 Via Catalina
Capistrano Beach, CA 92624

| EXAMINER |
|---|
| PULLIAM, CHRISTYANN R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2100 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 04/22/2024 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

markus@bioremediation.net
markuslenger@cleanblu.com
markuslenger@me.com

PTOL-90A (Rev. 04/07)

**Appx0254**



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

## NOTICE OF PAYMENT DEFICIENCY

This notice is to inform the applicant that the United States Patent and Trademark Office (USPTO) has identified an apparent error in the entity status afforded the above-identified application. Applicant is given **TWO MONTHS** from the date of this Notice within which to respond to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).[1]

Applicant has submitted a certification of micro entity status based upon the gross income basis and paid fees in the above-identified application based upon this certification. In order to qualify for micro entity status under the gross income basis, 37 CFR 1.29(a)(2) requires the applicant to certify "[n]either the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed patent applications, other than applications filed in another country, provisional applications under 35 U.S.C. 111(b), or international applications for which the basic national fee under 35 U.S.C. 41(a) was not paid." As explained in MPEP 509.04(a)(I)(B), an application still counts against this filing limit even if it has been abandoned or patented, and even if it did not claim micro entity status. When this application was filed, the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications. This is *prima facie* evidence that the submitted certification is in error because the filing limit in 37 CFR 1.29(a)(2) was exceeded. Accordingly, the payments made in this application based upon the apparently erroneous micro entity certification are deficient.

Because the deficient payments include one or more of the basic filing fee for utility under 37 CFR 1.16(a), the utility search fee under 37 CFR 1.16(k), and the utility examination fee under 37 CFR 1.16(o), this application is not in condition for examination. In order to avoid abandonment, applicant must respond in one of two ways:

I.  If the certification was erroneous, the applicant must provide an itemization of the total deficiency payment and pay the deficiency owed in accordance with 37 CFR 1.29(k). The "Notification of Loss of Entitlement to Micro Entity Status" form (Form SB/460) may be used to submit the deficiency. This form is available at https://uspto.gov/PatentForms. The current USPTO fee schedule may be viewed at https://www.uspto.gov/learning-and-resources/fees-and-payment/uspto-fee-schedule.

II. If applicant asserts that the certification of micro entity status was not made in error,

---

[1] All the rules cited in this Notice may be viewed in their entirety at https://www.uspto.gov/web/offices/pac/mpep/consolidated_rules.pdf. For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

applicant must reply with an explanation and any necessary evidence that is sufficient to rebut the *prima facie* evidence of an erroneous certification. Applicant is reminded that the reply must be made with candor and good faith under 37 CFR 1.56. Pursuant to applicant's duties under 37 CFR 1.4 and 11.18, applicant should have made a reasonable inquiry into the facts before making the certification. It is these particular facts that applicant must provide in order to rebut the *prima facie* case. Simply identifying the previously submitted certification or recertifying would not be sufficient. Applicant is reminded that it is in the best position to perform an inquiry into whether the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications when this application was filed to determine whether an assertion of micro entity status in this application is appropriate.

Applicant is given **TWO MONTHS** from the mailing date of this Notice to file a response as outlined above. Extensions of time are available under the provisions of 37 CFR 1.136(a).[2] The application has been removed from the examiner's docket (if assigned) pending resolution of the issues noted herein, or expiration of the time period set forth. If applicant does not timely respond in accordance with (I) or (II) above, or is unable to make one of these responses because micro entity status was not established in good faith, then the application will be abandoned.

Only a registered practitioner authorized by the applicant or the applicant who is not represented by a practitioner can sign a response or make changes to the application. Note that an applicant who is a juristic entity must be represented by a registered practitioner. See 37 CFR 1.31. While the Office cannot recommend a registered practitioner, the link below provides a searchable list of registered practitioners: https://oedci.uspto.gov/OEDCI/.

Questions about the contents of this notice should be directed to the Office of Patents Stakeholder Experience (OPSE), Stakeholder Support Division (SSD), Patents Ombudsman at 571-272-5555.

John Cottingham
TC Group Director, TC 2100

---

[2] For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

2

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/968,501 | 10/18/2022 | Michael Curtis Grayson | 41464 | 8511 |

| 23389          7590          04/29/2024 | EXAMINER |
|---|---|
| SCULLY SCOTT MURPHY & PRESSER, PC | PULLIAM, CHRISTYANN R |
| 400 GARDEN CITY PLAZA | |

| SUITE 300 | ART UNIT | PAPER NUMBER |
|---|---|---|
| GARDEN CITY, NY 11530 | 2100 | |

| | NOTIFICATION DATE | DELIVERY MODE |
|---|---|---|
| | 04/29/2024 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

Docket@SSMP.COM

PTOL-90A (Rev. 04/07)

**Appx0257**



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

## NOTICE OF PAYMENT DEFICIENCY

This notice is to inform the applicant that the United States Patent and Trademark Office (USPTO) has identified an apparent error in the entity status afforded the above-identified application. Applicant is given **TWO MONTHS** from the date of this Notice within which to respond to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).[1]

Applicant has submitted a certification of micro entity status based upon the gross income basis and paid fees in the above-identified application based upon this certification. In order to qualify for micro entity status under the gross income basis, 37 CFR 1.29(a)(2) requires the applicant to certify "[n]either the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed patent applications, other than applications filed in another country, provisional applications under 35 U.S.C. 111(b), or international applications for which the basic national fee under 35 U.S.C. 41(a) was not paid." As explained in MPEP 509.04(a)(I)(B), an application still counts against this filing limit even if it has been abandoned or patented, and even if it did not claim micro entity status. When this application was filed, the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications. This is *prima facie* evidence that the submitted certification is in error because the filing limit in 37 CFR 1.29(a)(2) was exceeded. Accordingly, the payments made in this application based upon the apparently erroneous micro entity certification are deficient.

Because the deficient payments include one or more of the basic filing fee for utility under 37 CFR 1.16(a), the utility search fee under 37 CFR 1.16(k), and the utility examination fee under 37 CFR 1.16(o), this application is not in condition for examination. In order to avoid abandonment, applicant must respond in one of two ways:

    I.    If the certification was erroneous, the applicant must provide an itemization of the total deficiency payment and pay the deficiency owed in accordance with 37 CFR 1.29(k). The "Notification of Loss of Entitlement to Micro Entity Status" form (Form SB/460) may be used to submit the deficiency. This form is available at https://uspto.gov/PatentForms. The current USPTO fee schedule may be viewed at https://www.uspto.gov/learning-and-resources/fees-and-payment/uspto-fee-schedule.

    II.   If applicant asserts that the certification of micro entity status was not made in error,

---

[1] All the rules cited in this Notice may be viewed in their entirety at
https://www.uspto.gov/web/offices/pac/mpep/consolidated_rules.pdf. For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

applicant must reply with an explanation and any necessary evidence that is sufficient to rebut the *prima facie* evidence of an erroneous certification. Applicant is reminded that the reply must be made with candor and good faith under 37 CFR 1.56. Pursuant to applicant's duties under 37 CFR 1.4 and 11.18, applicant should have made a reasonable inquiry into the facts before making the certification. It is these particular facts that applicant must provide in order to rebut the *prima facie* case. Simply identifying the previously submitted certification or recertifying would not be sufficient. Applicant is reminded that it is in the best position to perform an inquiry into whether the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications when this application was filed to determine whether an assertion of micro entity status in this application is appropriate.

Applicant is given **TWO MONTHS** from the mailing date of this Notice to file a response as outlined above. Extensions of time are available under the provisions of 37 CFR 1.136(a).[2] The application has been removed from the examiner's docket (if assigned) pending resolution of the issues noted herein, or expiration of the time period set forth. If applicant does not timely respond in accordance with (I) or (II) above, or is unable to make one of these responses because micro entity status was not established in good faith, then the application will be abandoned.

Only a registered practitioner authorized by the applicant or the applicant who is not represented by a practitioner can sign a response or make changes to the application. Note that an applicant who is a juristic entity must be represented by a registered practitioner. See 37 CFR 1.31. While the Office cannot recommend a registered practitioner, the link below provides a searchable list of registered practitioners: https://oedci.uspto.gov/OEDCI/.

Questions about the contents of this notice should be directed to the Office of Patents Stakeholder Experience (OPSE), Stakeholder Support Division (SSD), Patents Ombudsman at 571-272-5555.

John Cottingham
TC Group Director, TC 2100

---

[2] For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

2

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/990,673 | 11/19/2022 | Andrei Vertikov | 2022-1 | 1830 |

7590        04/19/2024

Andrei
Vertikov
315 Oak Street
Westwood, MA 02090

| EXAMINER |
|---|
| PULLIAM, CHRISTYANN R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2100 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/19/2024 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

## NOTICE OF PAYMENT DEFICIENCY

This notice is to inform the applicant that the United States Patent and Trademark Office (USPTO) has identified an apparent error in the entity status afforded the above-identified application. Applicant is given **TWO MONTHS** from the date of this Notice within which to respond to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).[1]

Applicant has submitted a certification of micro entity status based upon the gross income basis and paid fees in the above-identified application based upon this certification. In order to qualify for micro entity status under the gross income basis, 37 CFR 1.29(a)(2) requires the applicant to certify "[n]either the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed patent applications, other than applications filed in another country, provisional applications under 35 U.S.C. 111(b), or international applications for which the basic national fee under 35 U.S.C. 41(a) was not paid." As explained in MPEP 509.04(a)(I)(B), an application still counts against this filing limit even if it has been abandoned or patented, and even if it did not claim micro entity status. When this application was filed, the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications. This is *prima facie* evidence that the submitted certification is in error because the filing limit in 37 CFR 1.29(a)(2) was exceeded. Accordingly, the payments made in this application based upon the apparently erroneous micro entity certification are deficient.

Because the deficient payments include one or more of the basic filing fee for utility under 37 CFR 1.16(a), the utility search fee under 37 CFR 1.16(k), and the utility examination fee under 37 CFR 1.16(o), this application is not in condition for examination. In order to avoid abandonment, applicant must respond in one of two ways:

I.    If the certification was erroneous, the applicant must provide an itemization of the total deficiency payment and pay the deficiency owed in accordance with 37 CFR 1.29(k). The "Notification of Loss of Entitlement to Micro Entity Status" form (Form SB/460) may be used to submit the deficiency. This form is available at https://uspto.gov/PatentForms. The current USPTO fee schedule may be viewed at https://www.uspto.gov/learning-and-resources/fees-and-payment/uspto-fee-schedule.

II.   If applicant asserts that the certification of micro entity status was not made in error,

---

[1] All the rules cited in this Notice may be viewed in their entirety at https://www.uspto.gov/web/offices/pac/mpep/consolidated_rules.pdf. For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

applicant must reply with an explanation and any necessary evidence that is sufficient to rebut the *prima facie* evidence of an erroneous certification. Applicant is reminded that the reply must be made with candor and good faith under 37 CFR 1.56. Pursuant to applicant's duties under 37 CFR 1.4 and 11.18, applicant should have made a reasonable inquiry into the facts before making the certification. It is these particular facts that applicant must provide in order to rebut the *prima facie* case. Simply identifying the previously submitted certification or recertifying would not be sufficient. Applicant is reminded that it is in the best position to perform an inquiry into whether the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications when this application was filed to determine whether an assertion of micro entity status in this application is appropriate.

Applicant is given **TWO MONTHS** from the mailing date of this Notice to file a response as outlined above. Extensions of time are available under the provisions of 37 CFR 1.136(a).[2] The application has been removed from the examiner's docket (if assigned) pending resolution of the issues noted herein, or expiration of the time period set forth. If applicant does not timely respond in accordance with (I) or (II) above, or is unable to make one of these responses because micro entity status was not established in good faith, then the application will be abandoned.

Only a registered practitioner authorized by the applicant or the applicant who is not represented by a practitioner can sign a response or make changes to the application. Note that an applicant who is a juristic entity must be represented by a registered practitioner. See 37 CFR 1.31. While the Office cannot recommend a registered practitioner, the link below provides a searchable list of registered practitioners: https://oedci.uspto.gov/OEDCI/.

Questions about the contents of this notice should be directed to the Office of Patents Stakeholder Experience (OPSE), Stakeholder Support Division (SSD), Patents Ombudsman at 571-272-5555.

John Cottingham
TC Group Director, TC 2100

---

[2] For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

2

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/071,427 | 11/29/2022 | Haiming Li | | 1046 |

| | | | |
|---|---|---|---|
| 127304        7590        04/19/2024 | | EXAMINER | |
| Haiming Li | | PULLIAM, CHRISTYANN R | |
| 95 Suomi Road | | | |
| Quincy, MA 02169 | | ART UNIT | PAPER NUMBER |
| | | 2100 | |
| | | MAIL DATE | DELIVERY MODE |
| | | 04/19/2024 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

**Appx0263**



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

## NOTICE OF PAYMENT DEFICIENCY

This notice is to inform the applicant that the United States Patent and Trademark Office (USPTO) has identified an apparent error in the entity status afforded the above-identified application. Applicant is given **TWO MONTHS** from the date of this Notice within which to respond to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).[1]

Applicant has submitted a certification of micro entity status based upon the gross income basis and paid fees in the above-identified application based upon this certification. In order to qualify for micro entity status under the gross income basis, 37 CFR 1.29(a)(2) requires the applicant to certify "[n]either the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed patent applications, other than applications filed in another country, provisional applications under 35 U.S.C. 111(b), or international applications for which the basic national fee under 35 U.S.C. 41(a) was not paid." As explained in MPEP 509.04(a)(I)(B), an application still counts against this filing limit even if it has been abandoned or patented, and even if it did not claim micro entity status. When this application was filed, the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications. This is *prima facie* evidence that the submitted certification is in error because the filing limit in 37 CFR 1.29(a)(2) was exceeded. Accordingly, the payments made in this application based upon the apparently erroneous micro entity certification are deficient.

Because the deficient payments include one or more of the basic filing fee for utility under 37 CFR 1.16(a), the utility search fee under 37 CFR 1.16(k), and the utility examination fee under 37 CFR 1.16(o), this application is not in condition for examination. In order to avoid abandonment, applicant must respond in one of two ways:

I.    If the certification was erroneous, the applicant must provide an itemization of the total deficiency payment and pay the deficiency owed in accordance with 37 CFR 1.29(k). The "Notification of Loss of Entitlement to Micro Entity Status" form (Form SB/460) may be used to submit the deficiency. This form is available at https://uspto.gov/PatentForms. The current USPTO fee schedule may be viewed at https://www.uspto.gov/learning-and-resources/fees-and-payment/uspto-fee-schedule.

II.   If applicant asserts that the certification of micro entity status was not made in error,

---

[1] All the rules cited in this Notice may be viewed in their entirety at https://www.uspto.gov/web/offices/pac/mpep/consolidated_rules.pdf. For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

applicant must reply with an explanation and any necessary evidence that is sufficient to rebut the *prima facie* evidence of an erroneous certification. Applicant is reminded that the reply must be made with candor and good faith under 37 CFR 1.56. Pursuant to applicant's duties under 37 CFR 1.4 and 11.18, applicant should have made a reasonable inquiry into the facts before making the certification. It is these particular facts that applicant must provide in order to rebut the *prima facie* case. Simply identifying the previously submitted certification or recertifying would not be sufficient. Applicant is reminded that it is in the best position to perform an inquiry into whether the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications when this application was filed to determine whether an assertion of micro entity status in this application is appropriate.

Applicant is given **TWO MONTHS** from the mailing date of this Notice to file a response as outlined above. Extensions of time are available under the provisions of 37 CFR 1.136(a).[2] The application has been removed from the examiner's docket (if assigned) pending resolution of the issues noted herein, or expiration of the time period set forth. If applicant does not timely respond in accordance with (I) or (II) above, or is unable to make one of these responses because micro entity status was not established in good faith, then the application will be abandoned.

Only a registered practitioner authorized by the applicant or the applicant who is not represented by a practitioner can sign a response or make changes to the application. Note that an applicant who is a juristic entity must be represented by a registered practitioner. See 37 CFR 1.31. While the Office cannot recommend a registered practitioner, the link below provides a searchable list of registered practitioners: https://oedci.uspto.gov/OEDCI/.

Questions about the contents of this notice should be directed to the Office of Patents Stakeholder Experience (OPSE), Stakeholder Support Division (SSD), Patents Ombudsman at 571-272-5555.

John Cottingham
TC Group Director, TC 2100

---

[2] For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

2

# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/091,551 | 12/30/2022 | Andrei Vertikov | 2022-02 | 6977 |

7590    04/19/2024

Andrei Vertikov
315 Oak Street
Westwood, MA 02090

| EXAMINER |
|---|
| PULLIAM, CHRISTYANN R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2100 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/19/2024 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

**Appx0266**



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

## NOTICE OF PAYMENT DEFICIENCY

This notice is to inform the applicant that the United States Patent and Trademark Office (USPTO) has identified an apparent error in the entity status afforded the above-identified application. Applicant is given **TWO MONTHS** from the date of this Notice within which to respond to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).[1]

Applicant has submitted a certification of micro entity status based upon the gross income basis and paid fees in the above-identified application based upon this certification. In order to qualify for micro entity status under the gross income basis, 37 CFR 1.29(a)(2) requires the applicant to certify "[n]either the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed patent applications, other than applications filed in another country, provisional applications under 35 U.S.C. 111(b), or international applications for which the basic national fee under 35 U.S.C. 41(a) was not paid." As explained in MPEP 509.04(a)(I)(B), an application still counts against this filing limit even if it has been abandoned or patented, and even if it did not claim micro entity status. When this application was filed, the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications. This is *prima facie* evidence that the submitted certification is in error because the filing limit in 37 CFR 1.29(a)(2) was exceeded. Accordingly, the payments made in this application based upon the apparently erroneous micro entity certification are deficient.

Because the deficient payments include one or more of the basic filing fee for utility under 37 CFR 1.16(a), the utility search fee under 37 CFR 1.16(k), and the utility examination fee under 37 CFR 1.16(o), this application is not in condition for examination. In order to avoid abandonment, applicant must respond in one of two ways:

I.  If the certification was erroneous, the applicant must provide an itemization of the total deficiency payment and pay the deficiency owed in accordance with 37 CFR 1.29(k). The "Notification of Loss of Entitlement to Micro Entity Status" form (Form SB/460) may be used to submit the deficiency. This form is available at https://uspto.gov/PatentForms. The current USPTO fee schedule may be viewed at https://www.uspto.gov/learning-and-resources/fees-and-payment/uspto-fee-schedule.

II. If applicant asserts that the certification of micro entity status was not made in error,

---

[1] All the rules cited in this Notice may be viewed in their entirety at https://www.uspto.gov/web/offices/pac/mpep/consolidated_rules.pdf. For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

**Appx0267**

applicant must reply with an explanation and any necessary evidence that is sufficient to rebut the *prima facie* evidence of an erroneous certification. Applicant is reminded that the reply must be made with candor and good faith under 37 CFR 1.56. Pursuant to applicant's duties under 37 CFR 1.4 and 11.18, applicant should have made a reasonable inquiry into the facts before making the certification. It is these particular facts that applicant must provide in order to rebut the *prima facie* case. Simply identifying the previously submitted certification or recertifying would not be sufficient. Applicant is reminded that it is in the best position to perform an inquiry into whether the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications when this application was filed to determine whether an assertion of micro entity status in this application is appropriate.

Applicant is given **TWO MONTHS** from the mailing date of this Notice to file a response as outlined above. Extensions of time are available under the provisions of 37 CFR 1.136(a).[2] The application has been removed from the examiner's docket (if assigned) pending resolution of the issues noted herein, or expiration of the time period set forth. If applicant does not timely respond in accordance with (I) or (II) above, or is unable to make one of these responses because micro entity status was not established in good faith, then the application will be abandoned.

Only a registered practitioner authorized by the applicant or the applicant who is not represented by a practitioner can sign a response or make changes to the application. Note that an applicant who is a juristic entity must be represented by a registered practitioner. See 37 CFR 1.31. While the Office cannot recommend a registered practitioner, the link below provides a searchable list of registered practitioners: https://oedci.uspto.gov/OEDCI/.

Questions about the contents of this notice should be directed to the Office of Patents Stakeholder Experience (OPSE), Stakeholder Support Division (SSD), Patents Ombudsman at 571-272-5555.

John Cottingham
TC Group Director, TC 2100

---

[2] For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

2

**Appx0268**

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/148,480 | 12/30/2022 | Mark DeCaro | | 1631 |

151152         7590         04/19/2024
Mark DeCaro
521 Ocean Avenue Unit #12
Avon by the Sea, NJ 07717

| EXAMINER |
|---|
| PULLIAM, CHRISTYANN R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2100 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/19/2024 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

**Appx0269**



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

## NOTICE OF PAYMENT DEFICIENCY

This notice is to inform the applicant that the United States Patent and Trademark Office (USPTO) has identified an apparent error in the entity status afforded the above-identified application. Applicant is given **TWO MONTHS** from the date of this Notice within which to respond to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).[1]

Applicant has submitted a certification of micro entity status based upon the gross income basis and paid fees in the above-identified application based upon this certification. In order to qualify for micro entity status under the gross income basis, 37 CFR 1.29(a)(2) requires the applicant to certify "[n]either the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed patent applications, other than applications filed in another country, provisional applications under 35 U.S.C. 111(b), or international applications for which the basic national fee under 35 U.S.C. 41(a) was not paid." As explained in MPEP 509.04(a)(I)(B), an application still counts against this filing limit even if it has been abandoned or patented, and even if it did not claim micro entity status. When this application was filed, the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications. This is *prima facie* evidence that the submitted certification is in error because the filing limit in 37 CFR 1.29(a)(2) was exceeded. Accordingly, the payments made in this application based upon the apparently erroneous micro entity certification are deficient.

Because the deficient payments include one or more of the basic filing fee for utility under 37 CFR 1.16(a), the utility search fee under 37 CFR 1.16(k), and the utility examination fee under 37 CFR 1.16(o), this application is not in condition for examination. In order to avoid abandonment, applicant must respond in one of two ways:

I.    If the certification was erroneous, the applicant must provide an itemization of the total deficiency payment and pay the deficiency owed in accordance with 37 CFR 1.29(k). The "Notification of Loss of Entitlement to Micro Entity Status" form (Form SB/460) may be used to submit the deficiency. This form is available at https://uspto.gov/PatentForms. The current USPTO fee schedule may be viewed at https://www.uspto.gov/learning-and-resources/fees-and-payment/uspto-fee-schedule.

II.   If applicant asserts that the certification of micro entity status was not made in error,

---

[1] All the rules cited in this Notice may be viewed in their entirety at https://www.uspto.gov/web/offices/pac/mpep/consolidated_rules.pdf. For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

**Appx0270**

applicant must reply with an explanation and any necessary evidence that is sufficient to rebut the *prima facie* evidence of an erroneous certification. Applicant is reminded that the reply must be made with candor and good faith under 37 CFR 1.56. Pursuant to applicant's duties under 37 CFR 1.4 and 11.18, applicant should have made a reasonable inquiry into the facts before making the certification. It is these particular facts that applicant must provide in order to rebut the *prima facie* case. Simply identifying the previously submitted certification or recertifying would not be sufficient. Applicant is reminded that it is in the best position to perform an inquiry into whether the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications when this application was filed to determine whether an assertion of micro entity status in this application is appropriate.

Applicant is given **TWO MONTHS** from the mailing date of this Notice to file a response as outlined above. Extensions of time are available under the provisions of 37 CFR 1.136(a).[2] The application has been removed from the examiner's docket (if assigned) pending resolution of the issues noted herein, or expiration of the time period set forth. If applicant does not timely respond in accordance with (I) or (II) above, or is unable to make one of these responses because micro entity status was not established in good faith, then the application will be abandoned.

Only a registered practitioner authorized by the applicant or the applicant who is not represented by a practitioner can sign a response or make changes to the application. Note that an applicant who is a juristic entity must be represented by a registered practitioner. See 37 CFR 1.31. While the Office cannot recommend a registered practitioner, the link below provides a searchable list of registered practitioners: https://oedci.uspto.gov/OEDCI/.

Questions about the contents of this notice should be directed to the Office of Patents Stakeholder Experience (OPSE), Stakeholder Support Division (SSD), Patents Ombudsman at 571-272-5555.

John Cottingham
TC Group Director, TC 2100

---

[2] For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

2

**Appx0271**

# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/803,855 | 12/30/2022 | Yonghua Wang | Wang-ThermoChemical-Infla | 3551 |

7590          04/19/2024

Yonghua Wang
2023 N Eldorado Ave Apt. 12
Klamath Falls, OR 97601

| EXAMINER |
|---|
| PULLIAM, CHRISTYANN R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2100 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/19/2024 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

## NOTICE OF PAYMENT DEFICIENCY

This notice is to inform the applicant that the United States Patent and Trademark Office (USPTO) has identified an apparent error in the entity status afforded the above-identified application. Applicant is given **TWO MONTHS** from the date of this Notice within which to respond to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).[1]

Applicant has submitted a certification of micro entity status based upon the gross income basis and paid fees in the above-identified application based upon this certification. In order to qualify for micro entity status under the gross income basis, 37 CFR 1.29(a)(2) requires the applicant to certify "[n]either the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed patent applications, other than applications filed in another country, provisional applications under 35 U.S.C. 111(b), or international applications for which the basic national fee under 35 U.S.C. 41(a) was not paid." As explained in MPEP 509.04(a)(I)(B), an application still counts against this filing limit even if it has been abandoned or patented, and even if it did not claim micro entity status. When this application was filed, the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications. This is *prima facie* evidence that the submitted certification is in error because the filing limit in 37 CFR 1.29(a)(2) was exceeded. Accordingly, the payments made in this application based upon the apparently erroneous micro entity certification are deficient.

Because the deficient payments include one or more of the basic filing fee for utility under 37 CFR 1.16(a), the utility search fee under 37 CFR 1.16(k), and the utility examination fee under 37 CFR 1.16(o), this application is not in condition for examination. In order to avoid abandonment, applicant must respond in one of two ways:

I.   If the certification was erroneous, the applicant must provide an itemization of the total deficiency payment and pay the deficiency owed in accordance with 37 CFR 1.29(k). The "Notification of Loss of Entitlement to Micro Entity Status" form (Form SB/460) may be used to submit the deficiency. This form is available at https://uspto.gov/PatentForms. The current USPTO fee schedule may be viewed at https://www.uspto.gov/learning-and-resources/fees-and-payment/uspto-fee-schedule.

II.  If applicant asserts that the certification of micro entity status was not made in error,

---

[1] All the rules cited in this Notice may be viewed in their entirety at https://www.uspto.gov/web/offices/pac/mpep/consolidated_rules.pdf. For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

applicant must reply with an explanation and any necessary evidence that is sufficient to rebut the *prima facie* evidence of an erroneous certification. Applicant is reminded that the reply must be made with candor and good faith under 37 CFR 1.56. Pursuant to applicant's duties under 37 CFR 1.4 and 11.18, applicant should have made a reasonable inquiry into the facts before making the certification. It is these particular facts that applicant must provide in order to rebut the *prima facie* case. Simply identifying the previously submitted certification or recertifying would not be sufficient. Applicant is reminded that it is in the best position to perform an inquiry into whether the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications when this application was filed to determine whether an assertion of micro entity status in this application is appropriate.

Applicant is given **TWO MONTHS** from the mailing date of this Notice to file a response as outlined above. Extensions of time are available under the provisions of 37 CFR 1.136(a).[2] The application has been removed from the examiner's docket (if assigned) pending resolution of the issues noted herein, or expiration of the time period set forth. If applicant does not timely respond in accordance with (I) or (II) above, or is unable to make one of these responses because micro entity status was not established in good faith, then the application will be abandoned.

Only a registered practitioner authorized by the applicant or the applicant who is not represented by a practitioner can sign a response or make changes to the application. Note that an applicant who is a juristic entity must be represented by a registered practitioner. See 37 CFR 1.31. While the Office cannot recommend a registered practitioner, the link below provides a searchable list of registered practitioners: https://oedci.uspto.gov/OEDCI/.

Questions about the contents of this notice should be directed to the Office of Patents Stakeholder Experience (OPSE), Stakeholder Support Division (SSD), Patents Ombudsman at 571-272-5555.

John Cottingham
TC Group Director, TC 2100

---

[2] For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

2

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/958,323 | 10/01/2022 | Li-Da Huang | CLX0005USPC | 9137 |

| | | |
|---|---|---|
| 13706        7590        06/04/2024 | | |
| Law Office of Michael Chen | | |
| 3333 S. Brea Canyon Rd. | | |
| Suite 214 | | |
| Diamond Bar, CA 91765 | | |

| EXAMINER |
|---|
| PULLIAM, CHRISTYANN R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2100 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 06/04/2024 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

armi932qq@gmail.com
chen.patentlaw@gmail.com
katychenpatent@gmail.com

PTOL-90A (Rev. 04/07)

**Appx0275**



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

## NOTICE OF PAYMENT DEFICIENCY

This notice is to inform the applicant that the United States Patent and Trademark Office (USPTO) has identified an apparent error in the entity status afforded the above-identified application. Applicant is given **TWO MONTHS** from the date of this Notice within which to respond to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).[1]

Applicant has submitted a certification of micro entity status based upon the gross income basis and paid fees in the above-identified application based upon this certification. In order to qualify for micro entity status under the gross income basis, 37 CFR 1.29(a)(2) requires the applicant to certify "[n]either the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed patent applications, other than applications filed in another country, provisional applications under 35 U.S.C. 111(b), or international applications for which the basic national fee under 35 U.S.C. 41(a) was not paid." As explained in MPEP 509.04(a)(I)(B), an application still counts against this filing limit even if it has been abandoned or patented, and even if it did not claim micro entity status. When this application was filed, the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications. This *prima facie* evidence that the submitted certification is in error because the filing limit in 37 CFR 1.29(a)(2) was exceeded. Accordingly, the payments made in this application based upon the apparently erroneous micro entity certification are deficient.
Because the deficient payments include one or more of the basic filing fee for utility under 37 CFR 1.16(a), the utility search fee under 37 CFR 1.16(k), and the utility examination fee under 37 CFR 1.16(o), this application is not in condition for examination. In order to avoid abandonment, applicant must respond in one of two ways:

    I.    If the certification was erroneous, the applicant must provide an itemization of the total deficiency payment and pay the deficiency owed in accordance with 37 CFR 1.29(k). The "Notification of Loss of Entitlement to Micro Entity Status" form (Form SB/460) may be used to submit the deficiency. This form is available at https://uspto.gov/PatentForms. The current USPTO fee schedule may be viewed at https://www.uspto.gov/learning-and-resources/fees-and-payment/uspto-fee-schedule.

---

[1] All the rules cited in this Notice may be viewed in their entirety at
https://www.uspto.gov/web/offices/pac/mpep/consolidated_rules.pdf. For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

**Appx0276**

II.  If applicant asserts that the certification of micro entity status was not made in error, applicant must reply with an explanation and any necessary evidence that is sufficient to rebut the *prima facie* evidence of an erroneous certification. Applicant is reminded that the reply must be made with candor and good faith under 37 CFR 1.56. Pursuant to applicant's duties under 37 CFR 1.4 and 11.18, applicant should have made a reasonable inquiry into the facts before making the certification. It is these particular facts that applicant must provide in order to rebut the *prima facie* case. Simply identifying the previously submitted certification or recertifying would not be sufficient. Applicant is reminded that it is in the best position to perform an inquiry into whether the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications when this application was filed to determine whether an assertion of micro entity status in this application is appropriate.

Applicant is given **TWO MONTHS** from the mailing date of this Notice to file a response as outlined above. Extensions of time are available under the provisions of 37 CFR 1.136(a).[2] The application has been removed from the examiner's docket (if assigned) pending resolution of the issues noted herein, or expiration of the time period set forth. If applicant does not timely respond in accordance with (I) or (II) above, or is unable to make one of these responses because micro entity status was not established in good faith, then the application will be abandoned.

Only a registered practitioner authorized by the applicant or the applicant who is not represented by a practitioner can sign a response or make changes to the application. Note that an applicant who is a juristic entity must be represented by a registered practitioner. See 37 CFR 1.31. While the Office cannot recommend a registered practitioner, the link below provides a searchable list of registered practitioners: https://oedci.uspto.gov/OEDCI/.

Questions about the contents of this notice should be directed to the Office of Patents Stakeholder Experience (OPSE), Stakeholder Support Division (SSD), Patents Ombudsman at 571-272-5555.

John Cottingham
TC Group Director, TC 2100

---

[2] For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/803,644 | 09/17/2022 | Yonghua Wang | Wang-MixedEP-CO2FuelCell | 3747 |

7590    08/08/2024

Yonghua Wang
2023 N Eldorado Ave
Apt. 12
Klamath Falls, OR 97601

| EXAMINER |
|---|
| LI, AIMEE J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2100 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 08/08/2024 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

## NOTICE OF PAYMENT DEFICIENCY

This notice is to inform the applicant that the United States Patent and Trademark Office (USPTO) has identified an apparent error in the entity status afforded the above-identified application. Applicant is given **TWO MONTHS** from the date of this Notice within which to respond to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).[1]

Applicant has submitted a certification of micro entity status based upon the gross income basis and paid fees in the above-identified application based upon this certification. In order to qualify for micro entity status under the gross income basis, 37 CFR 1.29(a)(2) requires the applicant to certify "[n]either the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed patent applications, other than applications filed in another country, provisional applications under 35 U.S.C. 111(b), or international applications for which the basic national fee under 35 U.S.C. 41(a) was not paid." As explained in MPEP 509.04(a)(I)(B), an application still counts against this filing limit even if it has been abandoned or patented, and even if it did not claim micro entity status. When this application was filed, the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications. This is *prima facie* evidence that the submitted certification is in error because the filing limit in 37 CFR 1.29(a)(2) was exceeded. Accordingly, the payments made in this application based upon the apparently erroneous micro entity certification are deficient.

Because the deficient payments include one or more of the basic filing fee for utility under 37 CFR 1.16(a), the utility search fee under 37 CFR 1.16(k), and the utility examination fee under 37 CFR 1.16(o), this application is not in condition for examination. In order to avoid abandonment, applicant must respond in one of two ways:

I.    If the certification was erroneous, the applicant must provide an itemization of the total deficiency payment and pay the deficiency owed in accordance with 37 CFR 1.29(k). The "Notification of Loss of Entitlement to Micro Entity Status" form (Form SB/460) may be used to submit the deficiency. This form is available at https://uspto.gov/PatentForms. The current USPTO fee schedule may be viewed at https://www.uspto.gov/learning-and-resources/fees-and-payment/uspto-fee-schedule.

---

[1] All the rules cited in this Notice may be viewed in their entirety at https://www.uspto.gov/web/offices/pac/mpep/consolidated_rules.pdf. For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

**Appx0279**

II.   If applicant asserts that the certification of micro entity status was not made in error, applicant must reply with an explanation and any necessary evidence that is sufficient to rebut the *prima facie* evidence of an erroneous certification. Applicant is reminded that the reply must be made with candor and good faith under 37 CFR 1.56. Pursuant to applicant's duties under 37 CFR 1.4 and 11.18, applicant should have made a reasonable inquiry into the facts before making the certification. It is these particular facts that applicant must provide in order to rebut the *prima facie* case. Simply identifying the previously submitted certification or recertifying would not be sufficient. Applicant is reminded that it is in the best position to perform an inquiry into whether the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications when this application was filed to determine whether an assertion of micro entity status in this application is appropriate.

Applicant is given **TWO MONTHS** from the mailing date of this Notice to file a response as outlined above. Extensions of time are available under the provisions of 37 CFR 1.136(a).[2] The application has been removed from the examiner's docket (if assigned) pending resolution of the issues noted herein, or expiration of the time period set forth. If applicant does not timely respond in accordance with (I) or (II) above, or is unable to make one of these responses because micro entity status was not established in good faith, then the application will be abandoned.

Only a registered practitioner authorized by the applicant or the applicant who is not represented by a practitioner can sign a response or make changes to the application. Note that an applicant who is a juristic entity must be represented by a registered practitioner. See 37 CFR 1.31. While the Office cannot recommend a registered practitioner, the link below provides a searchable list of registered practitioners: https://oedci.uspto.gov/OEDCI/.

Questions about the contents of this notice should be directed to the Office of Patents Stakeholder Experience (OPSE), Stakeholder Support Division (SSD), Patents Ombudsman at 571-272-5555.

John Cottingham
TC Group Director, TC 2100

---

[2] For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

Fee History 16591555 USPTO June 12 2025 _____ 2

# Exhibit H
# 16/591,555



**Appx0282**

6/12/25, 6:13 PM                                Fee History - Application - Patent Center - USPTO

| Accounting Date ↑↓ | Mailroom Date ↑↓ | Payment Method ↑↓ | Fee Code ↑↓ | Amount ↑↓ | Quantity ↑↓ | Total ↑↓ |
|---|---|---|---|---|---|---|
| 10/02/2019 | 10/02/2019 | CC | 3311 - UTILITY EXAMINATION FEE | $190.00 | 1 | $190.00 |
| 10/02/2019 | 10/02/2019 | CC | 3202 - CLAIMS IN EXCESS OF 20 | $25.00 | 2 | $50.00 |
| 10/02/2019 | 10/02/2019 | CC | 3111 - UTILITY SEARCH FEE | $165.00 | 1 | $165.00 |

**Appx0283**

Application Data 15940792 June 15 2025 ───────────────────── 2

Transaction History 15940792 June 15 2025 ───────────────── 3

# Exhibit I
# 15/940,792



**Appx0285**



6/15/25, 12:13 PM                                    Transactions - Application - Patent Center – USPTO

An official website of the United States government
Here's how you know

## 15/940,792 | BONO.P0029US: INTELLIGENT AWARENESS MACHINES

PRIVATE VIEW

| Application # | Confirmation # | Attorney Docket # | Patent # |
|---|---|---|---|
| 15/940,792 | 3509 | BONO.P0029US Edit | - |

**Filing or 371 (c) date**
03/29/2018

**Status**
Application Involved in
Court Proceedings
06/10/2025

☰ Show/hide menu

### Documents & transaction history

Documents    Transactions

Showing 1 to 10 of 209 entries

| Date | Transaction Description |
|---|---|
| 04/24/2025 | Appellant's Complaint |
| 04/01/2025 | Petition Entered |
| 03/24/2025 | Email Notification |
| 03/24/2025 | Docketing Notice Mailed to Appellant |
| 03/20/2025 | Assignment of Appeal Number |
| 03/20/2025 | Appeal Awaiting PTAB Docketing |
| 03/19/2025 | Appeal ready for PAC review |
| 03/18/2025 | Reply Brief Filed |
| 03/18/2025 | Fee Payment Recorded or other requirement (fees separately or other requirement) |
| 03/06/2025 | Email Notification |

Show 10 entries        First  Previous  **1**  2  3  4  5  …  21  Next  Last

https://patentcenter.uspto.gov/applications/15940792/ifw/transactions?application=%2Fworkbench%2Fapplications                    1/1

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| ASHLESHA A. NESARIKAR, | § | |
| ANIKA A. NESARIKAR, | § | |
| ABHIJIT R. NESARIKAR, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-423 |
| | § | |
| THE UNITED STATES PATENT AND | § | |
| TRADEMARK OFFICE and | § | |
| COKE MORGAN STEWART, in her | § | |
| official capacity as the Acting Director of | § | |
| the United States Patent and Trademark | § | |
| Office, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

The United States Patent and Trademark Office and its Acting Director (collectively, "USPTO") respectfully submit the following sur-reply pursuant to Local Rule CV-7(a)(2). Plaintiffs' accusations of bad faith are unfounded and demonstrate Plaintiffs' misapprehension of the available facts and controlling law. Plaintiffs have shown no violation of law or procedure— nor discrimination—in the USPTO's request that Plaintiffs provide information to substantiate its claim of micro entity status in any of its applications. Nor have they shown any potential harm— to either Plaintiffs or the ultimate assignee of the applications—that would justify injunctive relief.

**Plaintiffs Have No Likelihood of Success on the Merits.** The USPTO respectfully disagrees that it failed to "respond to the substance of the Complaint and the Motion for Injunction." ECF 21 at 2. There has been no breach of any applicable statute, regulation, or duty of due process with respect to Plaintiffs' applications—let alone one so clear as to justify injunctive relief.[1] *See* ECF 16 at 23-27. Rather, the record is clear that Plaintiffs refused to respond to basic inquiries regarding assignment of their applications and failed to follow stated USPTO procedures and regulations. *Id.* at 9-15.

The alleged "contradictory position" taken by the USPTO—that Plaintiffs may not have any rights to be vindicated **and** that Plaintiffs have proffered no evidence that any obligation to assign exists—is precisely why Plaintiffs have not met their burden to demonstrate standing. Even assuming that any rights in Plaintiffs' applications have been harmed—or are threatened with harm—it remains unclear who owns those rights or would be harmed by any USPTO action. That failure to show standing is dispositive to Plaintiffs' claims and Motion for Preliminary Injunction.

---

[1]  Contrary to Plaintiffs' claims, the USPTO is not making a "*post hac*" invocation of 37 C.F.R. § 1.105, and rather submits that it exemplifies the breadth of information that can be requested when the USPTO fulfills its duties under 37 C.F.R. §§ 1.42, 1.29(j) and 35 U.S.C. § 123(f).

Nor do any of Plaintiffs' arguments regarding finality demonstrate that they have exhausted administrative remedies. Plaintiffs claim that "violations of law, the Notice of Payment Deficiency, petition decisions, and abandonment are, separately and together, final." ECF 21 at 3. But even assuming any violation or impropriety occurred, Plaintiffs had administrative processes available to them to respond at each stage. Nothing prevented Plaintiffs from responding to, or administratively challenging, the March 6, 2025, letter and the February 11, 2025, notice of abandonment. Their failure to do so precludes judicial review. Plaintiffs' broad claim that "[a] petition for revival or reconsideration of abandonment is not required (*Hyatt v. U.S. Pat. & Trademark Off.*, 551 F. Supp. 3d (E.D. Va. 2021))," does not follow from the facts of that case. There, the court did not rule on exhaustion of administrative remedies—it rejected the plaintiff's argument that his requests for reconsideration on holdings of abandonment should have tolled certain deadlines. *See Hyatt v. United States PTO*, 551 F. Supp. 3d 600, 604-05 (E.D. Va. 2021). And Plaintiffs' reading of *Hyatt* would not align with recent Federal Circuit guidance regarding the exhaustion of remedies before the USPTO. *See Winfrey v. United States DOC, PTO*, No. 2024-1260, 2024 U.S. App. LEXIS 24311, at *7 (Fed. Cir. 2024) (unpublished).

Plaintiffs also misapprehend the scope of the Paperwork Reduction Act and the types of requests that fall within the PRA's purview.[2] The USPTO's requirement that ***all*** applicants adhere to its rules—here, responding to requests for information specific to a particular application—does not mean such requirements are covered by the PRA. As the Ninth Circuit has recognized, "[a]fter the initial submission, though, every patent application takes a unique path." *Hyatt v. OMB*, 998

---

[2] The USPTO maintains that its citations, ECF 16 at 26, are relevant with respect to the scope of the PRA and the lack of a private right of action. To the extent Plaintiffs' claim is limited to the assertion that the Notice of Payment Deficiency and subsequent communications fall within the PRA, Plaintiff is incorrect for the reasons stated below and in the USPTO's Opposition.

F.3d 423, 426 (9th Cir. 2021).  "It would be illogical and antithetical to the purposes of the PRA to require USPTO submit every such office action for OMB approval."  *Id.* at 430.  And the USPTO's requirement that claims of entitlement to micro entity status be substantiated with corroborating evidence, does not alter the individualized nature of the requests for information.  If anything, similar Notices of Payment Deficiency disproves any claim of disparate treatment.[3]

Simply, Plaintiffs have no likelihood of success on the merits.  The cause of the '288 application's notice of abandonment was Plaintiffs' failure to respond timely or adequately to valid requests for information regarding their application or to pay the requisite fees.  Plaintiffs have not put forward evidence—either during prosecution or this action—to justify entitlement to micro entity status for *any* of the abandoned applications.  And Plaintiffs' arguments would effectively bar the USPTO from obtaining information necessary to execute its regulatory duties in investigating and preventing fraudulent certifications of micro entity status.  *See* 35 U.S.C. §123(f).

**Plaintiffs Have Not Shown Irreparable Harm.**  Plaintiffs' focus on the alleged "extortionate" activities by the USPTO demonstrates the inappropriateness of injunctive relief here.  Any fee-related harm is by definition financial and capable of redress through monetary damages—assuming Plaintiffs could prove in an appropriate proceeding that any such harm occurred.  *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 275, 279 (5th Cir. 2012).  And Plaintiffs have made no showing of any prospect of future harm relating to the '555, '669,

---

[3]  Consistent with its goal of maintaining integrity with respect to micro entity status, the USPTO also notes that, as of July 6, 2025, the USPTO "will begin issuing a combined notice of payment deficiency and order to show cause as to why a fine should not be assessed" in connection with a preliminary determination an application is not entitled to micro entity status.  *See* Ex. A ("Statutory Penalties for False Assertions or Certifications of Small and Micro Entity Status") at https://www.uspto.gov/patents/laws/patent-related-notices/patent-related-notices-2025.

and '382 applications.

The '555 and '669 applications were—at Plaintiffs' election—converted from a claim of micro entity status to small entity status. Plaintiffs do not contest that an error with respect to the '669 application was quickly corrected. And Plaintiffs' bare allegation that the status of the '555 application is somehow interfering with their "confidentially prospecting large industrial conglomerates" is insufficient to justify injunctive relief. *See United States v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001) ("Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant . . . ***A presently existing actual threat must be shown***."). This is particularly true where the current status of the '555 application is the result of Plaintiffs' failure to pay the difference in an extension fee that they authorized, Ex. B, and is reflected in the prosecution history, Ex. C. Similarly, there is no basis to conclude that any alleged harm with respect to the '382 application is irreparable, especially where Plaintiffs' request for a corrected filing receipt remains outstanding.

There is no "escalating trend towards additional future irreparable harm." ECF 21 at 9. There is only Plaintiffs' own failures to comply with USPTO regulations and procedures.

**Balance of Equities and Public Interest.** Plaintiffs' claim that "Inventors do not seek special treatment" is belied by their requests for relief. And they do not challenge the USPTO's interest and need to comply with applicable statutes and regulations in connection with combating fraudulent micro entity certifications. *See* 35 U.S.C. §123(f); 37 C.F.R. §1.29(j). Rather, Plaintiffs engage in unfounded and unwarranted mischaracterizations of the USPTO's motivations and priorities. *See, e.g.*, ECF 21 at 7 ("Defendants trivialize the role of AI inventions and patents in the U.S. national priority."); *id*. at 9 ("USPTO considers patent ownership exclusive to the realm of large businesses"); *id*. ("USPTO's disregard for small business ownership, small business

employment, and the operations of small businesses"). None are correct, and none demonstrate a balance of equities and public interest that would weigh in favor of granting injunctive relief.[4]

Fundamentally, Plaintiffs face no hardship in being held to the same standards as other applicants claiming micro entity status. And the USPTO—and the public—have a strong interest in both effectuating its regulations and maintaining consistency in claims for reduced fees.[5]

**Arguments Regarding the '792 Application.** It is unclear what contention Plaintiffs are making with respect to the '792 application, and what—if any—connection is alleged between the status of the '792 application and any attempt at resolution without further Court involvement was possible. The USPTO disagrees that Plaintiffs' Complaint alleges any wrongdoing outside the scope of the '288 application or that Plaintiffs are entitled to any relief beyond that application. But it is Plaintiffs' requests for relief—broadly implicating any and all applications listing Plaintiffs as inventors—that caused the '792 application's "involvement" in this Court proceeding.

\*\*\*

Plaintiffs have not demonstrated entitlement to any relief—let alone the sweeping injunctive relief requested—and the Court should deny Plaintiffs' Motion in full. The USPTO does not believe oral argument is necessary to resolve Plaintiffs' Motion but respectfully requests the opportunity to be heard to the extent the Court is contemplating any injunctive relief.

---

[4] The USPTO has, at all times, acknowledged that applications under an obligation to be assigned as a result of prior employment may be excluded from the "previously filed" counting. And the USPTO recognizes that family members may employ one another in small businesses. But neither justifies Plaintiffs' apparent attempts to avoid having their applications count against ***any*** applicant's limit.

[5] Plaintiffs are wrong to suggest that any Notice of Payment Deficiency or subsequent communication represents an "additional limit" requiring notice under 35 U.S.C. §123(e).

June 23, 2025                          Respectfully submitted,

                                       JAY R. COMBS
                                       Acting United States Attorney

                                       JAMES GARLAND GILLINGHAM
                                       Assistant United States Attorney

                                       BRETT A. SHUMATE
                                       Assistant Attorney General

                                       SCOTT BOLDEN
                                       Director

                                       s/ *Philip Charles Sternhell*
                                       PHILIP CHARLES STERNHELL (DC Bar)
                                       Assistant Director
                                       Commercial Litigation Branch
                                       Civil Division
                                       Department of Justice
                                       Washington, D.C.  20530
                                       Telephone:    (202) 353-0522
                                       Facsimile:    (202) 307-0345
                                       Email:        philip.c.sternhell@usdoj.gov

Of Counsel:

WILLIAM LA MARCA
Special Counsel for Intellectual Property
Litigation
OMAR AMIN
Associate Solicitor
United States Patent and Trademark Office

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 23, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to those persons on the Court's electronic filing system.  Additionally, a true and correct copy of this document will be sent to Plaintiffs as follows:

**<u>*Via Email*</u>**
Ashlesha A. Nesarikar
asedt0425@icloud.com

**<u>*Via Email*</u>**
Anika A. Nesarikar
anedt0425@icloud.com

**<u>*Via Email*</u>**
Abhijit R. Nesarikar
edt0425@nesarikar.com

*/s/ Philip Charles Sternhell*
PHILIP CHARLES STERNHELL
Assistant Director

# Ex. A

## Statutory Penalties for False Assertions or Certifications
## of Small and Micro Entity Status

### Summary

35 U.S.C. 41(j) and 123(f) require the United States Patent and Trademark Office (USPTO) to assess a fine of not less than three times the amount an entity failed to appropriately pay the USPTO, when the entity is found by the USPTO to have falsely made an assertion or certification of small or micro entity status, unless the entity shows that the assertion or certification was made in good faith. The USPTO will begin issuing a combined notice of payment deficiency and order to show cause as to why a fine should not be assessed ("combined notice and order"), when the USPTO makes a preliminary determination that a pending patent application ("application") or patent contains a false assertion or certification that resulted in the payment of at least one fee in an unentitled reduced amount. The USPTO will issue a subsequent notice to provide a final determination of whether a fine is being assessed, and the fine amount, based on any timely response to the combined notice and order and the record as a whole.

The statutory penalty system of 35 U.S.C. 41(j) and 123(f) promotes the submission of compliant assertions and certifications of small and micro entity status, reduces the revenue loss from false assertions and certifications that would otherwise be borne by all entities, and discourages inappropriate conduct related to making false assertions and certifications.

### Background

An entity may qualify for small entity status if the entity is a person, a small business concern, or a nonprofit organization, including an institution of higher education. See 37 CFR 1.27. Sections 509.02-03 of the Manual of Patent Examining Procedure (MPEP) (9th Edition, Rev. 01.2024, November 2024) provide guidance on when small entity status may be appropriately asserted. The MPEP is available at www.uspto.gov/MPEP.

Some entities that qualify for small entity status can benefit from an additional reduction of most fees charged by the USPTO if they also qualify for micro entity status. The entity may be entitled to certify micro entity status under either a gross income basis or a United States institution of higher education basis. Section 509.04 of the MPEP and www.uspto.gov/PatentMicroentity provide guidance on when micro entity status may be appropriately certified. If an applicant, inventor, or joint inventor has been named as the inventor or a joint inventor on more than five prior nonprovisional applications, the applicant may be required to establish that a certification under the gross income basis as a micro entity is appropriate, e.g., establishing that the exceptions in 37 CFR 1.29(b) apply to a sufficient number of prior applications that the certification was not falsely made. See MPEP section 509.04(a), subsection I.

An entity is required to conduct an inquiry reasonable under the circumstances prior to making the assertion or certification. See 37 CFR 11.18(b)(2).

The USPTO is a fully fee-funded agency. When entities ineligible for the small or micro entity status fee reductions pay fees in an unentitled reduced amount, they take improper advantage of the fees paid by other entities. Fee payments made in an unentitled reduced amount result in

revenue loss for the USPTO, which is required to set fees to recover aggregate costs. Entities paying fees in unentitled reduced amounts result in the fees for all applicants being reset higher to offset this revenue loss.

Division W of the Consolidated Appropriations Act of 2023 enacted the Unleashing American Innovators Act of 2022 and amended Title 35 of the United States Code to provide for penalties for false assertions and certifications under 35 U.S.C. 41(j) and 123(f), respectively. See Public Law 117-328. In December 2024, Public Law 118-151 further amended Title 35 to provide good faith exceptions to the statutory penalty system of 35 U.S.C. 41(j) and 123(f). Consequently, 35 U.S.C. 41(j) and 123(f) require the USPTO to assess a fine of not less than three times the amount an entity failed to appropriately pay the USPTO, when the entity is found by the USPTO to have falsely made an assertion or certification of small or micro entity status that resulted in the payment of a fee in an unentitled reduced amount, unless the entity establishes that the assertion or certification was made in good faith.

**Combined Notice and Order**

At USPTO's discretion, a review may be undertaken of an entity status claim for compliance with all relevant USPTO rules. For example, the USPTO may review a micro entity status certification claim to determine whether the entity is compliant with the limit of filing no more than five nonprovisional applications. If the review leads to a preliminary determination that an application contains a false assertion or certification that resulted in the payment of at least one fee in an unentitled reduced amount, the USPTO will issue to the correspondence address of record a combined notice and order. The combined notice and order will set forth the USPTO's basis for its preliminary determination and provide a response period of two months, extendible under 37 CFR 1.136(a), to give the entity notice and an opportunity to respond.

**Response to Combined Notice and Order**

The combined notice and order will provide the following three options for response:

I.    If the assertion or certification was not falsely made, a reply must be submitted that includes an explanation supported by sufficient evidence to rebut the preliminary determination that the application contains a false assertion or certification. Relying upon the previously submitted assertion or certification or providing a reassertion or recertification are not satisfactory responses.

II.   If the assertion or certification was falsely made, but in good faith, an itemization of the total deficiency owed must be provided under 37 CFR 1.28(c)(2) or 1.29(k)(1), as appropriate, along with payment for the total deficiency under 37 CFR 1.28(c)(2) or 1.29(k)(2), as appropriate, and include an explanation supported by sufficient evidence that the assertion or certification was made in good faith.

III.  If the assertion or certification was falsely made and a good faith explanation is not submitted, an itemization of the total deficiency owed and payment for the total deficiency must be provided, along with, as appropriate, an offer to pay any fine once assessed.

2

**Appx0297**

The USPTO will evaluate any response to the combined notice and order on a case-by-case basis before issuing a final determination. For example, if the response includes an explanation supported by evidence that the false assertion or certification was made in good faith, the USPTO will take into consideration the reasonableness of any steps taken to avoid the false assertion or certification (i.e., an inquiry reasonable under 37 C.F.R. 11.18(b)(2)) and whether the entity, e.g., applicant or practitioner, has exhibited a pattern of making false assertions or certifications.

**Subsequent Notice from the USPTO**

Following a response to the combined notice and order, or after the expiration of the time period for response, the USPTO will generally issue a subsequent notice that will contain a final determination, based on the record as a whole, of whether the application contains a false assertion or certification that resulted in the payment of at least one fee in an unentitled reduced amount. The subsequent notice will also set forth the fine amount, if any, being assessed. In certain situations, where the facts warrant, the USPTO may require additional information prior to the final determination.

In addition, the USPTO may issue sanctions under 37 CFR 11.18(c) for an entity's conduct before the USPTO regarding a false assertion or certification. Practitioners remain subject to the USPTO Rules of Professional Conduct and sanctions under 37 CFR 11.15, 11.19, and 11.20 for violations thereof. See 37 CFR 11.101 et seq.

**Impact on Prosecution Status and Patent Term Adjustment**

When the USPTO issues a combined notice and order, the USPTO will remove the application from examination pending resolution of the preliminary determination that the application contains a false assertion or certification. The USPTO will not return the application to examination until both the fee deficiency and fine are resolved.

In the event that the USPTO makes a final determination that the application contains a false assertion or certification that resulted in the payment of at least one fee in an unentitled reduced amount, there will be a patent term adjustment (PTA) impact for the application.

Under 37 CFR 1.704(c), circumstances that constitute a failure of the applicant to engage in reasonable efforts to conclude processing or examination of an application may result in the reduction of the period of adjustment set forth in 37 CFR 1.703. There will be a delay in prosecution corresponding to the USPTO removing an application from examination, pending the resolution of the false assertion or certification in the application. Because the delay is the result of a false assertion or certification, the delay is a failure to engage in reasonable efforts to conclude processing or examination of the application, starting on the date the USPTO issues the combined notice and order and ending on the date all appropriate fee deficiencies and any assessed fine are paid in full.

3

**Appx0298**

**Additional Information**

An entity is subject to the penalty provisions of 35 U.S.C. 41(j) and 123(f) only when inappropriately discounted fees were paid on or after December 29, 2022. The filing date of the application is not relevant to whether the fee payment could result in a penalty.

Once a fine has been assessed, the fine is a debt owed to the United States Government, unless the USPTO determines that the assessment was in error in response to a request for further review. Payment of only the fee deficiency amount after the penalty has been assessed does not obviate the fine owed to the United States Government, and a collection process will be initiated to collect the fine owed. The fine must be paid even if the application is abandoned or if the patent has expired. Additionally, failure to pay the fine amount within the time period for its payment may result in sanctions under 37 CFR 11.18, including termination of the proceedings. Payment of only the fine amount and not the fee deficiency will, after expiration of the time period to pay the fee deficiency, result in abandonment of the application.

**Contact information**

Inquiries concerning the statutory penalty system of 35 U.S.C. 41(j) and 123(f) may be directed to Joseph F. Weiss Jr., Senior Legal Advisor, Office of Patent Legal Administration, at 571-270-0629. Inquiries concerning patent term adjustment may be directed to Kery Fries, Senior Legal Advisor, Office of Patent Legal Administration, at 571-272-7757.

Dated: June 6, 2025

Coke Morgan Stewart
Acting Under Secretary of Commerce for Intellectual Property and
Acting Director of the United States Patent and Trademark Office

4

**Appx0299**

# Ex. B

| 1 | IN THE UNITED STATES PATENT AND TRADEMARK OFFICE | |
|---|---|---|

| | Application No: 16/591,555 | Examiner: Hoang, Michael, H |
|---|---|---|
| | Filed: 10/02/2019 | Group Art Unit: 2122 |
| | Applicants: | Atty. Dkt. No: 2a-riskeval |
| | Abhijit R. Nesarikar | |
| | Ashlesha A. Nesarikar | |
| | Anika A. Nesarikar | |

2  Title of Invention: Risk Evaluation and Threat Mitigation Using Artificial Intelligence

3  RESPONSE TO FINAL OFFICE ACTION DATED APRIL 30, 2024

4  Commissioner for Patents

5  P.O. Box 1450

6  Alexandria, VA 22313-1450

7

8  Commissioner:

9  Notice of Appeal is attached herewith.

10  Applicants believe that no extensions of time are required beyond those which may otherwise be

11  provided for in documents accompanying this remark. However, if required to prevent

12  abandonment, then Applicants request such extension of time under 37 C.F.R. 1.136(a).

13  If any fees are due (for example, related to extensions, net addition of claims, etc.), the

14  Commissioner is hereby authorized to charge said fees to Deposit Account 604626 (of Abhijit R.

15  Nesarikar, Ashlesha A. Nesarikar, Anika A. Nesarikar; Customer Number 146553), and please

16  credit any excess fees to said deposit account.

17

18  Date: 08/14/2024

19

20  /Ashlesha A Nesarikar/          /Anika A Nesarikar/          /Abhijit R Nesarikar/

21  Ashlesha A. Nesarikar          Anika A. Nesarikar          Abhijit R. Nesarikar

1

**Appx0301**

# Ex. C

# United States Patent and Trademark Office

*Office of the Chief Financial Officer*

Document Code:WFEE

User :Theresa Okon

Sale Accounting Date:09/20/2024

| Sale Item Reference Number | Effective Date |
|---|---|
| 16591555 | 08/14/2024 |

| Document Number | Fee Code | Fee Code Description | Amount Paid | Payment Method |
|---|---|---|---|---|
| I20249J029595905 | 3251 | EXTENSION FOR RESPONSE WITHIN 1ST MONTH | $44.00 | Deposit Account |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ASHLESHA A. NESARIKAR,<br>ANIKA A. NESARIKAR, and<br>ABHIJIT R. NESARIKAR,<br><br>   Plaintiffs,<br><br>   **-v-**<br><br>THE UNITED STATES PATENT AND<br>TRADEMARK OFFICE and<br>COKE MORGAN STEWART, in her<br>official capacity as the Acting Director of<br>the United States Patent and Trademark<br>Office,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 4:25-cv-00423-JCB-JDL |

**Plaintiffs' Response to Defendants' New Evidence in Sur-Reply on Motion for a**

**Preliminary Injunction**

1

**Appx0304**

Defendants' statement, "the USPTO... specifically identified the missing extension of time fee" (Doc. 16, pg. 22 and Doc. 17, pg. 12; also see Doc. 2-4, pg. 3-5), and newly submitted evidence (Doc. 26-2 and Doc. 26-3) constitute an admission of the bad faith (see Doc. 22, pg. 2) by Defendants. In addition, the newly submitted evidence (Doc. 26-2 and Doc. 26-3) indicates continued bad faith with increased scope.

Defendants state: "the current status of the '555 application is the result of Plaintiffs' failure to pay the difference in an extension fee that they authorized, Ex. B, and is reflected in the prosecution history, Ex. C" (Doc. 26, pg. 5). Defendants' newly presented exhibits, Doc. 26-2 and Doc. 26-3, are a new allegation of a one month extension fee requirement for the Notice of Appeal in '555. Any extension of time fee for the Notice of Appeal filed 8/14/2024 is erroneously charged, because, as shown by Ex. J and explained below, the Notice of Appeal was filed before the deadline of 08/21/2024.

In application '555:

On 08/21/2024, the examiners in '555 sent a correction to a previous erroneous advisory action, stating "[t]he advisory action mailed 08/16/2024 has an error and should have box 1b checked. A corrected PTOL-303 form has been included" (Ex. J, pgs. 3 and 4)  in response to Inventors' email of 08/19/2024 (Ex. J, pg. 7) requesting correction of the PTOL-303 form sent by the examiners on 08/16/2025 (Ex. J, pg. 10).  The corrected PTOL-303 indicated "b) The period for reply expires on: (1) the mailing date of this Advisory Action [08/21/2024]; or (2) the date set forth in the final rejection, whichever is later". No extension was required as Inventors had already replied by filing a Notice of Appeal on 08/14/2024. On 08/23/2024 and 08/28/2024, Inventors requested that the Transaction History of the USPTO's Patent Center be updated to

include the filing of the Notice of Appeal (Ex. J, pg. 8). At that time, no extension of time fee had been charged. The Transaction History was updated to include the Notice of Appeal.

Defendants fail to address the missing entry of the alleged extension fee in '555 (Doc. 21-2, pg. 2). Defendants' failure to reconcile the USPTO's charge of the alleged extension fee with the '555 "Fee payment history" and prosecution history indicates a severe breakdown of USPTO processes. Instead of investigating the breakdown of USPTO processes, Defendants continue to justify the extortionate activities based on the breakdown.

The extortion for a false concession of erroneous micro entity certification (at least, e.g., in '555) is an immediate threat to Inventors' intellectual property and an excessive financial burden. The increased scope of bad faith indicates that Inventors' good faith efforts are futile against Defendants' extortionate activities. An injunction by the Court would grant relief from ongoing and future irreparable harm to Inventors.

Defendants' newly presented exhibit, Doc. 26-1, contains *post hoc* statements, which cannot constitute evidence in rebuttal to the Complaint (Doc. 1) or Motion for Injunction (Doc. 2). Rather, the document appears to support Inventors' statement that Defendants lacked at least due process regarding the Notice of Payment Deficiency (Doc. 1). Nor does the document excuse Defendants' unlawful actions.

**Appx0306**

**Certificate of Service:** Ashlesha A. Nesarikar is filing this document with the court's CM/ECF system on June 24, 2025.

**Certificate of Generative Artificial Intelligence Usage:** Inventors use generative AI in the ordinary course of work as described in the certification filed on April 29, 2025. Inventors, in good faith, comply with L.R. CV-11(g).

Date: June 24, 2025

Respectfully submitted,

| | | |
|---|---|---|
| Ashlesha A. Nesarikar | Anika A. Nesarikar | Abhijit R. Nesarikar |
| 8025 Ambiance Way | 8025 Ambiance Way | 8025 Ambiance Way |
| Plano, Texas 75024 | Plano, Texas 75024 | Plano, Texas 75024 |
| 469-371-4983 | 469-371-4983 | 469-371-4983 |
| asedt0425@icloud.com | anedt0425@icloud.com | edt0425@nesarikar.com |

Inventors and Plaintiffs

**Appx0307**

146553_16591555_08-21-2024_M327 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ 2

146553_16591555_08-21-2024_CTAV ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ 4

Please correct PTOL-303 in advisory action of 08_16_2024 (application #

16_591,555) ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ 7

Re_ Notice of Appeal (application #16_591,555) filed on Aug 14, 2024, but

not entered yet ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ 8

146553_16591555_08-16-2024_CTAV ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ 9

# Exhibit J
# 16/591,555

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/591,555 | 10/02/2019 | Abhijit R. Nesarikar | 2a-riskeval | 1418 |

146553      7590      08/21/2024
Abhijit R. Nesarikar, Ashlesha A. Nesarikar,
Anika A. Nesarikar
8025 Ambiance Way
Plano, TX 75024

| EXAMINER |
|---|
| HOANG, MICHAEL H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2122 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 08/21/2024 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ab@nesarikar.com
anika.nesarikar@utdallas.edu
nesarikaras@gmail.com

PTOL-90A (Rev. 04/07)



UNITED STATES DEPARTMENT OF COMMERCE
**U.S. Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450

| APPLICATION NO./ CONTROL NO. | FILING DATE | FIRST NAMED INVENTOR/ PATENT IN REEXAMINATION | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 16/591,555 | 10/02/2019 | Nesarikar et al. | 2a-riskeval |

| | EXAMINER |  |
|---|---|---|
| Abhijit R. Nesarikar, Ashlesha A. Nesarikar, Anika A. Nesarikar<br>8025 Amblance Way<br>Plano, TX 75024 | MICHAEL H HOANG |  |
| | **ART UNIT** | **PAPER** |
| | 2122 | 20240820 |

DATE MAILED: _____

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner for Patents

The advisory action mailed 08/16/2024 has an error and should have box 1b checked. A corrected PTOL-303 form has been included.

/BRIAN M SMITH/
Primary Examiner, Art Unit 2122

PTO-90C (Rev.04-03)

3

**Appx0310**

| *Advisory Action*<br>*Before the Filing of an Appeal Brief* | Application No.<br>16/591,555 | Applicant(s)<br>Nesarikar et al. | | |
|---|---|---|---|---|
| | Examiner<br>MICHAEL H HOANG | Art Unit<br>2122 | AIA (FITF) Status<br>Yes | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

THE REPLY FILED 30 June 2024 FAILS TO PLACE THIS APPLICATION IN CONDITION FOR ALLOWANCE.

<u>NO NOTICE OF APPEAL FILED</u>

1. ☑ The reply was filed after a final rejection. No Notice of Appeal has been filed. To avoid abandonment of this application, applicant must timely file one of the following replies: (1) an amendment, affidavit, or other evidence, which places the application in condition for allowance; (2) a Notice of Appeal (with appeal fee) in compliance with 37 CFR 41.31; or (3) a Request for Continued Examination (RCE) in compliance with 37 CFR 1.114 if this is a utility or plant application. Note that RCEs are not permitted in design applications. The reply must be filed within one of the following time periods:

   a) ☐ The period for reply expires ____ months from the mailing date of the final rejection.

   b) ☑ The period for reply expires on: (1) the mailing date of this Advisory Action; or (2) the date set forth in the final rejection, whichever is later. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of the final rejection.

   c) ☐ A prior Advisory Action was mailed more than 3 months after the mailing date of the final rejection in response to a first after-final reply filed within 2 months of the mailing date of the final rejection. The current period for reply expires ____ months from the mailing date of *the prior Advisory Action* or SIX MONTHS from the mailing date of the final rejection, whichever is earlier.

     *Examiner Note:* If box 1 is checked, check either box (a). (b) or (c). ONLY CHECK BOX (b) WHEN THIS ADVISORY ACTION IS THE <u>FIRST</u> RESPONSE TO APPLICANTS <u>FIRST</u> AFTER-FINAL REPLY WHICH WAS FILED WITHIN TWO MONTHS OF THE FINAL REJECTION. ONLY CHECK BOX (c) IN THE LIMITED SITUATION SET FORTH UNDER BOX (c). See MPEP 706.07(f).

Extensions of time may be obtained under 37 CFR 1.136(a). The date on which the petition under 37 CFR 1.136(a) and the appropriate extension fee have been filed is the date for purposes of determining the period of extension and the corresponding amount of the fee. The appropriate extension fee under 37 CFR 1.17(a) is calculated from: (1) the expiration date of the shortened statutory period for reply originally set in the final Office action; or (2) as set forth in (b) or (c) above, if checked. Any reply received by the Office later than three months after the mailing date of the final rejection, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

<u>NOTICE OF APPEAL</u>

2. ☐ The Notice of Appeal was filed on _____. A brief in compliance with 37 CFR 41.37 must be filed within two months of the date of filing the Notice of Appeal (37 CFR 41.37(a)), or any extension thereof (37 CFR 41.37(e)), to avoid dismissal of the appeal. Since a Notice of Appeal has been filed, any reply must be filed within the time period set forth in 37CFR 41.37(a).

<u>AMENDMENTS</u>

3. ☑ The proposed amendments filed after a final rejection, but prior to the date of filing a brief, will <u>not</u> be entered because

   a) ☐ They raise new issues that would require further consideration and/or search (see NOTE below);

   b) ☐ They raise the issue of new matter (see NOTE below);

   c) ☑ They are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal; and/or

   d) ☐ They present additional claims without canceling a corresponding number of finally rejected claims.

     NOTE: _____ (See 37 CFR 1.116 and 41.33(a)).

4. ☐ The amendments are not in compliance with 37 CFR 1.121. See attached Notice of Non-Compliant Amendment (PTOL-324).

5. ☐ Applicant's reply has overcome the following rejection(s): _____.

6. ☐ Newly proposed or amended claim(s) _____ would be allowable if submitted in a separate, timely filed amendment canceling the non-allowable claim(s).

7. ☑ For purposes of appeal, the proposed amendment(s): (a)☑ will not be entered; or (b)☐ will be entered and an explanation of how the new or amended claims would be rejected is provided below or appended.

<u>AFFIDAVIT OR OTHER EVIDENCE</u>

8. ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

9. ☐ The affidavit or other evidence filed after final action, but before or on the date of filing a Notice of Appeal will <u>not</u> be entered because applicant failed to provide a showing of good and sufficient reasons why the affidavit or other evidence is necessary and was not earlier presented. See 37 CFR 1.116(e).

10. ☐ The affidavit or other evidence filed after the date of filing the Notice of Appeal, but prior to the date of filing a brief, will <u>not</u> be entered because the affidavit or other evidence failed to overcome <u>all</u> rejections under appeal and/or appellant fails to provide a showing of good and sufficient reasons why it is necessary and was not earlier presented. See 37 CFR 41.33(d)(1).

11. ☐ The affidavit or other evidence is entered. An explanation of the status of the claims after entry is below or attached.

<u>REQUEST FOR RECONSIDERATION/OTHER</u>

12. ☑ The request for reconsideration has been considered but does NOT place the application in condition for allowance because: See Continuation Sheet.

13. ☐ Note the attached Information *Disclosure Statement*(s). (PTO/SB/08) Paper No(s). _____.

14. ☐ Other: _____.

<u>STATUS OF CLAIMS</u>

15. The status of the claim(s) is (or will be) as follows:

   Claim(s) allowed: _____.

   Claim(s) objected to: _____.

   Claim(s) rejected: 27-29,32,34-38,53-54,56-58,60-61,63-78,86,88,90-94 and 96-217.

   Claim(s) withdrawn from consideration: _____.

| /M.H.H./<br>Examiner, Art Unit 2122 | /BRIAN M SMITH/<br>Primary Examiner, Art Unit 2122 |
|---|---|

U.S. Patent and Trademark Office

PTOL-303 (Rev. 04-2024)　　　　　　**Advisory Action Before the Filing of an Appeal Brief**　　　　　Paper No. 20240820

**Appx0311**

Continuation of REQUEST FOR RECONSIDERATION/OTHER 12. The request for reconsideration has been considered but does NOT place the application in condition for allowance because: Applicant's after final arguments are not persuasive thus the 101 and 103 rejections would not be overcome.

Regarding the 35 U.S.C. 103 Rejection:

Applicant asserts that the examiner "overgeneralizes" the term "expert knowledge structure" which applicant further asserts indicates homogenization with respect to foundation models. As noted in the final office action, the examiner relies upon the prior art of Liu to teach the element of an "expert knowledge structure. The examiner's BRI of an "expert knowledge structure" is merely a source of information where the AI model can retrieve information from. Liu's "knowledge base" explicitly teaches this interpretation (pg . 248), therefore applicant's arguments are not persuasive.

Regarding the 35 U.S.C. 101 Rejection:

Applicant asserts claims 27, 67, and 93 as a whole are directed to improvements in technical fields and computer capabilities. Applicant further asserts examiner's reference to "one expert knowledge structure" does not provide sufficient notice of the examiner's analysis. Examiner respectfully disagrees. As noted on pgs. 3-4, the examiner is interpreting the "one expert knowledge structure" as an additional element under Step 2A Prong 2 of the 101 analysis. However, this additional element is recited at a broad and generic manner such that it amounts to mere instructions to apply the judicial exception. Please see MPEP 2106.05(f).

Regarding claim 67, Further applicant argues the examiner has overgeneralized the term "attention" and failed to consider whether claim elements and their combination are well-understood, routine, and conventional. Examiner respectfully disagrees. As noted in the response to arguments in the final office action, the examiner provided an interpretation based on applicant's specification regarding the term " attention". Given that interpretation, the examiner is considering the term "attention" as an additional element, however it is recited in a broad and generic manner such that it amounts to mere instructions to apply the judicial exception using a generic computer component. (MPEP 2106.05(f)). Therefore, the 101 analysis concludes in Step 2B, where the examiner indicates that this additional element does not amount to significantly more than the judicial exception because it is merely used as a generic computer component to perform steps of the claimed process.

Regarding applicant's remarks on rejections based on assertions not properly "Officially Noticed", the examiner respectfully would like to re-emphasize response #25 of the final office action. The examiner is not required to take official notice unless the rejection requires a factual inquiry based on "common knowledge" in the art.

Appendix B:
Additionally, regarding applicant's arguments in Appendix B, regarding the term "field use" has been considered but are not persuasive. The claim states "field use" is subject to "real life". Under BRI, the examiner's interpretation of this term given the context of the claim is merely the applicability of the claimed invention in a scientific/industrial environment. Park explicitly teaches "simulation to investigate human behavior in urban environments" thus would fit the interpretation required by the claims.

Appendix C:

Applicant asserts the examiner misconstrues the terms "attention" and "wholistic". As noted in the final office action, response #16 and #17 on pg. 92, examiner has provided a reasonable interpretation of the

terms in light of the specification. Examiner asserts that the terms are not overgeneralized and has provided evidence from the applicant's specification to support the interpretation given to the claim terms. Therefore, applicant's arguments are not persuasive.

Appendix D:

Applicant asserts that the examiner misconstrued the current application by failing to consider unexpected results and long-standing needs. Appendix D appears to be incorporated in regards to the 103 rejection. Examiner respectfully disagrees. All of the examiner's rejections are based in accordance with the examining procedures laid out in the MPEP. Applicant appears to argue the "need" for the instant application however this does not present a persuasive argument in terms of the prior art rejection. The examiner asserts that the prior art cited teaches all of the claim elements under BRI. Therefore, applicant's arguments are not persuasive.

Appendix E:

Applicant asserts that the examiner has provided "unevidenced assertions" and request that the examiner provide evidence regarding the examiner's interpretations. Additionally, applicant cites various claims where applicant requests examiner's interpretation to by supported by some reference work recognized as standard in the art or an examiner's assertion is not properly officially noticed. As noted above and in the final office action, the examiner is not required to take official notice unless the rejection requires a factual inquiry based on "common knowledge" in the art. Furthermore, the examiner asserts that sufficient evidence has been provided given the interpretation of the claim elements and relevant citations provided by the prior art of record. Therefore, applicant's arguments are not persuasive.

**Appx0313**

**Subject:** Please correct PTOL-303 in advisory action of 08/16/2024 (application #16/591,555)
**From:** Ashlesha Nesarikar <epctas@nesarikar.com>
**Date:** 8/19/2024, 5:52 PM
**To:** "Hoang, Michael (AU2122)" <Michael.Hoang1@uspto.gov>, "Chaki, Kakali" <kakali.chaki@uspto.gov>
**CC:** epctas@nesarikar.com, "uspto@nesarikar.com" <uspto@nesarikar.com>

Examiner Hoang,

The selection of check box 1.a) in the PTOL-303 form for the advisory action of 08/16/2024 (application #16/591,555) is in error. Option 1.b) applies based on the date of our after-final reply and not option 1.a). Please see the highlighted portion of the image below. The final action also included instructions that would require checking box 1.b) rather than box 1.a).

Please send a corrected PTOL-303 form.

Thank you,

/Ashlesha A Nesarikar/
Ashlesha A. Nesarikar
469-371-4983

THE REPLY FILED 30 June 2024 FAILS TO PLACE THIS APPLICATION IN CONDITION FOR ALLOWANCE.
NO NOTICE OF APPEAL FILED

1. ☑ The reply was filed after a final rejection. No Notice of Appeal has been filed. To avoid abandonment of this application, applicant must timely file one of the following replies: (1) an amendment, affidavit, or other evidence, which places the application in condition for allowance; (2) a Notice of Appeal (with appeal fee) in compliance with 37 CFR 41.31; or (3) a Request for Continued Examination (RCE) in compliance with 37 CFR 1.114 if this is a utility or plant application. Note that RCEs are not permitted in design applications. The reply must be filed within one of the following time periods:

a) ☑ The period for reply expires 3 months from the mailing date of the final rejection.

b) ☐ The period for reply expires on: (1) the mailing date of this Advisory Action; or (2) the date set forth in the final rejection, whichever is later. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of the final rejection.

c) ☐ A prior Advisory Action was mailed more than 3 months after the mailing date of the final rejection in response to a first after-final reply filed within 2 months of the mailing date of the final rejection. The current period for reply expires _____ months from the mailing date of the prior Advisory Action or SIX MONTHS from the mailing date of the final rejection, whichever is earlier.

*Examiner Note:* If box 1 is checked, check either box (a), (b) or (c). ONLY CHECK BOX (b) WHEN THIS ADVISORY ACTION IS THE FIRST RESPONSE TO APPLICANTS FIRST AFTER-FINAL REPLY WHICH WAS FILED WITHIN TWO MONTHS OF THE FINAL REJECTION. ONLY CHECK BOX (c) IN THE LIMITED SITUATION SET FORTH UNDER BOX (c). See MPEP 706.07(f).

**Subject:** Re: Notice of Appeal (application #16/591,555) filed on Aug 14, 2024, but not entered yet
**From:** epctas@nesarikar.com
**Date:** 8/28/2024, 2:53 PM
**To:** "Chaki, Kakali" <kakali.chaki@uspto.gov>, "Hoang, Michael (AU2122)" <Michael.Hoang1@uspto.gov>
**CC:** "uspto@nesarikar.com" <uspto@nesarikar.com>, epctas@nesarikar.com

SPE Chaki,

I'm following up on my email to Examiner Hoang on 8/23/2024. I filed Notice of Appeal (NoA) for application # 16/591,555 on Aug 14, 2024; however, the filing is not shown in the transaction history of the Patent Center. Please enter the NoA in the "Transactions" section of "Documents & transaction history" of Patent Center.

Thank you,

Ashlesha Nesarikar


On 8/23/2024 3:45 PM, Ashlesha Nesarikar wrote:

Examiner Hoang,

I filed Notice of Appeal (NoA) for application # 16/591,555 on Aug 14, 2024; however, the filing is not shown in the transaction history of the Patent Center. Please enter the NoA in the "Transactions" section of "Documents & transaction history" of Patent Center.

Thank you,

Ashlesha Nesarikar

# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/591,555 | 10/02/2019 | Abhijit R. Nesarikar | 2a-riskeval | 1418 |

146553          7590          08/16/2024
Abhijit R. Nesarikar, Ashlesha A. Nesarikar,
Anika A. Nesarikar
8025 Ambiance Way
Plano, TX 75024

| EXAMINER |
|---|
| HOANG, MICHAEL H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2122 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 08/16/2024 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ab@nesarikar.com
anika.nesarikar@utdallas.edu
nesarikaras@gmail.com

PTOL-90A (Rev. 04/07)

**Appx0316**

| *Advisory Action*<br>*Before the Filing of an Appeal Brief* | Application No.<br>16/591,555 | Applicant(s)<br>Nesarikar et al. | | |
|---|---|---|---|---|
| | Examiner<br>MICHAEL H HOANG | Art Unit<br>2122 | AIA (FITF) Status<br>Yes | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

THE REPLY FILED 30 June 2024 FAILS TO PLACE THIS APPLICATION IN CONDITION FOR ALLOWANCE.

NO NOTICE OF APPEAL FILED

1. ☑ The reply was filed after a final rejection. No Notice of Appeal has been filed. To avoid abandonment of this application, applicant must timely file one of the following replies: (1) an amendment, affidavit, or other evidence, which places the application in condition for allowance; (2) a Notice of Appeal (with appeal fee) in compliance with 37 CFR 41.31; or (3) a Request for Continued Examination (RCE) in compliance with 37 CFR 1.114 if this is a utility or plant application. Note that RCEs are not permitted in design applications. The reply must be filed within one of the following time periods:

   a) ☑ The period for reply expires 3 months from the mailing date of the final rejection.

   b) ☐ The period for reply expires on: (1) the mailing date of this Advisory Action; or (2) the date set forth in the final rejection, whichever is later. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of the final rejection.

   c) ☐ A prior Advisory Action was mailed more than 3 months after the mailing date of the final rejection in response to a first after-final reply filed within 2 months of the mailing date of the final rejection. The current period for reply expires _____ months from the mailing date of *the prior Advisory Action* or SIX MONTHS from the mailing date of the final rejection, whichever is earlier.

   *Examiner Note:* If box 1 is checked, check either box (a). (b) or (c). ONLY CHECK BOX (b) WHEN THIS ADVISORY ACTION IS THE FIRST RESPONSE TO APPLICANTS FIRST AFTER-FINAL REPLY WHICH WAS FILED WITHIN TWO MONTHS OF THE FINAL REJECTION. ONLY CHECK BOX (c) IN THE LIMITED SITUATION SET FORTH UNDER BOX (c). See MPEP 706.07(f).

Extensions of time may be obtained under 37 CFR 1.136(a). The date on which the petition under 37 CFR 1.136(a) and the appropriate extension fee have been filed is the date for purposes of determining the period of extension and the corresponding amount of the fee. The appropriate extension fee under 37 CFR 1.17(a) is calculated from: (1) the expiration date of the shortened statutory period for reply originally set in the final Office action; or (2) as set forth in b) or (c) above, if checked. Any reply received by the Office later than three months after the mailing date of the final rejection, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

NOTICE OF APPEAL

2. ☐ The Notice of Appeal was filed on _____. A brief in compliance with 37 CFR 41.37 must be filed within two months of the date of filing the Notice of Appeal (37 CFR 41.37(a)), or any extension thereof (37 CFR 41.37(e)), to avoid dismissal of the appeal. Since a Notice of Appeal has been filed, any reply must be filed within the time period set forth in 37CFR 41.37(a).

AMENDMENTS

3. ☑ The proposed amendments filed after a final rejection, but prior to the date of filing a brief, will not be entered because

   a) ☐ They raise new issues that would require further consideration and/or search (see NOTE below);

   b) ☐ They raise the issue of new matter (see NOTE below);

   c) ☑ They are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal; and/or

   d) ☐ They present additional claims without canceling a corresponding number of finally rejected claims.
   NOTE: _____. (See 37 CFR 1.116 and 41.33(a)).

4. ☐ The amendments are not in compliance with 37 CFR 1.121. See attached Notice of Non-Compliant Amendment (PTOL-324).

5. ☐ Applicant's reply has overcome the following rejection(s): _____.

6. ☐ Newly proposed or amended claim(s) _____ would be allowable if submitted in a separate, timely filed amendment canceling the non-allowable claim(s).

7. ☑ For purposes of appeal, the proposed amendment(s):(a)☑ will not be entered; or (b)☐ will be entered and an explanation of how the new or amended claims would be rejected is provided below or appended.

AFFIDAVIT OR OTHER EVIDENCE

8. ☐ A declaration(s)/affidavit(s) under 37 CFR 1.130(b) was/were filed on _____

9. ☐ The affidavit or other evidence filed after final action, but before or on the date of filing a Notice of Appeal will not be entered because applicant failed to provide a showing of good and sufficient reasons why the affidavit or other evidence is necessary and was not earlier presented. See 37 CFR 1.116(e).

10. ☐ The affidavit or other evidence filed after the date of filing the Notice of Appeal, but prior to the date of filing a brief, will not be entered because the affidavit or other evidence failed to overcome all rejections under appeal and/or appellant fails to provide a showing of good and sufficient reasons why it is necessary and was not earlier presented. See 37 CFR 41.33(d)(1).

11. ☐ The affidavit or other evidence is entered. An explanation of the status of the claims after entry is below or attached.

REQUEST FOR RECONSIDERATION/OTHER

12. ☑ The request for reconsideration has been considered but does NOT place the application in condition for allowance because:
   See Continuation Sheet.

13. ☑ Note the attached Information *Disclosure Statement*(s). (PTO/SB/08) Paper No(s). 06/16/2024 and 06/29/2024

14. ☐ Other: _____.

STATUS OF CLAIMS

15. The status of the claim(s) is (or will be) as follows:
   Claim(s) allowed: _____.
   Claim(s) objected to: _____.
   Claim(s) rejected: 27-29,32,34-38,53-54,56-58,60-61,63-78,85-86,88,90-94 and 96-217.
   Claim(s) withdrawn from consideration: _____.

| /M.H.H./<br>Examiner, Art Unit 2122 | /BRIAN M SMITH/<br>Primary Examiner, Art Unit 2122 |
|---|---|

U.S. Patent and Trademark Office
PTOL-303 (Rev. 04-2024)          **Advisory Action Before the Filing of an Appeal Brief**          Paper No. 20240812

**Appx0317**

Continuation of REQUEST FOR RECONSIDERATION/OTHER 12. The request for reconsideration has been considered but does NOT place the application in condition for allowance because: Applicant's after final arguments are not persuasive thus the 101 and 103 rejections would not be overcome.

Regarding the 35 U.S.C. 103 Rejection:

Applicant asserts that the examiner "overgeneralizes" the term "expert knowledge structure" which applicant further asserts indicates homogenization with respect to foundation models. As noted in the final office action, the examiner relies upon the prior art of Liu to teach the element of an "expert knowledge structure. The examiner's BRI of an "expert knowledge structure" is merely a source of information where the AI model can retrieve information from. Liu's "knowledge base" explicitly teaches this interpretation (pg . 248), therefore applicant's arguments are not persuasive.

Regarding the 35 U.S.C. 101 Rejection:

Applicant asserts claims 27, 67, and 93 as a whole are directed to improvements in technical fields and computer capabilities. Applicant further asserts examiner's reference to "one expert knowledge structure" does not provide sufficient notice of the examiner's analysis. Examiner respectfully disagrees. As noted on pgs. 3-4, the examiner is interpreting the "one expert knowledge structure" as an additional element under Step 2A Prong 2 of the 101 analysis. However, this additional element is recited at a broad and generic manner such that it amounts to mere instructions to apply the judicial exception. Please see MPEP 2106.05(f).

Regarding claim 67, Further applicant argues the examiner has overgeneralized the term "attention" and failed to consider whether claim elements and their combination are well-understood, routine, and conventional. Examiner respectfully disagrees. As noted in the response to arguments in the final office action, the examiner provided an interpretation based on applicant's specification regarding the term " attention". Given that interpretation, the examiner is considering the term "attention" as an additional element, however it is recited in a broad and generic manner such that it amounts to mere instructions to apply the judicial exception using a generic computer component. (MPEP 2106.05(f)). Therefore, the 101 analysis concludes in Step 2B, where the examiner indicates that this additional element does not amount to significantly more than the judicial exception because it is merely used as a generic computer component to perform steps of the claimed process.

Regarding applicant's remarks on rejections based on assertions not properly "Officially Noticed", the examiner respectfully would like to re-emphasize response #25 of the final office action. The examiner is not required to take official notice unless the rejection requires a factual inquiry based on "common knowledge" in the art.

Appendix B:
Additionally, regarding applicant's arguments in Appendix B, regarding the term "field use" has been considered but are not persuasive. The claim states "field use" is subject to "real life". Under BRI, the examiner's interpretation of this term given the context of the claim is merely the applicability of the claimed invention in a scientific/industrial environment. Park explicitly teaches "simulation to investigate human behavior in urban environments" thus would fit the interpretation required by the claims.

Appendix C:

Applicant asserts the examiner misconstrues the terms "attention" and "wholistic". As noted in the final office action, response #16 and #17 on pg. 92, examiner has provided a reasonable interpretation of the

Appx0318

terms in light of the specification. Examiner asserts that the terms are not overgeneralized and has provided evidence from the applicant's specification to support the interpretation given to the claim terms. Therefore, applicant's arguments are not persuasive.

Appendix D:

Applicant asserts that the examiner misconstrued the current application by failing to consider unexpected results and long-standing needs. Appendix D appears to be incorporated in regards to the 103 rejection. Examiner respectfully disagrees. All of the examiner's rejections are based in accordance with the examining procedures laid out in the MPEP. Applicant appears to argue the "need" for the instant application however this does not present a persuasive argument in terms of the prior art rejection. The examiner asserts that the prior art cited teaches all of the claim elements under BRI. Therefore, applicant's arguments are not persuasive.

Appendix E:

Applicant asserts that the examiner has provided "unevidenced assertions" and request that the examiner provide evidence regarding the examiner's interpretations. Additionally, applicant cites various claims where applicant requests examiner's interpretation to by supported by some reference work recognized as standard in the art or an examiner's assertion is not properly officially noticed. As noted above and in the final office action, the examiner is not required to take official notice unless the rejection requires a factual inquiry based on "common knowledge" in the art. Furthermore, the examiner asserts that sufficient evidence has been provided given the interpretation of the claim elements and relevant citations provided by the prior art of record. Therefore, applicant's arguments are not persuasive.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ASHLESHA A. NESARIKAR, ANIKA A. NESARIKAR, and ABHIJIT R. NESARIKAR, <br><br> Plaintiffs, <br><br> **-v-** <br><br> THE UNITED STATES PATENT AND TRADEMARK OFFICE and COKE MORGAN STEWART, in her official capacity as the Acting Director of the United States Patent and Trademark Office, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 4:25-cv-00423-JCB-JDL |

**Plaintiffs' Notice and Request for Speedy Consideration of the Motion for a Preliminary Injunction**

Inventors filed a Motion for a Preliminary Injunction (Doc. 2) on 04/24/2025, "respectfully urg[ing] the Court to grant speedy relief…" (Doc. 2, pg. 7). Inventors believe that all submissions on the Motion for a Preliminary Injunction permitted under L.R. CV-7 have been served and filed with the Court. These include Defendants' response (Doc. 16), Plaintiffs' reply (Doc. 21), Defendants' sur-reply (Doc. 26), and Plaintiffs' response to Defendants' new evidence (Doc. 28).

Inventors respectfully request speedy consideration of the Motion for a Preliminary Injunction.

1

**Appx0320**

**Certificate of Service:** Ashlesha A. Nesarikar is filing this document with the court's CM/ECF system on July 9, 2025.

**Certificate of Generative Artificial Intelligence Usage:** Inventors use generative AI in the ordinary course of work as described in the certification filed on April 29, 2025. Inventors, in good faith, comply with L.R. CV-11(g).

Date: July 9, 2025

Respectfully submitted,

Ashlesha A. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
asedt0425@icloud.com

Anika A. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
anedt0425@icloud.com

Abhijit R. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
edt0425@nesarikar.com

Inventors and Plaintiffs

2

**Appx0321**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ASHLESHA A. NESARIKAR,<br>ANIKA A. NESARIKAR, and<br>ABHIJIT R. NESARIKAR,<br><br>Plaintiffs,<br><br>-v-<br><br>THE UNITED STATES PATENT AND<br>TRADEMARK OFFICE and<br>COKE MORGAN STEWART, in her<br>official capacity as the Acting Director of<br>the United States Patent and Trademark<br>Office,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 4:25-cv-00423-JCB-JDL |

**Plaintiffs' Opposition to Motion to Dismiss**

1

**Appx0322**

<u>Response to Statement of Issues</u>

(1) Inventors have standing to bring the present action.

(2) Inventors have identified final agency actions and exhausted administrative remedies.

<u>Inventors Oppose the Motion to Dismiss</u>

The Notice of Payment Deficiency violated Inventors' due process rights, the Paperwork Reduction Act (PRA), 35 USC 132, and 35 USC 123(e), harming Inventors' intellectual property. Defendants attempt to obfuscate the violations without addressing the substance of the Complaint (Doc. 1), erroneously stating "[t]he crux of Plaintiffs' Complaint is a claimed entitlement to "micro entity" status…" (Doc. 17, pg. 5). After the USPTO's irrational petition decisions in October 2024 (e.g., Doc. 1-1, pg. 10-15), Inventors paid excess fees—the difference between "micro entity" fees and "small entity" fees (e.g., Doc. 2, pg. 2)—for example, in '382, '669, and '555. However, Defendants' irrational actions continued. For example, in '382 on 11/19/2024, excess fees were paid that met the requirements set by Defendants to cure the alleged fee deficiency (Ex. L, pg. 6). Defendants misappropriated the excess fees, disregarded the petition of 11/19/2024 (Doc. 2-2, pg. 4), and abandoned the application on 02/06/2025 (Doc. 2-2, pg. 2, 3, and 4). Inventors notified Defendants of the misappropriated payments in '382 on 02/26/2025 in a Request for Corrected Filing Receipt (Ex. L, pg. 2; Doc. 2-2, pg. 3), which Defendants disregarded[1].

---

[1]Defendants appear to object to Doc. 2-2 as inadequate evidence (Doc. 16, pg. 21). However, Defendants do not deny the facts based on Doc. 2-2, and Defendants are the custodians of the record. Inventors presented evidence (Doc. 2-2) that a 11/19/2024 payment was misappropriated by Defendants. In the interest of speedy resolution, Inventors have attached additional evidence (see Ex. K and Ex. L).

Defendants' statements are indicative of bad faith. In their sur-reply (Doc. 26), Defendants admit that in '382: "Plaintiffs' request for a corrected filing receipt [regarding the 11/19/2024 petition and misappropriation of the excess fees paid] remains outstanding" (Doc. 26, pg. 5). Defendants also maintain in Doc. 17, pg. 11 that

> Plaintiffs claim that they notified the USPTO that the abandonment [of '382] was in error and requested a "corrected filing receipt" on February 26, 2025. ECF 2 at 2. Like with the '288 application, there is no indication in the record that Plaintiffs submitted a petition to revive under 37 CFR 1.137

and in Doc 16, pg. 28 that

> Similarly, Plaintiffs' Motion makes clear that Plaintiffs have not attempted to revive the '382 application or withdraw the holding of abandonment and that a petition relating to fee deficiencies remains outstanding. ECF 2 at 2–3.

While Defendants admit that the 11/19/2024 petition (including accounting for excess fees paid) in '382 has remained outstanding for over six months, Defendants assert that Inventors must file another petition (e.g., under 37 CFR 1.137 or 37 CFR 1.181). However, Inventors already filed petitions (e,g., see Doc 2, pg. 2 and 3; Doc 2-2) after extensive communications with the Patents Ombuds Office (POO), the examiner (see Doc. 1-1, pg. 2 for '288; Ex. L, pg. 5 for '382), the Office of Patent Legal Administration, the Technology Center Group Director (see Doc. 1-1, pg. 4 for '288; Ex. L, pg. 7 for '382), and the Office of Petitions (Doc 1, pg. 4-7) in good faith to reply under "(II)" in the Notice of Payment Deficiency despite Defendants' lack of published and vetted provisions to duly and consistently evaluate responses under (II). Defendants failed to duly address the petitions.

3

**Appx0324**

Further, Defendants evade substantial issues in the Complaint by summarily characterizing the extensive communications as merely "correspondence with USPTO employees with procedural questions about how to respond" (Doc. 16, pg. 15) and "email correspondence with USPTO employees in which those employees answered procedural questions raised by Plaintiffs." (Doc. 17, pg. 9). The need for extensive communications arose due to a lack of published and vetted provisions to duly and consistently evaluate responses under (II) in the Notice of Payment Deficiency. Further, the communications were not merely "procedural" (e.g., the Patents Ombuds Office  asserted "[t]his application and any other application any of these inventors are on submitted after this application does not qualify for micro entity status" while disregarding Inventors' reference to 37 CFR 1.29(b) (Doc. 1-2, pg. 5) and directed Inventors to act under (I) in the Notice of Payment Deficiency (Doc, 1-2, pg. 4)). In effect, the allegedly "procedural" communications indicated that the response required by the USPTO was a false concession of erroneous micro entity status.

Inventors emailed the Technology Center Group Director (Doc. 1-2, pg. 2; also see Doc. 1-1, pg. 4 for '288; Ex. L, pg. 7 for '382) on 05/03/2024 stating "[Inventors are] reaching out to you as you have signed the notice dated 04/22/2024" and "Could you expedite the provision of the requested information below? Please see below my email to Patent Legal Administration on May 01, 2024". The Technology Center Group Director did not reply. In a 05/06/2024 email, the Office of Patent Legal Administration, by directing Inventors to the Patents Ombuds Office (Doc. 1-2, pg. 2), endorsed the Patents Ombuds Office's 05/07/2024 statement: "[t]his application and any other application any of these inventors are on submitted after this

4

**Appx0325**

application does not qualify for micro entity status"[2]. Defendants falsely state that "those employees answered procedural questions raised by Plaintiffs" (Doc. 17, pg. 9), while the decision regarding qualification for micro entity status was preemptively made by the Office of Patent Legal Administration before Inventors had an opportunity to respond under (II) in the Notice of Payment Deficiency.

Defendants' admission that the 11/19/2024 petition and Request for Corrected Filing Receipt regarding the excess fees paid remain "outstanding" and Defendants' concurrent allegation of a requirement on Inventors to file a new petition (e.g., under 37 CFR 1.137 or 37 CFR 1.181) indicate bad faith. Requiring Inventors to file petitions as a precondition for Defendants to respond to previously-filed outstanding petitions is irrational. Predicating exhaustion of administrative remedies on this irrationality is unlawful. In Doc. 17, pg. 5-6, Defendants' statement, "additional—and required—administrative remedies remained available... ", is false. Defendants also falsely allege that "Plaintiffs' Complaint and exhibits confirm" the false statement (Doc. 17, pg. 5).

Further regarding '382, Defendants state in a show of bad faith (in Doc. 17, pg. 7 and 8):

> If the applicant wishes to revive an abandoned application, the applicant must file a petition under 37 C.F.R. § 1.137. If the petition decision confirms the original abandonment or refuses to revive the application, it is this decision that is the USPTO's final decision and it can be challenged in the courts...

---

[2]The Office of Patent Legal Administration has not withdrawn or provided explanation for the endorsement.

Defendants' allegation that a petition decision under 37 CFR 1.137 is required for exhaustion of administrative remedies constitutes extortion for a concession under 37 CFR 1.137(b). The alleged requirement would allow Defendants to unduly evade judicial review. In conjunction with their refusal to address the petition of 11/19/2024 and misappropriation of payment, Defendants' actions constitute extortion for a false concession of erroneous micro entity certification from Inventors. Defendants also allege Inventors must petition on an issue of Defendants' choosing, rather than on, e.g., Defendants' violations of law, which Inventors raised and Defendants ignored. If allowed to evade judicial review on the basis of absence of a petition on the extortionate terms of Defendants' choosing, Defendants would evade accountability for violating Inventors' due process rights, the PRA, 35 USC 132, and 35 USC 123(e), and for harming Inventors' intellectual property.

Further, in Doc 16, pg. 28, Defendants show bad faith by falsely stating:

> Plaintiffs admit and recognize that petitioning for revival of an abandoned application is a remedy available to them. ECF 2 at 2. Yet Plaintiffs have declined to do so because, in their view, it would "represent[] undue uncertainty and expense." *Id.* That is an insufficient basis to invoke this Court's jurisdiction.

"ECF 2 at 2" contains no such admission. Defendants falsely represent Inventors' statement of "undue uncertainty and expense". While the verbiage "undue uncertainty and expense" does appear (Doc. 2, pg. 6), the full quotation (reproduced below) does not discuss "petitioning for revival of an abandoned application", instead referring to the need to petition to mitigate loss of patent term after examination has been restarted:

6

**Appx0327**

20.    Discontinuation of examination reduces the length of patent term. Restarting examination after it is discontinued would not cure the loss of patent term. Any attempt to mitigate the loss after the fact would require further petition to the Director, representing undue uncertainty and expense. Discontinuing examination incurs at least undue loss of patent value.

Defendants reiterate the false representation in Doc. 17, pg. 17: "Plaintiffs claim that, after a discontinuation of examination, "further petition to the Director, represent[s] undue uncertainty and expense." ECF 2 at 6. But uncertainty and expense are not valid reasons to avoid exhausting all administrative remedies nor do they invoke this Court's jurisdiction".

Further, in Doc. 26 (pg. 5), Defendants' statement: "Plaintiffs do not contest that an error with respect to the '669 application was quickly corrected" indicates Defendants' at least arbitrary and capricious actions, e.g., at least as compared to '382. In '669, the correction of 02/06/2025 (Doc. 2-3, pg. 11) withdrawing the Notice of Payment Deficiency was in response to Inventors' Request for Corrected Filing Receipt of 02/02/2025 (Doc. 2-3. pg. 9). In '382, Inventors filed a Request for Corrected Filing Receipt on 02/26/2025 making a request similar to that of '669 (Ex. L, pg. 2). In both '669 and '382, excess fees were paid (resulting in payments at small entity rates) (see Doc. 21, pg. 8). However, Defendants have failed to correct '382 for over four months as compared to the "quickly corrected" error in '669.

Defendants attempt to obfuscate Defendants' bad faith and the facts in asserting "Plaintiffs' misapprehension of the available facts..." (Doc. 26, pg. 2). For example, Defendants cherry pick and obfuscate evidence (Doc. 28 and Doc. 28-1; also see Doc 21, pg. 12 and Doc. 21-1). Inventors respectfully request that the Court reject the obfuscation in light of the facts.

Regarding '555, Defendants show bad faith in falsely stating "the USPTO... specifically identified the missing extension of time fee" (Doc. 16, pg. 22 and Doc. 17, pg. 12; also see Doc. 2-4, pg. 3-5). Defendants' newly submitted evidence (Doc. 26-2 and Doc. 26-3) constitutes an admission of the bad faith (see Doc. 22, pg. 2) by Defendants. In addition, the newly submitted evidence (Doc. 26-2 and Doc. 26-3) indicates continued bad faith with increased scope (Doc. 28, pg. 2 and 3; Doc. 28-1). Defendants fail to address the missing entry of the alleged extension fee in '555 (Doc. 21-2, pg. 2). Defendants' failure to reconcile the USPTO's charge of the alleged extension fee with the '555 "Fee payment history" and prosecution history indicates a severe breakdown of USPTO processes (see Doc. 28, pg. 2 and 3 and Doc. 28-1). Instead of investigating the breakdown of USPTO processes, Defendants continue to justify extortionate activities based on the breakdown.

There is no obligation to assign '555 as a result of Inventors' prior employment. Accordingly, '555 does not come under 35 USC 123(b). Defendants' actions (at least, e.g., the 10/23/2024 petition decision in '288) caused harm in at least '555, supporting Inventors' standing in the current case (e.g., see Doc. 21, pg. 8).

<u>Defendants' Standing Arguments are Erroneous</u>

Defendants adopt contradictory positions throughout Doc. 16 and Doc. 17. For example, Defendants challenge Inventors' ownership of " '288 and other applications" (Doc. 16, pg. 7) for standing purposes though they already admitted to having no evidence of an alternate owner. With the exception of Application No.17/906,844 (in which all rights were assigned on 07/13/2023 as a result of prior employment; see Doc. 1-2, pg. 7 and 8), all applications which Inventors identified as obligated to assign rights in are currently owned by Inventors. Inventors'

8

*obligation* to assign in the future does not alter current ownership or Inventors' Article III standing.

Until an assignment, the rights in an invention belong to the inventors. See *Board of Trustees of the Leland Stanford Junior Univ. v. Roche Molecular Systems, Inc.*, 563 U.S. 776 (2011), stating: "Since 1790, the patent law has operated on the premise that rights in an invention belong to the inventor" and "It is equally well established that an inventor can assign his rights in an invention to a third party. See *Dubilier Condenser Corp., supra*, at 187 ("A patent is property and title to it can pass only by assignment")". The USPTO's own regulation, 37 CFR 3.73(a), states: "The original applicant is presumed to be the owner of an application for an original patent, and any patent that may issue therefrom, unless there is an assignment". Defendants fail to overcome this presumption. Instead, Defendants forward a contradictory argument that "Without evidence that Plaintiffs have retained rights in the relevant applications … Plaintiffs have failed to establish whose rights are being vindicated here and, consequently, failed to establish standing" (Doc. 17, pg. 15), thereby proposing an irrationality: that no one currently "retains rights", that no one has been harmed by the USPTO's unlawful actions, and that no one has standing to bring the USPTO's actions for review before a court.

Defendants erroneously assert that "This is no mere technicality as ... errors alleged with respect to the Notices of Payment Deficiency, and ultimate abandonment all flow from the claim that Plaintiffs must assign *all* their rights to former employers" (Doc. 17, pg. 15). The Notice of Payment Deficiency violated Inventors' due process rights, the PRA, 35 USC 132, and 35 USC 123(e), regardless of an obligation to assign in the future. Inventors, as the current applicants, were and are harmed by the violations of law and denial of due process. Further, Defendants' allegation of a  "claim that Plaintiffs must assign *all* their rights to former employers" falsely

9

**Appx0330**

represents: Inventors' statements (regarding obligation to assign "as a result of … prior employment") (Doc. 1-1, pg. 47), or 35 USC 123(b) (regarding obligation to assign "all ownership rights in the application as the result of the applicant's previous employment"), or the USPTO's micro entity certification (regarding obligation to assign "all ownership rights, as a result of the applicant's previous employment ") (Doc. 1, pg. 12), or all three.

<u>Defendants' Arguments Regarding Exhaustion of Administrative Remedies are Erroneous</u>

Defendants state "Once filed, a patent application is examined…" (Doc. 17, pg. 6). The patent examination alleged by Defendants is subject to 35 USC 132(a), which states: "Whenever, on examination, any claim for a patent is rejected, or any objection or requirement made, the Director shall notify the applicant thereof, stating the reasons for such rejection, or objection or requirement, together with such information and references as may be useful in judging of the propriety of continuing the prosecution of his application; and if after receiving such notice, the applicant persists in his claim for a patent, with or without amendment, the application shall be reexamined." Inventors were sent a notice (dated 01/13/2023), indicating that '288 had undergone an examination under 35 USC 132(a), specifying a two-month period to respond with corrections regarding "Drawing Items" (Ex. K, pg. 3-5). The examination resulted in a receipt accepting Inventors' micro entity certifications (Ex. K, pg. 8). Inventors responded to the examination's notice[3]. Inventors received a receipt (dated 02/08/2023) indicating that '288 had

_____

[3]The notice of 01/13/2023 also rejected Inventors' power of attorney forms (Ex. K, pg. 2). On 01/20/2023, per the notice's instructions and contact information (Ex. K pg. 2 and 7), Anika Nesarikar called the USPTO Office of Data Management, Application Assistance Unit and learned that the forms had been rejected because, allegedly, the same person signed all three forms. Anika explained that the allegation was in error, requesting the filed forms be reviewed. The forms were reviewed and Anika gained verbal agreement that each form was properly

undergone a reexamination. The reexamination's receipt also accepted Inventors' micro entity certifications (Ex. K, pg. 13). The examination, the response, and the reexamination followed the provisions of 35 USC 132(a). However, Inventors were sent a Notice of Payment Deficiency (dated 04/22/2024), indicating that '288 had undergone an additional examination. The Notice of Payment Deficiency violated at least 35 USC 132(a), at least by preemptively denying reexamination under 35 USC 132(a).

Inventors respectfully request that the Court juxtapose the Notice of Payment Deficiency with the notice of 01/13/2023 and juxtapose the Defendants' responses regarding the Notice of Payment Deficiency with the responses of 01/24/2023 (Ex. K, pg. 11) and 02/08/2023 (Ex. K, pg. 12). The juxtapositions indicate that violations of Inventors' rights, including due process, flowed from Defendants' lack of published and vetted provisions to examine responses to the Notice of Payment Deficiency. The juxtapositions further show that Defendants err by summarily characterizing Inventors' extensive communications with the Patents Ombuds Office, the examiner (see Doc. 1-1, pg. 2), the Office of Patent Legal Administration, the Technology Center Group Director (see Doc. 1-1, pg. 4), and the Office of Petitions (see Doc 1, pg. 4-7) as merely "correspondence with USPTO employees with procedural questions about how to respond" (Doc. 16, pg. 15) and "email correspondence with USPTO employees in which those employees answered procedural questions raised by Plaintiffs." (Doc. 17, pg. 9).

---

signed by a different inventor and that the USPTO would send a correction to their error. The USPTO sent a correction withdrawing the rejection on 01/24/2023 (Ex. K, pg. 11). Inventors also electronically filed a response to the "Drawing Items" notice on 02/05/2023 (Ex. K, pg. 27). Thereafter, the USPTO determined '288 to be ready for examination (Doc. 1, pg. 2).

11

**Appx0332**

After receiving the Notice of Payment Deficiency, despite the lack of published and vetted provisions, Inventors persisted in their claim by responding (including a response on 05/23/2024 filed according to Defendants' alleged time limit) in good faith based on guidance from Defendants (Doc. 1, pg 6-7). Defendants unlawfully denied reexamination under 35 USC 132(a). Defendants failed to duly address Inventors' responses, including the response on 05/23/2024.

Defendants' decisions on Inventors' responses show that Defendants imposed new requirements of expanded scope and presented new allegations, which requires a new opportunity to respond with a new time period for reply. Defendants' allegations that without "extension of time under 37 CFR 1.136(a)" responses "would not be addressed on the merits" (e.g., Doc. 17, pg. 11) and Defendants' refusal to restart Inventors' period for reply (Doc. 1, pg. 13) are unlawful.

Defendants falsely state: "Plaintiffs complain that the USPTO did not confer micro entity status on the '288 application..." (Doc. 17 pg. 15-16). The USPTO granted micro entity status to '288 on 01/13/2023 (Ex. K, pg. 8 and 32) and affirmed it on 02/08/2023 (Ex. K, pg. 13). As of July 2025, the USPTO has not revoked the micro entity status of '288, and the USPTO's Patent Center continues to display the '288 application entity status as "Micro" (Ex. K, pg. 16).

The Notice of Payment Deficiency violated Inventors' due process rights, the PRA, 35 USC 132, and 35 USC 123(e), harming Inventors' intellectual property. The Complaint and exhibits show that Inventors repeatedly traversed the Notice of Payment Deficiency before the USPTO with arguments and evidence. The USPTO, in multiple communications (Doc. 1-1), including 3 decisions, disregarded Inventors' traversals and reiterated false statements without evidence. The USPTO had multiple opportunities to recognize and stop their unlawful actions. Instead, each of the USPTO's decisions affirms: the Notice of Payment Deficiency; its unlawful, arbitrary, and

capricious enforcement; and the unlawful "additional limits" imposed on who may qualify as a micro entity (see 35 USC 123(e)). The Complaint evidences violations of due process and statute. The Complaint, the record, and Defendants' evasion of the factual evidence show that Inventors have no recourse available at the USPTO and that the administrative remedies at the USPTO have been exhausted. Defendants' assertion of entitlement to "highly deferential" (Doc. 16, pg. 28) review does not excuse Defendants from judicial review, nor does it excuse violations of due process or unlawful actions.

Defendants' argument of lack of finality and jurisdiction contradicts 5 U.S.C 704: "Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section **whether or not there has been presented or determined an application** for a declaratory order, **for any form of reconsideration**, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority" [emphasis added]. A petition for revival or reconsideration of abandonment is not required, and even if it were required (e.g., by a rule), it would fail to render the agency action meanwhile "inoperative".

Though Defendants assert that exhaustion of administrative remedies "encompasses" (Doc. 17, pg. 14) further petitioning to the USPTO, further petitioning is not required to exhaust administrative remedies as "[t]he mere possibility that an agency might reconsider [an agency action]... and invited contentions of inaccuracy does not suffice to make an otherwise final agency action nonfinal" (*Sackett v. EPA*, 566 U.S. 120 (2012)). Defendants evade the question of the legality of the Notice of Payment Deficiency and associated penalties imposed on Inventors for alleged noncompliance. The Supreme Court in *Sackett* v. *EPA* (2012) rejected "agency argument that would "enable the strong-arming of regulated parties into 'voluntary compliance'

13

without the opportunity for judicial review"" (see dissent in *City of Arlington v. Federal Communications Commission*, 569 U.S. 290 (2013), quoting *Sackett* v. *EPA* (2012), by Chief Justice Roberts joined by Justice Kennedy and Justice Alito, objecting to excessive application of the now-overturned Chevron deference[4]). To impose petitioning under 37 CFR 1.137 as a prerequisite to judicial review would constitute at least "strong-arming" Inventors into "voluntary compliance" with the USPTO's *ad hoc* requirements without opportunity for judicial review of those requirements.

The USPTO-designated examiner (Doc. 1-1, pg. 2, 5, 10, 23, 58, and 59; and Ex. K, pg. 16) stated "I am not examining the application" (Doc. 1, pg. 4 and Doc. 1-1, pg. 26) on 04/23/2024, and the examiner's supervisor, the Technology Center Group Director of the examiner's art unit, signed the Notice of Payment Deficiency (Doc. 1, pg. 5; Doc. 1-2, pg. 2; and Doc. 1-1, pg. 4). Even if, *arguendo,* the further petitioning requirement argued by Defendants (e.g., under 37 CFR 1.181) (Doc. 17, pg. 7) or Defendants' statement on 03/06/2025 that "[t]he November 19, 2024 reply … will not be addressed on the merits" (Doc. 1-1, pg. 24) were lawful, it would indicate that the Office of Petitions' *ad hoc* guidance on 05/08/2024 to file a response with "Attn: Office of Petitions, Mail Stop Petitions, …" (Doc. 1, pg. 6 and 7) was at least misleading and that Defendants lacked published and vetted provisions to examine responses to the Notice of Payment Deficiency.

Further, contrary to Defendants' argument, violating statute (e.g., the PRA and 35 USC 132(a)) exhausts administrative remedies. The USPTO's demand that Inventors petition after abandonment amounts to mandating that *pro se* inventors request that a U.S. agency follow law

---

[4]Chevron deference was overturned by *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024).

it has already broken; due and lawful process are not a matter of the Director's discretion—they are rights.

The Supreme Court stated in *Bennett v. Spear*, 520 U.S. 154 (1997): "As a general matter, two conditions must be satisfied for agency action to be "final": First, the action must mark the "consummation" of the agency's decisionmaking process… it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which "rights or obligations have been determined," or from which "legal consequences will flow,"". Unilaterally and retroactively deciding a fee deficiency, deciding an application was "not in condition for examination" (Doc. 1-1, pg. 3), issuing the Notice of Payment Deficiency, and removing an application from the examination queue mark the consummation of the USPTO's decision-making process. The USPTO decided a new and unlawful policy under which Inventors were required to comply with a demand for an unlawful collection of information (in violation of the PRA) and under which Inventors were held to new and retroactive unlawful limitations on who may qualify for micro entity status (in violation of 35 USC 123(e))—both under the stated threat of losing patent rights (Doc. 1-1, pg. 3, 4, 9, 15, and 59) and resulting in: deprivation of Inventors' right to examination of their patent claims, unlawful reduction of patent term, and unlawful reduction of the property value of Inventors' patent applications. Further, Defendants' action of issuing the Notice of Payment Deficiency is final because it is the "consummation of the agency's decisionmaking process" in unilaterally deciding that a bare allegation of "more than four previously filed patent applications" (Doc. 1-1, pg. 3) is sufficient to deprive inventors and applicants of a right to examination of patent applications that were previously found to be compliant with statute and USPTO policy. The Notice of Payment Deficiency, in alleging "*prima facie* evidence" (Doc. 1-1, pg. 3) of erroneous micro entity certification, without addressing 37 CFR 1.29(b) and without

15

**Appx0336**

disclosing the "information and references" (35 USC 132(a)) regarding the patent applications underlying the allegations of "*prima facie* evidence", violated 35 USC 132(a). Inventors repeatedly petitioned and provided evidence opposing the allegations of "*prima facie* evidence" and more. Defendants' petition decisions, based on material misrepresentations and irrational arguments, reiterated the allegations and demands of the Notice of Payment Deficiency, further showing "consummation of the agency's decisionmaking process" and that rights or obligations have been determined and legal consequences have flowed from the "decisionmaking process". Defendants evade addressing the finality of their actions (e.g., issuing the Notice of Payment Deficiency as a "consummation of the agency's decisionmaking process") by debating the finality of the consequences. Thus, violations of law, the Notice of Payment Deficiency, the petition decisions, and abandonment are, separately and together, final.

Further, Defendants admit Inventors filed multiple petitions (e.g., Doc. 16, pg. 28) and "Plaintiffs claim a multitude of alleged final determinations that constitute an exhaustion of administrative remedies" (Doc. 17, pg. 6). Defendants fail to duly address the exhaustion of administrative remedies already presented. Rather than addressing the substance of the Complaint and individual actions constituting finality set forth by Inventors, Defendants evade by raising misleading and inapplicable background (e.g., Doc. 17, pg. 7: "if … a patent applicant fails to timely or properly respond to an Office action, the applicant will be deemed to have abandoned his or her application. *See* 37 C.F.R. § 1.135. If the applicant wishes to challenge a finding of abandonment…"). Defendants' "Background" (in Doc. 17), rather than addressing Defendants' actions in Inventors' applications, relies on assertions inconsistent with or inapplicable to the facts of the current case, which illustrates that Inventors were denied due process and Defendants lacked published and vetted provisions to duly and consistently evaluate responses under (II) in

16

the Notice of Payment Deficiency. For example, Defendants state "a patent application is examined by a patent examiner" (Doc. 17, pg. 6) while the individual whom the USPTO identified as the "examiner" (Doc. 1-1, pg. 2, 5, 10, 23, 58, and 59; and Ex. K, pg. 16) stated "I am not examining the application" (Doc. 1, pg. 4 and Doc. 1-1, pg. 26). Contrary to the "Background", not only is petitioning further not required for finality, Defendants' irrational actions (e.g., Doc. 2, pg. 2-5 regarding '382) indicate petitioning further would result in indefinitely suspended action at the agency.

Further regarding '288,  Defendants state in a show of bad faith (in Doc. 17, pg. 7 and 8)

> If the applicant wishes to revive an abandoned application, the applicant must file a petition under 37 C.F.R. § 1.137. If the petition decision confirms the original abandonment or refuses to  revive the application, it is this decision that is the USPTO's final decision and it can be challenged in the courts...

and (in Doc. 17, pg. 19)

> Absent a petition to revive the '288 application, there can be no exhaustion.

Defendants' allegation that a petition decision under 37 CFR 1.137 is required for exhaustion of administrative remedies constitutes extortion for a concession under 37 CFR 1.137(b). The alleged requirement would allow Defendants to unduly evade judicial review. In conjunction with their refusal to duly address the petition of 11/19/2024, Defendants' actions constitute extortion for a false concession of erroneous micro entity certification from Inventors. Defendants also allege Inventors must petition on an issue of Defendants' choosing, rather than on, e.g., Defendants' violations of law, which Inventors raised and Defendants ignored. If

17

allowed to evade judicial review on the basis of absence of a petition on the extortionate terms of Defendants' choosing, Defendants would evade accountability for violating Inventors' due process rights, the PRA, 35 USC 132, and 35 USC 123(e), and for harming Inventors' intellectual property.

The USPTO made numerous procedural errors, and Inventors, in good faith, worked to correct the procedural errors (e.g., see Doc. 28; Doc 28-1, pg. 7; Ex. K, pg. 11). However, since the Notice of Payment Deficiency (e.g., in '288 and '382), Defendants have made inexplicable allegations relying on cascading errors and bad-faith arguments. To allege that Inventors "failed to exhaust all administrative remedies" (Doc. 17, pg. 5), Defendants assert an allegedly mandatory USPTO procedure to revive '288: "Absent a petition to revive the '288 application, there can be no exhaustion." (Doc. 17, pg. 19) and "If the applicant wishes to revive an abandoned application, the applicant must file a petition under 37 C.F.R. § 1.137." (Doc. 17, pg. 7). Regardless of whether Defendants respond to the petition, the mere filing of a petition under 37 CFR 1.137, in light of 37 CFR 1.137(b), would undermine judicial review of the inexplicable allegations, the cascading errors, and the bad-faith arguments, depriving Inventors of constitutional rights. The allegedly mandatory USPTO procedure as a condition of judicial review is unconstitutional.

Further, 37 CFR 1.137(b) states in part: "A grantable petition pursuant to this section must be accompanied by: (1) The reply required to the outstanding Office action or notice…". Defendants' actions (e.g., in '382) show that the "reply required" by the USPTO is a false concession of erroneous micro entity status. Inventors already challenged, before the USPTO, the USPTO's actions, including statutory violations, lack of due process, and material misrepresentations. Defendants disregarded the challenges.

18

Further, Defendants attempt to obscure the finality of agency action by *ad hoc* characterization of the Notice of Payment Deficiency and subsequent office communications as notices, office actions, petition decisions, or responses. For example, Brantley refused in a petition decision to address the merits of a petition (the petition of 11/19/2024 filed within the 2-month petition time limit, traversing the petition decision of 10/23/2024) based on an allegedly missing extension of time fee, which is not applicable to petitions (Doc. 1-1, pg. 24; also see MPEP 1002: Petitions to the Director of the USPTO, stating "The 2-month period is not extendible under 37 CFR 1.136(a)…"). Defendants' invocation of 37 CFR 1.135 in Doc. 17 does not justify Defendants' disregard of a timely-filed petition. Defendants' erroneous assertion that finality requires following revival procedures related to office actions (Doc 17, pg. 7) disregards that the USPTO itself did not follow office action procedures, for example: failing to provide contact information for the signers of the Notice of Payment Deficiency and the decisions (see MPEP 707.08); preemptively directing Inventors to "Patents Ombudsman" (Doc. 1, pg. 4); directing Inventors to file a response with "Attn: Office of Petitions, Mail Stop Petitions, …" (Doc. 1, pg. 6 and 7); recording communications as petitions (e.g., "Petition Decision" in Ex. K, pg. 17 and 21;  Ex. K, pg. 30-31; and Doc. 17, pg. 6); and disregarding a request to restart the period for reply (Doc. 1, pg. 13). Inventors must not be arbitrarily held to Defendants' cherry-picked procedural requirements (Doc. 1, pg. 8), particularly when Defendants do not commit to a consistent characterization of the agency actions.

Defendants' argument (Doc. 26, pg. 3) regarding *Hyatt v. U.S. Pat. & Trademark Off*., 551 F. Supp. 3d (E.D. Va. 2021) disregards that the court found "The permissive language of [USPTO] guidance creates no requirement for an applicant to seek reconsideration" of abandonment. Defendants' misapplication of *Winfrey v. United States DOC, PTO* (Fed. Cir. 2024) stands on

19

Defendants' disregard for the evidence showing the USPTO's denial of due process and unlawful actions regarding the Notice of Payment Deficiency. Unlike Inventors, Winfrey did not respond, did not file any petitions, and did not have any unanswered petitions. Similarly, Defendants erroneously invoke *Arrow Int'l v. Spire Biomedical, Inc.* (D. Mass. 2006), in which the court noted that an already-pending petition to revive under 37 CFR 1.137 was yet to be decided.

Defendants further cherry pick procedure in alleging that the Notice of Payment Deficiency and subsequent petition decisions are under 37 CFR 1.104 (Doc. 17, pg. 7), while concurrently indicating that Defendants are exempt from the evidentiary rules of 37 CFR 1.104(d)(2), alleging: "37 CFR §1.104(d)(2) relates to the citation of prior art references with respect to the substantive examination of claims" (Doc. 17, pg. 10). Contrary to Defendants' *post hoc* justification, 37 CFR 1.104(d)(2) comes broadly under "[c]itation of references" (37 CFR 1.104(d)). Further, in arguing they are exempt from evidentiary rules, Defendants violate 35 USC 132 (requiring presentation of "references as may be useful in judging of the propriety of continuing the prosecution").

Defendants falsely assert an "interest in maintaining… integrity" (Doc. 16, pg. 12). As custodians of all patent records, Defendants possess records of communications similar to the Notice of Payment Deficiency in '288 with the *same* demands for information sent to more than 10 persons (see a sample in Doc. 21-1; Doc 1-1, pg. 3; Doc. 2-5, pg. 3; and Ex. L, pg. 6). Defendants falsify their actions, stating "the Act and associated regulations "expressly exclude from coverage individualized communications" **like the Notice of Payment Deficiency, which is specific to the '288 application** and specifically directed to the named inventors those

20

between the USPTO and a patent applicant" [emphasis added] (Doc. 17, pg. 19 and Doc. 16, pg. 31). The Notice of Payment Deficiency (e.g., Doc. 21-1) is subject to the PRA.

Further, Defendants obfuscate their duty under the PRA with peripheral case law citations. Defendants erroneously rely on *Ass'n of Am. Physicians & Surgs.* (S.D. Tex. 2002), in which the plaintiffs were denied invalidation of a noticed and promulgated regulation (which was not yet enforced) as no governmental body had "commenced any administrative or judicial action against them". Defendants assert that a PRA claim requires government administrative action (Doc. 17, pg. 18 and Doc. 16, pg. 31), and Defendants did take administrative action against at least 10 persons at least, e.g., by issuing the Notice of Payment Deficiency (e.g., Doc. 1-1, pg. 3 and Ex. L, pg. 6). Defendants' allegation that the PRA "is only a defense" (Doc. 17, pg. 18) disregards 44 USC 3512 - Public protection ("The protection provided by this section may be raised in the form of a complete defense, bar, or otherwise at any time during the agency administrative process or judicial action applicable thereto."). Further, Defendants misapply *Tozzi v. E.P.A.* (D.D.C. 2001), which hinged on a "statutory bar prohibiting judicial review of OMB's ICR [Information Collection Request] approval decisions"; however, the Notice of Payment Deficiency is an *ad hoc* and unilaterally imposed demand for information, for which Inventors did not find any indication that the USPTO applied for or received ICR approval from the Office of Management and Budget (OMB).

Defendants claim that Inventors "misunderstand the Paperwork Reduction Act " (Doc. 17, pg. 18), indicating Defendants at least disregard the congressional intent of the PRA as stated in 44 USC 3501, e.g.: " minimize the paperwork burden for individuals, small businesses … and other persons resulting from the collection of information by or for the Federal Government", "improve the quality and use of Federal information to strengthen decisionmaking,

21

accountability, and openness in Government and society", "ensure that the creation, collection, maintenance, use, dissemination, and disposition of information by or for the Federal Government is consistent with applicable laws, including laws relating to— (A) privacy and confidentiality, including section 552a of title 5… ", and "improve the responsibility and accountability of the Office of Management and Budget and all other Federal agencies to Congress and to the public for implementing the information collection review process, information resources management, and related policies and guidelines established under this subchapter". The display of an OMB Control Number indicates OMB approval of a collection of information by an agency and an assurance to those affected by the collection of information that the agency fulfilled its Congressionally mandated responsibilities (e.g. 44 USC 3506 and 3507). Defendants' arguments regarding the PRA are erroneous and an attempt to evade accountability and judicial review as intended by Congress. For example, the PRA (44 USC 3506) states in part: "(g) With respect to privacy and security, each agency shall… (2) assume responsibility and accountability for compliance with and coordinated management of sections 552 and 552a of title 5, subchapter II of this chapter, and related information management laws". Defendants' actions (see, e.g., Doc. 1) violated the PRA and Inventors' due process rights at least by violating 5 USC 552a, which also provides the Court with jurisdiction in this case.

Defendants' arguments regarding applications other than '288 reiterate arguments made regarding '288. Defendants' argument that "exhaustion with respect to the '288 application would have no bearing on exhaustion in any other application" (Doc. 17, pg. 19) evades evidence of Defendants' systemic unlawful actions. Defendants claim "Plaintiffs also include reference to Notices of Payment Deficiency in connection with their claims for relief but do not identify those other applications or attach any adverse decisions from which they seek relief" (Doc. 17. pg. 6)

22

while concurrently conceding that evidence submitted by Inventors shows "Plaintiffs made reference to Notices of Payment Deficiency entered in connection with other applications, including the '288 application." (Doc. 17, pg. 9). Defendants selectively disregard Inventors' evidence identifying "those other applications" with a Notice of Payment Deficiency (Doc. 1-1, pg. 35, 38, and 39). Further, Defendants do not deny that "those other applications" were subject to "adverse decisions". As custodian of patent records, the USPTO possesses evidence of "those other applications [and] ... adverse decisions from which [Inventors] seek relief".  To persist in arguing, despite evidence presented by Inventors (e.g., Doc. 1-1, Doc. 2), that "other applications" are not subject to relief on the basis of allegedly missing evidence that is in fact in the USPTO's possession unduly expends the Court's time and undermines the Court's authority. Further, Defendants themselves have already changed the status of all of Inventors' applications to "Application Involved in Court Proceedings... " (e.g., Doc. 21-2, pg. 2 and Doc. 21-3, pg. 2 ) and subjected processing of the applications to effects flowing from the status change. To characterize the status change as caused by "Plaintiffs' requests for relief..." (Doc. 26, pg. 6) while concurrently arguing "claims for relief [in applications other than '288] are foreclosed... " (Doc. 17, pg. 19) is contrary to the interests of justice.

Defendants admit that under the APA, a court may set aside an agency action (Doc. 16, pg. 26). The relief requested reflects necessary actions inherent in "setting aside" the agency action of issuing the Notice of Payment Deficiency in Inventors' applications and granting relief from harm arising out of the agency action.

Inventors disagree with Defendants' characterizations of various case laws. As *pro se* plaintiffs, Inventors respectfully request that rather than accept Defendants' characterizations at face value,

23

**Appx0344**

to the extent that the Court relies on Defendants' citations in determinations, that the Court independently interpret the case law.

Defendants' statement "the USPTO recognizes that family members may employ one another in small businesses" (Doc. 26, pg. 6) constitutes a concession that Defendants erroneously rely on the objections: "...assigns rights to an apparent family member who resides at the same address" (Doc. 17, pg. 15 and Doc. 16, pg. 24) and "... who shares the same last name and resides at the same address as all Plaintiffs" (Doc. 16, pg. 14). Defendants err in stating "Plaintiffs are wrong to suggest that any Notice of Payment Deficiency or subsequent communication represents an "additional limit" requiring notice under 35 U.S.C. §123(e)" (Doc. 26, pg. 6). For example, limits imposed by Defendants based on the objections are in violation of 35 USC 123(e).

Instead of withdrawing the objections, Defendants allege a new requirement that individuals certifying micro entity status cannot "avoid having their applications count against *any* applicant's limit" (Doc. 26, pg. 6), an additional violation of 35 USC 123(e). Defendants continue to show their actions were and are out of touch with independent inventors and small businesses, a deficiency that would have been cured had Defendants exercised the statutorily-mandated practice of notice, comment, and promulgation of rule-making (e.g., regarding 35 USC 123(f)[5]).

Instead, Defendants violated the rights of independent inventors and small businesses by strong-arming them for quick concessions that "the [micro entity] certification was erroneous" (Doc 1-1. pg. 3) using *ad hoc* procedures and newly-alleged limitations on certifying micro entity status that violate statute. In forcing newly-alleged rules by asserting older regulations, Defendants

---

[5] 35 USC 123(f) was signed into law on December 29, 2022.

24

**Appx0345**

attempt to force a square peg through a round hole in the name of the USPTO's alleged "broad

authority" (Doc. 16, pg. 6 and 12).

**Certificate of Service:** Ashlesha A. Nesarikar is filing this document with the court's CM/ECF system on July 18, 2025.

**Certificate of Generative Artificial Intelligence Usage:** Inventors use generative AI in the ordinary course of work as described in the certification filed on April 29, 2025. Inventors, in good faith, comply with L.R. CV-11(g).

Date: July 18, 2025

Respectfully submitted,

Ashlesha A. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
asedt0425@icloud.com

Anika A. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
anedt0425@icloud.com

Abhijit R. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
edt0425@nesarikar.com

Inventors and Plaintiffs

Appx0347

146553_18069288_2023-01-13_N572 ——————————————— 2

146553_18069288_2023-01-13_NT.CR.APP.PA ——————————— 3

146553_18069288_2023-01-13_APP.FILE.REC ——————————— 7

146553_18069288_2023-01-24_PEFN ——————————————— 11

146553_18069288_2023-02-08_APP.FILE.REC ——————————— 12

Bibliographic Data - Application - Patent Center - USPTO ——————— 16

Documents - Application - Patent Center - USPTO ————————— 17

Transactions - Application - Patent Center - USPTO ———————— 30

# Exhibit K
# 18/069,288



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 18/069,288 | 12/21/2022 | Abhijit R. Nesarikar | 4as-morphism |

146553
Abhijit R. Nesarikar, Ashlesha A. Nesarikar,
Anika A. Nesarikar
8025 Ambiance Way
Plano, TX 75024

**CONFIRMATION NO. 3954**
**IMPROPER CPOA LETTER**

*OC000000052626256*

Date Mailed: 01/13/2023

## NOTICE REGARDING POWER OF ATTORNEY

This is in response to the power of attorney filed 12/21/2022. The power of attorney in this application is not accepted for the reason(s) listed below:

• The power of attorney has not been accepted because the party who is giving power has not been identified. Power of attorney may only be signed by the applicant for patent (37 CFR 1.42) or the patent owner. A party who is not the applicant must become the applicant in accordance with 37 CFR 1.46(c) and appoint any power of attorney in compliance with 37 CFR 3.71 and 3.73. For a reissue application, reexamination proceeding, or supplemental examination proceeding, a patent owner who was not the applicant under 37 CFR 1.46 must appoint any power of attorney in compliance with 37 CFR 3.71 and 3.73. See 37 CFR 1.32(b)(4).

/tnguyen/

Office of Data Management, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

146553
Abhijit R. Nesarikar, Ashlesha A. Nesarikar,
Anika A. Nesarikar
8025 Ambiance Way
Plano, TX 75024
UNITED STATES

page 1 of 1

**Appx0349**



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 18/069,288 | 12/21/2022 | Abhijit R. Nesarikar | 4as-morphism |

**CONFIRMATION NO. 3954**

146553
Abhijit R. Nesarikar, Ashlesha A. Nesarikar,
Anika A. Nesarikar
8025 Ambiance Way
Plano, TX 75024

**FORMALITIES LETTER**

*OC000000052626082*

Date Mailed: 01/13/2023

## NOTICE TO FILE CORRECTED APPLICATION PAPERS
### *Filing Date Granted*

An application number and filing date have been accorded to the above-identified nonprovisional application. The application is informal since it does not comply with the regulations for the reason(s) indicated below. Applicant is given **TWO MONTHS** from the date of this Notice within which to file all required items below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

### • Drawing Items

The drawings submitted on 12/21/2022 are not acceptable because:

- The application contains a section in the specification containing the brief description of the figures, but is missing the description of Figure(s) **11A, 11B** as required by 37 CFR 1.74 and 37 CFR 1.77(b)(9). A proper substitute specification in compliance with 37 CFR 1.52, 1.121(b)(3), and 1.125, providing a brief description of each drawing figure presented, is required to satisfy this requirement.
- Note: 37 CFR 1.84(u)(1) requires that each figure must be labeled with "Fig." with a consecutive Arabic numeral (1, 2, etc.) or an Arabic numeral and capital letter in the English alphabet (1A, 1B, etc.). Therefore, the substitute specification must refer to each of the properly labeled figure(s) in the brief description. Also, if applicant wishes to delete the undescribed figure, replacement drawing sheets with proper figure labeling in compliance with 37 CFR 1.84 and 1.121(d) are required.

The following item(s) appear to have been **omitted** from the application:

- Figure(s) **11** described in the specification.

Applicant must reply to this Notice within the time period set forth in this Notice to avoid abandonment of the above-identified nonprovisional application. Applicant must select one of the three following options and the reply must comply with the requirements set forth in the selected option and any other requirements set forth in this Notice. **The reply should also indicate which option applicant has selected**. Petitions in accordance with option I or II should be addressed to: Mail Stop Petitions, Commissioner for Patents, P.O. Box 1450, Alexandria VA 22313-1450.

**I. Petition for date of deposit**: Should applicant contend that the above-noted item(s) was in fact deposited in the U.S. Patent and Trademark Office (USPTO) with the nonprovisional application papers, a copy of this Notice a petition, the petition fee set forth in 37 CFR 1.17(f), and evidence of such deposit must be filed within **TWO MONTHS** of the date of this Notice. See 37 CFR 1.53(e)(2). THIS TWO MONTH PERIOD IS EXTENDABLE

page 1 of 4

**Appx0350**

UNDER 37 CFR 1.136(a) or (b). The petition fee will be refunded if it is determined that the above-noted item(s) was received by the USPTO with the application papers deposited on filing.

*Applicant should review their application file and determine whether their file differs from USPTO's records. In some situations, there may be a mislabeling of the drawings and/or a failure to describe in the brief description each of the figures as labeled. See 37 CFR 1.74, 1.77(b)(9), and 1.84(u)(1).*

The brief description of the drawings in the specification must correspond with the figures (see 37 CFR 1.74 and 1.77(b)(9)), and the figures must be labeled in accordance with 37 CFR 1.84(u)(1). For example, if the brief description describes only Figure 1 and Figure 2, but the drawings show Fig. 1 and Fig. 2A and Fig. 2B, then applicant must file a substitute specification, which adds references to Figure 2A and Figure 2B and deletes the reference to Figure 2, in compliance with 37 CFR 1.52, 1.121(b)(3), and 1.125. As another example, if a drawing is labeled Figure 2, but Figure 2 includes multiple figures labeled as A, B, and C, then applicant must file replacement drawing sheets in compliance with 37 CFR 1.84 and 1.121(d), with figure labeling in accordance with 37 CFR 1.84(u)(1) (e.g. Fig. 2A, Fig. 2B, and Fig. 2C). If the specification does not refer to the figures as relabeled, then applicant must also file a substitute specification in compliance with 37 CFR 1.52, 1.121(b)(3), and 1.125 that amends the specification to refer to the relabeled figures (e.g. Fig. 2A, Fig. 2B, and Fig. 2C). **A petition for date of deposit under option I should NOT be filed in situations where there is simply a mislabeling of the drawings and/or a failure to describe in the brief description each of the figures. Instead, applicant should file a reply under option III(A) below (including replacement drawing sheets and/or a substitute specification as described)**.

**II. <u>Petition for later filing date</u>**: Should applicant desire to supply the omitted item(s) and accept the date that such omitted item(s) was filed in the USPTO as the filing date of the above-identified application, a copy of this Notice, the omitted item(s), and a petition under 37 CFR 1.182 with the petition fee set forth in 37 CFR 1.17(f) requesting the later filing date must be filed within **TWO MONTHS** of the date of this Notice. THIS TWO MONTH PERIOD IS EXTENDABLE UNDER 37 CFR 1.136(a) or (b).

Applicant is advised that the filing fee required for an application is generally the filing fee in effect on the filing date accorded the application and that payment of the requisite basic filing fee on a date later than the filing date of the application requires payment of a surcharge (37 CFR 1.16(f)). To avoid processing delays and payment of a surcharge, applicant should submit any balance due for the requisite filing fee based on the later filing date being requested when submitting the omitted item(s) and the petition (and petition fee) requesting the later filing date.

**III. <u>Accept the application as deposited by filing an appropriate amendment</u>**: Applicant may accept the application as deposited in the USPTO by filing an appropriate amendment as set forth in either (A) or (B) below within **TWO MONTHS** of the date of this Notice. THIS TWO MONTH PERIOD IS EXTENDABLE UNDER 37 CFR 1.136(a) or (b). The filing date of the application will remain the date of deposit of the application papers in the USPTO, and original application papers (i.e. the original disclosure of the invention) will include only those application papers present in the USPTO on the date of deposit. A petition is not required for this option.

(A) If applicant chooses to accept the application as deposited without adding the subject matter that was in the omitted item(s), applicant is required to submit one or more of the following items without adding any new matter (see 35 U.S.C. 132(a)):

- **To remove a missing figure of the drawings or to correct the figure labeling**:
  - replacement drawing sheets in compliance with 37 CFR 1.121(d) to renumber the drawing figures consecutively (if necessary), and/or
  - a substitute specification (excluding claims) in compliance with 37 CFR 1.52, 1.121(b)(3), and 1.125 that amends the specification to cancel any references to any omitted drawing(s) and corrects the references in the specification to the drawing figures to correspond with any relabeled drawing figures.

page 2 of 4

**Appx0351**

- A proper substitute specification in compliance with 37 CFR 1.52, 1.121(b)(3), and 1.125 consists of:
  - A copy of the previously-submitted specification, with deletions shown with strikethrough or brackets and insertions shown with underlining (marked-up version) unless it is indicated above that a marked-up version is not required for each of the correction(s).
  - A copy of the amended specification without markings (clean version).
  - A statement that the substitute specification contains no new matter, in compliance with 37 CFR 1.121(b)(3) and 1.125.

(B) Alternatively, if applicant chooses to accept the application as deposited but wishes to add the subject matter in the omitted items(s) by relying on an incorporation by reference under 37 CFR 1.57 or other portions of the original disclosure, applicant is required to submit the following without adding any new matter (see 35 U.S.C. 132(a)):

- **To add a missing figure of the drawings**: new and replacement drawing sheets in compliance with 37 CFR 1.121(d);

If applicant is relying on an incorporation by reference under 37 CFR 1.57 to add the omitted subject matter, then applicant must also comply with the requirements of 37 CFR 1.57.

Applicant is cautioned that correction of the above items may cause the specification and drawings page count to exceed 100 pages. If the specification and drawings exceed 100 pages, applicant will need to submit the required application size fee.

Replies must be received in the USPTO within the set time period or must include a proper Certificate of Mailing or Transmission under 37 CFR 1.8 with a mailing or transmission date within the set time period. For more information and a suggested format, see Form PTO/SB/92 and MPEP 512.

Replies should be addressed to:

Mail Stop Missing Parts
Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450

### REPLY VIA ELECTRONIC FILING

A reply may be submitted via electronic filing only by registered users of the appropriate USPTO patent electronic filing system and must include:

- A separate document having the document description, "**Applicant response to Pre-Exam Formalities Notice**"; and
- the item(s) for which a reply period is set forth above.

For more information about electronic filing, contact the Patent Electronic Business Center (EBC) 1-866-217-9197 or visit https://www.uspto.gov/ebc

NOTE: If the reply is not being submitted electronically, a copy of this notice must be included.

Questions about the contents of this notice and the
requirements it sets forth should be directed to the Office
of Data Management, Application Assistance Unit, at
**(571) 272-4000** or **(571) 272-4200** or **1-888-786-0101**.

/tnguyen/

_____

**Appx0353**



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 18/069,288 | 12/21/2022 | | 455 | 4as-morphism | 14 | 2 |

**CONFIRMATION NO. 3954**

146553
Abhijit R. Nesarikar, Ashlesha A. Nesarikar,
Anika A. Nesarikar
8025 Ambiance Way
Plano, TX 75024

**FILING RECEIPT**

OC000000052626075

Date Mailed: 01/13/2023

Receipt is acknowledged of this non-provisional utility patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF FIRST INVENTOR, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection.

**Please verify the accuracy of the data presented on this receipt.** If an error is noted on this Filing Receipt, please submit a written request for a corrected Filing Receipt, including a properly marked-up ADS showing the changes with strike-through for deletions and underlining for additions. If you received a "Notice to File Missing Parts" or other Notice requiring a response for this application, please submit any request for correction to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections provided that the request is grantable.

**Inventor(s)**

Abhijit R. Nesarikar, Plano, TX;
Ashlesha A. Nesarikar, Plano, TX;
Anika A. Nesarikar, Plano, TX;

**Applicant(s)**

Abhijit R. Nesarikar, Plano, TX;
Ashlesha A. Nesarikar, Plano, TX;
Anika A. Nesarikar, Plano, TX;

**Power of Attorney:** None

**Domestic Priority data as claimed by applicant**
This appln claims benefit of 63/265,932 12/22/2021

**Foreign Applications** for which priority is claimed (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.) - None.
*Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.*

**Permission to Access Application via Priority Document Exchange:** No

**Permission to Access Search Results:** No

page 1 of 4

**Appx0354**

Applicant may provide or rescind an authorization for access using Form PTO/SB/39 or Form PTO/SB/69 as appropriate.

**If Required, Foreign Filing License Granted:** 01/12/2023

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 18/069,288**

**Projected Publication Date:**  Request for Non-Publication Acknowledged

**Non-Publication Request:** Yes

**Early Publication Request:** No
**\*\* MICRO ENTITY \*\***
**Title**

>             Systems and Methods for Intelligent Awareness and Intent for Autonomous Vehicles

**Preliminary Class**

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

## PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific

page 2 of 4

**Appx0355**

countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

## LICENSE FOR FOREIGN FILING UNDER

### Title 35, United States Code, Section 184

### Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

### *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop

page 3 of 4

**Appx0356**

technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

**Appx0357**



## UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 18/069,288 | 12/21/2022 | Abhijit R. Nesarikar | 4as-morphism |

146553
Abhijit R. Nesarikar, Ashlesha A. Nesarikar,
Anika A. Nesarikar
8025 Ambiance Way
Plano, TX 75024

**CONFIRMATION NO. 3954**
**WITHDRAWAL PREVIOUS LETTER**


*OC000000052951200*

Date Mailed: 01/24/2023

## WITHDRAWAL OF PREVIOUS COMMUNICATION

Please disregard the NOTICE REGARDING POWER OF ATTORNEY mailed on 2023-01-13. It has come to our attention that the communication was mailed in error. A corrected communication is either attached or will follow in due course. The Office regrets any inconvenience.

Questions about the contents of this notice should be directed to the Office of Data Management, Application Assistance Unit, at 571-272-4000 or 571-272-4200 or 1-888-786-0101.

Questions about the contents of this notice and the
requirements it sets forth should be directed to the Office
of Data Management, Application Assistance Unit, at
**(571) 272-4000** or **(571) 272-4200** or **1-888-786-0101**.

/ambalinang/

_____

page 1 of 1

**Appx0358**



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 18/069,288 | 12/21/2022 | | 455 | 4as-morphism | 14 | 2 |

**CONFIRMATION NO. 3954**

146553
Abhijit R. Nesarikar, Ashlesha A. Nesarikar,
Anika A. Nesarikar
8025 Ambiance Way
Plano, TX 75024

**UPDATED FILING RECEIPT**

|||||||||||||||||| OC000000053504442

Date Mailed: 02/08/2023

Receipt is acknowledged of this non-provisional utility patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF FIRST INVENTOR, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection.

**Please verify the accuracy of the data presented on this receipt.** If an error is noted on this Filing Receipt, please submit a written request for a corrected Filing Receipt, including a properly marked-up ADS showing the changes with strike-through for deletions and underlining for additions. If you received a "Notice to File Missing Parts" or other Notice requiring a response for this application, please submit any request for correction to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections provided that the request is grantable.

**Inventor(s)**

Abhijit R. Nesarikar, Plano, TX;
Ashlesha A. Nesarikar, Plano, TX;
Anika A. Nesarikar, Plano, TX;

**Applicant(s)**

Abhijit R. Nesarikar, Plano, TX;
Ashlesha A. Nesarikar, Plano, TX;
Anika A. Nesarikar, Plano, TX;

**Power of Attorney:** None

**Domestic Priority data as claimed by applicant**
This appln claims benefit of 63/265,932 12/22/2021

**Foreign Applications** for which priority is claimed  (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.)  - None.
*Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.*

**Permission to Access Application via Priority Document Exchange:** No

**Permission to Access Search Results:** No

page 1 of 4

**Appx0359**

Applicant may provide or rescind an authorization for access using Form PTO/SB/39 or Form PTO/SB/69 as appropriate.

**If Required, Foreign Filing License Granted:** 01/12/2023

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 18/069,288**

**Projected Publication Date:** Request for Non-Publication Acknowledged

**Non-Publication Request:** Yes

**Early Publication Request:** No
**\*\* MICRO ENTITY \*\***
**Title**

        Systems and Methods for Intelligent Awareness and Intent for Autonomous Vehicles

**Preliminary Class**

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

## PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific

countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop

page 3 of 4

**Appx0361**

technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

**Appx0362**



An official website of the United States government
Here's how you know

## 18/069,288 | 4as-morphism:

### Systems and Methods for Intelligent Awareness and Intent for Autonomous Vehicles

PUBLIC VIEW

| Application # | Confirmation # | Attorney Docket # | Patent # |
|---|---|---|---|
| 18/069,288 | 3954 | 4as-morphism | - |

| Filing or 371 (c) date | Status |
|---|---|
| 12/21/2022 | Application Involved in Court Proceedings 04/25/2025 |

☰ Show/hide menu

## Application data

**Application type**
Utility

**Examiner**
CHRISTYANN R PULLIAM

**Group art unit**
2178

**Class/subclass**
701/023.000

**AIA (first inventor to file)**
Yes

**Entity status**
Micro

**Earliest publication #**
US 2025-0033672 A1 ⧉
Download PDF ⬇  Text ⬇

**Earliest publication date**
01/30/2025

**Assignee for publication**
-

**Confirmation #**
3954

**Intl. registration # (Hague)**
-

**Intl. registration publication date**
-

### Correspondence address

146553 - Abhijit R. Nesarikar, Ashlesha A. Nesarikar,
Anika A. Nesarikar
8025 Ambiance Way
Plano, TX
UNITED STATES

### Inventors

Abhijit R. Nesarikar
Plano, TEXAS (US)

Ashlesha A. Nesarikar
Plano, TEXAS (US)

Anika A. Nesarikar
Plano, TEXAS (US)

### Applicants

**Appx0363**



**Appx0364**

| Mail room date ↑↓ | Doc code ↑↓ | Doc description ↑↓ | Pages ↑↓ | Quick download | File size (KB) | ⓘ |
|---|---|---|---|---|---|---|
| 12/24/2024 | NPL | Non Patent Literature | 21 | | 1260 | |
| 12/24/2024 | REF.OTHER | Other reference-Patent/Application/Search Documents | 21 | | 1260 | |
| 12/24/2024 | NPL | Non Patent Literature | 23 | | 1380 | |
| 12/24/2024 | FOR | Foreign Reference | 69 | | 4140 | |
| 12/24/2024 | NPL | Non Patent Literature | 10 | | 600 | |
| 12/24/2024 | NPL | Non Patent Literature | 31 | | 1860 | |
| 12/24/2024 | NPL | Non Patent Literature | 14 | | 840 | |
| 12/24/2024 | NPL | Non Patent Literature | 30 | | 1800 | |
| 12/24/2024 | NPL | Non Patent Literature | 7 | | 420 | |
| 12/24/2024 | NPL | Non Patent Literature | 5 | | 300 | |
| 12/24/2024 | NPL | Non Patent Literature | 49 | | 2940 | |
| 12/24/2024 | NPL | Non Patent Literature | 4 | | 240 | |
| 12/24/2024 | NPL | Non Patent Literature | 12 | | 720 | |
| 12/24/2024 | NPL | Non Patent Literature | 211 | | 12660 | |
| 12/24/2024 | NPL | Non Patent Literature | 27 | | 1620 | |
| 12/24/2024 | NPL | Non Patent Literature | 13 | | 780 | |
| 12/24/2024 | NPL | Non Patent Literature | 38 | | 2280 | |
| 12/24/2024 | NPL | Non Patent Literature | 29 | | 1740 | |
| 12/24/2024 | NPL | Non Patent Literature | 11 | | 660 | |
| 12/24/2024 | NPL | Non Patent Literature | 14 | | 840 | |
| 12/24/2024 | NPL | Non Patent Literature | 67 | | 4020 | |
| 12/24/2024 | NPL | Non Patent Literature | 14 | | 840 | |
| 12/24/2024 | NPL | Non Patent Literature | 91 | | 5460 | |
| 12/24/2024 | NPL | Non Patent Literature | 19 | | 1140 | |
| 12/24/2024 | NPL | Non Patent Literature | 349 | | 20940 | |
| 12/24/2024 | NPL | Non Patent Literature | 7 | | 420 | |
| 12/24/2024 | NPL | Non Patent Literature | 10 | | 600 | |
| 12/24/2024 | NPL | Non Patent Literature | 30 | | 1800 | |
| 12/24/2024 | NPL | Non Patent Literature | 10 | | 600 | |
| 12/24/2024 | NPL | Non Patent Literature | 260 | | 15600 | |
| 12/24/2024 | NPL | Non Patent Literature | 5 | | 300 | |
| 12/24/2024 | NPL | Non Patent Literature | 44 | | 2640 | |
| 12/24/2024 | NPL | Non Patent Literature | 26 | | 1560 | |

Appx0365

Documents - Application - Patent Center - USPTO

| Mail room date ↑↓ | Doc code ↑↓ | Doc description ↑↓ | Pages ↑↓ | Quick download | File size (KB) | ⓘ |
|---|---|---|---|---|---|---|
| 12/24/2024 | NPL | Non Patent Literature | 2 | | 120 | |
| 12/24/2024 | NPL | Non Patent Literature | 17 | | 1020 | |
| 12/24/2024 | NPL | Non Patent Literature | 11 | | 660 | |
| 12/24/2024 | NPL | Non Patent Literature | 63 | | 3780 | |
| 12/24/2024 | NPL | Non Patent Literature | 25 | | 1500 | |
| 12/24/2024 | NPL | Non Patent Literature | 5 | | 300 | |
| 12/24/2024 | NPL | Non Patent Literature | 67 | | 4020 | |
| 12/24/2024 | NPL | Non Patent Literature | 53 | | 3180 | |
| 12/24/2024 | NPL | Non Patent Literature | 76 | | 4560 | |
| 12/24/2024 | NPL | Non Patent Literature | 12 | | 720 | |
| 12/24/2024 | NPL | Non Patent Literature | 9 | | 540 | |
| 12/24/2024 | NPL | Non Patent Literature | 11 | | 660 | |
| 12/24/2024 | NPL | Non Patent Literature | 10 | | 600 | |
| 12/24/2024 | NPL | Non Patent Literature | 16 | | 960 | |
| 12/24/2024 | NPL | Non Patent Literature | 19 | | 1140 | |
| 12/24/2024 | NPL | Non Patent Literature | 12 | | 720 | |
| 12/24/2024 | NPL | Non Patent Literature | 48 | | 2880 | |
| 12/24/2024 | NPL | Non Patent Literature | 14 | | 840 | |
| 12/24/2024 | NPL | Non Patent Literature | 11 | | 660 | |
| 12/24/2024 | NPL | Non Patent Literature | 42 | | 2520 | |
| 12/24/2024 | NPL | Non Patent Literature | 23 | | 1380 | |
| 12/24/2024 | N417 | Electronic Filing System Acknowledgment Receipt | 15 | | 900 | |
| 12/24/2024 | NPL | Non Patent Literature | 8 | | 480 | |
| 12/24/2024 | NPL | Non Patent Literature | 11 | | 660 | |
| 12/24/2024 | NPL | Non Patent Literature | 155 | | 9300 | |
| 12/24/2024 | NPL | Non Patent Literature | 18 | | 1080 | |
| 12/24/2024 | NPL | Non Patent Literature | 5 | | 300 | |
| 12/24/2024 | NPL | Non Patent Literature | 5 | | 300 | |
| 12/24/2024 | NPL | Non Patent Literature | 10 | | 600 | |
| 12/24/2024 | NPL | Non Patent Literature | 12 | | 720 | |
| 12/24/2024 | NPL | Non Patent Literature | 14 | | 840 | |
| 12/24/2024 | NPL | Non Patent Literature | 20 | | 1200 | |
| 12/24/2024 | NPL | Non Patent Literature | 5 | | 300 | |

Appx0366

| Mail room date ↓ | Doc code ↑↓ | Doc description ↑↓ | Pages ↑↓ | Quick download | File size (KB) | ⓘ |
|---|---|---|---|---|---|---|
| 12/24/2024 | NPL | Non Patent Literature | 12 | | 720 | |
| 12/24/2024 | NPL | Non Patent Literature | 309 | | 18540 | |
| 12/24/2024 | IDS | Information Disclosure Statement (IDS) Form (SB08) | 10 | | 600 / 88 | |
| 12/24/2024 | IDS | Information Disclosure Statement (IDS) Form (SB08) | 8 | | 480 / 60 | |
| 12/24/2024 | NPL | Non Patent Literature | 12 | | 720 | |
| 12/24/2024 | NPL | Non Patent Literature | 27 | | 1620 | |
| 12/24/2024 | NPL | Non Patent Literature | 72 | | 4320 | |
| 12/24/2024 | NPL | Non Patent Literature | 80 | | 4800 | |
| 12/24/2024 | NPL | Non Patent Literature | 16 | | 960 | |
| 12/24/2024 | NPL | Non Patent Literature | 7 | | 420 | |
| 12/24/2024 | NPL | Non Patent Literature | 9 | | 540 | |
| 12/24/2024 | NPL | Non Patent Literature | 16 | | 960 | |
| 12/24/2024 | NPL | Non Patent Literature | 10 | | 600 | |
| 12/24/2024 | NPL | Non Patent Literature | 4 | | 240 | |
| 12/24/2024 | NPL | Non Patent Literature | 66 | | 3960 | |
| 12/24/2024 | NPL | Non Patent Literature | 649 | | 38940 | |
| 12/24/2024 | NPL | Non Patent Literature | 33 | | 1980 | |
| 12/24/2024 | NPL | Non Patent Literature | 88 | | 5280 | |
| 12/24/2024 | NPL | Non Patent Literature | 19 | | 1140 | |
| 12/24/2024 | NPL | Non Patent Literature | 7 | | 420 | |
| 12/24/2024 | NPL | Non Patent Literature | 28 | | 1680 | |
| 12/24/2024 | NPL | Non Patent Literature | 6 | | 360 | |
| 12/24/2024 | NPL | Non Patent Literature | 30 | | 1800 | |
| 12/24/2024 | NPL | Non Patent Literature | 27 | | 1620 | |
| 12/24/2024 | NPL | Non Patent Literature | 20 | | 1200 | |
| 12/24/2024 | NPL | Non Patent Literature | 14 | | 840 | |
| 12/24/2024 | NPL | Non Patent Literature | 13 | | 780 | |
| 12/24/2024 | NPL | Non Patent Literature | 10 | | 600 | |
| 12/24/2024 | NPL | Non Patent Literature | 16 | | 960 | |
| 12/24/2024 | NPL | Non Patent Literature | 18 | | 1080 | |
| 12/24/2024 | NPL | Non Patent Literature | 8 | | 480 | |
| 12/24/2024 | NPL | Non Patent Literature | 9 | | 540 | |
| 12/24/2024 | NPL | Non Patent Literature | 14 | | 840 | |

Appx0367

| Mail room date ↑↓ | Doc code ↑↓ | Doc description ↑↓ | Pages ↑↓ | Quick download | File size (KB) | ⓘ |
|---|---|---|---|---|---|---|
| 12/24/2024 | NPL | Non Patent Literature | 15 | | 900 | |
| 11/19/2024 | N417 | Electronic Filing System Acknowledgment Receipt | 2 | | 120 | |
| 11/19/2024 | LET. | Miscellaneous Incoming Letter | 5 | | 300 | |
| 10/23/2024 | PETDEC | Petition Decision | 6 | | 360 / 23 / 110 / 74 | |
| 10/23/2024 | M327 | Miscellaneous Communication to Applicant -No Action Count | 1 | | 60 | |
| 10/21/2024 | CFILE | Request for Corrected Filing Receipt | 1 | | 60 | |
| 10/21/2024 | N417 | Electronic Filing System Acknowledgment Receipt | 2 | | 120 | |
| 10/21/2024 | RESC | Rescind Nonpublication Request for Pre Grant Publication | 6 | | 360 | |
| 09/09/2024 | N417 | Electronic Filing System Acknowledgment Receipt | 2 | | 120 | |
| 09/09/2024 | LET. | Miscellaneous Incoming Letter | 10 | | 600 | |
| 08/08/2024 | PETDEC | Petition Decision | 5 | | 300 / 16 / 27 / 5 | |
| 07/18/2024 | NPL | Non Patent Literature | 353 | | 21180 | |
| 07/18/2024 | NPL | Non Patent Literature | 16 | | 960 | |
| 07/18/2024 | NPL | Non Patent Literature | 13 | | 780 | |
| 07/18/2024 | NPL | Non Patent Literature | 16 | | 960 | |
| 07/18/2024 | NPL | Non Patent Literature | 29 | | 1740 | |
| 07/18/2024 | NPL | Non Patent Literature | 138 | | 8280 | |
| 07/18/2024 | NPL | Non Patent Literature | 13 | | 780 | |
| 07/18/2024 | NPL | Non Patent Literature | 11 | | 660 | |
| 07/18/2024 | NPL | Non Patent Literature | 11 | | 660 | |
| 07/18/2024 | NPL | Non Patent Literature | 10 | | 600 | |
| 07/18/2024 | NPL | Non Patent Literature | 31 | | 1860 | |
| 07/18/2024 | NPL | Non Patent Literature | 11 | | 660 | |
| 07/18/2024 | NPL | Non Patent Literature | 16 | | 960 | |
| 07/18/2024 | NPL | Non Patent Literature | 12 | | 720 | |
| 07/18/2024 | NPL | Non Patent Literature | 31 | | 1860 | |
| 07/18/2024 | NPL | Non Patent Literature | 6 | | 360 | |
| 07/18/2024 | NPL | Non Patent Literature | 21 | | 1260 | |
| 07/18/2024 | NPL | Non Patent Literature | 23 | | 1380 | |
| 07/18/2024 | NPL | Non Patent Literature | 9 | | 540 | |

**Appx0368**

7/14/25, 1:26 PM                                                Documents - Application - Patent Center - USPTO

| Mail room date ↑↓ | Doc code ↑↓ | Doc description ↑↓ | Pages ↑↓ | Quick download | File size (KB) | ⓘ |
|---|---|---|---|---|---|---|
| 07/18/2024 | NPL | Non Patent Literature | 9 | | 540 | |
| 07/18/2024 | IDS | Information Disclosure Statement (IDS) Form (SB08) | 8 | | 480 / 60 | |
| 07/18/2024 | NPL | Non Patent Literature | 143 | | 8580 | |
| 07/18/2024 | NPL | Non Patent Literature | 17 | | 1020 | |
| 07/18/2024 | NPL | Non Patent Literature | 101 | | 6060 | |
| 07/18/2024 | NPL | Non Patent Literature | 24 | | 1440 | |
| 07/18/2024 | IDS | Information Disclosure Statement (IDS) Form (SB08) | 5 | | 300 / 31 | |
| 07/18/2024 | NPL | Non Patent Literature | 25 | | 1500 | |
| 07/18/2024 | NPL | Non Patent Literature | 26 | | 1560 | |
| 07/18/2024 | NPL | Non Patent Literature | 10 | | 600 | |
| 07/18/2024 | NPL | Non Patent Literature | 8 | | 480 | |
| 07/18/2024 | NPL | Non Patent Literature | 10 | | 600 | |
| 07/18/2024 | NPL | Non Patent Literature | 26 | | 1560 | |
| 07/18/2024 | NPL | Non Patent Literature | 274 | | 16440 | |
| 07/18/2024 | NPL | Non Patent Literature | 15 | | 900 | |
| 07/18/2024 | NPL | Non Patent Literature | 24 | | 1440 | |
| 07/18/2024 | NPL | Non Patent Literature | 9 | | 540 | |
| 07/18/2024 | NPL | Non Patent Literature | 9 | | 540 | |
| 07/18/2024 | NPL | Non Patent Literature | 38 | | 2280 | |
| 07/18/2024 | NPL | Non Patent Literature | 4 | | 240 | |
| 07/18/2024 | NPL | Non Patent Literature | 315 | | 18900 | |
| 07/18/2024 | NPL | Non Patent Literature | 267 | | 16020 | |
| 07/18/2024 | NPL | Non Patent Literature | 27 | | 1620 | |
| 07/18/2024 | NPL | Non Patent Literature | 492 | | 29520 | |
| 07/18/2024 | NPL | Non Patent Literature | 12 | | 720 | |
| 07/18/2024 | NPL | Non Patent Literature | 42 | | 2520 | |
| 07/18/2024 | NPL | Non Patent Literature | 17 | | 1020 | |
| 07/18/2024 | NPL | Non Patent Literature | 6 | | 360 | |
| 07/18/2024 | NPL | Non Patent Literature | 10 | | 600 | |
| 07/18/2024 | IDS | Information Disclosure Statement (IDS) Form (SB08) | 7 | | 420 / 51 | |
| 07/18/2024 | NPL | Non Patent Literature | 18 | | 1080 | |
| 07/18/2024 | NPL | Non Patent Literature | 26 | | 1560 | |

**Appx0369**

| Mail room date ↑↓ | Doc code ↑↓ | Doc description ↑↓ | Pages ↑↓ | Quick download | File size (KB) | ⓘ |
|---|---|---|---|---|---|---|
| 07/18/2024 | NPL | Non Patent Literature | 18 | | 1080 | |
| 07/18/2024 | NPL | Non Patent Literature | 10 | | 600 | |
| 07/18/2024 | NPL | Non Patent Literature | 5 | | 300 | |
| 07/18/2024 | NPL | Non Patent Literature | 10 | | 600 | |
| 07/18/2024 | NPL | Non Patent Literature | 13 | | 780 | |
| 07/18/2024 | NPL | Non Patent Literature | 41 | | 2460 | |
| 07/18/2024 | NPL | Non Patent Literature | 21 | | 1260 | |
| 07/18/2024 | N417 | Electronic Filing System Acknowledgment Receipt | 18 | | 1080 | |
| 07/18/2024 | NPL | Non Patent Literature | 14 | | 840 | |
| 07/18/2024 | NPL | Non Patent Literature | 232 | | 13920 | |
| 07/18/2024 | NPL | Non Patent Literature | 12 | | 720 | |
| 07/18/2024 | NPL | Non Patent Literature | 181 | | 10860 | |
| 07/18/2024 | NPL | Non Patent Literature | 9 | | 540 | |
| 07/18/2024 | NPL | Non Patent Literature | 22 | | 1320 | |
| 07/18/2024 | NPL | Non Patent Literature | 11 | | 660 | |
| 07/18/2024 | NPL | Non Patent Literature | 20 | | 1200 | |
| 07/18/2024 | NPL | Non Patent Literature | 10 | | 600 | |
| 07/18/2024 | NPL | Non Patent Literature | 11 | | 660 | |
| 07/18/2024 | NPL | Non Patent Literature | 14 | | 840 | |
| 07/18/2024 | NPL | Non Patent Literature | 6 | | 360 | |
| 07/18/2024 | NPL | Non Patent Literature | 10 | | 600 | |
| 07/18/2024 | NPL | Non Patent Literature | 32 | | 1920 | |
| 07/18/2024 | NPL | Non Patent Literature | 9 | | 540 | |
| 07/18/2024 | NPL | Non Patent Literature | 11 | | 660 | |
| 07/18/2024 | NPL | Non Patent Literature | 11 | | 660 | |
| 07/18/2024 | NPL | Non Patent Literature | 38 | | 2280 | |
| 07/18/2024 | NPL | Non Patent Literature | 13 | | 780 | |
| 07/18/2024 | NPL | Non Patent Literature | 22 | | 1320 | |
| 07/18/2024 | NPL | Non Patent Literature | 17 | | 1020 | |
| 07/18/2024 | NPL | Non Patent Literature | 32 | | 1920 | |
| 07/18/2024 | NPL | Non Patent Literature | 25 | | 1500 | |
| 07/18/2024 | NPL | Non Patent Literature | 8 | | 480 | |
| 07/18/2024 | NPL | Non Patent Literature | 9 | | 540 | |

**Appx0370**

7/14/25, 1:26 PM                                              Documents - Application - Patent Center - USPTO

| Mail room date ↑↓ | Doc code ↑↓ | Doc description ↑↓ | Pages ↑↓ | Quick download | File size (KB) | ⓘ |
|---|---|---|---|---|---|---|
| 07/18/2024 | NPL | Non Patent Literature | 14 | | 840 | |
| 07/18/2024 | NPL | Non Patent Literature | 66 | | 3960 | |
| 07/18/2024 | NPL | Non Patent Literature | 183 | | 10980 | |
| 07/18/2024 | NPL | Non Patent Literature | 18 | | 1080 | |
| 07/18/2024 | NPL | Non Patent Literature | 16 | | 960 | |
| 07/18/2024 | NPL | Non Patent Literature | 11 | | 660 | |
| 07/18/2024 | NPL | Non Patent Literature | 10 | | 600 | |
| 05/23/2024 | LET. | Miscellaneous Incoming Letter | 1 | | 60 | |
| 05/23/2024 | N417 | Electronic Filing System Acknowledgment Receipt | 2 | | 120 | |
| 05/23/2024 | LET. | Miscellaneous Incoming Letter | 14 | | 840 | |
| 05/23/2024 | LET. | Miscellaneous Incoming Letter | 2 | | 120 | |
| 05/23/2024 | LET. | Miscellaneous Incoming Letter | 2 | | 120 | |
| 04/22/2024 | NFEE | Notice of Additional Fee Due | 1 | | 60 | |
| 04/22/2024 | NFEE | Notice of Additional Fee Due | 2 | | 120 | |
| 08/13/2023 | IDS | Information Disclosure Statement (IDS) Form (SB08) | 11 | | 660 / 94 | |
| 08/13/2023 | NPL | Non Patent Literature | 12 | | 720 | |
| 08/13/2023 | NPL | Non Patent Literature | 11 | | 660 | |
| 08/13/2023 | NPL | Non Patent Literature | 13 | | 780 | |
| 08/13/2023 | NPL | Non Patent Literature | 10 | | 600 | |
| 08/13/2023 | NPL | Non Patent Literature | 14 | | 840 | |
| 08/13/2023 | NPL | Non Patent Literature | 7 | | 420 | |
| 08/13/2023 | NPL | Non Patent Literature | 12 | | 720 | |
| 08/13/2023 | NPL | Non Patent Literature | 485 | | 29100 | |
| 08/13/2023 | NPL | Non Patent Literature | 12 | | 720 | |
| 08/13/2023 | NPL | Non Patent Literature | 22 | | 1320 | |
| 08/13/2023 | NPL | Non Patent Literature | 374 | | 22440 | |
| 08/13/2023 | NPL | Non Patent Literature | 16 | | 960 | |
| 08/13/2023 | NPL | Non Patent Literature | 14 | | 840 | |
| 08/13/2023 | NPL | Non Patent Literature | 15 | | 900 | |
| 08/13/2023 | NPL | Non Patent Literature | 305 | | 18300 | |
| 08/13/2023 | NPL | Non Patent Literature | 3 | | 180 | |
| 08/13/2023 | NPL | Non Patent Literature | 6 | | 360 | |
| 08/13/2023 | NPL | Non Patent Literature | 58 | | 3480 | |

**Appx0371**

Documents - Application - Patent Center - USPTO

| Mail room date ↑↓ | Doc code ↑↓ | Doc description ↑↓ | Pages ↑↓ | Quick download | File size (KB) | ⓘ |
|---|---|---|---|---|---|---|
| 08/13/2023 | NPL | Non Patent Literature | 4 | | 240 | |
| 08/13/2023 | NPL | Non Patent Literature | 11 | | 660 | |
| 08/13/2023 | NPL | Non Patent Literature | 4 | | 240 | |
| 08/13/2023 | NPL | Non Patent Literature | 18 | | 1080 | |
| 08/13/2023 | NPL | Non Patent Literature | 26 | | 1560 | |
| 08/13/2023 | NPL | Non Patent Literature | 45 | | 2700 | |
| 08/13/2023 | NPL | Non Patent Literature | 21 | | 1260 | |
| 08/13/2023 | NPL | Non Patent Literature | 5 | | 300 | |
| 08/13/2023 | N417 | Electronic Filing System Acknowledgment Receipt | 11 | | 660 | |
| 08/13/2023 | NPL | Non Patent Literature | 24 | | 1440 | |
| 08/13/2023 | NPL | Non Patent Literature | 95 | | 5700 | |
| 08/13/2023 | NPL | Non Patent Literature | 26 | | 1560 | |
| 08/13/2023 | NPL | Non Patent Literature | 17 | | 1020 | |
| 08/13/2023 | NPL | Non Patent Literature | 11 | | 660 | |
| 08/13/2023 | NPL | Non Patent Literature | 80 | | 4800 | |
| 08/13/2023 | NPL | Non Patent Literature | 12 | | 720 | |
| 08/13/2023 | NPL | Non Patent Literature | 10 | | 600 | |
| 08/13/2023 | NPL | Non Patent Literature | 38 | | 2280 | |
| 08/13/2023 | NPL | Non Patent Literature | 21 | | 1260 | |
| 08/13/2023 | NPL | Non Patent Literature | 102 | | 6120 | |
| 08/13/2023 | NPL | Non Patent Literature | 11 | | 660 | |
| 08/13/2023 | REF.OTHER | Other reference-Patent/Application/Search Documents | 2 | | 120 | |
| 08/13/2023 | NPL | Non Patent Literature | 2 | | 120 | |
| 08/13/2023 | NPL | Non Patent Literature | 5 | | 300 | |
| 08/13/2023 | NPL | Non Patent Literature | 5 | | 300 | |
| 08/13/2023 | NPL | Non Patent Literature | 16 | | 960 | |
| 08/13/2023 | NPL | Non Patent Literature | 6 | | 360 | |
| 08/13/2023 | NPL | Non Patent Literature | 6 | | 360 | |
| 08/13/2023 | NPL | Non Patent Literature | 14 | | 840 | |
| 08/13/2023 | NPL | Non Patent Literature | 246 | | 14760 | |
| 08/13/2023 | NPL | Non Patent Literature | 6 | | 360 | |

**Appx0372**

7/14/25, 1:26 PM                                    Documents - Application - Patent Center - USPTO

| Mail room date ↑↓ | Doc code ↑↓ | Doc description ↑↓ | Pages ↑↓ | Quick download | File size (KB) | ⓘ |
|---|---|---|---|---|---|---|
| 08/13/2023 | REF.OTHER | Other reference-Patent/Application/Search Documents | 8 | | 480 | |
| 08/13/2023 | NPL | Non Patent Literature | 69 | | 4140 | |
| 03/22/2023 | IDS | Information Disclosure Statement (IDS) Form (SB08) | 6 | | 360 / 39 | |
| 03/22/2023 | IDS | Information Disclosure Statement (IDS) Form (SB08) | 8 | | 480 / 62 | |
| 03/22/2023 | NPL | Non Patent Literature | 17 | | 1020 | |
| 03/22/2023 | NPL | Non Patent Literature | 292 | | 17520 | |
| 03/22/2023 | NPL | Non Patent Literature | 171 | | 10260 | |
| 03/22/2023 | NPL | Non Patent Literature | 696 | | 41760 | |
| 03/22/2023 | NPL | Non Patent Literature | 285 | | 17100 | |
| 03/22/2023 | NPL | Non Patent Literature | 258 | | 15480 | |
| 03/22/2023 | NPL | Non Patent Literature | 100 | | 6000 | |
| 03/22/2023 | NPL | Non Patent Literature | 22 | | 1320 | |
| 03/22/2023 | NPL | Non Patent Literature | 44 | | 2640 | |
| 03/22/2023 | NPL | Non Patent Literature | 267 | | 16020 | |
| 03/22/2023 | NPL | Non Patent Literature | 267 | | 16020 | |
| 03/22/2023 | NPL | Non Patent Literature | 18 | | 1080 | |
| 03/22/2023 | NPL | Non Patent Literature | 24 | | 1440 | |
| 03/22/2023 | NPL | Non Patent Literature | 317 | | 19020 | |
| 03/22/2023 | NPL | Non Patent Literature | 74 | | 4440 | |
| 03/22/2023 | NPL | Non Patent Literature | 600 | | 36000 | |
| 03/22/2023 | NPL | Non Patent Literature | 22 | | 1320 | |
| 03/22/2023 | NPL | Non Patent Literature | 56 | | 3360 | |
| 03/22/2023 | NPL | Non Patent Literature | 30 | | 1800 | |
| 03/22/2023 | NPL | Non Patent Literature | 226 | | 13560 | |
| 03/22/2023 | NPL | Non Patent Literature | 276 | | 16560 | |
| 03/22/2023 | N417 | Electronic Filing System Acknowledgment Receipt | 11 | | 660 | |
| 03/22/2023 | NPL | Non Patent Literature | 58 | | 3480 | |
| 03/22/2023 | NPL | Non Patent Literature | 6 | | 360 | |
| 03/22/2023 | NPL | Non Patent Literature | 146 | | 8760 | |
| 03/22/2023 | NPL | Non Patent Literature | 748 | | 44880 | |
| 03/22/2023 | NPL | Non Patent Literature | 283 | | 16980 | |

https://patentcenter.uspto.gov/applications/18069288/ifw/docs?application=                                        10/13

**Appx0373**

Documents - Application - Patent Center - USPTO

| Mail room date ↑↓ | Doc code ↑↓ | Doc description ↑↓ | Pages ↑↓ | Quick download | File size (KB) | ⓘ |
|---|---|---|---|---|---|---|
| 03/22/2023 | NPL | Non Patent Literature | 650 | | 39000 | |
| 03/22/2023 | NPL | Non Patent Literature | 49 | | 2940 | |
| 03/22/2023 | NPL | Non Patent Literature | 19 | | 1140 | |
| 03/22/2023 | NPL | Non Patent Literature | 46 | | 2760 | |
| 03/22/2023 | NPL | Non Patent Literature | 78 | | 4680 | |
| 03/22/2023 | NPL | Non Patent Literature | 18 | | 1080 | |
| 03/22/2023 | NPL | Non Patent Literature | 399 | | 23940 | |
| 03/22/2023 | NPL | Non Patent Literature | 16 | | 960 | |
| 03/22/2023 | NPL | Non Patent Literature | 41 | | 2460 | |
| 03/22/2023 | NPL | Non Patent Literature | 96 | | 5760 | |
| 03/22/2023 | NPL | Non Patent Literature | 710 | | 42600 | |
| 03/22/2023 | NPL | Non Patent Literature | 59 | | 3540 | |
| 03/22/2023 | NPL | Non Patent Literature | 255 | | 15300 | |
| 03/22/2023 | NPL | Non Patent Literature | 15 | | 900 | |
| 03/22/2023 | NPL | Non Patent Literature | 262 | | 15720 | |
| 03/22/2023 | NPL | Non Patent Literature | 35 | | 2100 | |
| 03/22/2023 | NPL | Non Patent Literature | 60 | | 3600 | |
| 03/22/2023 | NPL | Non Patent Literature | 94 | | 5640 | |
| 03/22/2023 | NPL | Non Patent Literature | 45 | | 2700 | |
| 03/22/2023 | NPL | Non Patent Literature | 73 | | 4380 | |
| 03/22/2023 | NPL | Non Patent Literature | 81 | | 4860 | |
| 03/22/2023 | NPL | Non Patent Literature | 354 | | 21240 | |
| 03/22/2023 | NPL | Non Patent Literature | 531 | | 31860 | |
| 03/22/2023 | NPL | Non Patent Literature | 393 | | 23580 | |
| 03/22/2023 | NPL | Non Patent Literature | 20 | | 1200 | |
| 03/22/2023 | NPL | Non Patent Literature | 54 | | 3240 | |
| 03/22/2023 | NPL | Non Patent Literature | 247 | | 14820 | |
| 02/08/2023 | WFEE | Fee Worksheet (SB06) | 1 | | 60 | |
| 02/08/2023 | APP.FILE.REC | Filing Receipt | 4 | | 240 | |
| 02/05/2023 | PEFR | Applicant Response to Pre-Exam Formalities Notice | 2 | | 120 | |
| 02/05/2023 | SPEC | Specification | 1 | | 60 / 6 | |
| 02/05/2023 | N417 | Electronic Filing System Acknowledgment Receipt | 3 | | 180 | |

7/14/25, 1:26 PM                                                        Documents - Application - Patent Center - USPTO

| Mail room date ↑↓ | Doc code ↑↓ | Doc description ↑↓ | Pages ↑↓ | Quick download | File size (KB) | ⓘ |
|---|---|---|---|---|---|---|
| 02/05/2023 | SPEC | Specification | 104 | | 6240 / 598 / 99 | |
| 02/05/2023 | REM | Applicant Arguments/Remarks Made in an Amendment | 104 | | 6240 / 597 / 99 | |
| 02/05/2023 | ABST | Abstract | 1 | | 60 / 3 / 17 | |
| 01/24/2023 | PEFN | Pre-Exam Formalities Notice | 1 | | 60 | |
| 01/13/2023 | APP.FILE.REC | Filing Receipt | 4 | | 240 | |
| 01/13/2023 | WFEE | Fee Worksheet (SB06) | 1 | | 60 | |
| 01/13/2023 | NT.CR.APP.PA | Notice to File Corrected Application Papers | 4 | | 240 | |
| 01/13/2023 | N572 | Response-Re: Informal Power of Attorney (PTOL-308) | 1 | | 60 | |
| 12/21/2023 | TRNA | Transmittal of New Application | 2 | | 120 | |
| 12/21/2022 | OATH | Oath or Declaration filed | 2 | | 120 | |
| 12/21/2022 | CLM | Claims | 3 | | 180 / 10 / 16 | |
| 12/21/2022 | PA.. | Power of Attorney | 2 | | 120 | |
| 12/21/2022 | N417.PYMT | Electronic Fee Payment | 2 | | 120 | |
| 12/21/2022 | MES.GIB | Certification of Micro Entity (Gross Income Basis) | 2 | | 120 | |
| 12/21/2022 | PA.. | Power of Attorney | 2 | | 120 | |
| 12/21/2022 | SPEC | Specification | 104 | | 6240 / 597 / 105 | |
| 12/21/2022 | DRW | Drawings-only black and white line drawings | 25 | | 1500 | |
| 12/21/2022 | ADS | Application Data Sheet | 6 | | 360 | |
| 12/21/2022 | N417 | Electronic Filing System Acknowledgment Receipt | 5 | | 300 | |
| 12/21/2022 | MES.GIB | Certification of Micro Entity (Gross Income Basis) | 2 | | 120 | |
| 12/21/2022 | PA.. | Power of Attorney | 2 | | 120 | |
| 12/21/2022 | OATH | Oath or Declaration filed | 2 | | 120 | |
| 12/21/2022 | ABST | Abstract | 1 | | 60 / 3 / 18 | |
| 12/21/2022 | MES.GIB | Certification of Micro Entity (Gross Income Basis) | 2 | | 120 | |
| 12/21/2022 | OATH | Oath or Declaration filed | 2 | | 120 | |
| 12/21/2022 | PG.NONPUB.RQ | Nonpublication request from applicant | 6 | | 360 | |

https://patentcenter.uspto.gov/applications/18069288/ifw/docs?application=                                                    12/13

**Appx0375**



**Appx0376**



**Appx0377**

| Date | Transaction Description |
|---|---|
| 10/23/2024 | PG-Pub Request |
| 10/23/2024 | Mail O.P. Petition Decision |
| 10/21/2024 | Rescind Nonpublication Request for Pre Grant Publication |
| 10/21/2024 | Mail-Petition Decision - Dismissed |
| 10/18/2024 | Petition Decision - Dismissed |
| 10/18/2024 | O.P. Petition Decision |
| 09/09/2024 | Petition Entered |
| 08/08/2024 | Email Notification |
| 08/08/2024 | Mail O.P. Petition Decision |
| 08/06/2024 | Mail-Petition Decision - Dismissed |
| 08/05/2024 | Petition Decision - Dismissed |
| 08/05/2024 | O.P. Petition Decision |
| 07/18/2024 | Information Disclosure Statement (IDS) Filed |
| 07/18/2024 | Information Disclosure Statement (IDS) Filed |
| 07/18/2024 | Information Disclosure Statement (IDS) Filed |
| 07/18/2024 | Information Disclosure Statement (IDS) Filed |
| 07/18/2024 | Information Disclosure Statement (IDS) Filed |
| 07/18/2024 | Information Disclosure Statement (IDS) Filed |
| 05/23/2024 | Petition Entered |
| 04/22/2024 | Electronic Review |
| 04/22/2024 | Electronic Review |
| 04/22/2024 | Email Notification |
| 04/22/2024 | Email Notification |
| 04/22/2024 | Email Notification |
| 04/22/2024 | Mail Fee Due Notice or other requirement (eg. signature) |
| 04/18/2024 | Fee Due Notice or other requirement |
| 01/29/2024 | Case Docketed to Examiner in GAU |
| 08/13/2023 | Information Disclosure Statement (IDS) Filed |
| 08/13/2023 | Information Disclosure Statement (IDS) Filed |
| 03/22/2023 | Information Disclosure Statement (IDS) Filed |
| 03/22/2023 | Information Disclosure Statement (IDS) Filed |
| 03/22/2023 | Information Disclosure Statement (IDS) Filed |
| 03/22/2023 | Information Disclosure Statement (IDS) Filed |
| 02/28/2023 | Email Notification |
| 02/13/2023 | Case Docketed to Examiner in GAU |

**Appx0378**



| Date | Transaction Description |
|------|------------------------|
| 02/13/2023 | Application Dispatched from OIPE |
| 02/08/2023 | Application Is Now Complete |
| 02/08/2023 | Filing Receipt - Updated |
| 02/08/2023 | Mail Pre-Exam Notice |
| 02/07/2023 | Sent to Classification Contractor |
| 02/07/2023 | FITF set to YES - revise initial setting |
| 02/07/2023 | Patent Term Adjustment - Ready for Examination |
| 01/24/2023 | Electronic Review |
| 01/24/2023 | Email Notification |
| 01/24/2023 | Mail Pre-Exam Notice |
| 01/13/2023 | Electronic Review |
| 01/13/2023 | Email Notification |
| 01/13/2023 | Email Notification |
| 01/13/2023 | Email Notification |
| 01/13/2023 | Email Notification |
| 01/13/2023 | Change in Power of Attorney (May Include Associate POA) |
| 01/13/2023 | Corrected Paper |
| 01/13/2023 | Mail Pre-Exam Notice |
| 01/13/2023 | Corrected Paper |
| 01/13/2023 | Filing Receipt |
| 01/12/2023 | Applicant Has Filed a Verified Statement of Micro Entity Status in Compliance with 37 CFR 1.29 |
| 01/12/2023 | Applicant Has Filed a Verified Statement of Small Entity Status in Compliance with 37 CFR 1.27 |
| 12/21/2022 | PGPubs nonPub Request |
| 12/21/2022 | Entity Status Set To Undiscounted (Initial Default Setting or Status Change) |
| 12/21/2022 | Initial Exam Team nn |

Show 1,000 entries

First  Previous  1  Next  Last

**Appx0379**

146553_18069382_2025-02-26_CFILE ———————————————— 2

146553_18069382_2025-02-26_N417 ———————————————— 3

146553_18069382_2024-04-22_NFEE_001 ——————————— 5

146553_18069382_2024-04-22_NFEE_002 ——————————— 6

# Exhibit L
# 18/069,382

1    IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Application No: 18/069,382 | Examiner: PULLIAM, CHRISTYANN R |
| Filed:12/21/2022 | Group Art Unit: 2100 |
| Applicants and Inventors: | Atty. Dkt. No: 4bm-insight |
| Abhijit R. Nesarikar | Confirmation Number: 2467 |
| Ashlesha A. Nesarikar | |
| Anika A. Nesarikar | |

2    Title of Invention: Intelligent Awareness and Intent for Autonomous Vehicles: Methods and

3    Systems to Gain Insight

4    REQUEST FOR FILING RECEIPT

5    Commissioner for Patents
6    P.O. Box 1450
7    Alexandria, VA 22313-1450
8

9    Commissioner:

10   The letter of 10/22/2024 instructed "Applicants are advised that ... Friday, November 22, 2024
11   being the last possible date…" for payment of fees.

12   Per the instruction, Applicants responded before 11/22/2024. On 11/19/2024, Applicants paid
13   $1896 in opting to pay small entity fees. The payment was incorrectly processed as indicated in
14   the Fee Worksheet (SB06) of 11/20/2024. At least the incorrectly processed fee resulted in harm
15   to Applicants.

16   Applicants respectfully request a filing receipt reflecting the current entity status for application
17   No. 18/069,382 be issued promptly.

18

19   Date: 02/26/2025

20   /Ashlesha A Nesarikar/          /Anika A Nesarikar/          /Abhijit R Nesarikar/
21   Ashlesha A. Nesarikar           Anika A. Nesarikar           Abhijit R. Nesarikar

---

**Certificate of Transmission under 37 CFR 1.8:** I hereby certify that this correspondence (along with any paper referred to as being attached or enclosed) is being transmitted via the USPTO's patent electronic filing system. The date of transmission is the receipt date accorded by the electronic filing receipt for this correspondence.
Electronic signature for Ashlesha A. Nesarikar: /Ashlesha A Nesarikar/          Date:02/26/2025          Phone: 469-371-4983

1

**Appx0381**



**UNITED STATES
PATENT AND TRADEMARK OFFICE**

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/069,382** | **02/26/2025 07:19:43 PM Z ET** | **4bm-insight** |

## Title of Invention

Intelligent Awareness and Intent for Autonomous Vehicles: Methods and Systems to Gain Insight

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 2467 | FILED BY | Abhijit Nesarikar |
| PATENT CENTER # | 69354843 | FILING DATE | 12/21/2022 |
| CUSTOMER # | 146553 | FIRST NAMED INVENTOR | Abhijit R. Nesarikar |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | - |

## Documents

## TOTAL DOCUMENTS: 1

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| 4bm filing receipt Feb262025.pdf | 1 | Request for Corrected Filing Receipt | 144 KB |

### Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| 4bm filing receipt Feb262025.pdf | D722B54B3C8D8FF7EC9D639A5052ABAFD0B48A9B30B5F374 FC43B7AAE8418D9FA13F8E8B2778BEC4A8ED1A973B86264B D6CE42EE4ECF2855AAADC275579746FA |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**Appx0382**

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

**Appx0383**

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/069,382 | 12/21/2022 | Abhijit R. Nesarikar | 4bm-insight | 2467 |

146553        7590        04/22/2024
Abhijit R. Nesarikar, Ashlesha A. Nesarikar,
Anika A. Nesarikar
8025 Ambiance Way
Plano, TX 75024

| EXAMINER |
|---|
| PULLIAM, CHRISTYANN R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2100 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 04/22/2024 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ab@nesarikar.com
anika.nesarikar@utdallas.edu
nesarikaras@gmail.com

PTOL-90A (Rev. 04/07)

**Appx0384**



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

## NOTICE OF PAYMENT DEFICIENCY

This notice is to inform the applicant that the United States Patent and Trademark Office (USPTO) has identified an apparent error in the entity status afforded the above-identified application. Applicant is given **TWO MONTHS** from the date of this Notice within which to respond to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).[1]

Applicant has submitted a certification of micro entity status based upon the gross income basis and paid fees in the above-identified application based upon this certification. In order to qualify for micro entity status under the gross income basis, 37 CFR 1.29(a)(2) requires the applicant to certify "[n]either the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed patent applications, other than applications filed in another country, provisional applications under 35 U.S.C. 111(b), or international applications for which the basic national fee under 35 U.S.C. 41(a) was not paid." As explained in MPEP 509.04(a)(I)(B), an application still counts against this filing limit even if it has been abandoned or patented, and even if it did not claim micro entity status. When this application was filed, the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications. This is *prima facie* evidence that the submitted certification is in error because the filing limit in 37 CFR 1.29(a)(2) was exceeded. Accordingly, the payments made in this application based upon the apparently erroneous micro entity certification are deficient.

Because the deficient payments include one or more of the basic filing fee for utility under 37 CFR 1.16(a), the utility search fee under 37 CFR 1.16(k), and the utility examination fee under 37 CFR 1.16(o), this application is not in condition for examination. In order to avoid abandonment, applicant must respond in one of two ways:

I.    If the certification was erroneous, the applicant must provide an itemization of the total deficiency payment and pay the deficiency owed in accordance with 37 CFR 1.29(k). The "Notification of Loss of Entitlement to Micro Entity Status" form (Form SB/460) may be used to submit the deficiency. This form is available at https://uspto.gov/PatentForms. The current USPTO fee schedule may be viewed at https://www.uspto.gov/learning-and-resources/fees-and-payment/uspto-fee-schedule.

II.   If applicant asserts that the certification of micro entity status was not made in error,

---

[1] All the rules cited in this Notice may be viewed in their entirety at https://www.uspto.gov/web/offices/pac/mpep/consolidated_rules.pdf. For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

applicant must reply with an explanation and any necessary evidence that is sufficient to rebut the *prima facie* evidence of an erroneous certification. Applicant is reminded that the reply must be made with candor and good faith under 37 CFR 1.56. Pursuant to applicant's duties under 37 CFR 1.4 and 11.18, applicant should have made a reasonable inquiry into the facts before making the certification. It is these particular facts that applicant must provide in order to rebut the *prima facie* case. Simply identifying the previously submitted certification or recertifying would not be sufficient. Applicant is reminded that it is in the best position to perform an inquiry into whether the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications when this application was filed to determine whether an assertion of micro entity status in this application is appropriate.

Applicant is given **TWO MONTHS** from the mailing date of this Notice to file a response as outlined above. Extensions of time are available under the provisions of 37 CFR 1.136(a).[2] The application has been removed from the examiner's docket (if assigned) pending resolution of the issues noted herein, or expiration of the time period set forth. If applicant does not timely respond in accordance with (I) or (II) above, or is unable to make one of these responses because micro entity status was not established in good faith, then the application will be abandoned.

Only a registered practitioner authorized by the applicant or the applicant who is not represented by a practitioner can sign a response or make changes to the application. Note that an applicant who is a juristic entity must be represented by a registered practitioner. See 37 CFR 1.31. While the Office cannot recommend a registered practitioner, the link below provides a searchable list of registered practitioners: https://oedci.uspto.gov/OEDCI/.

Questions about the contents of this notice should be directed to the Office of Patents Stakeholder Experience (OPSE), Stakeholder Support Division (SSD), Patents Ombudsman at 571-272-5555.

John Cottingham
TC Group Director, TC 2100

---

[2] For patent applications filed under 35 U.S.C. 111(a) undergoing prioritized examination (Track One), applicant is reminded that any request for an extension of time, including an extension of time for the purpose of responding to this notice, will cause the application to be ineligible for further treatment under the prioritized examination program. In addition, a request for an extension of time prior to the grant of prioritized examination status will prevent such status from being granted. *See* MPEP 708.02(b), sub-section (I)(B)(4).

2

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ASHLESHA A. NESARIKAR, | § | |
| ANIKA A. NESARIKAR, | § | |
| ABHIJIT R. NESARIKAR, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-423-JCB-JDL |
| | § | |
| THE UNITED STATES PATENT AND | § | |
| TRADEMARK OFFICE and | § | |
| COKE MORGAN STEWART, in her | § | |
| official capacity as the Acting Director of | § | |
| the United States Patent and Trademark | § | |
| Office, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

The United States Patent and Trademark Office and its Acting Director (collectively, "USPTO") respectfully submit the following reply pursuant to Local Rule CV-7(f) in support of the USPTO's Motion to Dismiss ("Motion"), ECF 17. As with Plaintiffs' reply in support of their motion for preliminary injunction, ECF 21, Plaintiffs level baseless accusations of bad faith, false representations, irrationality, and obfuscation throughout their opposition, ECF 40. This unfounded rhetoric, however, does not alter analysis of the fundamental questions presented by the USPTO's Motion: whether Plaintiffs have demonstrated standing or exhaustion of administrative remedies sufficient to maintain this action. They have not.

As set forth in the USPTO's Motion, Plaintiffs have not met their burden to establish that it is their rights or injury at issue in this litigation in view of agreements obligating them to assign their ownership rights to another party. Nor, even accepting Plaintiffs' recitation of the procedural history as true, have Plaintiffs established that they have exhausted all administrative remedies with respect to the '288 application. Plaintiffs' Complaint should be dismissed.

### I.    Plaintiffs Conflate Allegations Made in Their Preliminary Injunction Motion with the Allegations of Their Complaint and Offer Improper Sur-Sur-Reply

Though Plaintiffs reference actions and activities that took place during the prosecution of the '382, '669, and '555 applications in connection with their motion for preliminary injunction, the only allegations actually set forth in the Complaint relate to the '288 application. Plaintiffs effectively concede as much, identifying their only reference as occurring within documents submitted to the USPTO in connection with the '288 application and attached as an exhibit to the Complaint. But rather than supporting its claims relating to the '288 application, Plaintiffs devote much of their opposition to discussion of these other applications and response to arguments made in connection with the pending motion for preliminary injunction. This is effectively an improper sur-*sur*-reply that should be disregarded by the Court.

DEFENDANTS' REPLY ISO MOTION TO DISMISS                                                    1

It is the Complaint itself, and the allegations contained therein, that must be tested for sufficiency in connection with a motion to dismiss. *Blue Star Sports Holdings, Inc. v. Federal Insurance Co.*, 658 F.Supp.3d 3511, 356 (E.D. Tex. 2023) (quoting *Iqbal*, 556 U.S. at 664) ("Second, the court 'considers the factual allegations [in the complaint] to determine if they plausibly suggest entitlement to relief."). And none of Plaintiffs' discussion about applications other than the '288 is relevant to the Court's consideration of the USPTO's Motion to Dismiss.

To be clear, the USPTO contests both the legal and factual allegations present in Plaintiffs' opposition with respect to applications other than the '288 application. And the USPTO submits that any amendment to the Complaint would be futile with respect to those other applications for at least the reasons that this Motion should be granted. Specifically, Plaintiffs have not pled ownership rights sufficient to establish standing and, moreover, the differing procedural histories and individualized actions in each of those other applications tends to refute, rather than show, that administrative remedies have been exhausted. No such amendment has been attempted, however, and Plaintiffs' improper sur-sur-reply via opposition should be disregarded.

## II.    Plaintiffs Bear the Burden of Establishing Standing and They Have Failed

Plaintiffs again complain of alleged "contradictory positions" taken by the USPTO with respect to standing. ECF 8-9. But it is indisputably *their* burden to establish standing, and it is thus *their* burden to clear any inconsistency or uncertainty through their pleading. This is especially true where it is Plaintiffs' actions—and inaction—that has created the uncertainty surrounding the ownership rights in the '288 application and resulting lack of standing here. Plaintiffs' unwillingness to be forthcoming—before the USPTO—about who actually has ownership rights, what obligations there are on the ownership rights, and to whom and how they arose, is what led to much of Plaintiffs' issues with respect to their questioned certification of

**Appx0389**

entitlement to micro entity status. And their unwillingness to be forthcoming in their pleading here is what prevents them from establishing standing to proceed with their claims.

Plaintiffs are correct that they, as inventors and applicants, are generally presumed to be the owner of an application. But that presumption doesn't survive the allegations or subject matter of Plaintiffs' Complaint. Specifically, the language of an alleged obligation to assign matters, as does any conditionality, for the purpose of establishing ownership and thus standing. *See, e.g., Omni MedSci, Inc. v. Apple Inc.*, 7 F.4th 1148, 1152 (Fed. Cir. 2021) ("A patent assignment clause may presently assign a to-be-issued patent automatically—in which case no further acts to effectuate the assignment are necessary—or may merely promise to assign the patent in the future. Which type of assignment is intended depends on the contractual language.") (internal citations omitted). Having asserted to the USPTO—and pled here—that '288 application is under an obligation to be assigned, Plaintiffs must affirmatively plead sufficient facts to demonstrate that they retained sufficient ownership to maintain this action. Though the plaintiff in *Omni MedSci* was able to avoid dismissal, it did so by reference to and analysis of the specific terms and language of the obligation to assign in question. *Id.* Merely averring that they have retained ownership—particularly where the dispute before the USPTO relating to entitlement to micro entity status centered on the details of such an alleged obligation—does not meet Plaintiffs' burden here.

Plaintiffs' mischaracterization of the USPTO's position as no one retaining rights in the '288 application signals Plaintiffs' misunderstanding of the problem they have created for themselves with respect to standing. The ultimate harm alleged here—purportedly resulting from the Notice of Payment Deficiency—is fundamentally financial, whether looked at from the perspective of fees or activities in connection with the prosecution, or with respect to any alleged harms relating to deprivation of prospective property rights in a speculative patent. The question

is thus, whose rights were harmed, assuming any cognizable harm resulted from the Notice of Payment Deficiency. If Plaintiffs are correct in their assertion that they are entitled to micro entity status because certain of their applications—including the '288 application—should not be counted towards their respective limits due to obligations to assign, then it is not clear Plaintiffs possess the necessary rights to proceed here. Plaintiffs have certainly not established they do. Depending on the language and terms of any obligation to assign, ownership of rights in the application would rest with the assignee and any harm would be to the assignee. And conversely, if Plaintiffs possess the necessary rights to proceed, it is not clear that any obligation or assignment exists that would allow them to validly claim micro entity status before the USPTO. Plaintiffs have effectively created a Schrödinger's box of ownership rights in the '288 application that must be resolved before any action proceeds.

Plaintiffs assert error in the USPTO's claim that the issue of ownership is "no mere technicality." ECF 30 at 9. But accepting Plaintiffs' allegations that harm flowed from the Notice of Payment Deficiency in the '288 application, the beginning of the chain—including their claim to micro entity status—begins with Plaintiffs' assertion that all ownership rights have been or will be assigned to another party. *Id.* As explained in the MPEP, "[i]n order for [§1.29(b)] to apply, not only must all ownership rights have been assigned, or be under an existing obligation by contract or law to be assigned, the assignment or obligation to assign must have resulted from employment with a previous employer." MPEP 509.04(a) at R-07.2022 ("Gross Income Basis for Micro Entity Status"). Thus, §1.29(b) requires that the inventor be a "former employee of the previous employer, and that the assignment or obligation to assign was the result of such previous employment as opposed to the applicant's, inventor's, or joint inventor's own enterprise." *Id.*

Plaintiffs' claim of standing here is inconsistent with the idea that sufficient rights have or will be transferred through an existing obligation.

In response, Plaintiffs appear to be drawing a distinction in whether the obligation to assign sufficient to satisfy §1.29(b) must be to the former employer itself or simply as a result of their former employment. ECF 30 at 9-10. To the extent Plaintiffs are taking the position that they could, for the purposes of §1.29(b), claim an obligation to assign an application to some entity other than their former employer—such as an assignment back to themselves or an entity controlled by the inventors—but as a "result" of their former employment, that position is clearly at odds with the purpose and requirements of §1.29(b). And it merely evidences Plaintiffs' gamesmanship, further clouding ownership such that Plaintiffs have not—on the record set forth in the Complaint—established that they have standing to proceed.

Plaintiffs' Complaint should be dismissed for lack of standing.

### III.    Plaintiffs Have Not Exhausted All Administrative Remedies Related to the '288 Application

Plaintiffs' scattershot response regarding exhaustion of administrative remedies introduces new theories—not present in the Complaint—relating to the alleged final determination and obscures the ultimate reason for the abandonment of the '288 application. None, however, demonstrate the requisite final agency action necessary for Plaintiffs to maintain this action.

Plaintiffs reiterate their contention that the Notice of Payment Deficiency is a final agency action subject to judicial review, with the added and unpled contention that the Notice violated 35 U.S.C. 132(a) and constituted a rejection under that provision. ECF 30 at 9-10. Plaintiffs are incorrect. But under any theory, the Notice is not a final agency action nor does it—or any of the communications that followed—indicate an exhaustion of administrative remedies by Plaintiffs.

As set forth in the USPTO's Motion to Dismiss, the Notice of Payment Deficiency provided Plaintiffs with two options: (i) withdraw their claim of micro entity status and pay the appropriate fee or (ii) provide sufficient information to support entitlement to micro entity status. *See, e.g.*, ECF 1-1 at 3–4, 8–9, and 14–15. And each subsequent communication provided Plaintiffs the opportunity to submit additional information in support of their micro entity certification, explaining the process for submitting such information. *Id.* No final determination was made in the Notice as to the status of either the '288 application or the claimed entitlement to micro entity status. And though Plaintiffs' communications in response to the Notice were deficient—both procedurally and substantively due to their unwillingness to disclose the basis for their claimed entitlement—their very submission is an acknowledgement of the lack of finality and availability of administrative remedies with respect to the Notice.

While consequences ultimately flowed from Plaintiffs ***failure to respond*** to the Notice— as opposed to the Notice itself—the Notice was not the consummation of the agency's decision-making process. To accept Plaintiffs' argument that a request for additional information or notification that fees were due, any of which would have the effect of pausing examination of an application until the request was responded to, constitute a "consummation" of the USPTO's decision-making process would subject virtually every step of patent examination and prosecution to immediate judicial review. This view is unsupported by 5 U.S.C. 704, and Plaintiffs' citation to *Sackett v. EPA*, 566 U.S. 120, 129 (2012), is entirely inapposite for Plaintiffs' position. Environmental Protection Agency Compliance Orders are not analogous to a Notice of Fee Deficiency, and the identification of a fee owed with the opportunity to respond as whether it was properly calculated, is not "strong-arming" compliance as in *Sackett*. And finding so would be an untenable circumvention of the administrative process and patent prosecution procedure.

Plaintiffs' assertion that Notices of Fee Deficiency in their entirety are illegal fares no better and would still not serve to justify the avoidance of available administrative remedies. Plaintiffs continue to propound an inappropriately broad view of the Paperwork Reduction Act, but Plaintiffs' claims in this regard fail for at least the reason that the Act and associated regulations "expressly exclude from coverage individualized communications" like the Notice of Payment Deficiency. *See Hyatt v. OMB*, 998 F.3d 423, 426 (9th Cir. 2021). Despite Plaintiffs' assertion that this is a "false" statement, the fact that more than 10 applicants in addition to Plaintiffs were found to have submitted questionable certifications for micro entity status does not place these individual communications, specific to the applications in which they were entered based on information specific to those applicants, within the purview of the PRA.

Nor does the Notice of Fee Deficiency or any of the following communications constitute an expansion, improperly or otherwise, of the micro entity requirements that would obviate the need for Plaintiffs to exhaust available administrative remedies. What the Notice called for—to the extent Plaintiffs wanted to maintain micro entity status and specific to Plaintiffs' claims of entitlement—was information supporting compliance with the relevance statutes and regulations. And Plaintiffs' consistently responded that they need not provide any information regarding compliance with the regulations. Despite Plaintiffs' ill-founded claims of prejudice against "independent inventors and small businesses," ECF 30 at 24, there is no evidence that Plaintiffs' assertion of entitlement to micro entity status was challenged because of employment by or assignment to an apparent family member. But rather the Notice of Fee Deficiency identifies Plaintiffs as being listed on numerous applications, in excess of the micro entity limit, with no recorded assignments. And when offered the opportunity to respond, Plaintiffs provided no coherent explanation for why the '288 application should be afforded micro entity status and no

evidence whatsoever that they were either former employees of the purported future assignees or that they were under any such obligation as a result of their former employment. Simply put, it is not a "new requirement" to require compliance with an existing regulation.

Fundamentally, Plaintiffs ignore that the actual reason for abandonment was Plaintiffs' failure to timely respond to the Notice of Deficiency. While Plaintiffs now apparently characterize their November 19, 2024, Letter as a petition to the Director under 1.181 (ECF 30 at 19, referencing MPEP provisions relating to Petitions to the Director), that is not how Plaintiffs characterized their response at the time. ECF 1-1 at 24. Rather, Plaintiffs were purporting to respond to the Notice of Payment Deficiency, offering untimely but substantive and procedural responses to the Notice. *Id.* Presumably Plaintiffs believed that to be a satisfactory response to the Notice when they submitted it.

As noted in the letter following the Notice of Abandonment, that November 19, 2024, Letter was rejected as failing to be accompanied by the requisite extension fee and that the time for permissible extensions had expired. *Id.* at 24. To the extent Plaintiffs disagreed with the rejection of their response, believing it timely, they could have requested that the holding of abandonment be withdrawn identifying the purported error in rejecting the submission. *Id.* at 59. Or Plaintiffs could have petitioned to revive the application pursuant to 37 C.F.R. § 1.137. *Id.* Plaintiffs did neither.

And neither of Plaintiffs' arguments for their failure to attempt to revive their application have any merit. Plaintiffs are incorrect that a petition under 37 C.F.R. § 1.137 demands a "false concession." ECF 30 at 18. The paper called for in connection with such a petition is a response to the Notice of Payment Deficiency, which—if Plaintiffs believe themselves to meet the requirements for micro entity status—need not be any "concession" related to that status. Plaintiffs

are also incorrect that their cited case law, *id.* at 20, supports a finding that such a petition was not required here. With respect to *Hyatt v. United States PTO*, Plaintiffs ignore both the context of the court's statement and the immediately next sentence stating that "an applicant who has received a notice of abandonment may request the examiner to reconsider the holding of abandonment, may file a petition for the USPTO to review its holding of abandonment, or both.…" 551 F. Supp. 3d 600, 604 (E.D. Va. 2021). And Plaintiffs' attempt at distinguishing *Winfrey* does not serve to exempt Plaintiffs' from the Federal Circuit's guidance. *Winfrey v. United States DOC, PTO*, No. 2024-1260, 2024 U.S. App. LEXIS 24311 (Fed. Cir. 2024). Like Ms. Winfrey, Plaintiffs' "fail to present any evidence that [they] filed a petition with the USPTO to revive [their] application or challenge its abandonment determination." *Id.* at *7.

Finally, while each of the foregoing arguments apply with equal force to Plaintiffs' other applications (beyond the '288 application), the Court need not consider those applications with respect to the present Motion. Plaintiffs' arguments for those applications being within the scope of the Complaint rest on mere reference to those applications within an exhibit to the Complaint and the availability of those applications to the USPTO. Neither meets the pleading requirements of this Court. That the USPTO, in an abundance of caution and in response to Plaintiffs' overbroad requests for relief in the Complaint and Motion for Preliminary Injunction, internally designated Plaintiffs' applications as being involved in a court proceeding is not a concession or an admission with respect to the scope of Plaintiffs' claims.

### IV.    Conclusion

Plaintiffs' steadfast refusal to provide any information regarding who ultimately possesses ownership rights in the '288 application—and how those rights were or are to be assigned—is as fatal to its claims here as it was before the USPTO. And in any event, Plaintiffs failed to exhaust

all administrative remedies with respect to their prosecution of the '288 application before seeking

judicial intervention.  For the foregoing reasons, Plaintiffs' Complaint should be dismissed.

July 25, 2025                          Respectfully submitted,

                                       JAY R. COMBS
                                       Acting United States Attorney

                                       JAMES GARLAND GILLINGHAM
                                       Assistant United States Attorney

                                       BRETT A. SHUMATE
                                       Assistant Attorney General

                                       SCOTT BOLDEN
                                       Director

                                       s/ *Philip Charles Sternhell*
                                       PHILIP CHARLES STERNHELL (DC Bar)
                                       Assistant Director
                                       Commercial Litigation Branch
                                       Civil Division
                                       Department of Justice
                                       Washington, D.C.  20530
                                       Telephone:    (202) 353-0522
                                       Facsimile:    (202) 307-0345
                                       Email:        philip.c.sternhell@usdoj.gov

Of Counsel:

WILLIAM LA MARCA
Special Counsel for Intellectual Property
Litigation
OMAR AMIN
Associate Solicitor
United States Patent and Trademark Office

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to those persons on the Court's electronic filing system.

/s/ Philip Charles Sternhell
PHILIP CHARLES STERNHELL
Assistant Director

12

Appx0399

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ASHLESHA A. NESARIKAR, ANIKA A. NESARIKAR, and ABHIJIT R. NESARIKAR, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| -v- | ) ) | |
| THE UNITED STATES PATENT AND TRADEMARK OFFICE and COKE MORGAN STEWART, in her official capacity as the Acting Director of the United States Patent and Trademark Office, | ) ) ) ) ) ) ) | Case No. 4:25-cv-00423-JCB-JDL |
| Defendants. | ) ) | |

**Plaintiffs' Sur-reply in Opposition to Defendants' Motion to Dismiss**

1

**Appx0400**

Defendants misrepresent Inventors' arguments regarding 35 USC 132(a). Further, Defendants err in alleging that violations of 35 USC 132(a) are "unpled" (Doc. 31, pg. 6) as 35 USC 132 grants authority to 37 CFR 1.104, which Defendants cite in the "Background" (of Doc. 17) as a process under which "a patent application is examined" (Doc. 17, pg. 6)  (Defendants further cite 37 CFR 1.105 reciting, "to properly examine or treat the matter" (e.g., Doc. 16, pg. 12)). The Complaint (Doc. 1) relies on 35 USC 132(a), e.g., at least by citing 37 CFR 1.104(d)(2) (Doc. 1, pg. 10-12) to indicate violation of due process. The Code of Federal Regulations (e.g., in "A point in time eCFR system") states "Authority: Secs. 1.101 to 1.108 also issued under 35 U.S.C. 131, 132."[1]). Defendants violated 35 USC 132(a).

Defendants fail to deny that: the juxtapositions (of examinations under 35 USC 132(a)) (Doc. 30, pg. 11) indicate violations of Inventors' rights; at the time of the Notice of Payment Deficiency, Defendants lacked published and vetted processes to duly and consistently evaluate responses under (II) (e.g., Doc. 30, pg. 11 and 14); requiring Inventors to file petitions as a precondition for Defendants to respond to previously-filed outstanding petitions is irrational (e.g., Doc. 30, pg. 3 and 5); Brantley materially misrepresented the alleged publication of alleged application 10165455 (Doc. 1, pg. 10); and Brantley violated 37 CFR 1.104(d)(2) (Doc. 1, pg. 10-12). The failures indicate at least violation of due process resulting in harm to Inventors' intellectual property.

Defendants' allegation of "improper sur-sur-reply" (Doc. 31, pg. 2) is erroneous and an attempt to evade relevant context and the breadth of harm regarding Defendants' actions and alleged decision-making in '288. While Defendants hope to avoid addressing "discussion of these other

---

[1]https://www.ecfr.gov/current/title-37/chapter-I/subchapter-A/part-1/subpart-B/subject-group-ECFR4f6faa3f96af06d

2

applications and response to arguments made in connection with the pending motion for preliminary injunction" (Doc. 31, pg. 2), doing so disregards both evidence of exhaustion of administrative remedies in '288 (e.g., see Doc. 30, pg. 18) and evidence of harm to multiple applications arising out of Defendants' actions challenged in the Complaint. Further, Defendants already alleged facts of other applications in arriving at actions now under review. For example, in their 08/08/2024 and 10/23/2024 petition decisions, Defendants introduced other applications, including '555, as part of their alleged decision-making process in '288 (see Doc. 1-1, pg. 5-15). Further, Defendants argued regarding "Prosecution of the '382, '669, and '555 Applications" in the Motion to Dismiss (Doc. 17, pg. 11), and Defendants related the Motion for Injunction (Doc. 2) and the Motion to Dismiss by arguing for dismissal of the Complaint in the course of opposing the Motion for Injunction (Doc. 16, pg. 23-24 and 27-28). Inventors maintain the prior arguments and evidence. Inventors respectfully request that the Court consider Inventors' prior arguments and evidence as they show harm to Inventors by Defendants.

## Standing

Until an assignment, the rights in an invention belong to the inventors (see Doc. 30, pg. 9). While Defendants concede that "Plaintiffs are correct that they, as inventors and applicants, are generally presumed to be the owner of an application" (Doc. 31, pg. 4), Defendants' arguments evade that presumption. Defendants erroneously invoke *Omni MedSci, Inc. v. Apple Inc.*, 7 F.4th 1148, 1152 (Fed. Cir. 2021); while Omni's patent ownership and resultant standing were challenged, Omni was not the inventor. Further, *Omni* supports Inventors' standing, with the Federal Circuit noting: ""In most circumstances, an inventor must expressly grant his rights in an invention to his employer if the employer is to obtain those rights." *Bd. Of Trustees of Leland Stanford Jr. Univ. v. Roche Mol. Sys., Inc*., 563 U.S. 776, 786 (2011) ("*Roche*"). Further, we note

3

that the general rule is that rights in an invention belong to the inventor. *Id*. At 785". In addition to evading the presumption, Defendants' argument that "[m]erely averring that they have retained ownership—particularly where the dispute before the USPTO relating to entitlement to micro entity status centered on the details of such an alleged obligation—does not meet Plaintiffs' burden" (Doc. 31, pg. 4) shows that Defendants attempt to evade judicial review. As current owners, Inventors have standing. Defendants' reference to "the dispute before the USPTO", in which Defendants asserted that "no assignment has been recorded" for '288 (Doc. 1-1, pg. 13), validates the presumption. The presumption has been upheld by the Supreme Court in *Board of Trustees of the Leland Stanford Junior Univ. v. Roche Molecular Systems, Inc.*, 563 U.S. 776 (2011) and adopted in 37 CFR 3.73(a).

Defendants' arguments regarding "a distinction in whether the obligation to assign sufficient to satisfy §1.29(b) must be to the former employer itself or simply as a result of their former employment" (Doc. 31, pg. 6) further show Defendants' misrepresentations, unlawful actions, and uninformed stance out of touch with small businesses. The Complaint (Doc. 1, pg. 11-12) shows Defendants' *ad hoc* and "newly introduc[ed] alleged requirements" including "to assign rights in the previously filed applications to a prior employer". The Complaint further shows Defendants' failure to comply with 37 CFR 1.104(d)(2) and Defendants' material misrepresentations, including that of the micro entity certification regarding obligation to assign "all ownership rights, as a result of the applicant's previous employment" (Doc. 1, pg. 11-12). These actions denied Inventors due process and are unlawful under at least 35 USC 123(b), 35 USC 123(e), and 35 USC 132(a), yet Defendants evade the substance of the Complaint and continue the material misrepresentations (e.g., Doc. 17, pg. 15). Instead, Defendants rely on conjecture to evade the facts of the current case already presented before the USPTO. Inventors

4

evidenced an assignment (Doc. 1-2, pg. 7-8; Doc. 1-1, pg. 49, 52, and 54) resulting from Inventors' prior employment and recorded with the USPTO well before the issuance of the Notice of Payment Deficiency; however, Defendants objected in the 10/23/2024 petition decision that the "recorded assignment [in] Application No. 17/906,844 [shows] the assignee is Shalaka A. Nesarikar, not the prior employers of the joint inventors, My Dentist, PLLC and Advantech Consulting, Inc" (Doc. 1-1, pg. 14), violating at least 35 USC 123(b) and 35 USC 123(e).

Further, Defendants' unilateral and repeated insistence on assignment to a prior employer (see Doc. 1-1, e.g., in the 10/23/2024 petition decision alone: "assign ownership rights… to a former employer in order to demonstrate entitlement to the section 1.29(b) exception", "assigned to a previous employer", "assign rights in a sufficient number of prior-filed applications to a prior employer", "actually assigned to a previous/former employer", and "assign rights in a sufficient number of the previously filed applications to a prior employer") shows that Defendants are out of touch with not only small business, but also business operations generally, despite recognition of those business operations by the Federal Circuit and Congress (e.g., 35 USC 123(b)). *Chou v. Univ. of Chicago*, 254 F.3d 1347 (Fed. Cir. 2001) acknowledged employment terms for a university that included that an employee's inventions "shall be assigned, as determined by the University, to the University, to an organization sponsoring the activities, or to an outside organization deemed capable of administering patents". Defendants erroneously rely on the objections: "...assigns rights to an apparent family member who resides at the same address" (Doc. 17, pg. 15 and Doc. 16, pg. 24) and "... who shares the same last name and resides at the same address as all Plaintiffs" (Doc. 16, pg. 14), further confirming the extent to which Defendants are out of touch with small businesses.

5

**Appx0404**

<u>Exhaustion of Administrative Remedies</u>

Defendants misrepresent the Notice of Payment Deficiency to obscure exhaustion of administrative remedies. Defendants state "No final determination was made in the Notice as to the status of either the '288 application or the claimed entitlement to micro entity status" (Doc. 31, pg. 7). Defendants' actions of deciding an application was "not in condition for examination" (Doc. 1-1, pg. 3) and removing an application from the examination queue show final decisions on application status, particularly as they reverse the previous determination of application status "Ready for Examination" (see Doc. 30-2, pg. 32). Further, Defendants justified the actions by deciding a payment deficiency that could only have existed if Defendants conclusively decided, at the time of the Notice of Payment Deficiency, that micro entity certifications were erroneous. Further, Defendants' objection to subjecting "virtually every step of patent examination and prosecution to immediate judicial review" (Doc. 31, pg. 7) addresses neither Inventors' arguments nor the facts of this case. The Notice of Payment Deficiency is not any "request for additional information or notification that fees were due" (Doc. 31, pg. 7). Inventors' Complaint and responses show that with the Notice of Payment Deficiency specifically, the USPTO decided new and unlawful policy (e.g., Doc. 30, pg. 15 and 16) and lacked published and vetted processes to duly and consistently evaluate responses under (II), which is further highlighted in juxtaposition to previous communications in '288 (e.g., see Doc. 30, pg. 10-12). On the other hand, for example, a first office action on claim patentability is part of the published and vetted processes for examination. Further, Defendants falsely assert that the Notice of Payment Deficiency had "identification of a fee owed with the opportunity to respond as whether it was properly calculated" (Doc. 31, pg. 7). The Notice of Payment Deficiency represented otherwise, including "Because [of] the deficient payments… this application is not in condition for

6

**Appx0405**

examination" (Doc. 1-1, pg. 3) and "The application has been removed from the examiner's docket" (Doc. 1-1 pg. 4), indicating consummation of the decision-making process. Regardless, Defendants fail to address that "[t]he mere possibility that an agency might reconsider [an agency action]... and invited contentions of inaccuracy does not suffice to make an otherwise final agency action nonfinal" (*Sackett v. EPA*, 566 U.S. 120 (2012) (see Doc. 30, pg. 13). Defendants misrepresent that the "Notice of Fee Deficiency identifies Plaintiffs as being listed on numerous applications, in excess of the micro entity limit, with no recorded assignments" (Doc. 31, pg. 8). The Notice of Payment Deficiency does not mention assignments. Further, Defendants repeatedly disregarded Inventors' citations to the USPTO's own website: "There is no limit on the number of previously-filed patent applications that may be excluded from the "four previously filed application" limit…" (Doc. 1-1, pg. 25 and 43; and Doc. 21, pg. 10).

Defendants assert "there is no evidence that … micro entity status was challenged because of employment by or assignment to an apparent family member" (Doc. 31, pg. 8); however, Defendants object: "...assigns rights to an apparent family member who resides at the same address" (Doc. 17, pg. 15 and Doc. 16, pg. 24) and "...who shares the same last name and resides at the same address as all Plaintiffs" (Doc. 16, pg. 14).

Further, Defendants argue "Plaintiffs now apparently characterize their November 19, 2024, Letter as a petition…" (Doc. 31, pg. 9) while disregarding that: the USPTO called Inventors and provided *ad hoc* guidance on 05/08/2024 to file a response with "Attn: Office of Petitions, Mail Stop Petitions, …" (Doc. 1, pg. 6-7) and the USPTO recorded communications as petitions (e.g., Doc. 30-2, pg. 17 and 21, stating "Petition Decision"; Doc. 30-2, pg. 30-31; and Doc. 17, pg. 6). Regardless, Defendants' *post hoc* characterizations of responses, the *ad hoc* guidance on 05/08/2024, and the Notice of Payment Deficiency's lack of guidance on responses under (II)

(particularly in light of the juxtapositions against Doc. 30-2, pg. 3-5; see Doc. 30, pg. 4, 5, 10, and 11) indicate not only that there was no published and vetted process, but also that the USPTO provisioned only for concessions under (I) in the Notice of Payment Deficiency.

Defendants falsely assert that "Plaintiffs' consistently responded that they need not provide any information regarding compliance with the regulations" (Doc. 31, pg. 8). Defendants appear to erroneously assert newly alleged requirements in order "to maintain micro entity status" as "regulations" (Doc. 31, pg 8). Defendants, "under the guise of interpreting a regulation…create *de facto* a new regulation" (*Christensen v. Harris County*, 529 U.S. 576 (2000)). Defendants' alleged "regulations" are unlawful at least under 35 USC 123(e). Further, Doc. 26-1 is improper, including Defendants' choice for time and place of consideration.

Defendants falsely assert that Inventors "[assert] that Notices of Fee Deficiency in their entirety are illegal…" (Doc. 31, pg. 8). Defendants misrepresent that Inventors challenge *all* USPTO fee deficiency notices. Inventors challenge the legality of the Notice of Payment Deficiency that is the subject of the Complaint. The Notice of Payment Deficiency, at least as identical information requests sent to many people, is illegal (Doc. 21-1; Doc. 2-5, pg. 3-4; Doc. 30-3, pg. 6-7).

Defendants misrepresent in asserting "[t]he paper called for in connection with …. a [37 CFR 1.137] petition … need not be any "concession"" (Doc. 31. pg. 9). Inventors timely responded to the Notice of Payment Deficiency on May 23, 2024. As Defendants lacked published and vetted processes, Defendants failed to duly evaluate the May 23, 2024 response under (II) (Doc. 1, pg. 4-14). Defendants violated Inventors' rights, including due process rights. Petitioning for "Revival on the basis of unintentional delay" under 37 CFR 1.137, while Defendants violated Inventors' rights, would allow Defendants to evade judicial review of the violations. Defendants'

8

arguments regarding *Hyatt v. United States PTO* and *Winfrey v. United States DOC, PTO* do not overcome Inventors' showing of Defendants' errors.

<u>Inventors' Standing Due at Least to Harm in '555 Flowing from Defendants' Actions in '288</u>

Defendants argue (Doc. 17, pg. 11) about at least '382, '669, and '555 in the Motion to Dismiss. Defendants err in asserting "none of Plaintiffs' discussion about applications other than the '288 is relevant to the Court's consideration of the USPTO's Motion to Dismiss" (Doc. 31, pg. 3). Defendants evade that Inventors have shown irrational actions at least in '288, from which arise harm in all of Inventors' applications. The Federal Circuit in *Chou v. Univ. of Chicago*, 254 F.3d 1347 (Fed. Cir. 2001) considered reputational harm related to patents as an indicator for Article III standing, stating: "Chou argues that a reputational interest alone is enough to satisfy the requirements of Article III standing. That assertion is not implausible. After all, being considered an inventor of important subject matter is a mark of success in one's field, comparable to being an author of an important scientific paper. Pecuniary consequences may well flow from being designated as an inventor". Inventors have been confidentially prospecting large industrial conglomerates, nationally and internationally, regarding implementing '555. Inventors respectfully submit a letter of interest from a German company in Ex. M, pg. 2 (in which required redactions have been made to protect proprietary and personal information). Due in part to the irrational response in the 10/23/2024 petition decision in '288, and to mitigate any allegation of payment deficiency in '555, Inventors paid excess fees. Defendants falsely alleged in a petition decision that Inventors made a payment ("fee deficiency submission") indicative of erroneous micro entity status in '555 (Doc. 2-4, pg. 4). Since the Notice of Payment Deficiency (e.g., in '288), Defendants have made inexplicable allegations regarding '555 relying on cascading errors and bad-faith arguments (e.g., see Doc. 28). Defendants' actions in '288 caused

9

harm in at least '555. Harm in '555 is financial at least due to harm to Inventors' reputation. Further, unlike '288, there is no obligation to assign '555 as a result of Inventors' prior employment. Defendants do not challenge that Inventors own '555.

<u>Defendants Disregarded Known Errors</u>

To evade accountability for the cascading errors and bad-faith arguments (e.g., see Doc. 28), Defendants on the one hand allege "the Court need not consider [other] applications with respect to the present Motion. Plaintiffs' arguments for those applications being within the scope of the Complaint [does not meet] the pleading requirements of this Court" (Doc. 31, pg. 10) and on the other hand add the Complaint into the prosecution history of '555 (and Inventors' other applications) to justify changing the status of '555 to "Application Involved in Court Proceedings 06/10/2025" (Ex. M, pg. 3 and 4) from "Appeal Brief (or Supplemental Brief) Entered and Forwarded to Examiner 10/19/2024" (Doc. 2-4, pg. 2). The effects flowing from the status change affects the processing of '555, which is in an advanced stage of prosecution. Defendants' alleged "abundance of caution" (Doc. 31, pg. 10) appears not to extend to Defendants' self-serving errors including: material misrepresentations, bad-faith arguments, failure to answer petitions, violations of 37 CFR 1.104(d)(2), decision-making out of touch with small businesses, and overt disregard for evidence in Defendants' custody. Though Defendants allege they provided "opportunity to respond" (Doc. 31, pg. 7 and 8), the self-serving errors and lack of reasoned analysis contravenes due process—an attempt at "strong-arming" Inventors into "voluntary compliance" (Doc. 30, pg.13; also see Doc. 28)—leaving Inventors with no option but to seek judicial review.

Defendants disregard arguments regarding the Paperwork Reduction Act (PRA) and 5 USC 552a in Doc. 30, pg. 21-22, which provide the Court with jurisdiction in this case. Further, Defendants

do not deny that Defendants took administrative action against at least 10 persons by sending the Notice of Payment Deficiency with the same demands for information to the at least 10 persons (see a sample in Doc. 21-1; Doc 1-1, pg. 3; Doc. 2-5, pg. 3; and 30-3, pg. 6). Characterizing the Notice of Payment Deficiency as "individual communications, specific to the applications in which they were entered based on information specific to those applicants" (Doc. 31, pg. 8) harms the public interest. Defendants' assertions of "individualized communications" and "individual communications" (Doc. 31, pg. 8) citing *Hyatt v. OMB*, 998 F.3d 423, 426 (9th Cir. 2021), contradicts *Hyatt v. OMB* itself which states "… preclusion of individualized communications from the PRA accords with the **statute's emphasis on identical requests sent to many people**" [emphasis added]. If a generative AI (artificial intelligence) model were to make such an assertion (e.g., to falsely assert that a source supports a statement[2]), Inventors would identify and treat the model's assertion as a hallucination.

Inventors respectfully request that the Court deny Defendants' Motion to Dismiss. Inventors respectfully request that the Court demand transparency from the USPTO and hold Defendants accountable for statutory violations, including violations of due process rights, the Paperwork Reduction Act, 35 USC 132, and 35 USC 123(e) as anything less would undermine public trust, confidence, and understanding.

---

[2]Magesh, Varun, et al. "Hallucination-Free? Assessing the Reliability of Leading AI Legal Research Tools." Journal of Empirical Legal Studies 22.2 (2025): 216-242, (https://onlinelibrary.wiley.com/doi/full/10.1111/jels.12413) states "In other words, if a model makes a false statement or falsely asserts that a source supports a statement, that constitutes a hallucination". Similarly, if a generative AI model were to make the material misrepresentations identified in the Complaint, Inventors would identify and treat the misrepresentations as hallucinations.

11

**Certificate of Service:** Ashlesha A. Nesarikar is filing this document with the court's CM/ECF system on August 01, 2025.

**Certificate of Generative Artificial Intelligence Usage:** Inventors use generative AI in the ordinary course of work as described in the certification filed on April 29, 2025. Inventors, in good faith, comply with L.R. CV-11(g).

Date: August 01, 2025

Respectfully submitted,

Ashlesha A. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
asedt0425@icloud.com

Anika A. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
anedt0425@icloud.com

Abhijit R. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
edt0425@nesarikar.com

Inventors and Plaintiffs

12

**Appx0411**

Letter of Interest 2024 —————————————————————————— 2

Documents - Application - Patent Center - USPTO ————————— 3

Transactions - Application - Patent Center - USPTO ————————— 4

# Exhibit M
# 16/591,555



| | |
|---|---|
| | Name |
| | Department |
| | |
| | Telephone |
| | Fax |
| Ms. Ashlesha Nesarikar | Mobile |
| P.O. Box | E-mail |
| Plano Intelligence Inc. | Your letter of |
| Plano, TX 75025 | Our reference |
| United States of America | Date    14 Nov 2024 |

**Your Offer of Invention**
**Proposal for collaborative efforts on foundation models /Rspr. SSv**
US 16/591,555 / 10/02/2019 AI entities learning

Dear Ms. Nesarikar:

We acknowledge receipt of your above-mentioned letter.

We will evaluate our interest in your invention

We will inform you of the result of our evaluation as soon as possible.

Very truly yours,



Page 1 of 1

**Appx0413**



**Appx0414**



**Appx0415**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ASHLESHA A. NESARIKAR, ANIKA A. NESARIKAR, ABHIJIT R. NESARIKAR, | § § § | |
| | § | |
| **Plaintiffs,** | § § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:25-CV-00423-JCB-** |
| | § | **JDL** |
| THE UNITED STATES PATENT AND TRADEMARK OFFICE, ACTING DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE, | § § § § | |
| | § | |
| **Defendants.** | § | |

**<u>REPORT AND RECOMMENDATION OF</u>**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Before the court is Defendants the United States Patent and Trademark Office ("USPTO") and Coke Morgan Stewart, Acting Director of the USPTO's (collectively, "Defendants") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. No. 17.) Plaintiffs Ashlesha A. Nesarikar, Anika A. Nesarikar, and Abhijit R. Nesarikar (collectively, "Plaintiffs") filed a response. (Doc. No. 30.) For the reasons explained herein, Defendants' motion should be **GRANTED**.

**BACKGROUND**

According to Plaintiffs' complaint, Plaintiffs filed nonprovisional patent application No. 18/069,288[1] ("'288 application") with the USPTO on December 21, 2022. (Doc. No. 1, at 2.)

---

[1] Plaintiffs' response to Defendants' motion to dismiss also includes allegations and arguments regarding three other patent applications—16/591,555, 18/069,382, and 18/611,669. (Doc. No. 30.) But after liberally construing Plaintiffs' complaint, Plaintiffs' allegations only relate to the '288 application. (Doc. No. 1.) Thus, the court disregards any allegations related to patent applications other than the '288 application.

Shortly thereafter, Plaintiffs received a receipt of acceptance of their micro-entity certifications in the '288 application and receipt that their application was ready for examination. *Id.*

In April, Plaintiffs received a "Notice of Payment Deficiency" that stated their application was not in a condition for examination and that the '288 application had been removed from the examiner's docket. *Id.* Specifically, the notice referenced 37 C.F.R. § 1.29(a), which outlines the certification requirements an applicant must establish to qualify for "micro entity status." *See* 37 C.F.R. § 1.29(a). The notice informed Plaintiffs that because "the applicant, the inventor, or a joint inventor was named on more than four previously filed patent applications" when the '288 application was filed, Defendants considered such information "*prima facie* evidence" that Plaintiffs' micro-entity status certification was made in error. (Doc. No. 1-1, at 3.) As a result, the notice left Plaintiffs a choice—they could admit that their certification was made in error and pay any difference in the fees that would be due under the appropriate entity classification or, alternatively, if Plaintiffs believed that their certification was correct, they could file evidence sufficient to rebut the USPTO's notice. *Id.* The notice gave Plaintiffs two months to comply. *Id.*

In May 2024, Plaintiffs called Joanne Burke—a paralegal specialist with the USPTO—to discuss the notice. *Id.* at 6. Burke informed Plaintiffs that they needed to file responses to the notice as miscellaneous letters in the USPTO's patent center. *Id.* at 7. Plaintiffs filed the letters two weeks later. *Id.* In August, Defendants sent Plaintiffs its first decision on petition, which Plaintiffs filed a petition requesting review. *Id.* Defendants then sent a second decision on petition, which Plaintiffs responded with another petition requesting review. *Id.*

Six months later, Shirene W. Brantley—an attorney advisor for the Office of Petitions—sent Plaintiffs a "notice of abandonment," due to Plaintiffs' failure to timely file a reply to the notice. (Doc. No. 1, at 7; Doc. No. 1-1, at 59).

Then, Plaintiffs filed the instant lawsuit on April 24, 2025. *Id.* Although somewhat unclear, Plaintiffs seem to allege claims under the due process clause of the Fifth Amendment, the Paperwork Reduction Act ("PRA"), 35 U.S.C. § 132, and 35 U.S.C. § 123(e). *Id.* They request the court to (1) reverse notices of payment deficiency in their patent applications; (2) order Defendants to issue a written statement ratifying Plaintiffs' micro-entity status; (3) order the reversal of adverse consequences arising out of the notices of payment deficiency; (4) prohibit Defendants from "aiding others in effectuating adverse consequences" arising out of the notices; (5) order that any of Plaintiffs' petitions to Defendants reversing adverse consequences be granted within thirty days without charge or fee; and (6) prohibit Defendants from any future actions in Plaintiffs' applications regarding Plaintiffs' micro-entity status. *Id.* at 15–16.[2]

Defendants filed their motion to dismiss Plaintiffs' complaint on June 10, 2025. (Doc. No. 17.) Plaintiffs filed a response (Doc. No. 30), to which Defendants filed a reply (Doc. No. 31).

## LEGAL STANDARD

Before any federal court reaches a case's merits, the court must address the "threshold issue" of jurisdiction. *Perez v. United States*, 312, F.3d 191, 194 (5th Cir. 2002). One component of this court's jurisdiction, Article III standing, is so essential that the court can address its sufficiency either by motion or the court can raise it sua sponte. *See Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.2d 329, 331–32 (5th Cir. 2002) ("Although Article III constitutional standing was not raised by the parties . . . we must—where necessary—raise it sua sponte."). To satisfy Article III's standing requirements, a plaintiff must satisfy three elements: (1) an "injury in fact" that is "(a) concrete and particularized and (b) actual or imminent, not conjectural or

---

[2] Plaintiffs have also filed a motion for a preliminary injunction on their claims. (Doc. No. 2.) Defendants filed a response in opposition (Doc. No. 16), Plaintiffs filed a reply (Doc. No. 21), and Defendants filed a sur-reply (Doc. No. 26).

hypothetical"; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) "it is likely, as opposed to merely speculative," that the injury will be redressed by a favorable decision. *Friends of the Earth, Ind. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

## DISCUSSION

### I.    Standing

Defendants argue that Plaintiffs lack standing to pursue their claims because they have either assigned, or are obligated to assign, all of their rights to the '288 application to former employers. (Doc. No. 17, at 15.) As a result, Defendants assert that Plaintiffs only assert harms to prospective patents that flow to the owners of the '288 application and not Plaintiffs themselves. *Id.* Plaintiffs respond that they currently own all rights to the '288 application. (Doc. No. 30, at 8.) While Plaintiffs acknowledge that they currently maintain an "obligation to assign" their rights in the '288 application to former employers, this fact does not detract from Plaintiffs' standing to bring the instant lawsuit. *Id.* at 8–9. Defendants reply that even if Plaintiffs assert that the '288 application is under an "obligation to be assigned," Plaintiffs have nonetheless failed to allege sufficient facts indicating that they have retained ownership of the rights to the application. (Doc. No. 31, at 4).

As mentioned above, whether a plaintiff has standing is a threshold question in every case. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). To establish standing, the plaintiff must show "(1) an injury in fact; (2) traceability; and (3) redressability." *Intellectual Tech LLC v. Zebra Technologies Corp.*, 101 F.4th 807, 813 (Fed. Cir. 2024) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). The injury-in-fact element requires a plaintiff to show that their injury in fact is "actual or imminent," "concrete and particularized" "invasion of a legally protected interest." *See Lujan*, 504

4

**Appx0419**

U.S. at 560. The plaintiff must prove standing "with the manner and degree of evidence required at the successive stages of the litigation." *Id.* at 561.

In the patent context, a plaintiff can satisfy Article III's standing requirement by showing that he has an ownership interest or a concrete financial interest in the patent itself. *Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1325–26 (Fed. Cir. 2009). "An ownership interest can be shown through an employment agreement with a patent assignment clause." *Delmar Systems, Inc. v. Bardex Corp.*, No. 4:23-cv-02570, 2025 WL 296341, at *4 (S.D. Tex. Jan. 24, 2025). Such a clause can assign a prospective patent automatically—"in which no further acts to effectuate the assignment are necessary"—or it can promise to assign the patent in the future. *Omni MedSci, Inc. v. Apple Inc.*, 7 F.4th 1148, 1152 (Fed. Cir. 2021). Otherwise, the court generally presumes that "rights in an invention belong to the inventor" unless the inventor "expressly grant[s] the rights in an invention to his employer if the employer is to obtain those rights." *See id.* (citing *Bd. of Trs. of Leland Stan. Jr. Univ. v. Roche Mol. Sys., Inc.*, 563 U.S. 776, 785–86 (2011)). "In construing the substance of [an alleged] assignment, a court must carefully consider the intention of the parties and the language of the grant." *Israel Bio-Eng'g Project v. Amgen, Inc.*, 475 F.3d 1256, 1265 (Fed. Cir. 2007) (citing *Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.2d 870, 874 (Fed. Cir. 1991)).

Alternatively, a plaintiff can demonstrate standing through a "concrete financial" or "reputational" interest in the patent. *Delmar*, 2025 WL 296341, at *4 (citing *Larson*, 569 F.3d at 1326). To do so, the plaintiff must allege concrete and specific financial entitlements or losses based on the listed inventorship of the patent. *Id.* Contingent interests are insufficient. *Id.* at 1327.

As an initial matter, Plaintiffs lack standing to bring any claims for violations to the PRA in this case because the PRA does not create a private right of action for alleged violations of the

5

statute. *Smith v. United States*, No. 08-10288, 2008 WL 5069783, at *1 (5th Cir. 2008) (unpublished) (citing 44 U.S.C. § 3512; *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 844 (9th Cir. 1999)); *Ohio Stands Up! v. U.S. Dep't of Health & Human Servs.*, 564 F. Supp. 3d 605, 613–14 (N.D. Ohio 2021) (gathering cases). The court finds no reason to diverge from these court's conclusions regarding the PRA. Thus, Plaintiffs have no standing to bring any claim for violations of the PRA's provisions.

As to Plaintiffs' other claims, Plaintiffs have failed to sufficiently allege that they either currently maintain an ownership interest, a concrete financial, or reputational interest in the '288 patent. *See Larson*, 569 F.3d at 1325. It is unclear from Plaintiffs' complaint and the parties' briefing whether Plaintiffs have any remaining ownership interest in the '288 patent. While Plaintiffs allegations show that they informed Defendants that the individual Plaintiffs each had a current obligation to assign their rights in the '288 patent as a result of their prior employment (Doc. No. 1-1, at 47), Plaintiffs did not include any of their employment agreements or the associated patent assignment clauses. The court, therefore, cannot readily determine whether the assignment created an automatic assignment or "merely a promise to assign . . . ."[3] *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364, (Fed. Cir. 2010) ("Whether an assignment of patent rights in an agreement is automatic or merely a promise to assign depends on the contractual language itself.").

Plaintiffs, moreover, have failed to plausibly allege that they have any financial or reputational interest to base their standing. Because it is unclear whether Plaintiffs have assigned

---

[3] If an employment contract "expressly conveys rights in future inventions, no further act is required once an invention comes into being, and the transfer of title occurs by operation of law." *Abraxis*, 625 F.3d at 1364 (citing *DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1290 (Fed. Cir. 2008)). In contrast, contracts that obligate the owner to grant rights in the future, however, do not vest legal title to the patents in the assignee. *Id.* at 1364–65 (citing *Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 583 F.3d 832, 841–42 (Fed. Cir. 2009)).

all of their interests in the '288 patent to their former employers, it is likewise unclear whether they have retained any financial interest in the patent. *See Larson*, 569 F.3d at 1326 (finding that plaintiff lacks standing for correction of inventorship because he "affirmatively transferred title to the patents to [defendant], and he stands to reap no benefit from a preexisting licensing or royalties arrangement"). Furthermore, Plaintiffs have not made any attempt to allege that they have standing based on a reputational interest. Accordingly, based on Plaintiffs' complaint, Plaintiffs lack Article III standing.[4]

## II.    Motion for Preliminary Injunction

Plaintiffs have also moved for a preliminary injunction. (Doc. No. 2.) The equitable injunctive power of federal courts will not be exercised save in exceptional cases to prevent irreparable injury which is clear and imminent. *See Heath v. City of New Orleans*, 320 F. Supp. 545, 546 (E.D. La. 1970), *aff'd*, 435 F.2d 1307 (5th Cir. 1971). A party seeking a preliminary injunction must establish four elements: (1) that there is a substantial likelihood the party will prevail on the merits; (2) that a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendants; and (4) that the granting of the preliminary injunction will not disserve the public interest. *See Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012). Relief should only be granted if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003).

---

[4] Because the court recommends dismissal of Plaintiffs' claims for lack of standing, the court does not reach Defendants' alternative argument that Plaintiffs failed to exhaust all administrative remedies related to the '288 application under the APA. (Doc. No. 17, at 15).

Here, because all of Plaintiffs' claims are subject to dismissal for the reasons discussed herein, Plaintiffs cannot show a likelihood of success on the merits. Thus, Plaintiffs' motion for a preliminary injunction (Doc. No. 2) should be denied.

## CONCLUSION

For the reasons stated above, the court **RECOMMENDS** that Defendants' motion to dismiss Plaintiffs' complaint (Doc. No. 17) should be **GRANTED**. Plaintiffs' claims should be **DISMISSED** without prejudice for lack of standing and Plaintiffs' motion for a preliminary injunction (Doc. No. 2) should be **DENIED**.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after service shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 1st day of August, 2025.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

8

**Appx0423**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ASHLESHA A. NESARIKAR, ANIKA A. NESARIKAR, and ABHIJIT R. NESARIKAR, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| -v- | ) ) | |
| THE UNITED STATES PATENT AND TRADEMARK OFFICE and COKE MORGAN STEWART, in her official capacity as the Acting Director of the United States Patent and Trademark Office, | ) ) ) ) ) ) ) | Case No. 4:25-cv-00423-JCB-JDL |
| Defendants. | ) ) | |

**Plaintiffs' Objections to Report and Recommendations of United States Magistrate Judge**

1

The Report And Recommendation Of United States Magistrate Judge (hereinafter Report) disregards Inventors' sur-reply (Doc. 32), which was filed prior to the filing of Report. For at least this reason, Inventors respectfully submit that *de novo* review is required on both the motion for preliminary injunction (Doc. 2) and the motion to dismiss (Doc. 17). Further, Report does not consider Doc. 21 (with the exception of a mention in a footnote) nor Doc. 28. Report erred in disregarding the Court record as a whole.

Inventors respectfully disagree with the finding and recommendations that Inventors lack standing, that Defendants' motion to dismiss should be granted, and that Inventors' motion for preliminary injunction should be denied. The inventors of a patent application are its owners under *Board of Trustees of the Leland Stanford Junior Univ. v. Roche Molecular Systems, Inc.*, 563 U.S. 776 (2011). This presumption is adopted in 37 CFR 3.73. If Defendants argue Inventors are not owners, it is Defendants' burden to rebut that presumption, e.g., with evidence of an assignment. Report errs in disregarding the presumptive ownership of Inventors without evidence and based solely on Defendants' speculation.

Report refers to *Omni MedSci, Inc. v. Apple Inc.*, 7 F.4th 1148, 1152 (Fed. Cir. 2021), but in *Omni,* Apple did not speculate about assignment. Apple states: "Dr. Islam [the inventor] could not have assigned any rights to Omni because he never owned the asserted patents—**as the record demonstrates**... " [emphasis added] (*Omni* Doc. 182, pg. 10); "the University of Michigan [the employer] was and remains the sole owner of the patents through an automatic assignment, and Dr. Islam thus never had any rights that he could assign to Omni" (*Omni* Doc. 182, pg. 11); and "Bylaw 3.10 provides that:… Patents … ***shall be the property of the University***" [emphasis in original] (*Omni* Doc. 182, pg. 11). The parties in *Omni*, the court in *Omni*, Report, and Defendants do not dispute that Dr. Islam, as the inventor, was the presumptive

2

owner. In order to overcome the presumption, Apple alleged an automatic assignment by Dr. Islam to his employer and supported that allegation with evidence. The *Omni* court did not entertain a motion to dismiss solely based on speculation, let alone adopt speculation at the expense of the premise under which "patent law has operated" since 1790 (*Board of Trustees of the Leland Stanford Junior Univ. v. Roche Molecular Systems, Inc.*).

Unlike in *Omni*, in '288 (application no. 18069288) there is no controversy between Inventors and the future assignee. Inventors are left wondering about Report's speculation, particularly in the absence of an allegation or evidence of a controversy between Inventors and the future assignee, citation to any applicable law, and reasoned analysis based on evidence from the record before the Court.

Further, Report erroneously disregards evidence, including at least, e.g., an assignment as a result of employment in '844 (application no. 17906844). The assignment in '844 and the obligation to assign in '288 result from the same employment (Doc. 1-1, pg. 47, 49, and 13). The assignment states "I **hereby** sell and assign unto Shalaka A. Nesarikar…" [emphasis added] (Doc. 1-2, pg. 7-8). Speculation of "automatic assignment" (as alleged in *Omni*) in Report constitutes an allegation that the '844 assignment is at least superfluous or invalid. Report provides neither citation to authority nor reasoned analysis based on evidence for the allegation. There was no "automatic assignment" (as alleged in *Omni*) in '844 before the assignment to Shalaka A. Nesarikar, and there is no "automatic assignment" (as alleged in *Omni* or as speculated in Report) in '288. Further, Report is not in accordance with Rule 301 of the Federal Rules of Evidence in relying on speculation of an "automatic assignment" (as alleged in *Omni*) and invalidating the presumption of ownership without evidence. Report erred in adopting the speculation without citation to authority, evidence, or reasoned analysis based on evidence.

3

**Appx0426**

Inventors established a right to the presumption (Doc. 30, pg. 8-9 and Doc. 32, pg 3-4). Defendants concede that "Plaintiffs are correct that they, as inventors and applicants, are generally presumed to be the owner of an application" (Doc. 31, pg. 4) and rely only on speculation to argue against the presumption. According to Rule 301 of the Federal Rules of Evidence, "...the party against whom a presumption is directed has the burden of producing evidence to rebut the presumption". As Defendants have "the burden of producing evidence", and provide no evidence to rebut Inventors' right to the presumption, Defendants failed to rebut the presumption.

By stating "the court generally presumes "rights in an invention belong to the inventor" unless the inventor "expressly grant[s] the rights…" *See id.* (citing *Bd. of Trs. Of Leland Stan. Jr. Univ. v. Roche Mol. Sys., Inc.*, 563 U.S. 776, 785–86 (2011))" (Doc. 33, pg. 5), Report—in light of the absence of an express grant of rights by Inventors—grants that Inventors are the owners of '288. However, Report then turns the presumption on its head by denying that Inventors are the owners of '288 based on Defendants' speculation and not based on evidence or citation to authority.

Report errs in speculating controversy between Inventors for inventorship (at least, e.g., by citing *Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1325–26 (Fed. Cir. 2009)), speculating controversy between Inventors and a future assignee for ownership (at least, e.g., by citing *Omni*), and contradicting at least 37 CFR 3.73(a)—the USPTO's own established regulation. Further, Report errs in adopting Defendants' speculation (e.g., of "automatic assignment" as alleged in *Omni*) in stating "It is unclear from Plaintiffs' complaint and the parties' briefing whether Plaintiffs have any remaining ownership interest in the '288 patent" (Doc. 33, pg. 6). Report errs in disregarding that Defendants are speculating to obfuscate that Defendants are out of touch with small businesses. Defendants dismissed the assignment in '844, stating "...assigns rights to an apparent

4

**Appx0427**

family member who resides at the same address" (Doc. 17, pg. 15 and Doc. 16, pg. 24) and

"...who shares the same last name and resides at the same address as all Plaintiffs" (Doc. 16, pg. 14), as indicated at least in Doc. 32, pg. 5. The assignee in '844—Dr. Shalaka Nesarikar—is a respected small business owner and a dentist who graduated from Baylor College of Dentistry (now known as Texas A&M College of Dentistry) in Dallas, TX. Dr. Nesarikar and her businesses have served her community for over 20 years. Defendants' statements undermine, if not disparage, small business owners. Inventors respectfully request that Defendants' statements must not be adopted by the Court, even implicitly.

Report cites *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61(1992), which states "When the suit is one challenging the legality of government action ... standing depends considerably upon whether the plaintiff is himself an object of the action (or forgone action) at issue. If he is, there is ordinarily little question that the action or inaction has caused him injury, and that a judgment preventing or requiring the action will redress it". The Notice of Payment Deficiency is addressed to Inventors (*pro se* inventors) as objects of an agency action, which denied Inventors due process,  denied Inventors the right to examination of a duly filed nonprovisional patent application, and made a threat of abandonment, which was carried out. *Lujan* validates Inventors' standing as there is "little question" that Inventors are harmed as objects of the agency action (see at least, e.g, Doc. 30, pg. 9). Report errs in selectively disregarding *Lujan* based on Defendants' speculation.

Report errs in finding "Plaintiffs lack standing...because the PRA does not create a private right of action" (Doc. 33, pg. 5). The cases cited by Report, including *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 844 (9th Cir. 1999), confirm Inventors' right to judicial review under 44 USC 3512 - Public protection. For example, *Ohio Stands Up! v. U.S. Dep't of Health &*

*Human Servs.* supports Inventors' argument, explaining that the plaintiffs in *Ohio Stands Up!* had no standing under the PRA as "Plaintiffs are not the subject of any administrative or judicial enforcement action, nor are they being required to report information; rather, they challenge generally the Federal Government's collection of COVID-19 related data". Further, Report disregards at least Doc. 32, pg. 10-11 and Doc. 30, pg. 21. Doc. 30, pg. 21 is reproduced below for convenience:

> Defendants assert that a PRA claim requires government administrative action (Doc. 17, pg. 18 and Doc. 16, pg. 31), and Defendants did take administrative action against at least 10 persons at least, e.g., by issuing the Notice of Payment Deficiency (e.g., Doc. 1-1, pg. 3 and Ex. L, pg. 6). Defendants' allegation that the PRA "is only a defense" (Doc. 17, pg. 18) disregards 44 USC 3512 - Public protection ("The protection provided by this section may be raised in the form of a complete defense, bar, or otherwise at any time during the agency administrative process or judicial action applicable thereto."). Further, Defendants misapply *Tozzi v. E.P.A.* (D.D.C. 2001), which hinged on a "statutory bar prohibiting judicial review of OMB's ICR [Information Collection Request] approval decisions"; however, the Notice of Payment Deficiency is an *ad hoc* and unilaterally imposed demand for information, for which Inventors did not find any indication that the USPTO applied for or received ICR approval from the Office of Management and Budget (OMB).

Further, Report enables Defendants' illegal (under the PRA) collection of information by requiring Inventors to provide the same information to enable judicial review. Report disregards that the collection of information includes disclosure of "sensitive, proprietary, or nonpublic information regarding Inventors or Inventors' prior employers" (Doc. 1-1, pg. 19) and that to collect the information "Defendants, "under the guise of interpreting a regulation…create *de facto* a new regulation" (*Christensen v. Harris County*, 529 U.S. 576 (2000))" (see Doc. 32, pg.

**Appx0429**

8). Further, Defendants violated the Privacy Act, 5 USC 552a, which also provides the Court with jurisdiction in this case (Doc. 30, pg. 21-22) and which Report disregards.

Report errs in stating "Plaintiffs have not made any attempt to allege that they have standing based on a reputational interest" (Doc. 33, pg. 7). See for example, "The USPTO is aware that discontinuing examination of an application (e.g., '288) is harmful to Inventor's reputation as *pro se* applicants. The USPTO publicly discredited the *pro se* applicants by unlawfully abandoning patent applications (e.g., '288)" (Doc. 2, pg. 6). Further, Report disregards arguments and evidence in Doc. 32. Report disregards evidence that Inventors' patents, including '288, and reputation are intertwined, e.g., in Doc. 1, Doc. 8, Doc. 30-2 (e.g., pg. 16 indicating '288 is in the field of artificial intelligence), and Doc. 32-1 (with pg. 2 showing industry interest).

Inventors respectfully disagree with Report regarding: "Plaintiffs' allegations only relate to the '288 application. (Doc. No. 1.) Thus, the court disregards any allegations related to patent applications other than the '288 application" (Doc. 33, pg. 1). Report disregards Inventors' arguments regarding evidence of harm and exhaustion of remedies in '288 shown from events in other applications and the inequitable results of considering Defendants' use of other applications while disregarding Inventors' (Doc. 30, pg. 22-23 and Doc. 32, pg. 2-3, and 10). The USPTO's record of '288 itself analyzes other applications which Report disregards (e.g., Doc. 1-1, pg. 7-8 and 16).

Report (Doc. 33) further errs, e.g.,:

- in stating " Plaintiffs called Joanne Burke...to discuss the notice" (pg. 2), which is not consistent with at least #27 in the Complaint. Joanne Burke initiated the phone call to Inventors. Inventors were not expecting Joanne Burke's call. Further, Report disregards Inventors' arguments, including at least, e.g., Doc. 32, pg. 7 and Doc. 30, pg. 14.

7

**Appx0430**

- in stating "Plaintiffs acknowledge that they currently maintain an "obligation to assign" their rights in the '288 application to former employers…" on pg. 4. Report disregards Inventors' arguments, including at least, e.g., Doc. 30, pg. 9-10 and Doc. 32, pg. 4-5.

- Report's characterization deviates from Relief Requested in the Complaint. Inventors maintain the Relief Requested in the Complaint and the motion for preliminary injunction.

Further, Inventors—as *pro se* plaintiffs—respectfully request, if the Court grants Defendants' motion to dismiss, denies Inventors' motion for preliminary injection, or otherwise rules adversely towards Inventors, that the Court provide reasoned analysis citing authorities and explaining the consideration or lack of consideration of Inventors' cited evidence. For example:

- How was the assignment in '844 analyzed in relation to the obligation to assign in '288?

- How was the presumption that an inventor is the owner of a patent under *Board of Trustees of the Leland Stanford Junior Univ. v. Roche Molecular Systems, Inc.* analyzed, and if exceptions were made, under which authority were the exceptions made? Under which authority was the presumption of ownership invalidated without evidence?

- Would a defendant in front of the Court in a patent case (e.g., a patent infringement case) be granted dismissal on the basis of rebutting the presumptive ownership of an inventor (the plaintiff) based on mere speculation of "automatic assignment" (as alleged in *Omni*)?

- Defendants cited Inventors' other applications in agency actions in '288, relied on Inventors' other applications in their filings, and added (in June 2025) the Complaint in the prosecution histories of Inventors' other applications. The Complaint, Inventors' filings, and evidence related and referenced other applications. Why was evidence provided by Inventors regarding other applications disregarded?

8

**Appx0431**

- Why were some of Inventors' filings with the Court disregarded (e.g., in Report)?

- Why were Defendants exempted from Federal Rule of Evidence 301?

<u>Conclusion</u>

Inventors respectfully submit that *de novo* review is required on both the motion for preliminary injunction (Doc. 2) and the motion to dismiss (Doc. 17).

9

**Certificate of Service:** Ashlesha A. Nesarikar is filing this document with the court's CM/ECF system on August 06, 2025.

**Certificate of Generative Artificial Intelligence Usage:** Inventors use generative AI in the ordinary course of work as described in the certification filed on April 29, 2025. Inventors, in good faith, comply with L.R. CV-11(g).

Date: August 06, 2025

Respectfully submitted,

Ashlesha A. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
asedt0425@icloud.com

Anika A. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
anedt0425@icloud.com

Abhijit R. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
edt0425@nesarikar.com

Inventors and Plaintiffs

10

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| ASHLESHA A. NESARIKAR, | § | |
| ANIKA A. NESARIKAR, | § | |
| ABHIJIT R. NESARIKAR, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-423-JCB-JDL |
| | § | |
| THE UNITED STATES PATENT AND | § | |
| TRADEMARK OFFICE and | § | |
| COKE MORGAN STEWART, in her | § | |
| official capacity as the Acting Director of | § | |
| the United States Patent and Trademark | § | |
| Office, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, the United States Patent and Trademark Office and its Acting Director (collectively, "USPTO") briefly respond to Plaintiffs' Objections to the Report and Recommendation of United States Magistrate Judge ("Report") to address certain of Plaintiffs' statements and allegations with respect to standing and ownership of the '288 application. In whole, the USPTO submits that Magistrate Judge Love appropriately considered the parties' arguments and reached the correct conclusion through reasoned analysis, and that Plaintiffs' objections offer no basis for the Court to reject the Report. The USPTO respectfully requests that the Court adopt the Report and dismiss Plaintiffs' Complaint.

Plaintiffs attempt to identify fault in the Report by arguing that the Court—and the USPTO—"disregard[s] the presumptive ownership of Inventors without evidence and based solely on Defendants' speculation." ECF 34 at 2. As correctly appreciated by Magistrate Judge Love, however, it is not "speculation" but Plaintiffs' own pleadings that demonstrate a lack of standing and rebut a presumption of ownership. ECF 33 at 6. Plaintiffs' Complaint alleges that the '288 application is subject to an obligation to assign, ECF 1 at ¶52 citing ECF 1-1 at 47, Plaintiffs reiterated that obligation in opposition to the USPTO's motion to dismiss, ECF 30 at 8-9, and Plaintiffs again confirmed an obligation in connection with their objections to the Report, ECF 34 at 3-5. In fact, the entire premise of Plaintiffs' dispute with the USPTO is that certain of their applications, including the '288 application, are legally obligated to be assigned as a result of former employment—thus allegedly entitling Plaintiffs to reduced fees in connection with prosecution of their applications. ECF 17 at 4-7. Yet, as the Report notes, Plaintiffs have failed to plead or come forward with "any of their employment agreements or the associated patent assignment clauses" that would permit the Court to find standing in the face of Plaintiffs' asserted

DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS                                    1

**Appx0435**

obligations to assign. ECF 33 at 6. And contrary to Plaintiffs' claim, there need be no "controversy" between Plaintiffs and the assignee, or between Plaintiffs themselves, for any interest to lie with the assignee rather than Plaintiffs as a result of that obligation.

Plaintiffs' argument in their Objections related to the assignment of a ***different*** application—the '844 application—is new, irrelevant, and unhelpful to any attempt by Plaintiffs to establish standing in this case with respect to the '288 application. While Plaintiffs previously referenced the '844 application in opposition to Defendant's Motion to Dismiss as an application that had been assigned—to a non-party who is an apparent family member—Plaintiffs made no argument that assignment somehow evidenced the terms and conditions of the obligation to assign the '288 application. Consequently, any such argument can be disregarded in evaluating Plaintiffs' objections here. But in any event, the Report correctly concludes that the allegations in Plaintiffs' Complaint are limited to the '288 application—not any of Plaintiffs' other applications. ECF 33 at 1. Plaintiffs' Objections offer no basis to find otherwise. And it is telling that Plaintiffs' attempted rebuttal on this point cites not to any actual allegation in the Complaint but rather to arguments made in opposition to the USPTO's motion to dismiss and the prosecution history of the '288 application. ECF 34 at 7.

Moreover, even considering this new argument, the assignment of another of Plaintiffs' applications—from a different patent family—does not support the claim that the '288 application has ***not*** been assigned or that the '844 application's assignment was ***not*** automatic. One assignment does not show the lack of another. While Plaintiffs aver that the respective parent applications for the '288 application and the '844 application are under obligations to be assigned as a result of the same employment, there has been no allegation that those obligations are the identical, let alone any disclosure of the terms of employment or obligations that would allow the

Court to conclude that Plaintiffs have retained sufficient rights to establish standing here.  *Id.* at 6.  And even were one to assume the obligations to be the same between the '844 application family and the '288 application family—which, again, has not been pled—the fact that the '844 application has been assigned would tend to ***support*** the conclusion that Plaintiffs have ***not*** retained sufficient rights in the '288 application to proceed with this litigation.

Simply, Plaintiffs have not established an interest in the '288 application such that any alleged injury is to them rather than the assignee.  All their alleged harms relating to the prosecution of the '288 application are fundamentally financial in nature and flow to the ultimate owner of any prospective patent.  And as the Report accurately finds, any allegations of reputational harm are—at best—merely conclusory and in any event are insufficient to support standing.  The Report thus correctly recommends dismissal for lack of Article III standing.  *Id.* at 7.

Finally, Plaintiffs' continued claim that the USPTO is "out of touch with small businesses" is spurious and baseless.  While small businesses may take different forms, Plaintiffs have steadfastly refused—both here and before the USPTO—to provide any information regarding the details of their alleged employment or the terms of the pled obligation to assign such that the Court could find standing.  Plaintiffs ask, on the one hand, to have it accepted that they are legally obligated to assign the '288 application and others such that they should pay reduced prosecution fees and, on the other, have it accepted that they have retained sufficient rights to bring a claim here.  Such inconsistency is not a feature of small businesses but a defect in Plaintiffs' claims.

The USPTO respectfully requests that the Court adopt the Report and dismiss Plaintiffs' Complaint for lack of standing.  And the USPTO respectfully submits that, in the alternative, Plaintiffs' Complaint should be dismissed for failure to exhaust all administrative remedies.

August 12, 2025                           Respectfully submitted,

                                          JAY R. COMBS
                                          Acting United States Attorney

                                          JAMES GARLAND GILLINGHAM
                                          Assistant United States Attorney

                                          BRETT A. SHUMATE
                                          Assistant Attorney General

                                          SCOTT BOLDEN
                                          Director

                                          s/ *Philip Charles Sternhell*
                                          PHILIP CHARLES STERNHELL (DC Bar)
                                          Assistant Director
                                          Commercial Litigation Branch
                                          Civil Division
                                          Department of Justice
                                          Washington, D.C.  20530
                                          Telephone:    (202) 353-0522
                                          Facsimile:    (202) 307-0345
                                          Email:        philip.c.sternhell@usdoj.gov

Of Counsel:

WILLIAM LA MARCA
Special Counsel for Intellectual Property
Litigation
OMAR AMIN
Associate Solicitor
United States Patent and Trademark Office

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to those persons on the Court's electronic filing system.

*/s/ Philip Charles Sternhell*
PHILIP CHARLES STERNHELL
Assistant Director

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |  |
|---|---|---|
| ASHLESHA A. NESARIKAR, ANIKA A. NESARIKAR, and ABHIJIT R. NESARIKAR, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| -v- | ) ) | |
| THE UNITED STATES PATENT AND TRADEMARK OFFICE and COKE MORGAN STEWART, in her official capacity as the Acting Director of the United States Patent and Trademark Office, | ) ) ) ) ) ) ) ) | Case No. 4:25-cv-00423-JCB-JDL |
| Defendants. | ) ) | |

**NOTICE OF APPEAL**

Notice is hereby given that the appellants listed below hereby appeal the below-noted case to the

United States Court of Appeals for the Federal Circuit.

Case number: 4:25-cv-00423-JCB-JDL

Case title: Nesarikar et al. v. The United States Patent and Trademark Office et al.

Date of final judgment or order being appealed: 10/01/2025

Appellants: Ashlesha A. Nesarikar, Anika A. Nesarikar, and Abhijit R. Nesarikar

Inventors intend to file a motion to expedite this appeal in the Court of Appeals for the Federal

Circuit, requesting expedition of Inventors' principal brief deadline to 30 days and expedition of

Defendants' response brief deadline to 20 days. If Defendants oppose the motion to expedite,

Inventors request that Defendants send an email to asedt0425@icloud.com stating their

opposition to the motion.

1

**Appx0440**

**Certificate of Service:** Ashlesha A. Nesarikar is filing this document with the court's CM/ECF system on November 09, 2025.

**Certificate of Generative Artificial Intelligence Usage:** Inventors use generative AI in the ordinary course of work as described in the certification filed on April 29, 2025. Inventors, in good faith, comply with L.R. CV-11(g).

Date: November 09, 2025

Respectfully submitted,

Ashlesha A. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
asedt0425@icloud.com

Anika A. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
anedt0425@icloud.com

Abhijit R. Nesarikar
8025 Ambiance Way
Plano, Texas 75024
469-371-4983
edt0425@nesarikar.com

Inventors and Plaintiffs

2

**Appx0441**

Query    Reports ▾    Utilities ▾    Help

## U.S. District Court
## Eastern District of TEXAS [LIVE] (Sherman)
## CIVIL DOCKET FOR CASE #: 4:25-cv-00423-JCB-JDL

Nesarikar et al v. The United States Patent and Trademark Office et al

Assigned to: District Judge J. Campbell Barker
Referred to: Magistrate Judge John D. Love
Cause: 28:1331 Fed. Question

Date Filed: 04/24/2025
Date Terminated: 10/01/2025
Jury Demand: None
Nature of Suit: 899 Other Statutes:
Administrative Procedures Act/Review or
Appeal of Agency Decision
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Ashlesha A. Nesarikar**                    represented by  **Ashlesha A. Nesarikar**
8025 Ambiance Way
Plano, TX 75024
469-371-4983
Email: asedt0425@icloud.com
PRO SE

**Plaintiff**

**Anika A. Nesarikar**                    represented by  **Anika A. Nesarikar**
8025 Ambiance Way
Plano, TX 75024
Email: anedt0425@icloud.com
PRO SE

**Plaintiff**

**Abhijit R. Nesarikar**                    represented by  **Abhijit R. Nesarikar**
8025 Ambiance Way
Plano, TX 75024
Email: edt0425@nesarikar.com
PRO SE

V.

**Defendant**

**The United States Patent and Trademark Office**

A TRUE COPY I CERTIFY
DAVID A. O'TOOLE, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
By:

represented by  **James Garland Gillingham**
United States Attorney's Office - Tyler
110 North College, Suite 700
Tyler, TX 75702
903-510-9346
Email: james.gillingham@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Philip Charles Sternhell**
DOJ-Civ

Commercial Litigation Branch
Department of Justice
Civil Division, Commercial Litigation
Branch
1100 L Street NW, Ste 8500
Washington, DC 20005
202-353-0522
Email: philip.c.sternhell@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Acting Director of the United States**
**Patent and Trademark Office**

represented by **James Garland Gillingham**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Charles Sternhell**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/24/2025 | ◉ 1 | COMPLAINT against Acting Director of the United States Patent and Trademark Office, The United States Patent and Trademark Office, filed by Ashlesha A. Nesarikar, Abhijit R. Nesarikar, Anika A. Nesarikar. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Civil Cover Sheet)(CLC) (Entered: 04/24/2025) |
| 04/24/2025 | ◉ | In accordance with the provisions of 28 USC Section 636(c), you are hereby notified that a U.S. Magistrate Judge of this district court is available to conduct any or all proceedings in this case including a jury or non-jury trial and to order the entry of a final judgment. The form Consent to Proceed Before Magistrate Judge is available on our website. All signed consent forms, excluding pro se parties, should be filed electronically using the event *Notice Regarding Consent to Proceed Before Magistrate Judge*. (CLC) (Entered: 04/24/2025) |
| 04/24/2025 | ◉ 2 | MOTION for Preliminary Injunction by Abhijit R. Nesarikar, Anika A. Nesarikar, Ashlesha A. Nesarikar. (Attachments: # 1 Proposed Order, # 2 Exhibit C, # 3 Exhibit D, # 4 Exhibit E, # 5 Exhibit F)(CLC) (Entered: 04/24/2025) |
| 04/24/2025 | ◉ 3 | Non-prisoner pro se consent to receive electronic notice filed by Abhijit R. Nesarikar, Anika A. Nesarikar, Ashlesha A. Nesarikar. (Attachments: # 1 Consent for ECF, # 2 Consent for ECF)(CLC) (Entered: 04/24/2025) |
| 04/24/2025 | ◉ 5 | SUMMONS Issued as to Acting Director of the United States Patent and Trademark Office, The United States Patent and Trademark Office., Summons Issued as to Acting Director of the United States Patent and Trademark Office, The United States Patent and Trademark Office, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Summons - AG USPTO, # 2 Summons - USPTO Director, # 3 Summons - USAO USPTO Director, # 4 Summons - USAO USPTO, # 5 Summons - USPTO)(CLC) (Entered: 04/24/2025) |
| 04/25/2025 | ◉ 6 | MOTION for Leave to File Electronically by Abhijit R. Nesarikar, Anika A. Nesarikar, Ashlesha A. Nesarikar. (CLC) (Entered: 04/25/2025) |
| 04/28/2025 | ◉ 7 | ORDER granting 6 Motion for Leave to File Electronically. (*Clerk to send the following instruction along with this order to the pro se litigant: Pro se litigants approved to e-file who are not already registered to do so in this district must use their PACER account to* |

| | | |
|---|---|---|
| | | *submit their registration request. If necessary, first register for a PACER account at PACER.gov. Then, log into PACER and choose Manage My Account, then Maintenance, then Non-Attorney E-File Registration, and follow the prompts to submit the registration request to the Eastern District of Texas.*). Signed by Magistrate Judge John D. Love on 4/28/2025. (CLC) (Entered: 04/28/2025) |
| 04/29/2025 | ◑8 | NOTICE *Plaintiffs Certification of Generative Artificial Intelligence Usage* by Abhijit R. Nesarikar, Anika A. Nesarikar, Ashlesha A. Nesarikar (Nesarikar, Ashlesha) (Entered: 04/29/2025) |
| 05/06/2025 | ◑9 | SUMMONS Returned Executed by Ashlesha A. Nesarikar, Abhijit R. Nesarikar, Anika A. Nesarikar. All Defendants. (Attachments: # 1 Affidavit/Declaration USPTO served on April 29, 2025, # 2 Affidavit/Declaration USPTO served on April 24, 2025, # 3 Affidavit/Declaration Coke Morgan Stewart served on April 29, 2025, # 4 Affidavit/Declaration Coke Morgan Stewart served on April 29, 2025, # 5 Affidavit/Declaration Coke Morgan Stewart served on April 24, 2025)(Nesarikar, Ashlesha) (Entered: 05/06/2025) |
| 05/09/2025 | ◑10 | NOTICE *Plaintiffs Notice of Defendants Failure to Respond and Motion for Grant of Preliminary Injunction* by Abhijit R. Nesarikar, Anika A. Nesarikar, Ashlesha A. Nesarikar re 2 MOTION for Preliminary Injunction (Nesarikar, Ashlesha) (Entered: 05/09/2025) |
| 05/09/2025 | ◑11 | MOTION for Extension of Time to File Response/Reply as to 2 MOTION for Preliminary Injunction by All Defendants. (Attachments: # 1 Proposed Order) (Gillingham, James) (Entered: 05/09/2025) |
| 05/11/2025 | ◑12 | RESPONSE in Opposition re 11 MOTION for Extension of Time to File Response/Reply as to 2 MOTION for Preliminary Injunction *filed by Abhijit R. Nesarikar, Anika A. Nesarikar, Ashlesha A. Nesarikar*. (Attachments: # 1 Proposed Order Denying Defendants Motion for Extension of Time)(Nesarikar, Ashlesha) (Entered: 05/11/2025) |
| 05/13/2025 | ◑13 | ORDER granting 11 Motion for Extension of Time to File Response to 2 MOTION for Preliminary Injunction. Defendants shall file their response to Plaintiffs' motion for a preliminary injunction no later than June 10, 2025. No further extensions will be granted. Signed by Magistrate Judge John D. Love on 5/13/2025. (CLC) (Entered: 05/14/2025) |
| 06/10/2025 | ◑14 | NOTICE of Attorney Appearance by Philip Charles Sternhell on behalf of Acting Director of the United States Patent and Trademark Office, The United States Patent and Trademark Office (Sternhell, Philip) (Entered: 06/10/2025) |
| 06/10/2025 | ◑15 | MOTION for Leave to File Excess Pages by Acting Director of the United States Patent and Trademark Office, The United States Patent and Trademark Office. (Attachments: # 1 Proposed Order)(Gillingham, James) (Entered: 06/10/2025) |
| 06/10/2025 | ◑16 | RESPONSE in Opposition re 2 MOTION for Preliminary Injunction *filed by Acting Director of the United States Patent and Trademark Office, The United States Patent and Trademark Office*. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Sternhell, Philip) (Entered: 06/10/2025) |
| 06/10/2025 | ◑17 | MOTION to Dismiss *and Supporting Memorandum* by Acting Director of the United States Patent and Trademark Office, The United States Patent and Trademark Office. (Attachments: # 1 Proposed Order)(Sternhell, Philip) (Entered: 06/10/2025) |
| 06/11/2025 | ◑18 | ORDER granting 15 Motion for Leave to File Excess Pages. Signed by Magistrate Judge John D. Love on 6/11/2025. (CLC) (Entered: 06/11/2025) |

| 06/17/2025 | ●19 | MOTION Exemption from Local Rule CV-5(a)(9) by All Plaintiffs. (Attachments: # 1 Proposed Order granting Plaintiffs' motion for leave for exemption from Local Rule CV-5(a)(9))(Nesarikar, Ashlesha) (Entered: 06/17/2025) |
|---|---|---|
| 06/17/2025 | ●20 | MOTION for Leave to File Excess Pages by All Plaintiffs. (Attachments: # 1 Proposed Order )(Nesarikar, Ashlesha) Modified docket text on 6/18/2025 (jmb). (Entered: 06/17/2025) |
| 06/17/2025 | ●21 | REPLY to Response re 2 MOTION for Preliminary Injunction *filed by Abhijit R. Nesarikar, Anika A. Nesarikar, Ashlesha A. Nesarikar*. (Attachments: # 1 Exhibit G, # 2 Exhibit H, # 3 Exhibit I)(Nesarikar, Ashlesha) (Entered: 06/17/2025) |
| 06/19/2025 | ●22 | MOTION for Extension of Time to File Response/Reply as to 17 MOTION to Dismiss *and Supporting Memorandum* by All Plaintiffs. (Attachments: # 1 Proposed Order Granting Plaintiffs Motion for Extension of Time)(Nesarikar, Ashlesha) (Entered: 06/19/2025) |
| 06/20/2025 | ●23 | ORDER granting 20 Motion for Leave to File Excess Pages. Signed by Magistrate Judge John D. Love on 6/20/2025. (xl) (Entered: 06/20/2025) |
| 06/20/2025 | ●24 | ORDER. Plaintiffs' motion for an extension of time (Doc. No. 22 ) is GRANTED. Plaintiffs shall file their response to Defendants' motion to dismiss (Doc. No. 17 ) by July 24, 2025. No further extensions will be granted. Signed by Magistrate Judge John D. Love on 6/20/2025. (xl) (Entered: 06/20/2025) |
| 06/20/2025 | ●25 | ORDER. Plaintiffs' motion for an exemption from this courts Local Rule CV-5(a) (9) (Doc. No. 19 ) is GRANTED. Signed by Magistrate Judge John D. Love on 6/20/2025. (xl) (Entered: 06/20/2025) |
| 06/23/2025 | ●26 | SUR-REPLY to Reply to Response re 2 MOTION for Preliminary Injunction *filed by Acting Director of the United States Patent and Trademark Office, The United States Patent and Trademark Office*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Sternhell, Philip) (Entered: 06/23/2025) |
| 06/24/2025 | ●27 | MOTION for Leave to File *Response to Defendants New Evidence* by All Plaintiffs. (Attachments: # 1 Proposed Order Granting Plaintiffs Motion for Leave to Respond to Defendants New Evidence)(Nesarikar, Ashlesha) (Entered: 06/24/2025) |
| 06/24/2025 | ●28 | RESPONSE in Support re 2 MOTION for Preliminary Injunction, 27 MOTION for Leave to File *Response to Defendants New Evidence filed by Abhijit R. Nesarikar, Anika A. Nesarikar, Ashlesha A. Nesarikar*. (Attachments: # 1 Exhibit J)(Nesarikar, Ashlesha) (Entered: 06/24/2025) |
| 07/09/2025 | ●29 | NOTICE *and Request for Speedy Consideration* by Abhijit R. Nesarikar, Anika A. Nesarikar, Ashlesha A. Nesarikar re 2 MOTION for Preliminary Injunction (Nesarikar, Ashlesha) (Entered: 07/09/2025) |
| 07/18/2025 | ●30 | RESPONSE in Opposition re 17 MOTION to Dismiss *and Supporting Memorandum filed by Abhijit R. Nesarikar, Anika A. Nesarikar, Ashlesha A. Nesarikar*. (Attachments: # 1 Proposed Order Denying Defendants Motion to Dismiss, # 2 Exhibit K, # 3 Exhibit L) (Nesarikar, Ashlesha) (Entered: 07/18/2025) |
| 07/25/2025 | ●31 | REPLY to Response re 17 MOTION to Dismiss *and Supporting Memorandum Defendants' Reply in Support of its Motion to Dismiss filed by Acting Director of the United States Patent and Trademark Office, The United States Patent and Trademark Office*. (Sternhell, Philip) (Entered: 07/25/2025) |
| 08/01/2025 | ●32 | SUR-REPLY to Reply to Response re 17 MOTION to Dismiss *and Supporting Memorandum filed by Abhijit R. Nesarikar, Anika A. Nesarikar, Ashlesha A. Nesarikar*. |

| | | (Attachments: # 1 Exhibit M)(Nesarikar, Ashlesha) (Entered: 08/01/2025) |
|---|---|---|
| 08/01/2025 | ◉ 33 | REPORT AND RECOMMENDATION The court RECOMMENDS that Defendants' motion to dismiss Plaintiffs' complaint (Doc. No. 17 ) should be GRANTED. Plaintiffs' claims should be DISMISSED without prejudice for lack of standing and Plaintiffs' motion for a preliminary injunction (Doc. No. 2 ) should be DENIED Objections due within 14 days of receipt. Signed by Magistrate Judge John D. Love on 8/1/2025. (CLC) (Entered: 08/01/2025) |
| 08/06/2025 | ◉ 34 | OBJECTION to 33 Report and Recommendations by Abhijit R. Nesarikar, Anika A. Nesarikar, Ashlesha A. Nesarikar. (Nesarikar, Ashlesha) (Entered: 08/06/2025) |
| 08/12/2025 | ◉ 35 | RESPONSE to 34 Objection to Report and Recommendations by Acting Director of the United States Patent and Trademark Office, The United States Patent and Trademark Office. (Sternhell, Philip) (Entered: 08/12/2025) |
| 10/01/2025 | ◉ 36 | ORDER adopting Report and Recommendations. The court grants defendants' motion to dismiss (Doc. 17 ), denies plaintiffs' motion for a preliminary injunction (Doc. 2 ) as moot, and dismisses this action without prejudice. Any pending motions are denied as moot. Signed by District Judge J. Campbell Barker on 10/1/2025. (CLC) (Entered: 10/01/2025) |
| 10/01/2025 | ◉ 37 | FINAL JUDGMENT. The court, having considered plaintiffs' case and rendered its decision by separate opinion, enters judgment that plaintiffs' claims are dismissed without prejudice. Signed by District Judge J. Campbell Barker on 10/1/2025. (CLC) (Entered: 10/01/2025) |
| 11/09/2025 | ◉ 38 | NOTICE OF APPEAL - FEDERAL CIRCUIT as to 36 Order Adopting Report and Recommendations, 37 Judgment, by Abhijit R. Nesarikar, Anika A. Nesarikar, Ashlesha A. Nesarikar. Filing fee $ 605, receipt number ATXEDC-11195400. (Nesarikar, Ashlesha) (Entered: 11/09/2025) |